# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., <br><br>              Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF STATE, et al.,<br><br>              Defendants. | NO. 2:18-cv-01115-RSL<br><br>THE STATES' MOTION TO COMPEL PRODUCTION OF ADMINISTRATIVE RECORD IN ACCORDANCE WITH 5 U.S.C. § 706<br><br>**NOTING DATE: AUGUST 24, 2018** |

STATES' MOTION TO
COMPEL PRODUCTION OF
ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

i

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# I. INTRODUCTION AND RELIEF REQUESTED

The State of Washington, on behalf of the Plaintiff States, moves to compel production of the administrative record pursuant to section 706 of the Administrative Procedure Act (APA), 5 U.S.C. § 706, in time for the Court's consideration on the States' motion for preliminary injunction. The APA requires the agency to produce the "full administrative record" of all material "that was before [it] at the time [it] made [its] decision." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

The hearing for the States' motion for a preliminary injunction is on August 21, 2018, at which the Court will assess the States' likelihood of success on the merits of their claims. Counts I and II of the First Amended Complaint raise legal questions, but Count III challenges Defendants' actions as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A) – a standard for which generally "the focal point" is "the administrative record." *Camp v. Pitts*, 411 U.S. 138, 142 (1973).[1]

To facilitate the Court's review of Count III on the motion for preliminary injunction, the States requested that Defendants expedite production of the administrative record, but they refused. Counsel for Defendants stated that, under Local Court Rule (LCR) 79(h), they not are required to produce the record before filing their responsive pleading. Declaration of Jeffrey Rupert in Supp. of Motion to Compel Production of Administrative Record (Rupert Decl.), Ex. F. LCR 79(h) specifically contemplates modification of this deadline for "good cause." Because the administrative record here is short and probative of the States' likelihood of success on the merits of Count III, Plaintiffs respectfully seek an order compelling

---

[1] Because this motion seeks relief against the Government Defendants only, all references to "Defendants" pertain to the Government Defendants.

STATES' MOTION TO COMPEL PRODUCTION OF ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

1

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  Defendants to produce the administrative record by August 15, 2018.

2  Plaintiffs have noted this motion as a third-Friday motion under LCR 7(d)(3). Due to the
3  time constraints of preliminary injunction proceedings, however, Plaintiffs intend to move by
4  telephone for expedited briefing and consideration of the instant motion. *See* LCR 7(i).

5  **II.  BACKGROUND**

6  **A.  The Challenged Agency Decisions**

7  The States challenge two agency actions in this case. The first is the "temporary
8  modification" of the United States Munitions List (Munitions List) issued by the Deputy
9  Assistant Secretary for Defense Trade Controls on July 27, 2018 to exclude certain listed
10 computer files from the Munitions List. *See* First Amended Complaint (Dkt. #29), Ex. 7; *see also*
11 *id.*, at ¶¶ 61, 134, 139-40, 145, 152-153, Prayer for Relief. The second is a letter dated July 27,
12 2018 from the Acting Deputy Assistant Secretary for the Directorate of Defense Trade Controls
13 to Cody R. Wilson, Defense Distributed, and the Second Amendment Foundation approving
14 computer files for public release and removing them from Munitions List Category 1. Dkt. #29,
15 at ¶¶ 134, 138, 141, 145-47, 152-53, Prayer for Relief; *see* Ex. A to Non-Governmental
16 Defendants' Opposition to Emergency Motion for Temporary Restraining Order (Dkt. #11).

17 **B.  The Administrative Record**

18 The administrative record underlying these administrative actions is likely to be limited
19 and cover a relatively short period of time. The first clue that the State Department was
20 considering reversing its longstanding position regarding dissemination on the internet of the
21 computer files at issue was an April 30, 2018 unopposed motion to stay in *Defense Distributed,*
22 *et al. v. U.S. Department of State, et al.*, No. 15-cv-372 (W.D. Tex.) (Dkt. #93). Twenty-four
23 days earlier, the State Department had taken the position that the same computer files "could be
24 used to threaten U.S. national security, U.S. foreign policy interests, or international peace and

STATES' MOTION TO
COMPEL PRODUCTION OF
ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1  stability." Dkt. #29, at ¶ 51 (quoting *Defense Distributed v. U.S. Dept. of State*, No. 15-cv-372
2  (W.D. Tex.), Motion to Dismiss, Dkt. #92). Within three months, on July 27, 2018, the State
3  Department issued the final agency action reversing its litigation position, which is now
4  challenged in this case. In short, the Administrative Record was compiled in no more than
5  90 days.

6  Furthermore, the public, on-the-record statements of the State Department's
7  spokesperson reported the basis for the State Department's decision, and it was simple. In a press
8  briefing on July 31, 2018, State Department Spokesperson Heather Nauert repeated the agency's
9  longstanding position that "the State Department wants to prevent the wrong people from
10 acquiring weapons overseas. That is the State Department's equity in this." Rupert Decl., Ex. A
11 (Heather Nauert, Department Press Briefing, U.S. Dep't of State, at 4 (July 31, 2018), *available*
12 *at* https://www.state.gov/r/pa/prs/dpb/2018/07/284841.htm). Ms. Nauert continued, however,
13 that the agency made its decisions on 3D-printed firearm data because it "took the Department
14 of Justice's ("DOJ") advice." Specifically, DOJ "suggested that the State Department . . . settle
15 this case, and so that is what was done." *Id.*

16 The State Department's revelation that it reversed its longstanding position on 3D-printed
17 gun files primarily at DOJ's suggestion indicates that the reversal was not the product of complex
18 technical study by national security, firearms, or technology experts at the State Department or
19 other agencies. Rather, all signs suggest that the agency made its decisions largely at DOJ's
20 behest over the course of a few months. The administrative record of that decision-making
21 process is likely to be short and easy to compile.

22 The administrative record consists of the documents and materials considered by the
23 Acting Deputy Assistant Secretary for Defense Trade Controls when he issued the July 27, 2018
24 Temporary Modification Notice and the July 27, 2018 letter to Wilson, Defense Distributed, and

STATES' MOTION TO
COMPEL PRODUCTION OF
ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

3

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

the Second Amendment Foundation. *See Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). This includes the written record of the direction the State Department received from DOJ and the information he considered in determining that it was "in the interests of the security and foreign policy of the United States" to temporarily modify the Munitions List. It also includes any facts or information the Acting Deputy Assistant Secretary considered in approving the files for public release and "unlimited distribution."

C. **The States' Request for the Administrative Record**

On August 1, 2018, counsel for Washington e-mailed Defendants' counsel requesting expedited production of the administrative record in light of the Rule 65 proceedings. Rupert Decl., at ¶¶ 4-5 and Exs. B and C. Between August 5 and August 7, 2018, the States repeated this request, ultimately asking Defendants to produce the administrative record by August 15, 2018. *Id.*, at ¶¶ 6-10 and Exs. D-G. On August 6, 2018, Defendants responded that they intended to file the administrative record, "to the extent one is required," on the standard timetable permitted in LCR 79, or October 1, 2018. *Id.*, Ex. F.

III. **CERTIFICATION OF GOOD FAITH ATTEMPT TO RESOLVE DISPUTE**

Counsel for the State of Washington certifies that he contacted Federal Defendants by telephone in an attempt to resolve this motion without Court intervention. Rupert Decl., at ¶¶ 4-11.

IV. **ARGUMENT**

A. **Defendants Should be Compelled To Produce the Administrative Record Prior To the August 21, 2018 Hearing**

To facilitate meaningful judicial review of agency actions, the APA requires the agency to produce "the full administrative record that was before [it] at the time [it] made [its]

STATES' MOTION TO
COMPEL PRODUCTION OF
ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

4

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

decision." *Overton Park*, 401 U.S. at 402; *see also Occidental Petroleum Corp. v. S.E.C.*, 873 F.2d 325, 338 (D.C. Cir. 1989). Judicial review of an agency decision typically focuses on the administrative record in existence at the time of the decision. *Camp*, 411 U.S. at 142.

The Court is scheduled to hear the States' motion for preliminary injunction on August 21, 2018. At that time, it will consider whether the States are likely to succeed on the merits of Count III in the First Amended Complaint, which alleges that Defendants' decisions constituted "arbitrary and capricious agency action." Dkt. #29, at ¶¶ 235-40. In making this determination, the Court typically would review the administrative record and determine if the agency "examine[d] the relevant data and articulate a satisfactory explanation for its action." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). It would assist the Court in making this decision if it had the administrative record before it.[2]

Although Rule 79(h) permits the Government to file the administrative record concurrently with its answer, the rule also contemplates modification of that deadline for "good cause." Good cause exists here because of the importance of the administrative record to the preliminary injunction proceedings, as well as the relative ease with which the administrative record can be compiled. As shown above, the State Department appears to have arrived at the challenged decisions in fewer than 90 days. *See supra* at 2-3. The near-contemporaneous public statements of the Department's spokesperson suggest that the decisions were driven by DOJ rather than a complex regulatory review process at the agency itself. *Id.*[3]

---

[2] The administrative record is not necessary for the Court to address likelihood of success on Counts I and II, which address whether Defendants' actions were *ultra vires* in excess of their statutory authority and contrary to law. Dkt. #29, at ¶¶ 218-34. As to Count III, the States believe the Court will find the challenged actions arbitrary and capricious even without the administrative record, but they recognize that the record will facilitate the Court's decision. A court can adjudicate a motion for a preliminary injunction for an arbitrary and capricious claim under 5 U.S.C. § 706(2)(A) even without the administrative record. *See, e.g., Save Our Cumberland Mountains v. Norton*, 297 F. Supp. 2d 1042, 1046-47 (E.D. Tenn. 2003).

[3] Even if Defendants were to file a motion to dismiss, this would not warrant staying their obligation to file the administrative record. *See Fedmet Res. Corp. v. United States*, No. 14-00297, 2014 WL 6879126, *3 (Ct.

STATES' MOTION TO
COMPEL PRODUCTION OF
ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

5

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## V. CONCLUSION

For the reasons stated above, the States respectfully request that the Court order Defendants to produce the administrative record by no later than August 21, 2018.

DATED this 7th day of August, 2018.

ROBERT W. FERGUSON
Attorney General

*/s/ Jeffrey Rupert*
JEFFREY RUPERT, WSBA #45037
Division Chief
KRISTIN BENESKI, WSBA #45478
Assistant Attorney General
TODD BOWERS, WSBA #25274
Deputy Attorney General
JEFFREY T. SPRUNG, WSBA #23607
ZACH JONES, WSBA #44557
Assistant Attorneys General
JeffreyR2@atg.wa.gov
KristinB1@atg.wa.gov
ToddB@atg.wa.gov
JeffS2@atg.wa.gov
ZachJ@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

GEORGE JEPSEN
Attorney General of Connecticut

*/s/ Kimberly Massicotte*
KIMBERLY MASSICOTTE, CT-04111
Associate Attorney General
JOSEPH RUBIN, CT-00068
Associate Attorney General
MAURA MURPHY OSBORNE, CT-19987
Assistant Attorney General
Connecticut Office of Attorney General
55 Elm St.

---

Int'l Trade 2014) (denying motion for stay of government's duty to file administrative record in light of motion to dismiss because "at this stage, the court considers it prudent to avoid delay resulting from the absence of an administrative record on which this case could proceed"). A stay pending resolution of a motion to dismiss is subject to the district court's discretion and, where a stay may damage another party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The slight hardship Defendants would experience in compiling the administrative record does not outweigh the demonstrated irreparable injury to the States from delaying a court decision on their claims.

STATES' MOTION TO COMPEL PRODUCTION OF ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

6

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

|   |   |
|---|---|
| 1 | P.O. Box 120 |
|   | Hartford, CT 06141-0120 |
| 2 | *Attorneys for Plaintiff State of Connecticut* |
| 3 | BRIAN E. FROSH |
|   | Attorney General of Maryland |
| 4 |   |
|   | */s/ Julia Doyle Bernhardt* |
| 5 | JULIA DOYLE BERNHARDT |
|   | JENNIFER KATZ |
| 6 | Assistant Attorneys General |
|   | Office of the Attorney General |
| 7 | 200 Saint Paul Place, 20th Floor |
|   | Baltimore, MA  21202 |
| 8 | (410) 576-7291 |
|   | jbernhardt@oag.state.md.us |
| 9 | jkatz@oag.state.md.us |
|   | *Attorneys for Plaintiff State of Maryland* |
| 10 |   |
|   | GURBIR GREWAL |
| 11 | Attorney General of New Jersey |
| 12 | */s/ Jeremy M. Feigenbaum* |
|   | JEREMY M. FEIGENBAUM |
| 13 | Assistant Attorney General |
|   | Office of the Attorney General |
| 14 | Richard J. Hughes Justice Complex |
|   | 25 Market Street, 8th Floor, West Wing |
| 15 | Trenton, NJ  08625-0080 |
|   | (609) 376-2690 |
| 16 | Jeremy.Feigenbaum@njoag.gov |
|   | *Attorneys for Plaintiff State of New Jersey* |
| 17 |   |
|   | BARABARA D. UNDERWOOD |
| 18 | Attorney General of New York |
| 19 | */s/ Barbara D. Underwood* |
|   | BARBARA D. UNDERWOOD |
| 20 | Attorney General of New York |
|   | 28 Liberty Street |
| 21 | New York, NY 10005 |
| 22 | MAURA HEALEY |
|   | Attorney General of Commonwealth of |
| 23 | Massachusetts |
| 24 | */s/ Jonathan B. Miller* |

STATES' MOTION TO COMPEL PRODUCTION OF ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

7

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

| | |
|---|---|
| 1 | JONATHAN B. MILLER |
| | Assistant Attorney General |
| 2 | Office of the Massachusetts Attorney General |
| | One Ashburton Place |
| 3 | Boston, MA 02108 |
| | 617-963-2073 |
| 4 | Jonathan.Miller@state.ma.us |
| | *Attorneys for Plaintiff Commonwealth of* |
| 5 | *Massachusetts* |
| 6 | JOSH SHAPIRO |
| | Attorney General of Commonwealth of |
| 7 | Pennsylvania |
| 8 | */s/ Josh Shapiro* |
| | JOSH SHAPIRO |
| 9 | Attorney General |
| | Office of the Attorney General |
| | Strawberry Square, 16th Floor |
| 10 | Harrisburg, PA 17120 |
| | (717) 787-3391 |
| 11 | *Attorneys for Plaintiff Commonwealth of* |
| | *Pennsylvania* |
| 12 | |
| | KARL A. RACINE |
| 13 | Attorney General for the District of Columbia |
| 14 | */s/ Robyn Bender* |
| | ROBYN BENDER |
| 15 | Deputy Attorney General |
| | Public Advocacy Division |
| 16 | JIMMY ROCK |
| | Assistant Deputy Attorney General |
| 17 | Public Advocacy Division |
| | *Attorneys for Plaintiff District of Columbia* |
| 18 | |
| | ELLEN F. ROSENBLUM |
| 19 | Attorney General of Oregon |
| 20 | */s/ Scott J. Kaplan* |
| | SCOTT J. KAPLAN, WSBA #49377 |
| 21 | Senior Assistant Attorney General |
| | Oregon Department of Justice |
| 22 | 100 SW Market Street |
| | Portland, OR  97201 |
| 23 | (971) 673-1880 |
| | scott.kaplan@doj.state.or.us |
| 24 | *Attorneys for Plaintiff State of Oregon* |

STATES' MOTION TO COMPEL PRODUCTION OF ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

8

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

XAVIER BECERRA
Attorney General of California

*/s/ Nelson R. Richards*
NELSON R. RICHARDS
Deputy Attorney General
*/s/ Mark Beckington*
MARK BECKINGTON
Supervising Deputy Attorney General
*/s/ Thomas Patterson*
THOMAS PATTERSON
Senior Assistant Attorney General
*Attorneys for the State of California*


CYNTHIA H. COFFMAN
Attorney General of Colorado

*/s/ Matthew D. Grove*
MATTHEW D. GROVE
Assistant Solicitor General
Colorado Department of Law
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6157
FAX: (720) 508-6041
E-Mail: matt.grove@coag.gov
*Attorneys for Plaintiff State of Colorado*


MATTHEW P. DENN
Attorney General of Delaware

*/s/ Ilona M. Kirshon*
ILONA M. KIRSHON (# 3705)
Deputy State Solicitor
State of Delaware Department of Justice
Carvel State Office Building, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Ilona.kirshon@state.de.us

*/s/ Patricia A. Davis*
PATRICIA A. DAVIS (# 3857)
Deputy Attorney General

STATES' MOTION TO COMPEL PRODUCTION OF ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

9

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

| | |
|---|---|
| 1 | State of Delaware Department of Justice<br>Dover, DE 19904 |
| 2 | (302) 257-3233<br>patriciaA.davis@state.de.us |
| 3 | *Attorneys for the Plaintiff State of Delaware* |
| 4 | |
| 5 | RUSSELL A. SUZUKI<br>Attorney General of Hawaii |
| 6 | */s/ Robert T. Nakatsuji*<br>ROBERT T. NAKATSUJI |
| 7 | Deputy Attorney General<br>Department of the Attorney General |
| 8 | 425 Queen Street<br>Honolulu, Hawaii 96813 |
| 9 | (808) 586-1360<br>Robert.T.Nakatsuji@hawaii.gov |
| 10 | *Attorneys for Plaintiff State of Hawaii* |
| 11 | |
| 12 | LISA MADIGAN<br>Attorney General of Illinois |
| 13 | */s/ Brett E. Legner*<br>BRETT E. LEGNER |
| 14 | Deputy Solicitor General<br>*/s/ Katelin B. Buell* |
| 15 | KATELIN B. BUELL<br>*/s/ Sarah A. Hunger* |
| 16 | SARAH A. HUNGER<br>Assistant Attorneys General |
| 17 | Office of the Attorney General<br>100 W. Randolph, 12th Floor |
| 18 | Chicago, IL 60601<br>blegner@atg.state.il.us |
| 19 | *Attorneys for Plaintiff State of Illinois* |
| 20 | |
| 21 | THOMAS J. MILLER<br>Attorney General of Iowa |
| 22 | */s/ Nathan Blake*<br>NATHAN BLAKE |
| 23 | Deputy Attorney General<br>Office of the Attorney General of Iowa |
| 24 | 1305 E. Walnut St. |

STATES' MOTION TO COMPEL PRODUCTION OF ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

10

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Des Moines, IA 50319
(515) 281-4325
nathan.blake@ag.iowa.gov
*Attorneys for the Plaintiff State of Iowa*


LORI SWANSON
Attorney General of Minnesota

*/s/ Jacob Campion*
JACOB CAMPION, MN Reg. #0391274
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 757-1459
jacob.campion@ag.state.mn.us
*Attorneys for the Plaintiff State of Minnesota*


JOSHUA H. STEIN
Attorney General of North Carolina

*/s/ Sripriya Narasimhan*
SRIPRIYA NARASIMHAN
Deputy General Counsel
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
*Attorneys for Plaintiff State of North Carolina*


PETER F. KILMARTIN
Attorney General of Rhode Island

*/s/ Michael W. Field*
MICHAEL W. FIELD
*/s/ Susan Urso*
SUSAN URSO
Assistant Attorneys General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400
mfield@riag.ri.gov
surso@riag.ri.gov
*Attorneys for Plaintiff State of Rhode Island*

STATES' MOTION TO COMPEL PRODUCTION OF ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

11

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

|   |   |
|---|---|
| 1 | |
| 2 | THOMAS J. DONOVAN, JR.<br>Attorney General of Vermont |
| 3 | */s/ Benjamin D. Battles*<br>BENJAMIN D. BATTLES |
| 4 | Solicitor General<br>Office of the Attorney General |
| 5 | 109 State Street<br>Montpelier, Vermont 05609-1001 |
| 6 | 802-828-5500<br>benjamin.battles@vermont.gov |
| 7 | *Attorneys for Plaintiff State of Vermont* |
| 8 | |
| 9 | MARK R. HERRING<br>Attorney General of the<br>Commonwealth of Virginia |
| 10 | |
| 11 | */s/ Samuel T. Towel*<br>SAMUEL T. TOWELL |
| 12 | Deputy Attorney General, Civil Litigation<br>Office of the Attorney General of Virginia |
| 13 | Barbara Johns Building<br>202 N. Ninth Street<br>Richmond, VA 23219 |
| 14 | (804) 786-6731<br>STowell@oag.state.va.us |
| 15 | *Attorney for Plaintiff Commonwealth of Virginia* |
| 16 | |
| 17 | ***Pro Hac Vice motions forthcoming for all counsel of record not barred in the Western*** |
| 18 | ***District of Washington*** |

STATES' MOTION TO
COMPEL PRODUCTION OF
ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

12

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## **DECLARATION OF SERVICE**

I hereby certify that on August 7, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will serve a copy of this document upon all counsel of record.

DATED this 7th day of August, 2018, at Seattle, Washington.

*/s/ Jeffrey Rupert*
JEFFREY RUPERT

STATES' MOTION TO COMPEL PRODUCTION OF ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

13

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744