1

The Honorable Robert S. Lasnik

2

3

4

5

6
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
7
**AT SEATTLE**

8
STATE OF WASHINGTON; STATE OF
CONNECTICUT; STATE OF MARYLAND;
9
STATE OF NEW JERSEY; STATE OF NEW
YORK; STATE OF OREGON;
10
COMMONWEALTH OF
MASSACHUSETTS; COMMONWEALTH
11
OF PENNSYLVANIA; DISTRICT OF
COLUMBIA; STATE OF CALIFORNIA;
12
STATE OF COLORADO; STATE OF
DELAWARE; STATE OF HAWAII; STATE
13
OF ILLINOIS; STATE OF IOWA; STATE
OF MINNESOTA; STATE OF NORTH
14
CAROLINA; STATE OF RHODE ISLAND;
STATE OF VERMONT and
15
COMMONWEALTH OF VIRGINIA,

16
Plaintiffs,

v.
17

18
UNITED STATES DEPARTMENT OF
STATE; MICHAEL R. POMPEO, in his
official capacity as Secretary of State;
19
DIRECTORATE OF DEFENSE TRADE
CONTROLS; MIKE MILLER, in his official
20
capacity as Acting Deputy Assistant Secretary
of Defense Trade Controls; SARAH
21
HEIDEMA, in her official capacity as Director
of Policy, Office of Defense Trade Controls
22
Policy; DEFENSE DISTRIBUTED; SECOND
AMENDMENT FOUNDATION, INC.; AND
23
CONN WILLIAMSON,

24
Defendants.

NO. 2:18-cv-01115-RSL

ORDER GRANTING PLAINTIFF
STATES' MOTION FOR A
PRELIMINARY INJUNCTION

[PROPOSED]

**HEARING DATE: AUGUST 21, 2018**

[PROPOSED]
ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION
2:18-cv-01115-RSL

i

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    This matter came before the Court on the Plaintiff States' Motion for a Preliminary

2    Injunction, which seeks to convert the Temporary Restraining Order issued by the Court on

3    July 31, 2018 to a preliminary injunction. The Court has considered the motion and documents

4    filed therewith, including declarations and the exhibits attached thereto, the pleadings and entire

5    record in this case, and the arguments of counsel at a hearing held on August 21, 2018 in open

6    court. Having considered the foregoing, the Court finds that it has jurisdiction over the subject

7    matter of this action and the Plaintiff States have standing to pursue their claims, and that a

8    preliminary injunction is warranted pursuant to Fed. R. Civ. P. 65 for the reasons below.

9        1.    The standard for obtaining a preliminary injunction is substantively the same as

10   the standard for obtaining a temporary restraining order. In order to obtain preliminary injunctive

11   relief, plaintiffs must establish that "(1) they are likely to succeed on the merits; (2) they are

12   likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities

13   tips in their favor; and (4) an injunction is in the public interest." *Short v. Brown*, 893 F.3d 671,

14   675 (9th Cir. 2018) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). In the

15   Ninth Circuit, "if a plaintiff can only show that there are serious questions going to the

16   merits—a lesser showing than likelihood of success on the merits—then a preliminary injunction

17   may still issue if the balance of hardships tips *sharply* in the plaintiff's favor, and the other two

18   *Winter* factors are satisfied." *Feldman v. Ariz. Sec'y of State's Office*, 843 F.3d 366, 375 (9th

19   Cir. 2016) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir.

20   2013)) (internal quotation marks omitted, emphasis in original).

21       2.    The Plaintiff States have shown a likelihood of success on the merits of their

22   Administrative Procedure Act claim, as the evidence presented indicates that the Government

23   Defendants issued a "temporary modification" that has resulted in the removal of one or more

24   items from the U.S. Munitions List without providing 30 days' notice to Congress, as required

[PROPOSED]
ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION
2:18-cv-01115-RSL

1

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

by the governing statute, 22 U.S.C. § 2778(f)(1). The evidence also indicates that the Secretary of Defense did not concur in the removal of such items from the Munitions List, as required by the delegating Executive Order. In addition, the Government Defendants issued a letter to Defense Distributed on July 27, 2018 (Letter) advising that its files are "approved for public release (i.e., unlimited distribution") without following the required procedures. Finally, the Plaintiff States are likely to prevail in establishing that the Government Defendants' actions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

3.      The Plaintiff States have shown a likelihood of irreparable injury if the Court's Temporary Restraining Order is not converted to a preliminary injunction. If the Temporary Modification and the letter go into effect, the States will suffer irreparable harm to their ability to enforce their laws and protect the safety and health of their residents and visitors due to the proliferation via the internet of undetectable, untraceable, 3D-printable firearms. Against this hardship is a delay in lifting regulatory restrictions that have been in place for over five years: the balance of hardships and the public interest tip sharply in the States' favor.

For the foregoing reasons, the Plaintiff States' Motion for a Preliminary Injunction is GRANTED. The Temporary Restraining Order issued by the Court on July 31, 2018 is converted to a preliminary injunction, as follows:

The federal government defendants and all of their respective officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing persons or entities, are hereby preliminarily enjoined from implementing or enforcing the "Temporary Modification of Category I of the United States Munitions List" and the Letter to Cody R. Wilson, Defense Distributed, and Second Amendment Foundation issued by the U.S. Department of State on July 27, 2018, and shall preserve the status quo *ex ante* as if

[PROPOSED]
ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION
2:18-cv-01115-RSL

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  the modification had not occurred and the letter had not been issued.

2        This preliminary injunction shall take effect immediately and shall remain in effect

3  pending trial in this action or further order of the Court.

4        No bond shall be required.

5        It is SO ORDERED.

6        ISSUED this _____ day of _____, 2018.

7

8                                        _____

9                                        ROBERT S. LASNIK
                                        UNITED STATES DISTRICT JUDGE

10

11  ROBERT W. FERGUSON
    Attorney General

12

    */s/ Jeffrey Rupert*_____
13  JEFFREY RUPERT, WSBA #45037
    Division Chief
14  TODD BOWERS, WSBA #25274
    Deputy Attorney General
15  KRISTIN BENESKI, WSBA #45478
    JEFFREY T. SPRUNG, WSBA #23607
16  ZACHARY P. JONES, WSBA #44557
    Assistant Attorneys General
17  Attorneys for Plaintiff State of Washington

18

19

20

21

22

23

24

[PROPOSED]
ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION
2:18-cv-01115-RSL

3

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## **DECLARATION OF SERVICE**

I hereby certify that on August 9, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will serve a copy of this document upon all counsel of record.

DATED this 9th day of August, 2018, at Seattle, Washington.

*/s/ Jeffrey Rupert*
JEFFREY RUPERT

[PROPOSED]
ORDER GRANTING MOTION FOR
PRELIMINARY INJUNCTION
2:18-cv-01115-RSL

4

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744