The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF STATE, et al.,<br><br>    Defendants. | No. 2:18-cv-1115-RSL<br><br>**FEDERAL DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF ADMINISTRATIVE RECORD**<br><br>**NOTED FOR:** August 10, 2018 |

## INTRODUCTION

Notwithstanding this Court's recent Order and the Local Civil Rules, Plaintiffs seek to compel production of an administrative record on a highly expedited basis and on a date and time of their choosing. Yet they cite no persuasive legal authority in support of their position, and they themselves acknowledge that the Court may resolve their motion for a preliminary injunction without the administrative record they request. For these reasons, and those discussed more fully below, the Court should deny Plaintiffs' motion.

## BACKGROUND

Plaintiffs filed this action to challenge Federal Defendants' settlement in the litigated matter *Defense Distributed et al. v. Department of State et al.*, 15-cv-372-RP (W.D. Tex.). *See generally* Compl., Dkt. No. 1. On July 30, 2018, Plaintiffs moved for a temporary restraining order, Pls.' Emergency Mot. for TRO, Dkt. No. 2, which the Court entered the following day, TRO, Dkt. No. 23. The Court's Temporary Restraining Order provided that "this matter is

Opposition to Motion to Compel Administrative Record
(No. 2:18-cv-1115-RSL) – 1

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

hereby set for hearing on Friday, August 10, 2018, at 9:00 a.m. . . . to determine whether this temporary restraining order should be converted to a preliminary injunction." TRO at 7.

On August 2, 2018, counsel for Defendants Defense Distributed, the Second Amendment Foundation, and Conn Williamson ("the non-Government Defendants") informed counsel for Plaintiffs that he was not available to attend the hearing set for August 10, 2018. Decl. of Stuart J. Robinson, attached hereto ("Robinson Decl."), ¶ 3. The parties eventually agreed to telephone the Court to request that the hearing be continued and that the Court set an agreed-upon briefing schedule regarding Plaintiffs' request for a preliminary injunction. *Id.*

Later on August 2, 2018, the parties jointly telephoned the Court's chambers. *Id.* ¶ 4. In discussions with the Court's Judicial Assistant, both Plaintiffs and Federal Defendants represented that they each expected to file briefs and at least one declaration in connection with the proposed briefing on a potential preliminary injunction. *Id.* Based on the Court's availability for a hearing on August 21, 2018, the parties agreed upon a briefing schedule and conveyed that agreement to the Court's Judicial Assistant. *Id.* During those joint telephone calls, no mention was made by either party of an administrative record. *Id.* ¶ 5.

The following day, the Court entered an order reflecting the parties' agreement. *See* Order Rescheduling PI Hearing, Establishing Briefing Schedule, And Extending TRO, Dkt. No. 30 ("Scheduling Order"). The Scheduling Order provides in full:

The parties have agreed, and the Court hereby ORDERS, that:

(1) The preliminary injunction hearing in this matter is rescheduled to Tuesday, August 21, 2018, at 9:00 a.m. in Courtroom 15106.

(2) Plaintiffs' submission in support of a preliminary injunction, if any, shall be filed on or before August 9th; defendants' oppositions shall be filed on or before August 15th; and plaintiffs' reply shall be filed no later than noon on August 17th.

(3) The temporary restraining order will remain in effect until August 28, 2018.

*Id.* Consistent with the agreed-upon proceedings, the Court's Order did not address or require production of an administrative record. *See id.*

Opposition to Motion to Compel Administrative Record
(No. 2:18-cv-1115-RSL) – 2

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

On August 7, 2018, Plaintiffs filed the instant motion to compel production of an administrative record by August 15, 2018, including a request for expedited briefing on this issue. Pls.' Mot. to Compel Production of Admin. Record, Dkt. No. 34 ("Pls.' Mot.").

## DISCUSSION

Plaintiffs claim that they are entitled to an administrative record by August 15, 2018 for three reasons. First, according to Plaintiffs, the Local Civil Rules allow the Court to advance the deadline for an agency's production of an administrative record for "good cause." *Id*. at 5. Second, they argue that requiring production of an administrative record by August 15 "would assist the Court" in resolving Plaintiffs' motion for a preliminary injunction. *Id.* Third, Plaintiffs suggest that granting their motion would be appropriate because "[t]he administrative record . . . is likely to be short and easy to compile." *Id.* at 3. All these arguments are without merit.

As an initial matter, while Plaintiffs are correct that Local Civil Rule 79(h) governs an agency's production of an administrative record, they misconstrue the requirements of and exceptions to that rule. Local Civil Rule 79(h) provides that "in any action seeking review of a final decision of an administrative agency, the record of the agency proceeding shall be filed (1) within thirty days of the filing of the complaint or petition when the administrative agency is the plaintiff or petitioner; or (2) with the answer or return when the administrative agency is the defendant or respondent." L. Civ. R. 79(h). The rule makes no exception for situations in which a court is called upon to resolve a motion for preliminary relief, *see id.*, and Plaintiffs do not refer to a single case in this district where such an exception has been made, *see* Pls.' Mot. at 4-5. Thus, pursuant to the Local Civil Rules, Federal Defendants are not obligated to produce an administrative record until, at the earliest, 60 days from the date of service on the U.S. Attorney's Office. *See* Fed. R. Civ. P. 12(a)(2).

Nor can Plaintiffs avail themselves of the "good cause" exception to the requirements of Local Civil Rule 79(h). *See* Pls.' Mot. at 5 (claiming "the rule also contemplates modification of that deadline for 'good cause'"). Plaintiffs' argument is based on a clear misreading of the

Opposition to Motion to Compel Administrative Record
(No. 2:18-cv-1115-RSL) – 3

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

rule. The "good cause" exception in Local Civil Rule 79(h) allows a court to *extend* the deadline by which an administrative record must be filed; it does not, as Plaintiffs suggest, provide a basis to advance that date. *See* L. Civ. R. 79(h) ("Unless an extension of time is obtained from the court on a showing of good cause, in any action seeking review of a final decision of an administrative agency, the record of the agency proceeding shall be filed . . . with the answer or return when the administrative agency is the defendant or respondent.").

Plaintiffs likewise fail to demonstrate that an early production should be required because it "would assist the Court" in resolving Plaintiffs' motion for a preliminary injunction. *See* Pls.' Mot. at 5. Again, Plaintiffs offer no legal authority that any court in this district—or any other district—has charted a course different from that set out in the Local Civil Rules or a scheduling order because, in one party's view, early production would facilitate resolution of a request for preliminary relief. *See id.* at 4-5. Further, Plaintiffs themselves have acknowledged that the Court may fully consider and rule on Plaintiffs' motion without an administrative record. Not only did Plaintiffs propose a briefing schedule that omitted reference to an administrative record, *see* Robinson Decl. ¶¶ 4-5; Scheduling Order, but they also expressly state that "[t]he administrative record is not necessary for the Court to address likelihood of success on Counts I and II, which address whether Defendants' actions were ultra vires in excess of their statutory authority and contrary to law," and as to Count III, they acknowledge that "[a] court can adjudicate a motion for a preliminary injunction for an arbitrary and capricious claim under 5 U.S.C. § 706(2)(A) even without the administrative record," Pls.' Mot. at 5 n.2.

Moreover, Plaintiffs cannot advance their argument by speculating that "[t]he administrative record is . . . likely to be short and easy to compile." Pls.' Mot. at 3. The issue of the contents of a record is not presented in Plaintiffs' motion, which concerns only the timing of production. Additionally, Plaintiffs have no basis to define the contours of any applicable administrative record, as that responsibility falls to Federal Defendants alone. *E.g.*, *McCrary v. Gutierrez*, 495 F. Supp. 2d 1038, 1041 (N.D. Cal. 2007) ("In reviewing an agency

Opposition to Motion to Compel Administrative Record
(No. 2:18-cv-1115-RSL) – 4

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

decision, the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, based on the administrative record that *the agency* compiles and submits to the court." (emphasis added)). And to be sure, Federal Defendants disagree with Plaintiffs' characterization that compilation of a record here is a simple task. *See* Pls.' Mot. at 2-3. To the contrary, an administrative record based on a settlement of litigation, which in turn occurred in the context of a nearly decade-long effort to comprehensively reform export regulations,[1] is inherently unlike that based on an agency's rulemaking or adjudication authority, and thus determining whether production of an administrative record is appropriate and, if so, the proper scope of such a record is likely to present novel questions not easily resolved. Federal Defendants should not be potentially prejudiced with respect to such issues by being forced to resolve the matters on a highly expedited basis simply to support or facilitate Plaintiffs' efforts to obtain merely preliminary relief.

Plaintiffs' arguments fail for two additional reasons. First, Plaintiffs do not explain why the Court should deviate from the Scheduling Order it has already entered, which was based on an agreement among the parties and does not require production of an administrative record. *See generally* Pls.' Mot.; Scheduling Order. Indeed, their argument makes no mention of the Court's Scheduling Order at all. *See* Pls.' Mot. at 4-5.

Second, the Supreme Court has recently indicated that courts should resolve threshold arguments prior to requiring production of an administrative record. *See In re United States*, 138 S. Ct. 443, 445 (2017) (explaining that such arguments, "if accepted, likely would eliminate the need for the District Court to examine a complete administrative record"). As the Court here is aware, Federal Defendants believe that Plaintiffs lack standing to assert their claims. *See* Defs.' Opp. to Pls.' Mot. for TRO, Dkt. No. 16, at 12-14 ("TRO Opp."). Because Federal Defendants intend to raise this threshold argument—and likely others—in a motion to

---

[1] *See* Fact Sheet on the President's Export Control Reform Initiative (Apr. 20, 2010), *available at*: https://obamawhitehouse.archives.gov/the-press-office/fact-sheet-presidents-export-control-reform-initiative; *see also* TRO Opp. at 5-6.

Opposition to Motion to Compel Administrative Record
(No. 2:18-cv-1115-RSL) – 5

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

dismiss Plaintiffs' Amended Complaint, Dkt. No. 29, the Court should resolve those issues prior to ordering any production of a complete administrative record.

The case on which Plaintiffs primarily rely, *Fedmet Resources Corp. v. United States*, 36 ITRD 1367, 2014 WL 6879126 (Ct. Int'l Trade 2014), does not compel a different conclusion. *See* Pls.' Mot. at 5 n.3. In *Fedmet Resources*, the Court of International Trade denied an agency's request to stay production of an administrative record pending the court's ruling on a motion to dismiss for mootness. 2014 WL 6879126, at *3. Not only was that out-of-Circuit case decided prior to the Supreme Court's opinion in *In re United States*, but there the court denied the requested stay because the Government had previously agreed to, and the court had ordered, the expedited production of the administrative record, and because "[t]he issue of whether or not th[e] case ha[d] become moot . . . require[d] the court to ascertain, by whatever means . . . necessary, certain jurisdictional facts, including in particular factual circumstances . . . allude[d] [to] in [the] motion to dismiss." *Id.* Here, by contrast, no similar factfinding is required to determine whether Plaintiffs have sufficiently alleged that they have Article III standing.

## CONCLUSION

For the foregoing reasons, the motion to compel production of an administrative record should be denied.[2]

---

[2] Although Plaintiffs' Proposed Order requires production of a privilege log for any materials that might be withheld from an administrative record, *see* Pls.' Proposed Order, Dkt. No. 34-1, at 2, their motion includes no argument to justify this requested relief, *see generally* Pls.' Mot. This failure alone is sufficient to deny Plaintiffs' request for a privilege log. *Cf. Puget Soundkeeper All. v. Shultz Distrib., Inc.*, No. 07-1375, 2014 WL 108375, at *2 (W.D. Wash. Jan. 10, 2014) (finding a motion "inadequate" where it "does not cite any legal authority"); *Intertrust Techs. Corp. v. Microsoft Corp.*, 275 F. Supp. 2d 1031, 1051 (N.D. Cal. 2003), *as amended* (July 7, 2003) ("[A]n argument that lacks appropriate supporting citations is no argument at all."). Further, although it remains an open question in the Ninth Circuit, Federal Defendants submit that, consistent with precedent within the D.C. Circuit, such privilege logs should not be required. *See ASSE Int'l, Inc. v. Kerry*, No. 14-cv-00534, 2018 WL 3326687, at *4 (C.D. Cal. Jan. 3, 2018) ("Simply put, the documents over which Defendants claim privilege are not part of the administrative record and Defendants are not required to produce a privilege log for those documents."); *California v. U.S. Dep't of Labor*, No. 2:13-cv-02069, 2014 WL 1665290, at *13 (E.D. Cal. Apr. 24, 2014) ("Because internal agency deliberations are properly

Opposition to Motion to Compel Administrative Record
(No. 2:18-cv-1115-RSL) – 6

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

Dated: August 10, 2018    Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ANNETTE L. HAYES
Acting United States Attorney

KERRY KEEFE
Civil Chief

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

*/s/ Stuart J. Robinson*
ERIC J. SOSKIN, PA Bar 200663
STUART J. ROBINSON, CA Bar 267183
Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
(415) 436-6635 (telephone)
(415) 436-6632 (facsimile)
stuart.j.robinson@usdoj.gov

*Attorneys for Federal Defendants*

---

excluded from the administrative record, the agency need not provide a privilege log."); *see also FBME Bank Ltd. v. Lew*, 209 F. Supp. 3d 299, 317 (D.D.C. 2016) ("[T]he general rule is that when documents are not part of the administrative record—having been omitted on privilege grounds—an agency that withholds these privileged documents is not required to produce a privilege log to describe the documents that have been withheld." (internal quotation marks and citations omitted)).

Opposition to Motion to Compel Administrative Record
(No. 2:18-cv-1115-RSL) – 7

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2018, I electronically filed the foregoing brief using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

Dated: August 10, 2018

*/s/ Stuart J. Robinson*
STUART J. ROBINSON

Opposition to Motion to Compel Administrative Record
(No. 2:18-cv-1115-RSL) – 8

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635