The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

STATE OF WASHINGTON; STATE OF CONNECTICUT; STATE OF MARYLAND; STATE OF NEW JERSEY; STATE OF NEW YORK; STATE OF OREGON; COMMONWEALTH OF MASSACHUSETTS; COMMONWEALTH OF PENNSYLVANIA; DISTRICT OF COLUMBIA; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF IOWA; STATE OF MINNESOTA; STATE OF NORTH CAROLINA; STATE OF RHODE ISLAND; STATE OF VERMONT and STATE OF VIRGINIA,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF STATE; MICHAEL R. POMPEO, in his official capacity as Secretary of State; DIRECTORATE OF DEFENSE TRADE CONTROLS; MIKE MILLER, in his official capacity as Acting Deputy Assistant Secretary of Defense Trade Controls; SARAH HEIDEMA, in her official capacity as Director of Policy, Office of Defense Trade Controls Policy; DEFENSE DISTRIBUTED; SECOND AMENDMENT FOUNDATION, INC.; AND CONN WILLIAMSON,

Defendants.

NO. 2:18-cv-01115-RSL

PLAINTIFF STATE OF OREGON'S MOTION FOR RELIEF FROM PRO HAC VICE REQUIREMENTS

NOTE ON MOTION CALENDAR:
August 24, 2018 (Second Friday)

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

<s/>

Pursuant to Rules 1 and 83(b) of the Federal Rules of Civil Procedure and Rule 83(d) of this Court's Local Civil Rules, plaintiff State of Oregon moves this Court for an order:

(1) Waiving the requirement that state government attorneys representing the plaintiff States seek and receive this Court's permission to participate in this case *pro hac vice*;

Or in the alternative if the complete waiver requested above is denied;

(2) Waiving the requirement that local counsel have a physical office within the geographic boundaries of this District.

This motion has been sent to attorneys representing all parties. No party objects to the relief requested. The plaintiff States, including the State of Washington, either agree with the relief requested or have no opposition, and may defer filing *pro hac vice* applications until this motion is decided. The federal defendants take no position on the motion. The non-federal defendants did not respond to the State of Oregon regarding their position. No hearing is requested.

The State of Oregon respects this Court's authority and need to regulate the conduct of the attorneys appearing before it. In past cases in this District, the State of Oregon, by and through its Attorney General and Department of Justice, has sought and received permission to participate *pro hac vice*. Also, the attorney signing this motion for the State of Oregon is a member of the bar of this District (but does not have a physical office in this District).

This Court permits government attorneys representing the United States to obtain "conditional admission," not *pro hac vice* status, under LRC 83.1(c)(2). Other federal courts permit similar relief to *pro hac vice* requirements for federal attorneys. This makes good sense. Some courts extend that type of relief to attorneys representing states. *See* LR 83-4 (D. Or.).

Attorneys representing States are similarly situated to attorneys representing the United States. Most if not all are attorneys with their state's Department of Justice or Attorney General's Office and have been elected or appointed to offices such as Attorney General,

PLAINTIFF STATE OF OREGON'S
MOTION FOR RELIEF FROM PRO HAC
VICE REQUIREMENTS

2

Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Tel: (971) 673-1880 / Fax: (971) 673-5000

Deputy Attorney General, Assistant Attorney General, Solicitor General or Special Counsel. They represent only their State, much as federal attorneys represent only the United States.

In recent years, the number of cases involving nationally significant issues in which multiple states have appeared as co-plaintiffs or co-defendants, often with the federal government on the other side, has multiplied. Some of these cases have been filed by the State of Washington in this district. The same is true for cases pending in many districts around the country. Processing many *pro hac vice* applications in such cases could be burdensome for the courts and their staff, with additional burdens on the States' Departments of Justice and Attorney General Offices.

This issue arose in *State of California v. Trump,* Case No. 17-cv-05895-VC (N.D. Cal.), which involved the cost saving reduction subsidy payments required under the Affordable Care Act. Multiple states, including Washington and Oregon, filed as co-plaintiffs. A telephone call was made to the staff of the Honorable Vince Chhabria inquiring whether the judge might be open to considering the waiver of the applicable *pro hac vice* requirements for the State Attorneys General, presumably by a motion similar to this motion. In response to that inquiry, without any specific motion or even discussion, Judge Chhabria added the following language to page 2 of his "Order Re Briefing" dated October 19, 2017: "Attorneys employed by the United States Department of Justice or a state Attorney General's office are exempt from the requirements of Civil Local Rule 11-3 regarding pro hac vice admission. Lawyers representing amici are exempt as well." A copy of that order is attached as Exhibit A.

There is nothing in the Federal Rules of Civil Procedure, this Court's Local Civil Rules or other controlling law which prohibits the requested relief. Therefore, the requested relief is permissible under Fed. R. Civ. P. 83(b). Further, the requested relief serves the purpose of all the rules of court: "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

PLAINTIFF STATE OF OREGON'S
MOTION FOR RELIEF FROM PRO HAC
VICE REQUIREMENTS

3

Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Tel: (971) 673-1880 / Fax: (971) 673-5000

In the alternative, if the request to waive the *pro hac vice* requirements for the attorneys representing the plaintiff States is denied, the State of Oregon asks that the requirement that local counsel have an office in this District be waived. The Oregon Department of Justice has many offices throughout Oregon but has none outside of Oregon. In order to retain local counsel with an office in this District (other than perhaps an attorney with the Washington Department of Justice), the Oregon Department of Justice would have to go through a process to designate the attorneys as a "special assistant attorney general" under Or. Rev. Stat. § 180.140(5). While that may be appropriate in a case in which the State of Oregon is the lead plaintiff, it is less so when another state is serving in that role. Other states could face similar burdens.

Senior Assistant Attorney General Scott J. Kaplan is a member of this Court's bar and is counsel of record in this case. However, Mr. Kaplan does not have an office in this District and therefore appears to not be qualified under the rules to serve as local counsel for any other attorney with the Oregon Department of Justice. This is true for every other attorney with the Oregon Department of Justice. This means that, for example, Special Counsel Henry Kantor cannot apply to participate *pro hac vice* using an attorney with the Oregon Department of Justice as local counsel.

Under the circumstances of this multistate case, the State of Oregon asks that the Court allow Mr. Kaplan to serve as local counsel for Mr. Kantor and any other attorney with the Oregon Department of Justice who seeks to participate *pro hac vice* in this case, and for the same relief for any other similarly situated plaintiff State. As above, there is nothing in the

1  Federal Rules of Civil Procedure, this Court's local rules or other controlling law which

2  prohibits the alternative relief requested and it is permissible under Fed. R. Civ. P. 1 and 83(b).

3  DATED August  15 , 2018.

STATE OF OREGON
ATTORNEY GENERAL ELLEN F. ROSENBLUM
OREGON DEPARTMENT OF JUSTICE

By      *s/ Scott J. Kaplan*
         Scott J. Kaplan (WSBA # 49377)
         Senior Assistant Attorney General

PLAINTIFF STATE OF OREGON'S
MOTION FOR RELIEF FROM PRO HAC
VICE REQUIREMENTS

5

Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Tel: (971) 673-1880 / Fax: (971) 673-5000

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON; STATE OF CONNECTICUT; STATE OF MARYLAND; STATE OF NEW JERSEY; STATE OF NEW YORK; STATE OF OREGON; COMMONWEALTH OF MASSACHUSETTS; COMMONWEALTH OF PENNSYLVANIA; DISTRICT OF COLUMBIA; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF IOWA; STATE OF MINNESOTA; STATE OF NORTH CAROLINA; STATE OF RHODE ISLAND; STATE OF VERMONT and STATE OF VIRGINIA,<br><br>                Plaintiffs,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF STATE; MICHAEL R. POMPEO, in his official capacity as Secretary of State; DIRECTORATE OF DEFENSE TRADE CONTROLS; MIKE MILLER, in his official capacity as Acting Deputy Assistant Secretary of Defense Trade Controls; SARAH HEIDEMA, in her official capacity as Director of Policy, Office of Defense Trade Controls Policy; DEFENSE DISTRIBUTED; SECOND AMENDMENT FOUNDATION, INC.; AND CONN WILLIAMSON,<br><br>                Defendants. | NO. 2:18-cv-01115-RSL<br><br>ORDER REGARDING PLAINTIFF STATE OF OREGON'S MOTION FOR RELIEF FROM PRO HAC VICE REQUIREMENTS<br><br>NOTE ON MOTION CALENDAR:<br>August 24, 2018 (Second Friday) |

1   Having considered Plaintiff State of Oregon's Motion for Relief from Pro Hac Vice
2   Requirements, the Court rules:
3   1.   As to the request that government attorneys representing the plaintiff states not
4   be required to comply with this Court's pro hac vice requirements, that motion is
5   \_\_\_\_\_ Denied.  Attorneys representing the plaintiff states may not participate in this
6   multistate case without complying with this Court's pro hac vice requirements.
7   \_\_\_\_\_ Granted.  Attorneys representing the plaintiff states may participate in this
8   multistate case without complying with this Court's pro hac vice requirements.
9   2.   As to the alternative request that the Court waive the requirement that local
10  counsel must have a geographic office in this District for the State of Oregon in this case, that
11  motion is
12  \_\_\_\_\_ Moot in light of the ruling above.
13  \_\_\_\_\_ Denied.  Plaintiff State of Oregon must comply with the requirement that its
14  local counsel have a geographic office in this District in order to admit attorneys pro hac vice.
15  \_\_\_\_\_ Granted.  The requirement for local counsel for Plaintiff of Oregon to have a
16  geographic office in this District is waived in this case.

DATED: _____

_____
HONORABLE ROBERT S. LASNIK
U. S. District Court Judge

Submitted by: Scott J. Kaplan (WSBA # 49377)
              Senior Assistant Attorney General
              Attorneys for State of Oregon

ORDER REGARDING PLAINTIFF
STATE OF OREGON'S MOTION FOR
RELIEF FROM PRO HAC VICE
REQUIREMENTS

2

Oregon Department of Justice
100 SW Market St
Portland, OR 97201
Tel: (971) 673-1880 / Fax: (971) 673-5000