In the U.S. District Court for the District of Washington

State of Washington; State of New York; State of Conneticut; State of New Jersey; State of Oregon; Common wealth of Massachusetts; Commonwealth of Pennslyvania and District of Columbia

vs

United States Department of State; Michael R Pompeo in his official capacity; Directorate of defense trade controls; Mike Miller in his official capacity; Defense Distributed; Second amendment foundation; Conn Williamson

Case no 2:18-CV-01115

Leave to file as Amicus Curiae

FILED LODGED RECEIVED   MAIL
AUG 29 2018
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                        DEPUTY

Appears now as friend of the Court, Benjamin Barber, an Oregon resident, to seek leave to file Amicus Curiae. Petitioner is principal of "Nerd Party" an oregon non profit, and he seeks third party standing pursuant to first amendment jurisprudence, to bring to the Courts attention his and others rights pursuant to 17 USC § 106, 201, 47 USC § 230 as applied under the first Amendment.

"As a corollary the court has altered it's traditional rules of standing to permit -- in the First Amendment area -- ... no requirement that the person making the attack demonstrate that his own conduct could not be regulated"
Broadrick v. Oklahoma 413 US 601, 612, 93 sct 2908, 2916

Date 08/24/2018                                Ben Barber

NAME Benjamin Barber
WASHINGTON COUNTY JAIL
215 S.W. ADAMS MS35
HILLSBORO, OREGON 97123-3874
BOOKING # 17-07136

PORTLAND OR 972
27 AUG 2018 PM 5 L

United States Courthouse
700 Stewart St
Seattle, WA 98101-1271

FILED
LODGED
RECEIVED
AUG 29 2018
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY              DEPUTY

98101-443599

FOREVER USA
Barn Swallow

In the U.S. District Court for the District of Washington

State of Washington, et al
vs
U.S. Department of State, et al

Case no 2:18-CV-01115-
Amicus Curiae Brief

Benjamin Barber, as friend of the Court, asks the Court to protect the 1st Amendment, 2nd Amendment and US Copyrights of Defense Distributed and Mr Williamson. Further asks the court to not compel the United States defendants to either enforce their laws or rules on behalf of the plaintiffs, nor be compelled to enforce or protect state laws from federal preemption by federal laws 17 USC §201, 47 USC §230.

The gist of the United States counsel arguments in the prior adjudication in which the United States appeared as a plaintiff and defense distributed was a defendant, was that there was insufficient expressive content in the files to qualify for first amendment protection, which I take exception of because as the court in United States v Stevens 559 US 460 held:

"Miller did not determine that serious value could be used as a general precondition to protecting other types of speech in the first place. Even 'wholly neutral futilities... come under the protection of free speech"

And even if we accept the position as true, the speech would be protected by 17 USC §201, which protects the rights of an author of a work from having his rights

PAGE 1

involuntarily "purporting to sieze, expropriate, transfer, or exercise rights of ownership with respect to the copyright, or any of the exclusive rights under a copyright" because "no action" "shall be given effect" under 17 USC §201(e). See H.R. Rep. no. 1476 at 124 (1976) (discussing 17 USC §201(e).)

Moreover once someone else has the files in question, they are provided immunity for both civil and criminal state laws pursuant to 47 USC §230. See Backpage v. Mckenna 881 F.supp 2d 1262, 1272; Betzel v Smith 333 F3d 1018, 1031 So at this point it seems that the relief requested is moot.

Moreover it seems like the previous litigation by the United States defendants and defense distributed has already bound the government under Res Judicata, and the plaintiffs would need to set aside judgement in the original case and not try to collaterally attack the original case, then they may be able to seek intervenor status and press their claim.

Additionally it seems unlikely that the plaintiffs have standing to assert a ripe controversy, or an exercise in jurisdiction. At this phase the harm to the plaintiffs is too speculative, and would essentially serve as an advisory opinion, moreover the defendant defense distributed neither "purposely direct[s] his activities" at the plaintiffs state. Schwarzenegger v. Fred Martin Motor Co 374 F3d 797, 802-803 nor did it avail itself" of conducting activities in the state nor is the "brunt" of the harm in the state Corevent Corp v Nobel Indus AB 11 F3d 1482, 1486

PAGE 2

Merely publishing blueprints is not the proximate cause of the harm the state plaintiffs seek to enjoin. They would need to pursue those with felonies in possession of the product of the blueprint, just as the publication of the instructions of how to grow coca leaves or marijuana do not attach liability to the harm of persons unlawfully producing drugs.

However there are people who are licensed to produce lawful marijuana and similarly may lawfully create their own weapon, so it does not follow that the defendant intends to aid and abett an unlawful purpose any more than crowbar, crow bar manufacturer aids and abets burglaries, for example I can lawfully produce a firearm.

Even the unlawful devices in the book "The Anarchist Cookbook" are not sufficient to abridge the 1st Amendment right to publish, read, or distribute that book. The first Amendment protects the right to download defense distributed's works as much as it does their right to publish them Brown v Entertainment Merchants Assosciation 131 S.Ct 2729, 2733

The plaintiffs also cannot establish standing to force the United states defendants to exercise their own discretion in the performance of their duties, nor is there any duty owed by the defendants to the plaintiffs. Schmier v U.S. Court of Appeals for the Ninth Circuit 279 F3d 817, 822. Nor can they be ordered to infringe on Constitutional rights of third parties, which should go without saying

PAGE 3

ultimately the internet is one that demands national treatment ACLU v Johnson 194 F3d, 1149, 1161-1162. Also the right to download these designs anonymously is protected by the first Amendment Doe v. 2TheMart.Com Inc 140 FSupp.2d 1088, 1092, 1097. while the plaintiffs have the right to regulate within their own borders the possession of unregistered weapons, they cannot compel the defendants to restrain everyone from doing so outside their borders.

while the spectre of interpersonal violence is real, I have myself been shot in the eye by negligence, the threat of predation on an unarmed populace is more statistically threatening as the Afro-Americans in pre civil war America can attest, to the many government sponsored democides of the 20th century can also attest (eg stalin, mao, pol-pot)

This is why the second Amendment provides an individual right to bear arms, it is the tool of last resort to protect natural rights from those who will not recognize your legal ones, whether it be King George or a hungry bear. while it's nice to be utopian and advocate for disarment, those utopian societies spilled the most blood in search for removing the obstacles to their utopia - the people.

The Director of National intelligence global trends report indicates this period of peace and prosperity may only last as long as the resources will, and when resources run out we may not have the luxury of government to keep the peace and safety, especially if ran by demagoges.