The Honorable Robert S. Lasnik

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON, et al., | NO. 2:18-cv-01115-RSL |
| Plaintiffs, | JOINT STATUS REPORT AND DISCOVERY PLAN |
| v. | |
| UNITED STATES DEPARTMENT OF STATE; et al., | |
| Defendants. | |

Counsel for the Plaintiff States, the Federal Defendants,[1] and the Private Defendants[2] conferred telephonically on September 14, 2018 pursuant to Federal Rule of Civil Procedure 26(f) and LCR 16, and now together submit this Joint Status Report.

**1.      Statement of the nature and complexity of the case:**

The parties provide a full description of the facts in their pleadings and in their briefs regarding Plaintiffs' motions for a temporary restraining order and for a preliminary injunction.

---

[1] The Federal Defendants are the United States Department of State; Secretary of State Michael R. Pompeo; the Directorate of Defense Trade Controls; Acting Deputy Assistant Secretary of Defense Trade Controls Mike Miller; and Director of Policy, Office of Defense Trade Controls Policy, Sarah Heidema.
[2] The Private Defendants are Defense Distributed; the Second Amendment Foundation, Inc.; and Conn Williamson.

1

            **a.**        **Plaintiffs' position:**

2          The Plaintiff States challenge certain regulatory actions pursuant to the Administrative

3   Procedure Act, and also assert a claim under the Tenth Amendment based on the same facts. In

4   particular, the States challenge the Federal Government's reversal of its previous position

5   regarding the export of certain "downloadable gun" computer files that can be used to create

6   functional firearms using a 3D printer (the "Subject Files"). The Subject Files are the "technical

7   data that is the subject of the action," i.e., the "Published Files," "Ghost Gunner Files," "CAD

8   Files," and "Other Files," referenced in the Federal Defendants' July 27, 2018 "Temporary

9   Modification of Category I of the United States Munitions List."

10         In one sense, this case is relatively narrow in scope, as the evidence relevant to the merits

11   will consist of the administrative record related to the challenged agency actions. In another

12   sense, however, this case involves complex regulatory issues concerning a matter of great public

13   significance.

14         In addition, the Plaintiff States note that the Federal Defendants have indicated during

15   the course of these proceedings that "an administrative record based on a settlement of litigation,

16   which in turn occurred in the context of a nearly decade-long effort to comprehensively reform

17   export regulations, is inherently unlike that based on an agency's rulemaking or adjudication

18   authority, and thus determining . . . the proper scope of such a record is likely to present novel

19   questions not easily resolved." Dkt. # 49 (Fed. Defs. Opp. to Mot. to Compel Prod. of Admin.

20   Record) at 5. The States therefore anticipate that motions practice may be necessary to determine

21   the proper scope of the administrative record.

22

23

24

    **b.**  **Federal Defendants' position:**

  In the Federal Defendants' view, the questions presented by Plaintiffs' Amended Complaint are straightforward, regardless of the complexity of the broader statutory and regulatory scheme.

    **c.**  **Private Defendants' position:**

  In the Private Defendants' view, the case implicates both regulatory and constitutional issues.

  **2.**  **Proposed deadline for joining additional parties:**

  The parties agree that the deadline for joining additional parties shall be 30 days from the filing of this Joint Status Report.

  **3.**  **Magistrate:**

  The parties do not consent to assignment to a full-time U.S. Magistrate Judge.

  **4.**  **Related cases:**

  The Plaintiff States and the Private Defendants do not believe that there are any pending related cases as defined in LCR 3(g) and (h).

  The Federal Defendants take no position on whether *Defense Distributed et al. v. U.S. Department of State, et al.* (W.D. Tex. Case No. 1:15-cv-00372-RP)—currently closed— constitutes a related case.

  **5.**  **Initial disclosures:**

  The parties agree that this case is exempt from the requirements of Rule 26(a) because it is an action for review on an administrative record. Fed. R. Civ. P. 26(a)(1)(B)(i).

  **6.**  **Changes, if any, to the timing and form of expert and pretrial disclosures:**

  None.

**7.     Subjects, timing, and potential phasing of discovery:**

The parties agree that the evidence in this case will consist primarily of the administrative record related to the challenged agency actions. The parties have reached an agreement that the Federal Defendants will produce the administrative record on or before October 19, 2018. *See also* ECF No. 108. The parties' respective positions on other matters are set forth below.

**a.     Plaintiffs' position:**

The Plaintiff States believe that in addition to the administrative record regarding the agency actions challenged in their Amended Complaint, the administrative record related to any final rule that will affect the regulation of the Subject Files may also become relevant to this case.

In addition to the complete administrative record, the Plaintiff States believe they are also entitled to discovery concerning Defendants' compliance with the terms of the TRO and the preliminary injunction in this case. The States have propounded targeted discovery requests on the Private Defendants seeking information related to any encouragement, facilitation, or involvement by the Private Defendants in any export of the Subject Files after the TRO and the preliminary injunction were issued. The States believe these discovery requests are necessary to monitor compliance with the injunction and to inform whether further action is needed to ensure compliance.

**b.     Federal Defendants' position:**

Although it appears based on the above that Plaintiffs' intended discovery will be directed toward the Private Defendants and not the Federal Defendants, the Federal Defendants believe that any discovery related to their determinations or compliance is legally impermissible, as this case is brought under the Administrative Procedure Act and thus should be resolved on the basis of the administrative record.  Judicial review of agency action is limited to "the whole

1   record or those parts of it cited by the party."  5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorio*,

2   470 U.S. 729, 743-44 (1985) ("The task of the reviewing court is to apply the appropriate APA

3   standard of review to the agency decision based on the record the agency presents to the

4   reviewing court.").  Thus, when there is a "contemporaneous explanation" for an agency's

5   decision, its validity "must . . . stand or fall on the propriety of that finding."  *Camp v. Pitts*, 411

6   U.S. 138, 143 (1972).  "If the record before the agency does not support the agency action, if the

7   agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate

8   the challenged agency action on the basis of the record before it, the proper course, except in

9   rare circumstances, is to remand to the agency for additional investigation or explanation."  *Fla.*

10  *Power & Light Co.*, 470 U.S. at 744.  The presence of an additional Tenth Amendment claim

11  does not counsel in favor of a different result—this claim is fundamentally similar to Plaintiffs'

12  APA claim and cannot be used to circumvent the general rule that judicial review of agency

13  action is limited to the administrative record.  *See* 5 U.S.C. § 706(2)(B), (C) (prohibiting "agency

14  action, findings, and conclusions found to be . . . contrary to constitutional  right, power,

15  privilege, or immunity . . . [or] in excess of statutory jurisdiction, authority, or limitations, or

16  short of statutory right").  To permit discovery on Plaintiffs' non-APA claim would thus

17  contradict Congress's clear intent to limit judicial review to the administrative record, *see id.*,

18  and "would 'incentivize every unsuccessful party to agency action to allege . . . constitutional

19  violations' in order to 'trade in the APA's restrictive procedures for the more evenhanded ones

20  of the Federal Rules of Civil Procedure.'"  *Chiayu Chang v. USCIS*, 254 F. Supp. 3d 160, 161–

21  62 (D.D.C. 2017) (quoting *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp.

22  3d 1191, 1237–38 (D.N.M. 2014)).

23

24

c.      **Private Defendants' position:**

The Private Defendants believe that they should not subjected to any discovery because they have no role to play in the administrative record's production and because the Court's temporary restraining order and preliminary injunction do not supply a basis for subjecting the Private Defendants to discovery.  In the event that the Private Defendants are deemed subject to discovery, the Private Defendants believe that they should not be required to comply with any discovery requests until the Court resolves any motion under Federal Rule of Civil Procedure 12.

**8.      Agreements or issues related to the preservation of discoverable information and the scope of the preservation obligation:**

The parties are aware of their duty to take reasonable and proportional steps to preserve potentially relevant information relating to the claims and defenses in this case. *See* Fed. R. Civ. P. 26(b)(1).  On August 31, 2018, counsel for the Plaintiff States sent a preservation demand letter to counsel for the Private Defendants. During the September 14, 2018 telephonic conference, counsel for Defendants stated that there were no known issues related to the preservation of discoverable information or the scope of the preservation obligation.

**9.      Preservation of ESI; Model ESI Agreement:**

The Plaintiff States and the Private Defendants have agreed to adopt the Model Agreement Regarding Discovery of Electronically Stored Information as to any discovery exchanged in this case, with appropriate additions and modifications. A copy of the Model Agreement for the Court's review and signature is filed herewith.

It is the view of the Federal Defendants that discovery directed toward the Federal Defendants is impermissible given the APA claims advanced by Plaintiffs.  As noted above, the Federal Defendants are aware of their duty to take reasonable and proportional steps to preserve

potentially relevant information relating to the claims and defenses in this case, and are taking appropriate preservation steps to ensure that they are able to comply should the Court determine that Plaintiffs are entitled to discovery from them.  If Plaintiffs succeed in obtaining a Court order permitting them to take discovery from the Federal Defendants, the Federal Defendants will be prepared to discuss the protocol for ESI discovery at that time.

**10.     Whether the case will involve unique or extensive claims of privilege or work product protection:**

The parties do not anticipate any such unique or extensive claims at this time.

The Federal Defendants note that it is their position that the decision to reach a settlement in *Defense Distributed et al. v. U.S. Department of State, et al.* (W.D. Tex. Case No. 1:15-cv-00372-RP), included communications protected by the attorney-client privilege and work product privilege.

**11.     Procedures for handling the inadvertent disclosure of privileged information:**

Provisions related to the inadvertent disclosure of privileged information are included in the Model Agreement Regarding Discovery of Electronically Stored Information.

**12.     Changes, if any, to the limitations on discovery:**

**a.     Plaintiffs' position:**

The Plaintiff States believe the presumptive discovery limits under the Federal Rules of Civil Procedure should not be altered at this time. This statement is without prejudice to the right of any party to seek relief from those limitations should future circumstances warrant.

**b.     Federal Defendants' position:**

As explained above, the Federal Defendants believe that any discovery regarding their determinations or compliance is impermissible, as this case should be resolved on the basis of the administrative record.

    **c.**     **Private Defendants' position:**

As explained above, the Private Defendants believe that they should not be subjected to any discovery.

    **13.**     **The date discovery can be completed:**

The parties have agreed that the Federal Defendants will produce the administrative record on or before October 19, 2018. The parties' respective positions on other matters are set forth below.

    **a.**     **Plaintiffs' position:**

As noted above, the Plaintiff States anticipate that motions practice may be necessary to determine the proper scope and timing of the production of the administrative record. In addition to seeking the administrative record, the Plaintiff States have propounded a set of targeted discovery requests on the Private Defendants. In light of these issues, the Plaintiff States estimate that discovery can be completed by January 25, 2019.

    **b.**     **Federal Defendants' position:**

As explained above, the Federal Defendants believe that any discovery regarding their determinations or compliance is impermissible, as this case should be resolved on the basis of the administrative record.

    **c.**     **Private Defendants' position:**

As explained above, the Private Defendants believe that they should not be subjected to any discovery.

    **14.**     **Suggestions for the prompt and efficient resolution of the case:**

The parties have reached an agreed suggestion for the prompt and efficient resolution of this case via motions practice, and propose the following schedule:

1    Oct. 9, 2018:   The Federal Defendants file their answer.

2    Oct. 11, 2018: The Private Defendants may file a motion under Federal Rule of Civil

3    Procedure 12.

4    Oct. 19, 2018: The Federal Defendants file the administrative record.

5    Nov. 15, 2018:   The States file any motion to supplement and/or correct the

6    administrative record.

7    Dec. 6, 2018: The Federal Defendants file their response to any motion to supplement

8    and/or correct the administrative record.

9    Dec. 20, 2018: The States file their reply to any motion to supplement and/or correct the

10   administrative record.

11   The States file any motion for summary judgment by the latest of the following:

12           a)  90 days after the Court's decision on any motion to supplement and/or

13               correct the administrative record;

14           b)  90 days after the Court's decision on any motion under Federal Rule of

15               Civil Procedure 12; or

16           c)  Jan. 25, 2019.

17   The States' motion for summary judgment will be limited to 24 pages.

18   The Federal Defendants and the Private Defendants, respectively, may file cross-motions

19   for summary judgment combined with their respective responses to the States' motion for

20   summary judgment. The parties have agreed to the following schedule and page limitations for

21   briefing on the cross-motions:

22   The Federal Defendants' and the Private Defendants' respective cross-motions,

23   combined with their respective responses to the States' motion for summary judgment, will be

24

due 28 days after the States file their motion for summary judgment or 28 days after the Court's decision on any motion under Federal Rule of Civil Procedure 12, whichever is later. Each combined cross-motion/response will be limited to 24 pages.

The States' responses to Defendants' respective cross-motions for summary judgment, combined with their reply in support of their motion for summary judgment, will be due 21 days after Defendants file their respective cross-motions/responses. Each combined reply/response to each respective cross-motion will be limited to 24 pages.

The Federal Defendants' and the Private Defendants' respective replies in support of their cross-motions for summary judgment will be due 14 days after the States file their combined replies/responses. Each reply will be limited to 15 pages.

**15.     Alternative dispute resolution:**

The parties anticipate raising legal challenges through dispositive motions as soon as possible. If any issues remain, the parties are open to mediation prior to trial.

**16.     The month the case will be ready for trial:**

The Plaintiff States believe that in the event any issues remain following the adjudication of dispositive motions, this case will be ready for trial within one year of filing the Joint Status Report and Discovery Plan, i.e., September 2019.

In the view of the Federal Defendants and the Private Defendants, this case involves pure legal issues and thus trial will not be appropriate.

**17.     Jury or non-jury:**

This will be a non-jury case.

**18.      Number of trial days required:**

The Plaintiff States estimate the trial on any issues that remain following the adjudication of dispositive motions will require five days.

In the view of the Federal Defendants and the Private Defendants, this case involves pure legal issues and thus trial will not be appropriate.

**19.      Corporate disclosure statements:**

The non-governmental corporate parties filed their disclosure statements pursuant to FRCP 7.1 and LCR 7.1 on September 28, 2018.

DATED this 5th day of October, 2018.

ROBERT W. FERGUSON
Attorney General

*/s/ Jeffrey Rupert*
JEFFREY RUPERT, WSBA #45037
Division Chief
TODD BOWERS, WSBA #25274
Deputy Attorney General
JEFF SPRUNG, WSBA #23607
KRISTIN BENESKI, WSBA #45478
ZACH JONES, WSBA #44557
Assistant Attorneys General
JeffreyR2@atg.wa.gov
ToddB@atg.wa.gov
JeffS2@atg.wa.gov
KristinB1@atg.wa.gov
ZachJ@atg.wa.gov
*Attorneys for Plaintiff State of Washington*


JOSEPH H. HUNT
Assistant Attorney General

ANNETTE L. HAYES
Acting United States Attorney

KERRY KEEFE
Civil Chief

| | |
|---|---|
| 1 | JOHN R. GRIFFITHS<br>Director, Federal Programs Branch |
| 2 | |
| 3 | ANTHONY J. COPPOLINO<br>Deputy Director, Federal Programs Branch |
| 4 | ANTHONY J. COPPOLINO<br>Deputy Director, Federal Programs Branch |
| 5 | |
| 6 | */s/ Stuart J. Robinson*<br>STUART J. ROBINSON<br>STEVEN A. MYERS |
| 7 | ERIC J. SOSKIN |
| 8 | Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch |
| 9 | 450 Golden Gate Ave., Suite 7-5395<br>San Francisco, CA 94549 |
| 10 | Phone: (415) 436-6635<br>Fax: (415) 436-6632 |
| 11 | Stuart.J.Robinson@usdoj.gov<br>Steven.A.Myers@usdoj.gov |
| 12 | Eric.Soskin@usdoj.gov<br>*Counsel for the Federal Defendants* |
| 13 | |
| 14 | IMMIX LAW GROUP PC |
| 15 | */s/ Joel B. Ard*<br>Joel B. Ard, WSBA # 40104 |
| 16 | Immix Law Group PC<br>701 5th Ave Suite 4710 |
| 17 | Seattle, WA 98104<br>Phone: (206) 492-7531 |
| 18 | Fax: (503) 802-5351<br>joel.ard@immixlaw.com |
| 19 | *Counsel for Defendants Defense Distributed,*<br>*Second Amendment Foundation, Inc., and Conn*<br>*Williamson* |
| 20 | |
| 21 | BECK REDDEN LLP |
| 22 | */s/ Charles Flores*<br>Charles Flores* |
| 23 | Beck Redden LLP<br>1221 McKinney Street, Suite 4500<br>Phone: (713) 951-3700 |
| 24 | |

cflores@beckredden.com
*Admitted Pro Hac Vice
*Counsel for Defendant Defense Distributed*

1

## **DECLARATION OF SERVICE**

2          I hereby certify that on October 5, 2018, I electronically filed the foregoing document

3   with the Clerk of the Court using the CM/ECF system, which will serve a copy of this document

4   upon all counsel of record.

5          DATED this 5th day of October, 2018, at Seattle, Washington.

6
                                         */s/ Jeffrey Rupert*
7                                         Assistant Attorney General

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24