# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al. <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, et al., <br><br> Defendants. | NO. 2:18-cv-01115-RSL <br><br> AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER |

The Plaintiff States and the Private Defendants[1] hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A. General Principles**

1. An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2. The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be

---

[1] The Private Defendants are Defense Distributed; the Second Amendment Foundation, Inc.; and Conn Williamson.

applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.     ESI Disclosures**

Because this case is an action for review on an administrative record, the parties do not believe that general, preliminary ESI disclosures are necessary in this case. Plaintiffs anticipate that discovery outside the scope of the administrative record will be limited to issues related to Defendants' compliance with the Court's preliminary injunction (and the temporary restraining order that preceded it). As noted in the Joint Status Report, the Private Defendants believe that they should not subjected to any discovery because they have no role to play in the administrative record's production and because the Court's temporary restraining order and preliminary injunction do not supply a basis for subjecting the Private Defendants to discovery. The parties agree that to the extent they engage in discovery, certain ESI disclosures pertaining to specific discovery requests will streamline the targeted discovery process and reduce the need for "discovery on discovery." Each party subject to discovery shall disclose, along with its responses to the discovery requests, the following information:

1.      Custodians. All custodians with discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2.      Non-custodial Data Sources. A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, that contain discoverable ESI.

3.      Third-Party Data Sources. A list of third-party data sources, if any, that contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage,

etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.      Inaccessible Data. A list of data sources, if any, that contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.      Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1.      Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

2.      All parties shall supplement their disclosures and discovery responses in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

3.      Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a.      Deleted, slack, fragmented, or other data only accessible by forensics.

    b.      Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

| | | | |
|---|---|---|---|
| 1 | | c. | On-line access data such as temporary internet files, history, cache, cookies, and the like. |
| 2 | | d. | Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)). |
| 3 | | e. | Back-up data that are substantially duplicative of data that are more accessible elsewhere. |
| 4 | | f. | Server, system or network logs. |
| 5 | | g. | Data remaining from systems no longer in use that is unintelligible on the systems in use. |
| 6 | | h. | Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage). |

**D.     Privilege**

1.     With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs. However, Plaintiffs reserve the right to seek logging of privileged or work-product information to the extent it may be relevant to Defendants' compliance with the preliminary injunction (and the temporary restraining order that preceded it).

2.     Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3.     Information produced in discovery that is protected as privileged or work product

1 shall be immediately returned to the producing party, and its production shall not constitute a
2 waiver of such protection, if: (i) such information appears on its face to have been inadvertently
3 produced or (ii) the producing party provides notice within 15 days of discovery by the
4 producing party of the inadvertent production.

      4.      The parties will confer regarding the nature and scope of privilege logs as appropriate in light of the limited scope of discovery in this case.

**E.      ESI Discovery Procedures**

      1.      <u>On-site inspection of electronic media.</u> Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

      2.      <u>Search methodology.</u> The parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology.
In the absence of agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, the following procedures shall apply:

      a.      A producing party shall disclose the search terms or queries, if any, and methodology that it proposes to use to locate ESI likely to contain discoverable information. The parties shall meet and confer to attempt to reach an agreement on the producing party's search terms and/or other methodology.

      b.      If search terms or queries are used to locate ESI likely to contain discoverable information, a requesting party is entitled to no more than 5 additional terms or queries to be used in connection with further electronic searches absent a showing of good cause

or agreement of the parties. The 5 additional terms or queries, if any, must be provided by the requesting party within 14 days of receipt of the producing party's production.

   c. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. Absent a showing of good cause, each search term or query returning more than 250 megabytes of data are presumed to be overbroad, excluding Microsoft PowerPoint files, image and audio files, design files, and similarly large file types.

   d. The producing party shall search both non-custodial data sources and ESI maintained by the custodians identified above.

  3. <u>Format.</u>

   a. The parties agree that ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database and drawing files, should be produced in native format. Bates numbers should be applied prior to production.

   b. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

  4. <u>De-duplication.</u> The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party.

AGREEMENT RE DISCOVERY OF
ESI AND [PROPOSED] ORDER

6

2:18-cv-01115-RSL

5. *Metadata fields.* Relevant existing metadata should be produced for all electronic documents. The parties agree that only the following metadata fields need be produced: document type; custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; file name and size; original file path; date and time created, sent, modified and/or received; and hash value.

DATED: October 5, 2018

| | |
|---|---|
| ROBERT W. FERGUSON<br>Attorney General | JOSEPH H. HUNT<br>Assistant Attorney General |
| */s/ Jeffrey Rupert*<br>JEFFREY RUPERT, WSBA #45037<br>Division Chief<br>TODD BOWERS, WSBA #25274<br>Deputy Attorney General<br>JEFF SPRUNG, WSBA #23607<br>KRISTIN BENESKI, WSBA #45478<br>ZACH JONES, WSBA #44557<br>Assistant Attorneys General<br>JeffreyR2@atg.wa.gov<br>ToddB@atg.wa.gov<br>JeffS2@atg.wa.gov<br>KristinB1@atg.wa.gov<br>ZachJ@atg.wa.gov<br>*Counsel for Plaintiff State of Washington* | ANNETTE L. HAYES<br>Acting United States Attorney<br><br>KERRY KEEFE<br>Civil Chief<br><br>JOHN R. GRIFFITHS<br>Director, Federal Programs Branch<br><br>ANTHONY J. COPPOLINO<br>Deputy Director, Federal Programs Branch<br><br>*/s/ Stuart J. Robinson*<br>STUART J. ROBINSON<br>STEVEN A. MYERS<br>ERIC J. SOSKIN<br>Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>450 Golden Gate Ave., Suite 7-5395<br>San Francisco, CA 94549<br>Phone: (415) 436-6635<br>Fax: (415) 436-6632<br>Stuart.J.Robinson@usdoj.gov<br>Steven.A.Myers@usdoj.gov<br>Eric.Soskin@usdoj.gov<br>*Counsel for the Federal Defendants* |

| IMMIX LAW GROUP PC | BECK REDDEN LLP |
|---|---|
| */s/ Joel B. Ard* | */s/ Charles Flores* |
| Joel B. Ard, WSBA # 40104 | Charles Flores* |
| Immix Law Group PC | Beck Redden LLP |
| 701 5th Ave Suite 4710 | 1221 McKinney Street, Suite 4500 |
| Seattle, WA 98104 | Phone: (713) 951-3700 |
| Phone: (206) 492-7531 | cflores@beckredden.com |
| Fax: (503) 802-5351 | *Admitted Pro Hac Vice |
| joel.ard@immixlaw.com | *Counsel for Defendant Defense Distributed* |
| *Counsel for Defendants Defense Distributed, Second Amendment Foundation, Inc., and Conn Williamson* | |

## ORDER

Based on the foregoing, IT IS SO ORDERED.

DATED:

_____
The Honorable Robert S. Lasnik
UNITED STATES DISTRICT JUDGE

AGREEMENT RE DISCOVERY OF
ESI AND [PROPOSED] ORDER

8

2:18-cv-01115-RSL

## **DECLARATION OF SERVICE**

I hereby certify that on October 5, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will serve a copy of this document upon all counsel of record.

DATED this 5th day of October, 2018, at Seattle, Washington.

*/s/ Jeffrey Rupert*
Assistant Attorney General