The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| STATE OF WASHINGTON, et al., | ) | No. 2:18-cv-1115-RSL |
| | ) | |
|    Plaintiffs, | ) | **FEDERAL DEFENDANTS'** |
|               v. | ) | **ANSWER TO FIRST AMENDED** |
| | ) | **COMPLAINT FOR** |
| UNITED STATES DEPARTMENT OF | ) | **DECLARATORY AND** |
| STATE, et al., | ) | **INJUNCTIVE RELIEF** |
| | ) | |
|    Defendants. | ) | |
| | ) | |

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – i

1   Defendants United States Department of State; Michael R. Pompeo, in his official

2   capacity as Secretary of State; Directorate of Defense Trade Controls; Michael Miller, in his

3   official capacity, exercising the delegated authorities of the Deputy Assistant Secretary of

4   Defense Trade Controls; and Sarah Heidema, in her official capacity as Director, Office of

5   Defense Trade Controls Policy (hereinafter "Federal Defendants"), hereby answer Plaintiffs'

6   First Amended Complaint for Declaratory and Injunctive Relief, ECF No. 29 ("Amended

7   Complaint").

8   The portion of the Amended Complaint preceding the first numbered paragraph consists

9   of Plaintiffs' characterization of the Amended Complaint, not allegations of fact to which a

10  response is required.

11  1.   The first and second sentence, including footnote 1, consist of Plaintiffs'

12  characterization of the Amended Complaint, not allegations of fact to which a response is

13  required.  As to the third sentence, admit only that the files at issue here could be used by

14  individuals with the appropriate printer, materials, and knowledge to create certain firearms,

15  including, potentially, in a manner that violates State or Federal law.  The fourth sentence consists

16  of conclusions of law, not allegations of fact to which a response is required; to the extent a

17  response is deemed required, deny.  The fifth sentence consists of conclusions of law, not

18  allegations of fact to which a response is required; to the extent a response is deemed required,

19  admit.  The sixth sentence consists of Plaintiffs' characterization of certain filings made in

20  *Defense Distributed v. U.S. Dep't of State*, 1:15-CV-372 RP (W.D. Tex.), to which Defendants

21  respectfully refer the Court for a full and complete statement of their contents; to the extent a

22  response is deemed required, admit that Plaintiffs have accurately quoted from such filings.

23  2.   The first and third sentences consist of Plaintiffs' characterization of the

24  settlement agreement in *Defense Distributed v. U.S. Dep't of State*, 1:15-CV-372 RP (W.D. Tex.)

25  (hereinafter the "Settlement Agreement"), to which Federal Defendants respectfully refer the

26  Court for a full and complete statement of its contents; to the extent responses are deemed

27  required, deny the first sentence and deny the third sentence as an incomplete characterization of

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 1

the Settlement Agreement. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

3.     This paragraph consists of Plaintiffs' characterization of the "Temporary Modification of Category I of the United States Munitions List" published on the State Department's web site on July 27, 2018 (hereinafter the "Temporary Modification"); Federal Defendants respectfully refer the Court to the Temporary Modification for a full and complete statement of its contents. To the extent a response is deemed required, deny the first sentence as an inaccurate characterization and admit the second sentence.

4.     The first sentence consists of Plaintiffs' characterization of the Temporary Modification; Federal Defendants respectfully refer the Court to the Temporary Modification for a full and complete statement of its contents. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence. Insofar as the phrase "practically speaking, irretrievable" is undefined and vague, Defendants lack knowledge or information sufficient to admit or deny the allegations of the third sentence.

5.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, with the exception of footnote 2, which Defendants admit.

6.     This paragraph consists of Plaintiffs' characterization of a *Wired* article, cited in footnote 3, to which Federal Defendants respectfully refer the Court for a full and complete statement of its contents. To the extent a response is deemed required, admit that Plaintiffs have accurately quoted from the *Wired* article.

7.     This paragraph consists of legal conclusions, not allegations of fact to which a response is required. To the extent that a response is deemed required, denied.

8.     The first sentence consists of legal conclusions, not allegations of fact to which a response is required; to the extent that a response is deemed required, Defendants lack knowledge or information sufficient to admit or deny what Plaintiffs find "especially troubling." The second sentence consists of Plaintiffs' characterization of the Temporary Modification, to which

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 2

Defendants respectfully refer the Court for a full and complete statement of its contents.  To the extent that a response is deemed required, admit that the Temporary Modification would apply to certain files not yet developed.

9.      The first sentence consists of legal conclusions, not allegations of fact to which a response is required; to the extent that a response is deemed required, denied.  Deny the second sentence.

10.      This paragraph consists of Plaintiffs' characterization of certain notices of proposed rulemaking published in the Federal Register, to which Federal Defendants respectfully refer the Court for a full and complete statement of their contents.  To the extent that a response is deemed required, admit that the notices of proposed rulemaking do not explicitly address the possibility of the files "falling into the hands of terrorist organizations, insurgent groups, transnational organized criminal organizations, or countries subject to the U.S. or U.N. arms embargoes."

11.      Deny.

12.      The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, denied.  The second sentence consists of a request for relief, to which no response is required; to the extent that a response is deemed required, Federal Defendants deny that Plaintiffs are entitled this relief or any relief whatsoever.

13.      This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, deny that the Court has subject matter jurisdiction.

14.      This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, admit only that venue is proper in this Court because the State of Washington is located here, and otherwise deny.

15.      The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, admit.  Deny the second

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 3

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

sentence.  The third sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, deny.  The fourth sentence consists of Plaintiffs' characterization of the Amended Complaint, not allegations of fact to which a response is required.

16.     The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, admit that the States have such an interest but deny that it gives rise to standing here.  The second and third sentences consist of Plaintiffs' quotation of a Supreme Court decision, to which Defendants respectfully refer the Court for a full and complete statement of its contents; to the extent a response is deemed required, admit that Plaintiffs have accurately quoted from that decision.  The fourth sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, admit that the regulation of firearms is among the police powers of the States.

17.     The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, denied.  Deny the second sentence.

18.     The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, admit that the States have such an interest but deny that it gives rise to standing here.  Deny the second, third, fourth, fifth, sixth, and seventh sentences.  Admit the eighth sentence.  Deny the ninth sentence.  Admit the tenth and eleventh sentences but deny that they are examples of any risks traceable to the actions challenged in this case.

19.     The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, admit.  The second sentence consists of Plaintiffs' characterization of the Settlement Agreement, to which Federal Defendants respectfully refer the Court for a full and complete statement of its contents; to the extent that a response is deemed required, admit.

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 4

20.     The first sentence consists of Plaintiffs' characterization of the Amended Complaint, not allegations of fact to which a response is required.  The second sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, admit.  The third sentence consists of Plaintiffs' characterization of the Settlement Agreement, to which Federal Defendants respectfully refer the Court for a full and complete statement of its contents; to the extent that a response is deemed required, admit.

21.     The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, admit.  The second sentence consists of Plaintiffs' characterization of (1) the Settlement Agreement, and (2) the Temporary Modification; Federal Defendants respectfully refer the Court to those documents for a full and complete statement of their contents; to the extent that a response is deemed required, admit.

22.     The first sentence consists of Plaintiffs' characterization of the Amended Complaint, not allegations of fact to which a response is required.  The second sentence consists of Plaintiffs' characterization of the Settlement Agreement, to which Federal Defendants respectfully refer the Court for a full and complete statement of its contents; to the extent that a response is deemed required, admit that the Deputy Assistant Secretary was a party to the Settlement Agreement.

23.     The first sentence consists of Plaintiffs' characterization of the Amended Complaint, not allegations of fact to which a response is required.  The second sentence consists of Plaintiffs' characterization of the Settlement Agreement, to which Federal Defendants respectfully refer the Court for a full and complete statement of its contents; to the extent that a response is deemed required, admit.

24.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences.  The fourth sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

response is deemed required, Federal Defendants take no position on whether Defense Distributed is a necessary party.

25.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in first sentence.  The second sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, Federal Defendants take no position on whether Second Amendment Foundation is a necessary party.

26.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in first sentence.  The second sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, Federal Defendants take no position on whether Conn Williamson is a necessary party.

27.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, admit the first sentence, deny the second sentence as an incomplete characterization of 22 U.S.C. § 2751, and otherwise refer the Court to the statute for a full and complete statement of its contents.

28.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, admit and otherwise refer the Court to the statute for a full and complete statement of its contents.

29.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, deny the first sentence, deny the second and third sentences as an incomplete characterization of 22 C.F.R. § 120.10, and otherwise refer the Court to the regulations for a full and complete statement of their contents.

30.     This paragraph consists of Plaintiffs' characterization of a declaration submitted in *Defense Distributed v. U.S. Dep't of State*, 1:15-CV-372 RP (W.D. Tex.), to which Federal Defendants respectfully refer the Court for a full and complete statement of its contents.  To the extent that a response is deemed required, admit that Plaintiffs have accurately quoted from that declaration.

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 6

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

31.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, admit and otherwise respectfully refer the Court to the cited provisions for a full and complete statement of their contents.

32.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, admit that Plaintiffs have accurately quoted from the Executive Order.

33.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, admit that notice is required before an item is removed from the USML but deny that this requirement is implicated in this case.  Federal Defendants respectfully refer the Court to the cited provision for a full and complete statement of its contents.

34.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, admit the first sentence and deny the second sentence, and further respectfully refer the Court to the cited provision for a full and complete statement of its contents.

35.     The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, admit that ITAR contains a commodity jurisdiction procedure.  The second sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent a response is deemed required, admit.  Defendants respectfully refer the Court to the cited provision for a full and complete statement of its contents.

36.     This paragraph consists of Plaintiffs' characterization of a declaration submitted in *Defense Distributed v. U.S. Dep't of State*, 1:15-CV-372 RP (W.D. Tex.), to which Federal Defendants respectfully refer the Court for a full and complete statement of its contents.  To the extent a response is deemed required, admit.

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 7

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

37.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, admit that Plaintiffs have accurately quoted from 22 C.F.R. § 120.4(f), and respectfully refer the Court to the cited provision for a full and complete statement of its contents.

38.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

39.     As to the first sentence, admit that Defense Distributed posted certain CAD files on DEFCAD.org in our around May 2013; Federal Defendants lack knowledge or information sufficient to admit or deny the remaining allegations.  As to the second sentence, admit that the Liberator is a plastic firearm that contains a 6-oz piece of steel, that it is technically possible to remove that piece of steel, and that doing so may render the firearm undetectable by certain walk-through metal detectors.

40.     Admit the first sentence.   The second sentence consists of Plaintiffs' characterization of an April 2018 court filing, to which Federal Defendants respectfully refer the Court for a full and complete statement of its contents; to the extent that a response is deemed required, admit that Plaintiffs have accurately quoted from such a filing.  Deny the third sentence.

41.     The first, second, third and fourth sentences consist of Plaintiffs' characterization of a May 8, 2013 letter, to which Federal Defendants respectfully refer the Court for a full and complete statement of its contents; to the extent a response is deemed required, admit.  Admit the fifth sentence.

42.     Admit that Defense Distributed submitted a commodify jurisdiction request, to which Federal Defendants respectfully refer the Court for a full and complete statements of its contents.  The second sentence consists of Plaintiffs' characterization of DDTC's response to the commodity jurisdiction request, to which Federal Defendants respectfully refer the Court for a full and complete statement of its contents; to the extent that a response is deemed required, admit that the DDTC determination contained the quoted language.

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

43.     This paragraph consists of Plaintiffs' characterization of DDTC's resolution of Defense Distributed's commodity jurisdiction request, to which Federal Defendants respectfully refer the Court for a full and complete statement of its contents; to the extent that a response is deemed required, admit.

44.     This paragraph consists of Plaintiffs' characterization of DDTC's resolution of Defense Distributed's commodity jurisdiction request, to which Federal Defendants respectfully refer the Court for a full and complete statement of its contents; to the extent that a response is deemed required, admit that the DDTC determination contained the quoted language but otherwise deny as an incomplete characterization.

45.     This paragraph consists of Plaintiffs' characterization of certain filings in *Defense Distributed v. U.S. Dep't of State*, 1:15-CV-372 RP (W.D. Tex.); Federal Defendants respectfully refer the Court to those filings for a full and complete statement of their contents.  To the extent that a response is deemed required, admit.

46.     This paragraph consists of Plaintiffs' characterization of a filing in *Defense Distributed v. U.S. Dep't of State*, 15-CV-372 RP (W.D. Tex.); Federal Defendants respectfully refer the Court to that filing for a full and complete statement of its contents.  To the extent that a response is deemed required, admit that the quoted statements are contained in Federal Defendants' filings in that case.

47.     This paragraph consists of Plaintiffs' characterization of filings in *Defense Distributed v. U.S. Dep't of State*, 1:15-CV-372 RP (W.D. Tex.); Federal Defendants respectfully refer the Court to those filings for a full and complete statement of their contents.  To the extent that a response is deemed required, admit that Plaintiffs have accurately quoted from the declaration of Lisa Aguirre.

48.     This paragraph consists of Plaintiffs' characterization of an opinion entered in *Defense Distributed v. U.S. Dep't of State*, 15-CV-372 RP (W.D. Tex.); Federal Defendants respectfully refer the Court to that opinion for a full and complete statement of its contents.  To

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 9

the extent that a response is deemed required, admit that the district court accepted certain of the government's arguments, and that the court's opinion included the quoted language.

49.     This paragraph consists of Plaintiffs' characterization of an opinion entered by the United States Court of Appeals for the Fifth Circuit; Federal Defendants respectfully refer the Court that opinion for a full and complete statement of its contents.  To the extent that a response is deemed required, admit that the Fifth Circuit opinion contained the quoted language.

50.     This paragraph consists of Plaintiffs' characterization of an order entered by the United States Supreme Court; Federal Defendants respectfully refer the Court to that order for a full and complete statement of its contents.  To the extent that a response is deemed required, admit.

51.     This paragraph consists of Plaintiffs' characterization of filings in *Defense Distributed v. U.S. Dep't of State*, 1:15-CV-372 RP (W.D. Tex.); Federal Defendants respectfully refer the Court to those filings for a full and complete statement of their contents.  To the extent that a response is deemed required, admit that Defendants moved to dismiss in April 2018, and that their motion contained the quoted language.

52.     As to the first sentence, admit that Wilson and Defense Distributed announced that the case had settled several weeks after Federal Defendants filed their motion to dismiss; deny any remaining allegations.  The second sentence consists of Plaintiffs' characterization of a news report cited in footnote 4, to which Federal Defendants respectfully refer the Court for a full and complete statement of its contents; to the extent that a response is deemed required, admit that the news report contained the quoted language.  The third sentence consists of Plaintiffs' characterization of filings in *Defense Distributed v. U.S. Dep't of State*, 1:15-CV-372 RP (W.D. Tex.); Federal Defendants respectfully refer the Court to those filings for a full and complete statement of their contents.  To the extent that a response is deemed required, admit.

53.     As to the first sentence, admit that the Settlement Agreement was executed on June 29, 2018, and made public in July 2018; deny any additional allegations.  As to the second sentence, admit that Exhibit 6 is a true and correct copy of the Settlement Agreement.

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 10

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

54.     This paragraph, including footnote 5, consists of Plaintiffs' characterization of the Settlement Agreement, to which Federal Defendants respectfully refer the Court for a full and complete statement of its contents.  To the extent that a response is deemed required, admit that the Settlement Agreement contains the quoted language.

55.     This paragraph consists of Plaintiffs' characterization of the Settlement Agreement, to which Federal Defendants respectfully refer the Court for a full and complete statement of its contents.  To the extent that a response is deemed required, admit as to the first sentence that the Settlement Agreement contains the quoted language and admit as to the second sentence that the Settlement Agreement applies to certain files not yet created.

56.     This paragraph consists of Plaintiffs' characterization of the Settlement Agreement, to which Federal Defendants respectfully refer the Court for a full and complete statement of its contents.  To the extent that a response is deemed required, deny the first sentence and admit that the Settlement Agreement contains the language quoted in the second sentence.

57.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, admit that neither the House Committee on Foreign Affairs nor the Senate Committee on Foreign Relations received formal notice of the Temporary Modification before it went into effect on July 27, 2018, but deny that such notice was required.

58.     This paragraph consists of Plaintiff's characterization of the Settlement Agreement, to which Defendants respectfully refer the Court for a full and complete statement of its contents; to the extent that a response is deemed required, deny that Federal Defendants violated any applicable requirements.

59.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

60.     This paragraph consists of Plaintiffs' characterization of notices of proposed rulemaking issued by the Departments of State and Commerce, to which Federal Defendants respectfully refer the Court for a full and complete statement of their contents.  To the extent that

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 11

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

a response is deemed required, admit that the government issued the cited notices of proposed rulemaking and that, if finalized as proposed, they would have the effect of removing the CAD files at issue from USML Category I.

61. This paragraph, including footnote 6, consists of Plaintiffs' characterization of a notice of proposed rulemaking issued by the Department of State, to which Federal Defendants respectfully refer the Court for a full and complete statement of its contents, and of legal conclusions, rather than allegations of fact to which a response is required. To the extent that a response is deemed required, admit that Plaintiffs have accurately quoted from the State Department's notice of proposed rulemaking; that the State Department's notice of proposed rulemaking proposed to remove non-automatic firearms up to .50 caliber (and related technical data) from the USML and the Department of Commerce's notice of proposed rulemaking proposed to move them to the jurisdiction of the Department of Commerce, and that the Department of Commerce's current regulations would not limit the publication of technical data relating to such weapons.

62. This paragraph consists of Plaintiffs' characterization of a notice of proposed rulemaking issued by the Department of Commerce and of various provisions of the Export Administration Regulations, to which Federal Defendants respectfully refer the Court for a full and complete statement of their contents, and of legal conclusions, rather than allegations of fact to which a response is required. To the extent that a response is deemed required, admit only that the Department of Commerce's notice of proposed rulemaking was issued the same day as the Department of State's notice of proposed rulemaking and otherwise deny as an incomplete characterization.

63. This paragraph consists of Plaintiffs' characterization of notices of proposed rulemaking issued by the Departments of State and Commerce, to which Defendants respectfully refer the Court for a full and complete statement of their contents. To the extent that a response is deemed required, admit that the public comment period concluded on July 9, 2018.

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 12

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

64.     This paragraph consists of Plaintiffs' characterization of the Temporary Modification, to which Federal Defendants respectfully refer the Court for a full and complete statement of its contents.  To the extent that a response is deemed required, admit that Plaintiffs have accurately quoted from the Temporary Modification, which was published on July 27, 2018.

65.     The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, denied.  Deny the second sentence.  The third sentence consists of Plaintiffs' characterization of the Settlement Agreement, to which Federal Defendants respectfully refer the Court for a full and complete statement of its contents; to the extent that a response is deemed required, admit that Plaintiffs have accurately quoted from the Settlement Agreement, but otherwise deny.

66.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, deny.

67.     The first and second sentences consist of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.  Deny the third sentence.

68.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

69.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

70.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, other than to deny any allegations of "unlawful action" on the part of the government.

71.     Denied.

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 13

72.     This paragraph (including footnote 7) consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

73.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

74.     This paragraph (including footnote 8) consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

75.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

76.     The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, denied.  As to the second sentence, admit only that the files at issue here could be used by individuals with the appropriate printer, materials, and knowledge to create certain firearms, including, potentially, in a manner that violates State or Federal law.  Defendants lack knowledge or information sufficient to admit or deny the third sentence.

77.     Insofar as the terms "widely available" and "widely accessible" are undefined and vague, Defendants are unable to admit or deny the allegations of this paragraph.

78.     This paragraph consists of Plaintiffs' characterization of declarations attached to the Amended Complaint; Federal Defendants respectfully refer the Court to those declarations for a full and complete statement of their contents.

79.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 14

80.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

81.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

82.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

83.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

84.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

85.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

86.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

87.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

88.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

89.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

90.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

91.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

92.     The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, denied.  As to the second sentence, admit only that the files at issue here could be used by individuals with the appropriate printer, materials, and knowledge to create certain firearms, including, potentially, in a manner that violates State or Federal law.  Defendants lack knowledge or information sufficient to admit or deny the third sentence.

93.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

94.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

95.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

96.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

97.     The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, denied.  As to the second

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 16

sentence, admit only that the files at issue here could be used by individuals with the appropriate printer, materials, and knowledge to create certain firearms, including, potentially, in a manner that violates State or Federal law.  Defendants lack knowledge or information sufficient to admit or deny the third sentence.

98.   The first, second, and third sentences consist of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.  As to the fourth sentence, admit only that the files at issue here could be used by individuals with the appropriate printer, materials, and knowledge to create certain firearms including, potentially, in a manner that violates State or Federal law; Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

99.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

100.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

101.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

102.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

103.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

104.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

105.     This paragraph (including footnote 9) consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

106.     The first and second sentences consist of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, denied.  As to the third sentence, admit only that the files at issue here could be used by individuals with the appropriate printer, materials, and knowledge to create certain firearms, including, potentially, in a manner that violates State or Federal law.  Defendants lack knowledge or information sufficient to form a belief as to the fourth sentence.

107.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

108.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

109.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

110.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 18

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

111.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

112.    This paragraph (including footnote 10) consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

113.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

114.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

115.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

116.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

117.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

118.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

119.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

120.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

121.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents, and otherwise deny that these laws are undermined by the actions challenged here.

122.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

123.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

124.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

125.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

126.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

127.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 20

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents, and otherwise deny that these laws are nullified by the actions challenged here.

128.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

129.    This paragraph (including footnote 11) consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

130.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

131.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

132.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

133.    The first sentence consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.  As to the second sentence, admit only that the files at issue here could be used by individuals with the appropriate printer, materials, and knowledge to create certain firearms, including, potentially, in a manner that violates State or Federal law.  Federal Defendants lack knowledge or information sufficient to admit or deny the third sentence.  The fourth sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, denied.

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 21

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

134.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

135.    Insofar as "source of growing concern" is undefined and vague, Federal Defendants are unable to admit or deny the allegations of the first sentence.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second, third, and fourth sentences.

136.    Insofar as the first sentence refers to a "problem" that is undefined and vague, Federal Defendants lack knowledge or information sufficient to admit or deny this sentence.  The second sentence consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

137.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

138.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

139.    As to the first sentence, admit only that the files at issue here could be used by individuals with the appropriate printer, materials, and knowledge to create certain firearms, including, potentially, in a manner that violates State or Federal law.  The second sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

140.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

141.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

142.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

143.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

144.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

145.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, admit only that the files at issue here could be used by individuals with the appropriate printer, materials, and knowledge to create certain firearms, including, potentially, in a manner that violates State or Federal law.

146.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

147.    The first sentence consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents. As to the second sentence, admit that the files at issue here could be used by individuals with the appropriate printer, materials, and knowledge to create certain firearms, including, potentially, in a manner that violates State or Federal law.

148.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

149.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

150.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

151.    Deny the first sentence.  As to the second sentence, admit only that the files at issue here could be used by individuals with the appropriate printer, materials, and knowledge to create certain firearms, including, potentially, in a manner that violates State or Federal law. Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence.  Admit only that the events described in sentences four and five occurred.  Insofar as the term "recent history'" is undefined and vague, Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the sixth sentence.

152.    The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents. Deny the second sentence.  The third sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, denied.

153.    The first, second, third, and fourth sentences consist of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.  Deny the fifth sentence.

154.    The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents. Deny the second and third sentences.

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

155.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents with respect to the first sentence and deny the second sentence.

156.     Deny the first and second sentences.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the third sentence.  As to the fourth sentence, admit only that 3D-printed firearms generally include non-metallic components, which may prevent them from being detected by certain security equipment.  Deny the fifth sentence.

157.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence.  The remainder of the paragraph consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents..

158.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

159.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

160.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

161.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

162.     As to the first sentence, admit only that the files at issue here could be used by individuals with the appropriate printer, materials, and knowledge to create certain firearms, including, potentially, in a manner that violates State or Federal law.  Deny the second sentence.

163.     This paragraph consists of conclusions of law, not allegations of fact to which a response is requested. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

164.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

165.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

166.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

167.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

168.     Denied.

169.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

170.     This paragraph (including footnote 12) consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 26

171.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

172.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

173.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

174.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

175.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

176.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

177.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, denied.

178.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

179.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 27

180.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

181.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

182.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

183.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

184.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

185.    Defendants lack knowledge or information sufficient to admit or deny what constitutes threats to public safety in Minnesota. Deny the second sentence.

186.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

187.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

188.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

189.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

190.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

191.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

192.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

193.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

194.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

195.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, denied.

196.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

197.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

198.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

199.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

200.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

201.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

202.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

203.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

204.     The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, denied.  As to the second and third sentence, admit only that the files at issue here could be used by individuals with the appropriate printer, materials, and knowledge to create certain firearms, including, potentially, in a manner that violates State or Federal law.  The fourth sentence consists of legal conclusions, not allegations of fact to which a response is required; to the extent that a response is deemed required, denied.

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 30

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

205.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

206.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

207.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

208.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

209.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

210.     Federal Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in the first sentence.  The second sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, denied.

211.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants deny the second clause of the first sentence, deny the third sentence, and otherwise respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

212.     This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 31

213.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

214.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

215.    The first, second, and third sentences consist of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.  Deny the fourth sentence.

216.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, Federal Defendants respectfully refer the Court to Plaintiffs' laws for a full and complete statement of their contents.

217.    The first sentence consists of conclusions of law, not allegations of fact to which a response is required; to the extent that a response is deemed required, denied. As to the second sentence, admit only that the files at issue here could be used by individuals with the appropriate printer, materials, and knowledge to create certain firearms, including, potentially, in a manner that violates State or Federal law.

218.    Federal Defendants repeat and incorporate by reference their responses to all preceding paragraphs.

219.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, admit that 5 U.S.C. § 706 contains the quoted language, and otherwise refer the Court to the statute for a full and complete statement of its contents.

220.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 32

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

221.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, denied.

222.    Admit that Federal Defendants did not provide formal advance notice of the Temporary Modification to the House Committee on Foreign Affairs and to the Committee on Foreign Relations of the Senate; otherwise deny.

223.    This paragraph consists of Plaintiffs' characterization of a press release issued by Representative Eliot Engel; Federal Defendants respectfully refer the Court to that press release for a full and complete statement of its contents.

224.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

225.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, admit that 22 C.F.R. § 126.2 contains the quoted language but otherwise deny as an incomplete characterization of that provision.

226.    Deny that Federal Defendants have made no determination that the challenged actions are in the security and foreign policy interest of the United States; the remaining allegations of this paragraph consist of legal conclusions, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

227.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

228.    This paragraph consists of a request for relief, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants deny that Plaintiffs are entitled to this relief or any relief whatsoever.

229.    Federal Defendants repeat and incorporate by reference their responses to all preceding paragraphs.

230.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, admit that 5 U.S.C. § 706

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 33

contains the quoted language, and otherwise refer the Court to the statute for a full and complete statement of its contents.

231.    Admit that Federal Defendants did not provide formal advance notice of the Temporary Modification to the House Committee on Foreign Affairs and to the Committee on Foreign Relations of the Senate; otherwise deny.

232.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

233.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required. To the extent that a response is deemed required, denied.

234.    This paragraph consists of a request for relief, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants deny that Plaintiffs are entitled to this relief or any relief whatsoever.

235.    Federal Defendants repeat and incorporate by reference their responses to all preceding paragraphs.

236.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, admit that Plaintiffs have accurately quoted portions of 5 U.S.C. § 706, and otherwise refer the Court to the statute for a full and complete statement of its contents.

237.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, admit that Plaintiffs have identified certain relevant considerations when a court is reviewing agency action under the Administrative Procedure Act, and otherwise refer the Court to the statute for a full and complete statement of its contents.

238.    Denied.

239.    This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 34

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

240.   This paragraph consists of a request for relief, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants deny that Plaintiffs are entitled to this relief or any relief whatsoever.

241.   Federal Defendants repeat and incorporate by reference their responses to all preceding paragraphs.

242.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, admit that certain police powers are reserved to the States.

243.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied as an incomplete statement of relevant doctrine.

244.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Defendants respectfully refer the Court to the Temporary Modification for a full and complete statement of its contents, and otherwise deny.

245.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, denied.

246.   This paragraph consists of conclusions of law, not allegations of fact to which a response is required.  To the extent that a response is deemed required, admit only that the Temporary Modification was issued on July 27, 2018, and otherwise deny.

247.   This paragraph consists of a request for relief, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants deny that Plaintiffs are entitled to this relief or any relief whatsoever.

The remainder of the Amended Complaint consists of a request for relief, not allegations of fact to which a response is required.  To the extent that a response is deemed required, Federal Defendants deny that Plaintiffs are entitled to this relief or any relief whatsoever.

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 35

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648

## **AFFIRMATIVE DEFENSES**

1.  The Court lacks subject matter jurisdiction.

2.  Plaintiff fails to state a claim on which relief may be granted.

THEREFORE, having fully answered, Federal Defendants assert that Plaintiffs are not entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed with prejudice and that Federal Defendants be given such other relief as the Court deems just and proper.  Each and every allegation of the Amended Complaint not heretofore expressly admitted or denied is hereby denied.

Dated:  October 9, 2018                Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ANNETTE L. HAYES
Acting United States Attorney

KERRY KEEFE
Civil Chief

JOHN R. GRIFFITHS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

*/s/ Steven A. Myers*
STEVEN A. MYERS
STUART J. ROBINSON
Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
(202) 305-8648 (telephone)
(202) 616-8470 (facsimile)
steven.a.myers@usdoj.gov

*Attorneys for Federal Defendants*

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 36

1

## **CERTIFICATE OF SERVICE**

2
  I hereby certify that on October 9, 2018, I electronically filed the foregoing document

3
using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of

4
record.

5

6
Dated: October 9, 2018        */s/ Steven A. Myers*  
                Steven A. Myers

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Federal Defendants' Answer to First Am. Compl.
(No. 2:18-cv-1115-RSL) – 37

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
202-305-8648