UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON; STATE OF CONNECTICUT; STATE OF MARYLAND; STATE OF NEW JERSEY; STATE OF NEW YORK; STATE OF OREGON; COMMONWEALTH OF MASSACHUSETTS; COMMONWEALTH OF PENNSYLVANIA; and the DISTRICT OF COLUMBIA,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE; MICHAEL R. POMPEO, in his official capacity as Secretary of State; DIRECTORATE OF DEFENSE TRADE CONTROLS; MIKE MILLER, in his official capacity as Acting Deputy Assistant Secretary of Defense Trade Controls; SARAH HEIDEMA, in her official capacity as Director of Policy, Office of Defense Trade Controls Policy; DEFENSE DISTRIBUTED; SECOND AMENDMENT FOUNDATION, INC.; and CONN WILLIAMSON,<br><br>Defendants. | The Honorable Robert S. Lasnik<br><br>No. 2:18-cv-01115-RSL<br><br>MOTION OF DEFENSE DISTRIBUTED, SECOND AMENDMENT FOUNDATION, AND CONN WILLIAMSON FOR JUDGMENT ON THE PLEADINGS<br><br>NOTE FOR CONSIDERATION<br>November 2, 2018<br><br>ORAL ARGUMENT REQUESTED |

MOTION FOR JUDGMENT ON THE PLEADINGS
Page i
No. 18-cv-01115-RSL

Immix Law Group PC
701 5th Ave Suite 4710
Seattle, WA 98104
Phone: (206) 492-7531
Facsimile: 503-802-5351

## Table of Contents

I. INTRODUCTION ............................................................................................................. 1

II. PROCEDURAL HISTORY ............................................................................................. 1

III. ARGUMENT .................................................................................................................. 2

    A. Legal Standard ........................................................................................................... 2

    B. The Complaint States No Claim Against Any Private Defendant. ........................... 2

    C. The Private Defendants Are Not Necessary Parties Under Rule 19. ........................ 4

        1. The Private Defendants Have No Interest Protected By this Action. ............ 4

        2. No Party Will Incur Inconsistent Obligations ................................................ 7

        3. Plaintiff States Can Obtain Complete Relief from the Government. ............ 8

IV. CONCLUSION ............................................................................................................... 9

MOTION FOR JUDGMENT ON THE PLEADINGS

Page ii

No. 18-cv-01115-RSL

Immix Law Group PC
701 5th Ave Suite 4710
Seattle, WA 98104
Phone: (206) 492-7531
Facsimile: 503-802-5351

## Table of Authorities

### Cases

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................. 2, 3

*United States v. Bowen*,
  172 F.3d 682, 689 (9th Cir. 1999) ................................................................................ 5

*Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*,
  547 F.3d 962 (9th Cir. 2008) ........................................................................................ 5

*Dacumos v. Toyota Motor Credit Corp.*,
  287 F. Supp. 3d 1152 (W.D. Wash. 2017) .................................................................... 2

*Disabled Rights Action Comm. v. Las Vegas Events, Inc.*,
  375 F.3d 861 (9th Cir. 2004) ........................................................................................ 8

*Hoptowit v. Ray*,
  682 F.2d 1237, 1260 (9th Cir. 1982) ............................................................................ 2

*United States v. Michigan*,
  16 F.R.D. 655, 660 (W.D. Mich. 1987) ........................................................................ 2

*United States ex rel. Morongo Band of Mission Indians v. Rose*,
  34 F.3d 901, 908 (9th Cir.1994) ................................................................................... 5

*Murphy v. Bank of New York Mellon*,
  No. C14-955 RSM, 2015 WL 11675672 (W.D. Wash. May 28, 2015) ....................... 3

*Thomas, Head and Greisen Employees Trust v. Buster*,
  95 F.3d 1449, 1460 n. 18 (9th Cir.1996) ...................................................................... 5

*Washington v. United States Dep't of State*,
  318 F. Supp. 3d 1247 (W.D. Wash. 2018) ................................................................ 7, 8

### Rules

Fed. R. Civ. P. 12(c) .............................................................................................................. 2
Fed. R. Civ. P. 19 ......................................................................................................... passim

MOTION FOR JUDGMENT ON THE PLEADINGS
Page iii
No. 18-cv-01115-RSL

Immix Law Group PC
701 5th Ave Suite 4710
Seattle, WA 98104
Phone: (206) 492-7531
Facsimile: 503-802-5351

## I. INTRODUCTION

The "Private Defendants"—Defense Distributed, the Second Amendment Foundation, and Conn Williamson—do not belong in this action.  The Plaintiff States assert Administrative Procedure Act ("APA") and Tenth Amendment claims against the Government Defendants and the Plaintiffs States seek a judgment awarding relief against the Government Defendants.  But the Plaintiff States assert no claims against the Private Defendants, seek no relief against the Private Defendants, and have effectively conceded that the Private Defendants are not necessary parties.  Hence, the Private Defendants respectfully request that the Court enter a judgment on the pleadings dismissing them from this action.

## II. PROCEDURAL HISTORY

This lawsuit entails a dispute between the Plaintiff States and Government Defendants.  The Private Defendants have no official stake in it.  The pleadings establish this clearly.

The Plaintiff States filed their First Amended Complaint ("FAC"), on August 2, 2018.  Dkt. 29 (hereinafter "FAC").  The FAC asserts no causes of action against the Private Defendants.  Nor does the FAC seek relief against any of the Private Defendants.

The FAC does, however, allege that each of the Private Defendants "is a necessary party as the Settlement Agreement that it entered into with the [Government] Defendants may be affected by the requested relief, and this may impede [the Private Defendants'] interests under that Settlement Agreement." FAC at ¶¶ 24-26.  But in pleadings and at oral argument on the Plaintiff States' Motion for Preliminary Injunction, the States effectively acknowledged that the Private Defendants are not "necessary parties" under the applicable standards.

The Private Defendants' answered the FAC on August 20, 2018.  Dkt. 81.  They denied that any one of the Private Defendants is a necessary party, *Id.* at ¶¶ 24-26, and at oral argument on the Plaintiff States' Motion for Preliminary Injunction, the Private Defendants maintained nothing more than bystander status.

MOTION FOR JUDGMENT ON THE PLEADINGS
Page 1
No. 18-cv-01115-RSL

Immix Law Group PC
701 5th Ave Suite 4710
Seattle, WA 98104
Phone: (206) 492-7531
Facsimile: 503-802-5351

The Government Defendants answered the FAC on October 9, 2018. Dkt. 112. They took "no position on whether Defense Distributed is a necessary party." *Id.* at ¶ 24.

### III.  ARGUMENT

**A.  Legal Standard.**

Defense Distributed, the Second Amendment Foundation, and Conn Williamson move for a judgment on the pleadings dismissing them from this action with prejudice. *See* Fed. R. Civ. P. 12(c). Well-established standards of review apply:

> Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The same legal standard applies to a motion for judgment on the pleadings as to a motion to dismiss for failure to state a claim. Thus, the Court must accept as true all material facts alleged in the pleadings and draw all reasonable inferences in favor of the nonmoving party. Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.

*Dacumos v. Toyota Motor Credit Corp.*, 287 F. Supp. 3d 1152, 1154 (W.D. Wash. 2017) (citations and quotations omitted); *accord Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

During the temporary restraining order and preliminary injunction proceedings, the Court certainly had the authority to hear from the Private Defendants as bystanders (amicus curiae). *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982); *United States v. Michigan*, 116 F.R.D. 655, 660 (W.D. Mich. 1987). But now that the Private Defendants have squarely requested dismissal, the Court should grant the motion because the FAC states no claim against the Private Defendants and because the Private Defendants are not necessary parties in any other respect.

**B.  The Complaint States No Claim Against Any Private Defendant.**

First and most importantly, the FAC pleads no cause of action against and seeks no relief against the Private Defendants. To reach this conclusion, the Court need not engage in the sometimes-complex tasks of determining whether a pleaded action is "plausible on its face"

MOTION FOR JUDGMENT ON THE PLEADINGS
Page 2
No. 18-cv-01115-RSL

Immix Law Group PC
701 5th Ave Suite 4710
Seattle, WA 98104
Phone: (206) 492-7531
Facsimile: 503-802-5351

or "speculative." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The FAC literally states no claim whatsoever against any Private Defendant.

The APA actions presented in Counts I-III address nothing but alleged acts and omissions of the "Government Defendants." FAC at ¶¶ 218-240. None of those Counts states (or possibly could state) a claim against the Private Defendants.

Count IV does not pertain to the Private Defendants either. It alleges a violation of the Tenth Amendment of the United States Constitution. FAC at ¶¶ 241-247. But just like Counts I-III, each allegation in Count IV addresses the "Government Defendants" supposed wrongdoing. FAC at ¶¶ 241-247. No Private Defendant could violate the Tenth Amendment, and the FAC does not allege that they did so.

Accordingly, the FAC's prayer seeks a judgment pertaining only to the Government Defendants, not the Private Defendants. First, it asks the Court to hold unlawful actions taken by the Government Defendants. FAC 73-74 ¶¶ a-c. Nothing about this request pertains to actions taken by the Private Defendants.

Next, the FAC's prayer requests an injunction ordering "Defendants" to "rescind the 'temporary modification' of the USML Category I and to rescind the approval of the CAD files for public release," FAC at 74 ¶ d, and an associated injunction "prohibiting Defendants and anyone acting in concert with them from taking any action inconsistent with the rescission." FAC at 74 ¶ e. But since the Private Defendants did not take part in the actions to be rescinded—the FAC acknowledges that the Government Defendants have sole responsibility for both actions—neither of the sought-after injunctions can possibly run against the Private Defendants.

Thus, this action's only true defendants are the Government Defendants. The lack of a claim against the Private Defendants warrants their dismissal. *See, e.g.*, *Murphy v. Bank of New York Mellon*, No. C14-955 RSM, 2015 WL 11675672, at *1 (W.D. Wash. May 28, 2015).

MOTION FOR JUDGMENT ON THE PLEADINGS
Page 3
No. 18-cv-01115-RSL

Immix Law Group PC
701 5th Ave Suite 4710
Seattle, WA 98104
Phone: (206) 492-7531
Facsimile: 503-802-5351

### C. The Private Defendants Are Not Necessary Parties Under Rule 19.

Federal Rule of Civil Procedure 19 governs the issue of "Required Joinder of Parties." It supplies two categories of necessary parties. Under Rule 19(a)(1)(A), a person is a necessary party if a court cannot accord complete relief among existing parties without them, and under Rule 19(a)(1)(B), a person is a necessary party if they claim a certain interest in the case and either their involvement is required to protect their interest or their absence would subject other parties to multiple or inconsistent obligations:

> **(1)** *Required Party*. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
>
> > **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > > **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). None of Rule 19's provisions apply here.

#### 1. The Private Defendants Have No Interest Protected By this Action.

Rule 19(a)(1)(B)(i) designates a party as necessary if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest . . . ." Fed. R. Civ. P. 19(a)(1)(B)(i). Rule 19(a)(1)(B)(i) does not apply here because the Private Defendants claim no such interest in the subject of this action. Rule 19(a)(1)(B)(i) also does not apply here because, even if any such interest had been claimed, the Private Defendants' absence does not impede their ability to protect it.

MOTION FOR JUDGMENT ON THE PLEADINGS  
Page 4  
No. 18-cv-01115-RSL  

Immix Law Group PC  
701 5th Ave Suite 4710  
Seattle, WA 98104  
Phone: (206) 492-7531  
Facsimile: 503-802-5351

The FAC alludes to this provision by alleging that each Private Defendant "may be affected by the requested relief" because the relief "may impede" each Private Defendants' interest in a contract—the settlement agreement between the Private Defendants and Government Defendants in the Texas litigation. FAC ¶¶ 24-26. But as the Private Defendants, the Plaintiff States, and this Court have all now recognized, the settlement agreement is not this action's true subject and this action will neither assail nor protect the Private Defendants' interest therein. Rule 19(a)(1)(B)(i)'s test is not met.

A Rule 19 necessary party is one who "*claims* an interest relating to the subject of the action" that can be protected only if they are a party. Fed. R. Civ. P. 19(a)(1)(B) (emphasis added). Yet the Private Defendants do *not* claim such an interest because their settlement agreement rights are not at issue in this action and need not be protected by it.

To the contrary, each Private Defendant has denied the Plaintiff States' Rule 19 allegations in their answer. *See* Dkt. 81 at ¶¶ 24-26. In no uncertain terms, the Private Defendants have ***dis***claimed the FAC's allegation that any interest they have relating to the subject of the action might be practically impaired or impeded by their absence from the action.

Because of that denial, none of the Private Defendants count as a person that "claims" a Rule 19(a)(1)(B) interest. *See United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999) (Rule 19(a)(1)(B) requires that the interest be affirmatively claimed); *Thomas, Head and Greisen Employees Trust v. Buster*, 95 F.3d 1449, 1460 n. 18 (9th Cir.1996) (same); *United States ex rel. Morongo Band of Mission Indians v. Rose*, 34 F.3d 901, 908 (9th Cir.1994) (same).[1] Standing alone, this conclusion stops the application of both Rule 19(a)(1)(B)(i) and (B)(ii). *See id.*

---

[1] Nor is the Private Defendants' interest in general administrative law compliance sufficient to render them a party "necessary" under the Rule. "[A]n absent party has no legally protected interest at stake in a suit merely to enforce compliance with administrative procedures." *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 971 (9th Cir. 2008). This is equally true as to a named party brought in exclusively under alleged Rule 19 grounds.

MOTION FOR JUDGMENT ON THE PLEADINGS
Page 5
No. 18-cv-01115-RSL

Immix Law Group PC
701 5th Ave Suite 4710
Seattle, WA 98104
Phone: (206) 492-7531
Facsimile: 503-802-5351

Importantly, the Plaintiff States do not disagree with the Private Defendants' view of what this action actually pertains to. Despite their complaint's original suggestion, the Plaintiff States have since been pressed to agree that the Private Defendants' settlement agreement rights are *not* at issue in this action and need *not* be protected by it.

The Plaintiff States first acknowledged this during oral arguments about the preliminary injunction. At that point in the proceedings, the Private Defendants had noted that, if this case attacked their contract with the government, it could fall under the Tucker Act and deprive this Court of jurisdiction. The Plaintiff States, arguing for jurisdiction here, insisted that the case is not a contract case or challenge to the settlement agreement:

> This is not a contract case. We said that last time we were here. This is an APA case. The reason we included them in the case is that when we balanced the equities, they may have an interest in that. And so we wanted them to be heard. And they are here making their arguments. But at the end of the day, this is not a contract case at all. We are attacking the government's decision to allow these 3D guns to be readily available, and the administrative process there. We're not attacking the settlement agreement itself.

Transcript of August 21 Oral Argument at 46:15-24.

The Plaintiff States delivered a similar acknowledgement later. During that same oral argument, the Court asked the Plaintiff States to confirm this: "There may be contractual issues between Defense Distributed and the federal government, based on the settlement agreement. But it's not in front of me and it's not part of this lawsuit is what you're saying?" *Id.* at 46: 25-47:3. The States agreed: "That's correct, Your Honor." *Id.* at 47:4.

Furthermore, the Joint Status Report prepared by the parties pursuant to Rule 26(f) includes the agreement of both the Plaintiff States and Private Defendants that there exist no related cases – including the Texas litigation. JSR, Dkt. 110 at 3:14-15.

MOTION FOR JUDGMENT ON THE PLEADINGS
Page 6
No. 18-cv-01115-RSL

Immix Law Group PC
701 5th Ave Suite 4710
Seattle, WA 98104
Phone: (206) 492-7531
Facsimile: 503-802-5351

Finally, two aspects of the Court's own preliminary injunction decision show that the Private Defendants have no Rule 19(a)(1)(B) interest in play here. In challenging the sought-after preliminary relief, the Private Defendants questioned whether the Plaintiff States were raising a collateral attack on the Texas litigation. *See* Brief in Opposition to Motion for Preliminary Injunction, Dkt. 63 at 8:20-10:2. The Court's preliminary injunction decision rejected this argument with reasoning that translates to the Private Defendants' status here:

> The reasons the States would likely not have been permitted to intervene in the prior litigation is that they were not necessary parties, they had no right to appear simply because they were interested in its outcome, their claim had nothing to do with the facts or law at issue between the existing parties, and their APA-based objections could be heard and their interests protected in a separate litigation with the federal defendants.

*Washington v. United States Dep't of State*, 318 F. Supp. 3d 1247, 1256 (W.D. Wash. 2018). Similarly, the Court's preliminary injunction decision also acknowledges that, if this action's judgment puts the Government Defendants in breach of the settlement agreement, the resulting contract-based interests would be protected not in this case, but in a *separate* litigation with the Government Defendants:

> If, as plaintiffs allege, the federal defendants exceeded their authority in entering into the settlement agreement with the private defendants, they are entitled to file suit under the APA and seek appropriate redress. If the remedy afforded in this litigation impinges on the federal defendants' ability to perform under their settlement agreement with the private defendants, the latter may have a breach of contract claim against the former, but there is no jurisdictional bar to this litigation in the circumstances presented here. The dismissal of the Texas litigation is not under attack: rather, the States are challenging the adequacy of agency action.

*Id.*

### 2. No Party Will Incur Inconsistent Obligations.

Rule 19(a)(1)(B)(ii) designates a party as necessary if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double,

MOTION FOR JUDGMENT ON THE PLEADINGS
Page 7
No. 18-cv-01115-RSL

Immix Law Group PC
701 5th Ave Suite 4710
Seattle, WA 98104
Phone: (206) 492-7531
Facsimile: 503-802-5351

multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). In addition to the lack of a "claim" explained above, Rule 19(a)(1)(B)(ii) does not apply here because the Private Defendants' absence puts no one at risk of double, multiple, or otherwise inconsistent obligations.

The Government Defendants must comply with the APA as a matter of law, and nothing in the settlement agreement says otherwise. To the contrary, the settlement agreement expressly requires that the Government Defendants perform their obligations thereunder in compliance with the APA. *See* Settlement Agreement, Dkt. 8-3, at ¶ 1(a). There is no risk of inconsistent obligations at all, let alone one that can be linked to the Private Defendants' absence.

### 3. Plaintiff States Can Obtain Complete Relief from the Government.

Rule 19(a)(1)(A) deems a party as necessary if, "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A); *see, e.g.*, *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004) ("In conducting the Rule 19(a)(1) analysis, the court asks whether the absence of the party would preclude the district court from fashioning meaningful relief as between the parties."). Rule 19(a)(1)(A) does not apply here because the Court can afford complete relief among existing parties without the Private Defendants.

As noted above, the Plaintiff States pursue causes of action solely against the Government Defendants, and the APA-based relief they seek is only available from the Government Defendants. The Private Defendants can neither supply the Plaintiff States their requested relief nor impede any relief that the Court awards by way of a judgment against the Government Defendants. As such, in the absence of the Private Defendants, the Court can still offer the Plaintiff States and the Government Defendants complete relief. *See id.*

MOTION FOR JUDGMENT ON THE PLEADINGS
Page 8
No. 18-cv-01115-RSL

Immix Law Group PC
701 5th Ave Suite 4710
Seattle, WA 98104
Phone: (206) 492-7531
Facsimile: 503-802-5351

## IV.  CONCLUSION

For these reasons, the Private Defendants respectfully request that the Court issue a judgment dismissing them from the action with prejudice.

MOTION FOR JUDGMENT ON THE PLEADINGS
Page 9
No. 18-cv-01115-RSL

Immix Law Group PC
701 5th Ave Suite 4710
Seattle, WA 98104
Phone: (206) 492-7531
Facsimile: 503-802-5351

1  DATED October 11, 2018.

| IMMIX LAW GROUP PC | BECK REDDEN LLP | FARHANG & MEDCOFF |
|---|---|---|
| By: *[signature]* <br> Joel B. Ard, WSBA # 40104 <br> Immix Law Group PC <br> 701 5th Ave Suite 4710 <br> Seattle, WA 98104 <br> Phone: (206) 492-7531 | /s/Charles Flores <br> Charles Flores <br> cflores@beckredden.com <br> Beck Redden LLP <br> 1221 McKinney Street, Suite 4500 <br> Houston, TX 77010 <br> Phone: (713) 951-3700 <br><br> *Admitted Pro Hac Vice | /s/Matthew Goldstein <br> Matthew Goldstein <br> Farhang & Medcoff <br> 4801 E. Broadway Blvd., Suite 311 <br> Tucson, AZ 85711 <br> Phone: (202) 550-0040 <br> mgoldstein@fmlaw.law <br><br> *Admitted Pro Hac Vice |
| Attorneys for Defendants Defense Distributed, Second Amendment Foundation, and Conn Williamson | Attorneys for Defendants Defense Distributed | Attorneys for Defendants Defense Distributed, Second Amendment Foundation, and Conn Williamson |

MOTION FOR JUDGMENT ON THE PLEADINGS  
Page 10  
No. 18-cv-01115-RSL

Immix Law Group PC  
701 5th Ave Suite 4710  
Seattle, WA 98104  
Phone: (206) 492-7531  
Facsimile: 503-802-5351

## CERTIFICATE OF SERVICE

I certify that on October 11, 2018, I filed the foregoing with the Court's CM/ECF system, which will give notice to all parties and counsel of record. I CERTIFY UNDER PENALTY OF PERJURY under the laws of the United States of America that the foregoing is true and correct.

DATED this October 11, 2018.

BECK REDDEN LLP

/s/Charles Flores
Charles Flores
cflores@beckredden.com
Beck Redden LLP
1221 McKinney Street,
Suite 4500
Houston, TX 77010
Phone: (713) 951-3700
*Admitted Pro Hac Vice
Attorneys for Defendants
Defense Distributed

CERTIFICATE OF SERVICE

Immix Law Group PC
701 5th Ave Suite 4710
Seattle, WA 98104
Phone: (206) 492-7531
Facsimile: 503-802-5351