1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

8

9

10

11

12

13

14

15

STATE OF WASHINGTON; STATE OF
CONNECTICUT; STATE OF MARYLAND;
STATE OF NEW JERSEY; STATE OF NEW
YORK; STATE OF OREGON;
COMMONWEALTH OF
MASSACHUSETTS; COMMONWEALTH
OF PENNSYLVANIA; DISTRICT OF
COLUMBIA; STATE OF CALIFORNIA;
STATE OF COLORADO; STATE OF
DELAWARE; STATE OF HAWAII; STATE
OF ILLINOIS; STATE OF IOWA; STATE
OF MINNESOTA; STATE OF NORTH
CAROLINA; STATE OF RHODE ISLAND;
STATE OF VERMONT and
COMMONWEALTH OF VIRGINIA,

16

Plaintiffs,

v.

17

18

19

20

21

22

23

24

UNITED STATES DEPARTMENT OF
STATE; MICHAEL R. POMPEO, in his
official capacity as Secretary of State;
DIRECTORATE OF DEFENSE TRADE
CONTROLS; MIKE MILLER, in his official
capacity as Acting Deputy Assistant Secretary
of Defense Trade Controls; SARAH
HEIDEMA, in her official capacity as Director
of Policy, Office of Defense Trade Controls
Policy; DEFENSE DISTRIBUTED; SECOND
AMENDMENT FOUNDATION, INC.; AND
CONN WILLIAMSON,

Defendants.

NO. 2:18-cv-01115-RSL

PLAINTIFF STATES' OPPOSITION
TO THE PRIVATE DEFENDANTS'
MOTION FOR JUDGMENT ON THE
PLEADINGS

**NOTING DATE: NOVEMBER 2, 2018**

i

The Plaintiff States submit this opposition to the Private Defendants'[1] Rule 12(c) Motion for Judgment on the Pleadings (Dkt. # 114).

## I.    INTRODUCTION

This lawsuit challenges the validity of certain administrative actions by the Federal Defendants, but asserts no causes of action against the Private Defendants. Instead, the Private Defendants were named as necessary parties pursuant to Federal Rule of Civil Procedure 19(a) because the relief requested here may affect their interest in a settlement agreement with the Federal Defendants resolving a separate case, *Defense Distributed, et al. v. U.S. Department of State, et al.*, Case No. 1:15-cv-00372-RP (W.D. Tex.). In the settlement agreement, the Private Defendants agreed to dismiss their claims against the Federal Defendants in the Texas case, and the Federal Defendants agreed to take the administrative actions that are now at issue here. While the agreement itself is not challenged in this case, if the States prevail and the administrative actions are invalidated, the Private Defendants will arguably not receive the full intended benefit of their bargain under the settlement agreement.

The Private Defendants have never previously disputed their interest in the outcome of this litigation—in fact, they have embraced it. As the Court is aware, the Private Defendants have repeatedly characterized this lawsuit as a "collateral attack" on their settlement agreement (an argument that the Court correctly rejected, but that nevertheless establishes the Private Defendants' claimed interest), and have argued that this action implicates their First Amendment rights. Moreover, the Private Defendants recently repeated those same arguments in a separate forum, arguing to the Texas court that this Court's preliminary injunction "jeopardized the settlement agreement" to their "detriment" and violated their constitutional rights.[2] Based on the

---

[1] The "Private Defendants" are Defense Distributed, the Second Amendment Foundation, and Conn Williamson. The remaining "Federal Defendants" are not parties to this motion.

[2] Declaration of Kristin Beneski (Beneski Decl.) Ex. B (Rule 59 Motion), pp. 2, 5, 9.

PLAINTIFF STATES' OPPOSITION TO
THE PRIVATE DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
2:18-cv-01115-RSL

1

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Private Defendants' claimed interest in the settlement agreement—which is a matter "relating to" the subject of this action—they are necessary parties for purposes of Rule 19(a)(1)(B).

If the Private Defendants' motion is granted and they are dismissed from this action, they will be free to litigate their claimed interests in a separate forum without being bound by res judicata as to these proceedings, creating a risk that parties to this case will be subject to inconsistent obligations imposed by different courts. To avoid that outcome, the Court should decline to grant the Private Defendants' Rule 12(c) motion, which is based on an overly narrow reading of Rule 19(a). Alternatively, recognizing that a party may disclaim a legal interest, the Plaintiff States request that any dismissal of the Private Defendants from this lawsuit be conditioned on their express written disclaimer of any contractual or constitutional legal interest relating to this lawsuit. Such a disclaimer would enable the Private Defendants to be dismissed as they wish, while still preventing the multiple litigation and inconsistent outcomes that Rule 19(a) is designed to help parties and courts avoid.

## II.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The statutory and factual background is set forth in the Plaintiff States' Emergency Motion for Temporary Restraining Order (Dkt. # 2) at 4–11 and their Motion for a Preliminary Injunction (Dkt. # 43) at 1–6. The relevant facts are summarized below; citations to prior briefing incorporate the factual and legal citations therein by reference.

**A.     The Federal and Private Defendants Resolve the Texas Case via a Settlement Agreement Providing for the Temporary Modification and Letter**

In or around May 2013, Defense Distributed posted on its website certain Computer Aided Design ("CAD") files that could be accessed by internet users worldwide and used to automatically manufacture the "Liberator" pistol and other weapons using a 3D printer. Dkt. # 43 (Mot. for PI) at 2. The State Department's Directorate of Defense Trade Controls determined that posting the files online violated the Arms Export Control Act and its

PLAINTIFF STATES' OPPOSITION TO
THE PRIVATE DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
2:18-cv-01115-RSL

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

implementing regulations (known as ITAR), which prohibit the export of "defense articles"—

including firearms and related "technical data"—that are included on the U.S. Munitions List. *Id.* at 2–3.

In May 2015, the Private Defendants[3] sued the State Department in a Texas federal district court, seeking to enjoin the Department from regulating the files. *Id.* at 3. The district court denied the Private Defendants' motion for a preliminary injunction, and the Fifth Circuit affirmed. *See Def. Distributed v. U.S. Dep't of State*, 121 F. Supp. 3d 680 (W.D. Tex. 2015); *Def. Distributed v. U.S. Dep't of State*, 838 F.3d 451 (5th Cir. 2016); Dkt. # 43 at 3. On April 6, 2018, the State Department moved to dismiss the Private Defendants' complaint in the Texas case. Dkt. # 43 at 3–4. However, by April 20, 2018, the State Department had reached a settlement with the Private Defendants; this agreement was executed on June 29 and made public on July 10. *Id.* at 4.[4]

In the settlement agreement, the State Department committed to, *inter alia*, effectuate a "temporary modification" of Category I of the Munitions List to exclude both Defense Distributed's files and a broad range of "Other Files" (the Temporary Modification) and issue a letter to Defense Distributed advising that its files were "approved for public release (i.e., unlimited distribution)" and exempt from the ITAR regulations (the Letter). *Id.* at 4 & n.13.

As promised, on July 27, 2018, the Directorate published the Temporary Modification on its website and issued the Letter. *Id.* at 5. The same day, the parties stipulated to dismiss the

---

[3] The original plaintiffs in the Texas case were Defense Distributed and the Second Amendment Foundation; they were later joined by Conn Williamson.

[4] A copy of the settlement agreement is located at Dkt. # 29-1, Ex. 6 at 107–14. *See also* Dkt. # 112 (Fed. Defs' Answer) ¶ 53 (admitting that "Exhibit 6 is a true and correct copy of the Settlement Agreement").

Texas case. *Id.* The Texas court issued an order of dismissal with prejudice on July 30, 2018. Beneski Decl.[5] Ex. A.

## B. The Plaintiff States Challenge the Temporary Modification and Letter, Naming the Private Defendants as Necessary Parties to the Suit

On July 30, 2018, the Plaintiff States filed their complaint[6] and an emergency motion for a temporary restraining order (TRO) in this case, seeking to enjoin the Federal Defendants from implementing or enforcing the Temporary Modification and Letter. Dkt. ## 1, 2. The complaint asserts four causes of action against the Federal Defendants, but none against the Private Defendants. Dkt. # 1 (Complaint) at 41–47; Dkt. # 29 (FAC) at 67–73; *see also* Dkt. # 114 (Rule 12(c) Mot.) at 1, 2–3. The complaint alleges that the Private Defendants are necessary parties because "the Settlement Agreement that [they] entered into with the other Defendants may be affected by the requested relief, and this may impede [their] interests under that Settlement Agreement." Dkt. # 1 ¶¶ 21–23; Dkt. # 29 ¶¶ 24–26.

In response to the motion for a TRO, the Private Defendants' counsel filed letters arguing that the requested relief implicates their rights under the First Amendment, Dkt. # 8 (1st Blackman Ltr.), and that "this suit is a collateral attack on an executed settlement agreement that has already been largely performed by the federal government[.]" Dkt. # 14 (2nd Blackman Ltr.). On July 31, 2018, this Court issued a TRO, enjoining the Federal Defendants from implementing or enforcing the Temporary Modification and Letter and ordering them to "preserve the status quo *ex ante* as if the modification had not occurred and the letter had not been issued." Dkt. # 23 at 7. The Federal Defendants represented that they complied with this

---

[5] The Plaintiff States request that the Court take judicial notice of the exhibits to this declaration, which are part of the public record in the Texas case. The Texas case is also extensively referenced in the complaint. *E.g.*, Dkt. # 1 ¶¶ 42–49; Dkt. # 29 ¶¶ 45–52. *See infra* at 7 (court may take judicial notice of public court filings and material incorporated into the complaint).

[6] The States amended their complaint on August 2, 2018. Dkt. # 29. The amended complaint asserts the same causes of action as the original complaint.

PLAINTIFF STATES' OPPOSITION TO
THE PRIVATE DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
2:18-cv-01115-RSL

4

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

order. Dkt. # 43 at 5 n.19.

On August 9, 2018, the Plaintiff States moved to convert the TRO to a preliminary injunction. Dkt. # 43. In response, the Private Defendants again argued that the requested relief would violate their First Amendment rights by imposing a "prior restraint" on their speech, and that this suit is a "collateral attack on the resolution of" the Texas case because it seeks to "turn back the clock on the State Department's actions done pursuant to the Settlement Agreement." Dkt. # 63 (Pvt. Defs' Opp. to PI) at 8–10, 13–17.

On August 27, 2018, the Court granted the States' motion to convert the TRO to a preliminary injunction, ruling that "the dismissal of the Texas litigation is not under attack: rather, the States are challenging the adequacy of agency action." Dkt. # 95 at 12. The Court acknowledged that "[i]f the remedy afforded in this litigation impinges on the federal defendants' ability to perform under their settlement agreement with the private defendants, the latter may have a breach of contract claim against the former," but correctly ruled that that potential claim does not create any "jurisdictional bar to this litigation in the circumstances presented here." *Id.* at 11–12. The Court further ruled that "[t]o the extent the private defendants' speech is impacted," any burden on their speech is "dwarfed by the irreparable harms the States are likely to suffer" and "the public interest strongly supports maintaining the status quo through the pendency of this litigation." *Id.* at 20, 25.

## C.    The Private Defendants Move to Alter or Amend the Judgment in the Texas Case

On August 27, 2018, the same day the Court issued the preliminary injunction, the Private Defendants filed a Rule 59 motion to alter or amend the judgment in the Texas case, or alternatively, a Rule 60 motion for relief from that judgment. Beneski Decl. Ex. B. The Private Defendants asked the Texas court to vacate its judgment on the grounds that the preliminary injunction "jeopardized the settlement agreement and the legitimacy of the stipulation [of

PLAINTIFF STATES' OPPOSITION TO
THE PRIVATE DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
2:18-cv-01115-RSL

5

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

dismissal] that depends upon it." Beneski Decl. Ex. B at 2. They attacked the validity of this Court's injunction on several grounds, arguing that it was issued without jurisdiction; that it "grant[s] the states standing to sue for a takeover of the federal government"; that it is an "extreme" violation of their First Amendment rights; and that it "enjoins the State Department" from fulfilling its obligations under the settlement agreement. *Id.* at 2, 8–10. On September 25, 2018, the Private Defendants filed a "Protective Notice of Appeal" to the Fifth Circuit from the final judgment in the Texas case. Beneski Decl. Ex. C.

On October 22, 2018, the Texas court denied the Rule 59 motion, ruling that the case should not be reopened because "an injunction on the performance of the terms of the settlement agreement was reasonably foreseeable." Beneski Decl. Ex. D at 4. The Texas court also addressed the Private Defendants' attacks on the preliminary injunction, noting that "[t]o the extent that [the Private Defendants] challenge the particular merits of the Washington Court's injunction, such a challenge is not apposite or appropriate here." *Id.* at 4–5, n.2.

## III.     ARGUMENT

### A.     Legal Standard

"Rule 12(c) is functionally identical to Rule 12(b)(6) and . . . the same standard of review applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). "The standard applied on a Rule 12(c) motion is essentially the same as that applied on a Rule 12(b)(6) motion for failure to state a claim: 'the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false.'" *QOTD Film Inv., Ltd. v. Wilson*, No. C16-0371RSL, 2017 WL 841669, at *1 (W.D. Wash. Mar. 3, 2017) (quoting *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989)). "The Court is not

PLAINTIFF STATES' OPPOSITION TO
THE PRIVATE DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
2:18-cv-01115-RSL

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    required to accept as true legal conclusions . . . unsupported by alleged facts." *Id.* (citing *Ashcroft*

2    *v. Iqbal*, 556 U.S. 662, 678 (2009)).

3        "When considering a motion for judgment on the pleadings, a court may consider

4    material which is properly submitted as part of the complaint without converting the motion into

5    a motion for summary judgment." *Id.* (citing *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir.

6    2001). A court may also take judicial notice of "undisputed matters of public record, . . .

7    including documents on file in federal or state courts." *Harris v. County of Orange*, 682 F.3d

8    1126, 1132 (9th Cir. 2012).

9    **B.     The Private Defendants Are "Necessary Parties" Under Rule 19(a)**

10        **1.     The Private Defendants claim an interest "relating to" this lawsuit**

11        Rule 19(a)(1)(B) provides for joinder of parties who claim an interest "relating to" the

12   subject of the action. The Private Defendants read the rule far too narrowly in asserting that they

13   have no "official" stake in these proceedings because the settlement agreement in the Texas case

14   is not the "true subject" of this action. Dkt. # 114 (Rule 12(c) Mot.) at 1, 5–7. Under a proper

15   application of the rule, the Private Defendants are "necessary parties"[7] to this case because they

16   have repeatedly claimed a legal interest "relating to" the administrative actions at issue here—

17   namely, their interest in the settlement agreement. Furthermore, they have recently attacked this

18   Court's preliminary injunction in a separate forum as a violation of their First Amendment rights.

19        The Private Defendants have made clear that they believe this case is "causing . . . legal

20   jeopardy" and affecting their claimed interests under the settlement agreement. Beneski Decl.

21   Ex. B at 12. In their recent Rule 59 motion in the Texas case, they argued that this Court's

22   preliminary injunction "jeopardizes the settlement agreement" and "enjoins the State

23   _____

24       [7] "Necessary party" is a "term of art in Rule 19 jurisprudence" that refers to "those persons to be joined if
     feasible." *Peabody I*, 400 F.3d at 779. "If understood in its ordinary sense, 'necessary' is too strong a word, for it is
     still possible under Rule 19(b) for the case to proceed without the joinder of the so-called 'necessary' absentee." *Id.*

Department from fulfilling its settlement agreement obligations." *Id.* at 5, 8; *see also* Dkt. # 14 and Dkt. # 63 at 8–10 (arguing that these proceedings are a "collateral attack" on the settlement agreement). It is well established that a claimed contractual interest that may be affected by the lawsuit is a basis for joinder under Rule 19(a). *See EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) (*Peabody I*) (Navajo Nation was a necessary party to an enforcement action challenging the validity of a hiring preference provision in a lease agreement to which the Nation was a party); *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1023 (9th Cir. 2002) (vacating as abuse of discretion district court's ruling that tribes were not necessary parties where "[t]he interests of the tribes in their compacts are impaired and, not being parties, the tribes cannot defend those interests").

In addition to claiming a legal interest in the settlement agreement, the Private Defendants also argued to the Texas court that the preliminary injunction is an "extreme" violation of their First Amendment rights. Beneski Decl. Ex. B at 9.

It is disingenuous for the Private Defendants to make these assertions to the Texas court, while at the same time seeking to "disclaim[ ]" any interest relating to the subject of this action. Dkt. # 114 at 5. In light of the Private Defendants' representations to this Court and the Texas court, their conclusory "disclaimer" is not dispositive.

As discussed below, the Private Defendants should remain as parties to this case so that their claimed interests can be litigated here, without the risk that pursuing them elsewhere could result in inconsistent legal obligations on the other parties. *See* Fed. R. Civ. P. 19(a)(1)(B).

## 2. Keeping the Private Defendants in this lawsuit will protect all parties' interests

A person claiming a legal interest "relating to" the subject of the action—as the Private Defendants do here—should be joined as a necessary party if they are "so situated that disposing

PLAINTIFF STATES' OPPOSITION TO
THE PRIVATE DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
2:18-cv-01115-RSL

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest; or (ii) leave an existing party subject to a substantial risk of incurring . . . inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B).

This test is flexible and pragmatic; notwithstanding the Private Defendants' categorical assertion that they have no "official" stake in this case, Rule 19(a) does not establish a bright-line rule. Rather, determining whether joinder is warranted requires a "fact-specific" inquiry. *Ward v. Apple Inc.*, 791 F.3d 1041, 1051 (9th Cir. 2015). As Wright & Miller explain:

> There is no precise formula for determining whether a particular nonparty must be joined under Rule 19(a). The decision has to be made in terms of the general policies of avoiding multiple litigation, providing the parties with complete and effective relief in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them. Account also must be taken of whether other alternatives are available to the litigants. By its very nature Rule 19(a) calls for determinations that are heavily influenced by the facts and circumstances of individual cases . . .

Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 1604 (3d ed.).

Joinder under Rule 19(a) may be used to protect the interests of other parties in the case, "in order to subject [the necessary party], under principles of res judicata, to the 'minor and ancillary' effects of a judgment." *EEOC v. Peabody W. Coal Co.*, 610 F.3d 1070, 1079 (9th Cir. 2010), *cert. denied*, 565 U.S. 814 (2011) (*Peabody II*) (quoting *Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 399 (1982)). Joinder may also be used to ensure that the necessary party itself has an opportunity to protect its own " 'interest' that will be impaired by the litigation 'as a practical matter.' " *Am. Greyhound Racing*, 305 F.3d at 1023 (quoting Fed. R. Civ. P. 19(a)(2)(B)(i)).

Here, the Private Defendants argue that their absence "puts no one at risk" of incurring inconsistent legal obligations. Dkt. # 114 at 8. But their attacks on this Court's preliminary injunction in the Texas case suggest otherwise. Having received an unfavorable ruling from this

PLAINTIFF STATES' OPPOSITION TO
THE PRIVATE DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
2:18-cv-01115-RSL

9

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Court, the Private Defendants sought to relitigate the same issues in a different forum. *See* Beneski Decl. Ex. B (Rule 59 Mot.) at 2 (renewing arguments that this Court lacks personal jurisdiction and that the preliminary injunction violates the First Amendment). It is possible, if not nearly certain, that the Private Defendants will renew the same arguments yet again on appeal to the Fifth Circuit. *See* Beneski Decl. Ex. C (Notice of Appeal).

To avoid the risk that the Private Defendants' pursuit of their claimed interests will result in inconsistent obligations, they should stay in this case as parties to ensure they are "bound by res judicata." *Peabody I*, 400 F.3d at 780; *see also Peabody II*, 610 F.3d at 1079 (joinder is warranted "to subject [the necessary party], under principles of res judicata, to the 'minor and ancillary' effects of a judgment"). Joinder for this purpose is appropriate even where a final judgment would not bind the necessary party, as joinder will still preclude the necessary party from "bringing a collateral challenge to the judgment." *Peabody I*, 400 F.3d at 780. Absent the binding effect of res judicata, the party "could possibly initiate further action to enforce" its claimed interest, even though enforcement of that interest "would have been held illegal in this litigation." *Id.* Here, if the Private Defendants are permitted to pursue their claimed interest in the settlement agreement without being bound by res judicata as to these proceedings, the Federal Defendants could—like the defendant in *Peabody I*—find themselves "between the proverbial rock and a hard place—comply with the injunction prohibiting the [challenged administrative actions] or comply with the [agreement] requiring [them]."[8] *Peabody I*, 400 F.3d at 780. Likewise, to the extent the Private Defendants believe this Court's injunction implicates or violates their First Amendment rights (which it does not), their remedy is an appeal to the Ninth

---

[8] The Federal Defendants plead that "necessary party" status is a legal conclusion, and in the alternative, "take no position on whether [the Private Defendants are] necessary part[ies]." Dkt. # 112 (Fed. Defs' Answer) ¶¶ 24–26.

PLAINTIFF STATES' OPPOSITION TO
THE PRIVATE DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
2:18-cv-01115-RSL

10

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Circuit, not renewal of their arguments in a different forum. *See* Beneski Decl. Ex. D (Order on

Rule 59 Mot.) at 5, n.2.

The mere possibility of multiple litigation resulting in inconsistent obligations is

sufficient to merit joinder under Rule 19(a). *See Peabody I*, 400 F.3d at 780 (joinder of the

Navajo Nation was warranted where the Nation could "possibly initiate" separate proceedings

that could impose inconsistent obligations); *Ward*, 791 F.3d at 1048 (there must be either a

"possibility" of inconsistent obligations or a "possibility" that the necessary party's ability to

protect its own interest would be impaired); *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d

815, 821 (9th Cir. 1985) ("Rule 19 speaks to *possible* harm, not only to certain harm.") (citation

and internal quotation marks omitted). Here, there is more than a possibility that the Private

Defendants will initiate separate proceedings; they have already attempted to reopen the Texas

case to relitigate issues related to their interest in the settlement agreement and their asserted

constitutional rights, and they have already appealed the dismissal of the Texas case.

Moreover, the Private Defendants' joinder in this matter has consistently afforded them

an opportunity to pursue their own claimed interests. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). They

have participated in briefing and oral argument at every stage of these proceedings, making

unique arguments on their own behalf. *See* Dkt. ## 8, 11, 20, 48, 63, 69, 83; *see also* Transcript

of Motion Hearing at 47:5–8, Aug. 21, 2018. Contrary to the position they now take in their

Rule 12(c) Motion, the Private Defendants' claimed interest in the outcome of these

proceedings—and their ability to continue pursuing their interests here—does not end with the

Court's award of preliminary relief. *See* Dkt. # 114 (Rule 12(c) Mot.) at 7. Indeed, as parties to

this case, they have a right of appeal. *See* Beneski Decl. Ex. D (Order on Rule 59 Mot.) at 5, n.2.

Finally, it bears mentioning that although the Private Defendants are not directly

enjoined, they are bound by the preliminary injunction to the extent it affects the status of federal

PLAINTIFF STATES' OPPOSITION TO
THE PRIVATE DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
2:18-cv-01115-RSL

11

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

law regulating their activities, and to the extent the Private Defendants are "parties" with "actual notice" of the injunction. Fed. R. Civ. P. 65(d)(2). Maintaining the Private Defendants' status as parties ensures they will remain subject to the injunction and aware of its effect on current law.

### 3. The Private Defendants' arguments lack merit

Each of the Private Defendants' arguments that they are not "necessary parties" lacks merit. First, as discussed above, the question posed by Rule 19(a)(1)(B) is not whether the party has an "official" stake in the proceedings, Dkt. # 114 at 1, 5–7, but whether the party claims an interest "relating to" the subject of the action. The answer here is plainly yes: the Private Defendants claim an interest in the settlement agreement. *Supra* Section III.B.1.

Second, it is irrelevant that the Plaintiff States have not asserted a cause of action against the Private Defendants. Dkt. # 114 at 2–3. The lack of a "direct cause of action against an absentee does not prevent the absentee's joinder under Rule 19." *Peabody II*, 610 F.3d at 1079 (citation and internal quotation marks omitted).[9]

Third, the Private Defendants' assertion that they have "denied" that they are necessary parties is not dispositive. Dkt. # 114 at 5. In their answer, the Private Defendants plead that "necessary party" status is a legal conclusion, and in the alternative, deny that they are necessary parties to this action. Dkt. # 81 (Pvt. Defs' Answer) ¶¶ 24–26. Inasmuch as "necessary party" status is a matter for the Court to determine in its "discretion," subject to any question of law as to the impairment of a legal interest, *Ward*, 791 F.3d at 1047, the Private Defendants' denial is an unsupported legal conclusion that the Court need not accept as true. *QOTD*, 2017 WL 841669, at *1 (citing *Iqbal*, 556 U.S. at 678).

Fourth, the Private Defendants offer no authority for the proposition that "necessary

---

[9] The Private Defendants' authority is not on point. In *Murphy v. Bank of New York Mellon*, No. C14-955 RSM, 2015 WL 11675672 (W.D. Wash. May 28, 2015) (cited in Dkt. # 114 at 3), the Court dismissed a party that was "brought into th[e] action in error," without citing or discussing Rule 19.

PLAINTIFF STATES' OPPOSITION TO
THE PRIVATE DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
2:18-cv-01115-RSL

12

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

party" status is dictated by the existence of cases that are sufficiently "related" for purposes of consolidation. Dkt. # 114 at 6 (citing Dkt. # 110 (Joint Status Report) ¶ 4). Rule 19(a) provides for joinder regardless of whether the necessary party's claimed legal interest is the subject of ongoing litigation. By contrast, LCR 3(g)(2) provides that extant cases are "related" if they "concern substantially the same parties, property, transaction, or event" and "it appears likely that there will be an unduly burdensome duplication of labor and expense or the potential for conflicting results if the cases are conducted before different judges." Here, the Texas case was dismissed with prejudice and closed on July 30, 2018, the same day this case was filed, obviating any purported need for consolidation. Beneski Decl. Ex. A. Consolidation would not have been appropriate in any event, as the two cases challenged different government actions on different grounds. This case is a discrete procedural challenge to the July 27, 2018 Temporary Modification and Letter that did not become ripe until after the Texas case had settled. *See supra* Sections II.A, II.B.

**C.      Any Dismissal Should Be Subject To a Disclaimer of Any Legal Interest "Relating To" This Case**

As discussed above, the Private Defendants offer no valid reason to dismiss them from this case. They are necessary parties because they claim a legal interest in the settlement agreement, which undoubtedly "relat[es] to" the subject of this case. They recently asserted that this Court's preliminary injunction "jeopardizes the settlement agreement" and "violates" their constitutional rights, Beneski Decl. Ex. B (Rule 59 Mot.) at 2, 5, and they have pursued their asserted interests at every stage of these proceedings. If the Private Defendants are dismissed from this action, they will be free to pursue those asserted interests in a different forum, potentially leading to inconsistent obligations on the parties to this case.

Recognizing, however, that a party may disclaim a legal interest, the Plaintiff States request that any dismissal of the Private Defendants from this case be conditioned on their disclaimer of any legal interest relating to these proceedings—in particular, an express written disclaimer of any interest in the Federal Defendants' further performance pursuant to the settlement agreement, and any interest concerning the effect of these proceedings on the Private Defendants' purported constitutional rights. Such a disclaimer would be an alternative means of satisfying the concerns addressed by Rule 19(a) and would estop the Private Defendants from pursuing claims that may result in inconsistent obligations. *See supra* Section III.B.2. If the Private Defendants are unprepared to disclaim these interests, they should remain as parties to this case.

## IV.     CONCLUSION

For the reasons above, the Plaintiff States respectfully request that the Court deny the Private Defendants' Motion for Judgment on the Pleadings.

DATED this 29th day of October, 2018.


ROBERT W. FERGUSON
Attorney General

*/s/ Jeffrey Rupert*
JEFFREY RUPERT, WSBA #45037
Division Chief
TODD BOWERS, WSBA #25274
Deputy Attorney General
JEFF SPRUNG, WSBA #23607
KRISTIN BENESKI, WSBA #45478
ZACH JONES, WSBA #44557
Assistant Attorneys General
JeffreyR2@atg.wa.gov
ToddB@atg.wa.gov
JeffS2@atg.wa.gov
KristinB1@atg.wa.gov
ZachJ@atg.wa.gov
*Attorneys for Plaintiff State of Washington*

PLAINTIFF STATES' OPPOSITION TO
THE PRIVATE DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
2:18-cv-01115-RSL

14

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

GEORGE JEPSEN
Attorney General of Connecticut

*/s/ Kimberly Massicotte*
KIMBERLY MASSICOTTE, CT-04111
Associate Attorney General
JOSEPH RUBIN, CT-00068
Associate Attorney General
MAURA MURPHY OSBORNE, CT-19987
Assistant Attorney General
Connecticut Office of Attorney General
55 Elm St.
P.O. Box 120
Hartford, CT 06141-0120
*Attorneys for Plaintiff State of Connecticut*

BRIAN E. FROSH
Attorney General of Maryland

*/s/ Julia Doyle Bernhardt*
JULIA DOYLE BERNHARDT
JENNIFER KATZ
Assistant Attorneys General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, MD 21202
(410) 576-7291
jbernhardt@oag.state.md.us
jkatz@oag.state.md.us
*Attorneys for Plaintiff State of Maryland*

GURBIR GREWAL
Attorney General of New Jersey

*/s/ Jeremy M. Feigenbaum*
JEREMY M. FEIGENBAUM
Assistant Attorney General
Office of the Attorney General
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor, West Wing
Trenton, NJ 08625-0080
(609) 376-2690
Jeremy.Feigenbaum@njoag.gov
*Attorneys for Plaintiff State of New Jersey*

1  BARABARA D. UNDERWOOD
   Attorney General of New York

2  /s/ Barbara D. Underwood
3  BARBARA D. UNDERWOOD
   Attorney General of New York
4  28 Liberty Street
   New York, NY 10005
5
   MAURA HEALEY
6  Attorney General of Commonwealth of
   Massachusetts
7
   /s/ Jonathan B. Miller
8  JONATHAN B. MILLER
   Assistant Attorney General
9  Office of the Massachusetts Attorney General
   One Ashburton Place
10 Boston, MA 02108
   617-963-2073
11 Jonathan.Miller@state.ma.us
   Attorneys for Plaintiff Commonwealth of
12 Massachusetts

13 JOSH SHAPIRO
   Attorney General of Commonwealth of
14 Pennsylvania

15 /s/ Josh Shapiro
   JOSH SHAPIRO
16 Attorney General
   Office of the Attorney General
17 Strawberry Square, 16th Floor
   Harrisburg, PA 17120
   (717) 787-3391
18 Attorneys for Plaintiff Commonwealth of
   Pennsylvania
19
   KARL A. RACINE
20 Attorney General for the District of Columbia

21 /s/ Robyn Bender
   ROBYN BENDER
22 Deputy Attorney General
   Public Advocacy Division
23 JIMMY ROCK
   Assistant Deputy Attorney General
24 Public Advocacy Division

PLAINTIFF STATES' OPPOSITION TO
THE PRIVATE DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
2:18-cv-01115-RSL

16

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

*Attorneys for Plaintiff District of Columbia*


ELLEN F. ROSENBLUM
Attorney General of Oregon

*/s/ Scott J. Kaplan*
SCOTT J. KAPLAN, WSBA #49377
Senior Assistant Attorney General
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880
scott.kaplan@doj.state.or.us
*Attorneys for Plaintiff State of Oregon*

XAVIER BECERRA
Attorney General of California

*/s/ Nelson R. Richards*
NELSON R. RICHARDS
Deputy Attorney General
*/s/ Mark Beckington*
MARK BECKINGTON
Supervising Deputy Attorney General
*/s/ Thomas Patterson*
THOMAS PATTERSON
Senior Assistant Attorney General
*Attorneys for the State of California*

CYNTHIA H. COFFMAN
Attorney General of Colorado

*/s/ Matthew D. Grove*
MATTHEW D. GROVE
Assistant Solicitor General
Colorado Department of Law
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6157
FAX: (720) 508-6041
E-Mail: matt.grove@coag.gov
*Attorneys for Plaintiff State of Colorado*

PLAINTIFF STATES' OPPOSITION TO
THE PRIVATE DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
2:18-cv-01115-RSL

17

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

MATTHEW P. DENN
Attorney General of Delaware

*/s/ Ilona M. Kirshon*
ILONA M. KIRSHON (#3705)
Deputy State Solicitor
State of Delaware Department of Justice
Carvel State Office Building, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Ilona.kirshon@state.de.us

*/s/ Patricia A. Davis*
PATRICIA A. DAVIS (#3857)
Deputy Attorney General
State of Delaware Department of Justice
Dover, DE 19904
(302) 257-3233
patriciaA.davis@state.de.us
*Attorneys for the Plaintiff State of Delaware*

RUSSELL A. SUZUKI
Attorney General of Hawaii

*/s/ Robert T. Nakatsuji*
ROBERT T. NAKATSUJI
Deputy Attorney General
Department of the Attorney General
425 Queen Street
Honolulu, Hawaii 96813
(808) 586-1360
Robert.T.Nakatsuji@hawaii.gov
*Attorneys for Plaintiff State of Hawaii*

LISA MADIGAN
Attorney General of Illinois

*/s/ Brett E. Legner*
BRETT E. LEGNER
Deputy Solicitor General
*/s/ Katelin B. Buell*
KATELIN B. BUELL
*/s/ Sarah A. Hunger*
SARAH A. HUNGER
Assistant Attorneys General
Office of the Attorney General
100 W. Randolph, 12th Floor

PLAINTIFF STATES' OPPOSITION TO
THE PRIVATE DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
2:18-cv-01115-RSL

18

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Chicago, IL 60601
blegner@atg.state.il.us
*Attorneys for Plaintiff State of Illinois*


THOMAS J. MILLER
Attorney General of Iowa

*/s/ Nathan Blake*
NATHAN BLAKE
Deputy Attorney General
Office of the Attorney General of Iowa
1305 E. Walnut St.
Des Moines, IA 50319
(515) 281-4325
nathan.blake@ag.iowa.gov
*Attorneys for the Plaintiff State of Iowa*

LORI SWANSON
Attorney General of Minnesota

*/s/ Jacob Campion*
JACOB CAMPION, MN Reg. #0391274
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 757-1459
jacob.campion@ag.state.mn.us
*Attorneys for the Plaintiff State of Minnesota*

JOSHUA H. STEIN
Attorney General of North Carolina

*/s/ Sripriya Narasimhan*
SRIPRIYA NARASIMHAN
Deputy General Counsel
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
*Attorneys for Plaintiff State of North Carolina*

PETER F. KILMARTIN
Attorney General of Rhode Island

*/s/ Michael W. Field*
MICHAEL W. FIELD

PLAINTIFF STATES' OPPOSITION TO
THE PRIVATE DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
2:18-cv-01115-RSL

19

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

*/s/ Susan Urso*

SUSAN URSO
Assistant Attorneys General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400
mfield@riag.ri.gov
surso@riag.ri.gov
*Attorneys for Plaintiff State of Rhode Island*

THOMAS J. DONOVAN, JR.
Attorney General of Vermont

*/s/ Benjamin D. Battles*

BENJAMIN D. BATTLES
Solicitor General
Office of the Attorney General
109 State Street
Montpelier, Vermont 05609-1001
802-828-5500
benjamin.battles@vermont.gov
*Attorneys for Plaintiff State of Vermont*

MARK R. HERRING
Attorney General of the
Commonwealth of Virginia

*/s/ Samuel T. Towell*

SAMUEL T. TOWELL
Deputy Attorney General, Civil Litigation
Office of the Attorney General of Virginia
Barbara Johns Building
202 N. Ninth Street
Richmond, VA 23219
(804) 786-6731
STowell@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia*

***Pro Hac Vice* motions forthcoming for all counsel of record not barred in the Western District of Washington**

PLAINTIFF STATES' OPPOSITION TO
THE PRIVATE DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
2:18-cv-01115-RSL

20

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# DECLARATION OF SERVICE

I hereby certify that on October 29, 2018, I electronically filed the foregoing document

with the Clerk of the Court using the CM/ECF system, which will serve a copy of this document

upon all counsel of record.

DATED this 29th day of October, 2018, at Seattle, Washington.

*/s/ Jeffrey Rupert*
JEFFREY RUPERT

PLAINTIFF STATES' OPPOSITION TO
THE PRIVATE DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
2:18-cv-01115-RSL

21

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744