UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON; STATE OF CONNECTICUT; STATE OF MARYLAND; STATE OF NEW JERSEY; STATE OF NEW YORK; STATE OF OREGON; COMMONWEALTH OF MASSACHUSETTS; COMMONWEALTH OF PENNSYLVANIA; and the DISTRICT OF COLUMBIA,<br><br>          Plaintiffs,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF STATE; MICHAEL R. POMPEO, in his official capacity as Secretary of State; DIRECTORATE OF DEFENSE TRADE CONTROLS; MIKE MILLER, in his official capacity as Acting Deputy Assistant Secretary of Defense Trade Controls; SARAH HEIDEMA, in her official capacity as Director of Policy, Office of Defense Trade Controls Policy; DEFENSE DISTRIBUTED; SECOND AMENDMENT FOUNDATION, INC.; and CONN WILLIAMSON,<br><br>          Defendants. | The Honorable Robert S. Lasnik<br><br>No. 2:18-cv-01115-RSL<br><br>REPLY IN SUPPORT OF THE MOTION OF DEFENSE DISTRIBUTED, SECOND AMENDMENT FOUNDATION, AND CONN WILLIAMSON FOR JUDGMENT ON THE PLEADINGS<br><br>NOTED FOR CONSIDERATION<br>November 2, 2018<br><br>ORAL ARGUMENT REQUESTED |

REPLY IN SUPPORT OF MOTION
FOR JUDGMENT ON THE PLEADINGS
No. 18-cv-01115-RSL

Page i

Immix Law Group PC
701 5th Ave Suite 4710
Seattle, WA 98104
Phone: (206) 492-7531
Facsimile: 503-802-5351

## I. ARGUMENT

### A. The Court Already Excluded the Private Defendants' Interests from this Action.

The Private Defendants should be dismissed from this case because of how the Court defined it already: by adopting the Plaintiff States' restrictive definition of the action's scope. The Plaintiff States' position and the Court's resulting holdings establish that this action will adjudicate only one narrow retrospective issue: Whether the Government Defendants' July 2018 Temporary Modification and license violated the Administrative Procedure Act or Tenth Amendment. As such, the Private Defendants are not necessary parties.

This action will *not* adjudicate whether and how the Government Defendants must perform the Settlement Agreement in the future. And it will *not* adjudicate whether the Private Defendants have a constitutional right to engage in the speech at issue. Because the action will adjudicate no such prospective matters, the feared conflicts that motivate most of the Plaintiff States' response will never occur.

In light of this reality, the Plaintiff States end their response with a revealing concession. They concede that the Court would be obligated to dismiss the Private Defendants from this action if the Private Defendants volunteered a special, extra-legal disclaimer:

> Recognizing, however, that a party may disclaim a legal interest, the Plaintiff States request that any dismissal of the Private Defendants from this case be conditioned on their disclaimer of any legal interest relating to these proceedings—in particular, an express written disclaimer of any interest in the Federal Defendants' further performance pursuant to the settlement agreement, and any interest concerning the effect of these proceedings on the Private Defendants' purported constitutional rights.

Dkt. 119 at 14. The Plaintiff States are right to have acknowledged the general right of disclaimer. But they are wrong to demand these disclaimers, citing no authority.

The Private Defendants have not—and need not, to warrant dismissal—supply "an express written disclaimer of any interest in the Federal Defendants' further performance pursuant to the settlement agreement." Dkt. 119 at 14. No such disclaimer is needed because

REPLY IN SUPPORT OF MOTION
FOR JUDGMENT ON THE PLEADINGS       Page 1
No. 18-cv-01115-RSL

Immix Law Group PC
701 5th Ave Suite 4710
Seattle, WA 98104
Phone: (206) 492-7531
Facsimile: 503-802-5351

this action is *not* adjudicating the issue of whether and how the State Department is required to comply with the Settlement Agreement.

The Private Defendants also have not—and need not, to warrant dismissal—supply "an express written disclaimer of . . . .any interest concerning the effect of these proceedings on the Private Defendants' purported constitutional rights." Dkt. 119 at 14. No such disclaimer is needed because this action is *not* adjudicating the Private Defendants' constitutional rights.

These are not open questions. They are already resolved. The Plaintiffs States disavowed the need to adjudicate any of these issues in the preliminary injunction process and the Court agreed. Hence, the preliminary injunction decision holds that the Private Defendants' constitutional rights are "not relevant to the merits of the APA claims plaintiffs assert in this litigation." Dkt. 95 at 20. The threshold holding that the Plaintiff States succeeded in obtaining excludes all of these issues from the litigation going forward.

Of course the Private Defendants made prophylactic arguments initially to ensure that, *if* this action adjudicated the latter issues, they would be accounted for properly. But the Court decided not to adjudicate those issues, and it did so at the Plaintiffs States' behest. Thus, in light of the Plaintiff States' and Court's existing positions about what this action truly entails, the Rule 19 test is not met and the Private Defendants should be dismissed.

Holding otherwise would do more than just contradict the litigation's current procedural posture. If the Court changes course and proceeds to adjudicate the Settlement Agreement and/or the Private Defendants' constitutional rights, immediate reconsideration of the preliminary injunction would have to occur because the action's "merits" would have changed. Such a change would also necessitate deciding whether the Settlement Agreement's role as a subject of the action deprives the Court of jurisdiction.

So long as the action remains on its current course, however, the next procedural step is clear. In accordance with the complaint, the Plaintiff States' representations about the action's scope, and the Court's prior rulings, the Private Defendants should be dismissed.

REPLY IN SUPPORT OF MOTION
FOR JUDGMENT ON THE PLEADINGS                Page 2
No. 18-cv-01115-RSL

Immix Law Group PC
701 5th Ave Suite 4710
Seattle, WA 98104
Phone: (206) 492-7531
Facsimile: 503-802-5351

B.  **The Plaintiff States Can Obtain Complete Relief from the Government.**

Rule 19(a)(1)(A) does not make the Private Defendants necessary parties. That rule deems a party necessary only if, "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). It does not apply here because the actions seeks APA relief that only the Government Defendants can supply. *See* Dkt. 114 at 8.

The Court can set aside this part of Rule 19 quickly because the Plaintiff States do not try to satisfy it in any serious fashion. Instead, they expressly acknowledge that their case "asserts no causes of action against the Private Defendants." Dkt. 119 at 1. And by silence, they concede that the "Private Defendants can neither supply the Plaintiff States their requested relief nor impede any relief that the Court awards by way of a judgment against the Government Defendants." Dkt. 114 at 11. Rule 19(a)(1)(A) does not apply here.

This conclusion holds true in light of the preliminary injunction's decision about interim relief. Just like the action's ultimate merits, the Court can afford "complete relief among existing parties" vis-à-vis the preliminary injunction without the Private Defendants' involvement. The Plaintiff States suggest otherwise with two faulty arguments.

As a matter of law, the preliminary injunction does *not* address the Private Defendants. It does not tell them to do or not to anything. Its commands are directed solely at the Government Defendants. Dkt. 95 at 25. And yet the Plaintiff States suggest that the Private Defendants are "*bound by* the preliminary injunction to the extent it affects the status of federal law regulating their activities." Dkt. 119 at 11-12. Not so.

No law supports this notion of what it means to be "bound" by an order—not Rule 19 law, not injunction law, and not any other law. If being "bound" in this fashion makes the Private Defendants a necessary party, the Plaintiff States ought to explain why the Court is not required to halt this litigation until every other United States person is made a party. After all, the preliminary injunction "affects the status of federal law regulating" not just the Private Defendants, but of *all United States persons* that the USML pertained to. It enjoins the

REPLY IN SUPPORT OF MOTION
FOR JUDGMENT ON THE PLEADINGS        Page 3
No. 18-cv-01115-RSL

Immix Law Group PC
701 5th Ave Suite 4710
Seattle, WA 98104
Phone: (206) 492-7531
Facsimile: 503-802-5351

Government Defendants from issuing a Temporary Modification that "permits any United States person . . . to access, discuss, use, reproduce, or otherwise benefit from the [subject files]." Dkt. 29-1 at 108.  In this respect, the Private Defendants are no more necessary to this action than are other U.S. persons who have already published the subject files.

Another error occurs when the Plaintiff States cite Rule 65(d)(2) to say that the Private Defendants are "bound by the preliminary injunction . . . to the extent the Private Defendants are 'parties' with 'actual notice' of the injunction." Dkt. 119 at 11-12.  That concern carries no Rule 19 implications because the injunction supplies no "relief" against the Private Defendants.  Since the injunction does not order the Private Defendants to do or not do anything, the question of whether they are "bound" by its commands is meaningless.  Moreover, *anyone* with "actual notice" of the injunction—regardless of "party" status—is covered by Rule 65(d)(2) provision about being "in active concert or participation" with the Government Defendants.  Dismissing the Private Defendants will therefore not affect the extent to which the injunction "binds" them in any meaningful way.

Hence, as to both the final judgment and the preliminary injunction, the Court can accord "complete relief among existing parties" without having the Private Defendants as additional parties to this action.  Rule 19(a)(1)(A) does not apply.

**C.     The Private Defendants Claim No Interest in this Action.**

Rule 19(a)(1)(B) does not make the Private Defendants a necessary party either.  That rule deems a party necessary only if, in addition to other demands, the person at issue "claims an interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(1)(B)(i).  It does not apply here because the Private Defendants make no such claim.  *See* Dkt. 114 at 4-5.

The Plaintiff States cannot *force* anyone to claim an interest relating to the subject of this action.  And yet the response continues to insist that the Private Defendants claim an interest relating to the subject of the action because "the Private Defendants claim an interest in the settlement agreement." Dkt. 119 at 12.  But even though the Private Defendants have

REPLY IN SUPPORT OF MOTION  
FOR JUDGMENT ON THE PLEADINGS    Page 4  
No. 18-cv-01115-RSL

Immix Law Group PC  
701 5th Ave Suite 4710  
Seattle, WA 98104  
Phone: (206) 492-7531  
Facsimile: 503-802-5351

an interest in the Settlement Agreement, Rule 19(a)(1)(B) does not apply because the Settlement Agreement is not "the subject of the action." The Plaintiff States have definitively represented to this Court that the Settlement Agreement is "not part of this lawsuit." Tr. of Aug. 21 Oral Argument at 46-47. They should be bound to that representation for good.

The Settlement Agreement's implications for this Court's subject-matter jurisdiction have been treated dismissively by the Plaintiff States. But that was back when the Plaintiff States were representing to the Court that "this is not a contract case at all," when they told the Court that their case is "not attacking the settlement agreement itself," and when they agreed that the "contractual issues between Defense Distributed and the federal government . . . [are] not in front of [the Court]." *Id.* at 46-47. If the Settlement Agreement really *is* the "subject of the action" for Rule 19 purposes, then the jurisdictional problem raised during preliminary injunction proceedings needs to be addressed. *See* Dkt. 69 (invoking *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 647 (9th Cir. 1998) ("The district courts have concurrent jurisdiction, with the Court of Federal Claims, over contract claims against the United States for less than $10,000. 28 U.S.C. § 1346(a)(2). In all other contract claims, however, § 1491 gives the Court of Federal Claims exclusive jurisdiction to award money damages, and ''impliedly forbids' declaratory and injunctive relief and precludes a § 702 waiver of sovereign immunity.''").

If the Court continues to hold that the Settlement Agreement is *not* the subject of this action, no such jurisdictional issues arise. That conclusion—that the Private Defendants do not "claim an interest relating to the subject of the action"—is the most fundamental reason to rejecting the Plaintiff States' invocation of both Rule 19(a)(1)(B)(i) and Rule 19(a)(1)(B)(ii). *See also* Dkt. 114 at 6-8 (explaining that, even if it were true that the Private Defendants "claim[ed] an interest relating to the subject of the action," Rules 19(a)(1)(B) would still not make the Private Defendants a necessary party because the additional requirements of Subsections (i) and (ii) are unmet).

REPLY IN SUPPORT OF MOTION
FOR JUDGMENT ON THE PLEADINGS
No. 18-cv-01115-RSL

Page 5

Immix Law Group PC
701 5th Ave Suite 4710
Seattle, WA 98104
Phone: (206) 492-7531
Facsimile: 503-802-5351

## II.  CONCLUSION

For these reasons, the Private Defendants respectfully request that the Court issue a judgment dismissing them from the action with prejudice.

REPLY IN SUPPORT OF MOTION  
FOR JUDGMENT ON THE PLEADINGS   Page 6  
No. 18-cv-01115-RSL

Immix Law Group PC  
701 5th Ave Suite 4710  
Seattle, WA 98104  
Phone: (206) 492-7531  
Facsimile: 503-802-5351

1  DATED November 2, 2018.

2

3  IMMIX LAW GROUP PC | BECK REDDEN LLP | FARHANG & MEDCOFF

4  By: _____ | /s/Charles Flores | /s/Matthew Goldstein
   Joel B. Ard, WSBA # 40104 | Charles Flores | Matthew Goldstein
5  Immix Law Group PC | cflores@beckredden.com | Farhang & Medcoff
6  701 5th Ave Suite 4710 | Beck Redden LLP | 4801 E. Broadway Blvd.,
   Seattle, WA 98104 | 1221 McKinney Street, | Suite 311
7  Phone: (206) 492-7531 |    Suite 4500 | Tucson, AZ 85711
                              | Houston, TX 77010 | Phone: (202) 550-0040
8                             | Phone: (713) 951-3700 | mgoldstein@fmlaw.law

9

10                            | *Admitted Pro Hac Vice | *Admitted Pro Hac Vice

11  Attorneys for Defendants | Attorneys for Defendants | Attorneys for Defendants
    Defense Distributed, Second |   Defense Distributed | Defense Distributed,
12  Amendment Foundation, and | | Second Amendment
    Conn Williamson | | Foundation, and Conn
13 | | Williamson

14

15

16

17

18

19

20

21

22

23

24

25

26

REPLY IN SUPPORT OF MOTION
FOR JUDGMENT ON THE PLEADINGS          Page 7
No. 18-cv-01115-RSL

Immix Law Group PC
701 5th Ave Suite 4710
Seattle, WA 98104
Phone: (206) 492-7531
Facsimile: 503-802-5351

**CERTIFICATE OF SERVICE**

I certify that on November 2, 2018, I filed the foregoing with the Court's CM/ECF system, which will give notice to all parties and counsel of record. I CERTIFY UNDER PENALTY OF PERJURY under the laws of the United States of America that the foregoing is true and correct.

DATED this November 2, 2018.

BECK REDDEN LLP

/s/Charles Flores
Charles Flores
cflores@beckredden.com
Beck Redden LLP
1221 McKinney Street,
Suite 4500
Houston, TX 77010
Phone: (713) 951-3700
*Admitted Pro Hac Vice
Attorneys for Defendants
Defense Distributed

CERTIFICATE OF SERVICE

Immix Law Group PC
701 5th Ave Suite 4710
Seattle, WA 98104
Phone: (206) 492-7531
Facsimile: 503-802-5351