UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON, *et al.*,

    Plaintiffs,

v.

UNITED STATES DEPARTMENT OF STATE, *et al.*,

    Defendants.

NO. C18-1115RSL

ORDER DENYING PRIVATE DEFENDANTS' MOTION TO DISMISS

This matter comes before the Court on the "Motion of Defense Distributed, Second Amendment Foundation, and Conn Williamson for Judgment on the Pleadings." Dkt. # 114. The moving defendants (hereinafter, "the private defendants" or "defendants") argue that dismissal is appropriate because there are no claims asserted against them in the amended complaint and they are not necessary parties under Fed. R. Civ. P. 19. Having considered the memoranda, declaration, and exhibits submitted by the parties, as well as the remainder of the record,[1] the Court finds as follows:

In 2015, the private defendants filed a lawsuit in the United States District Court for the Western District of Texas challenging the federal government's power to regulate their internet

---

[1] This matter can be decided on the papers submitted. Defendants' request for oral argument is DENIED.

ORDER DENYING PRIVATE
DEFENDANTS' MOTION TO DISMISS - 1

publication of computer aided design ("CAD") data files that would allow the creation of guns and their components with a 3D printer. Defense Distributed v. U.S. Dep't of State, C15-0372RP (W.D. Tex). The private defendants argued that the regulation subjected their gun-related speech to a system of prior restraints that was applied in an arbitrary manner in violation of their First, Second, and Fifth Amendment rights. In April 2018, the parties in the Texas litigation reached a tentative settlement agreement. Pursuant to the settlement, the federal government would abandon its prior regulatory and litigation positions and allow publication of the CAD files on the internet. The federal government specifically agreed, among other things, to publish a notice of proposed rulemaking and final rule revising the United States Munitions List ("USML") to allow the distribution of the CAD files, to announce a temporary modification of the USML to allow immediate distribution while the final rule was in development, and to issue a letter to the private defendants advising that the CAD files are approved for public release and unlimited distribution. The announcement of the temporary modification and the issuance of the letter occurred on July 27, 2018.

This lawsuit was filed three days later alleging that the federal defendants' conduct in short-circuiting the rulemaking process was *ultra vires* and in violation of the Administrative Procedure Act ("APA") and the Tenth Amendment to the United States Constitution.[2] The plaintiff States and the District of Columbia seek to invalidate both the temporary modification of the USML and the July 27, 2018, letter that approved immediate publication of 3-D gun files through the internet. Plaintiffs do not seek any relief directly from the private defendants. Plaintiffs allege, however, that the private defendants have an interest in the outcome of this

---

[2] An amended complaint was filed on August 2, 2018. Dkt. # 29.

ORDER DENYING PRIVATE
DEFENDANTS' MOTION TO DISMISS - 2

litigation. In particular, plaintiffs allege that defendant Defense Distributed intended to make the CAD files available for download from the internet under the purported authority granted by the temporary modification and authorization letter that plaintiffs seek to invalidate and that all three private defendants' interests under the settlement agreement with the federal government may be adversely affected if the temporary modification and letter are invalidated.

In their motion, the private defendants disavow any interest in this litigation, but their actions show otherwise. When this litigation was filed, the private defendants took an active role in opposing plaintiffs' requests for preliminary injunctive relief. They asserted their own First Amendment rights, challenged this Court's jurisdiction, and raised statutory arguments regarding the federal defendants' authority to modify the USML. Dkt. # 11 and # 63. They filed written memorandum and appeared at oral argument. When the temporary restraining order issued in this case, it required action on only the federal defendants' part. Nevertheless, the private defendants viewed it "as a take-down order that required Defense Distributed to remove the files from the Internet" (Dkt. # 63 at 8): they understood that they had to react or risk running afoul of federal law. When the preliminary injunction went into effect, the private defendants again felt its impact and reacted. They went back to the Western District of Texas in an effort to withdraw the stipulated voluntary dismissal on the ground that the injunction prevented the federal defendants from performing under the settlement agreement. Dkt. # 120-2 at 8. Their interest in the success or failure of plaintiffs' claims is evident from their conduct, and defendants offer unsupported assertions and specious reasoning to suggest otherwise.

Defendants accurately state that this litigation focuses on the procedural correctness of the federal government's actions in issuing the temporary modification and the July 27, 2018, letter.

ORDER DENYING PRIVATE
DEFENDANTS' MOTION TO DISMISS - 3

That does not, however, mean that they have no interest in the action. By participating in this litigation, the private defendants have an opportunity to shape the discussion and analysis of plaintiffs' APA claim and to show, if they can, that the requirements of the APA were satisfied. If they are successful, they will reap the substantive benefits of the settlement agreement they negotiated in the Western District of Texas. If they are unsuccessful, they will be left with their continuing attempts to undo the settlement and/or a potential claim for breach of contract against the federal government. Either way, participation is appropriate for two reasons. First, the private defendants will have a chance to be heard and make their best arguments. Second, the Court's findings will bind all of the interested parties and preclude collateral challenges to the APA determination (such as an action for specific performance of the settlement agreement) that would raise the possibility of inconsistent rulings and obligations for the parties.

Federal Rule of Civil Procedure 19 states:

(a) Persons Required to Be Joined if Feasible.

  (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

    (A) in that person's absence, the court cannot accord complete relief among existing parties; or

    (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

      (i) as a practical matter impair or impede the person's ability to protect the interest; or

      (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

ORDER DENYING PRIVATE
DEFENDANTS' MOTION TO DISMISS - 4

Defendants have not challenged their susceptibility to service of process and their joinder will not deprive the Court of subject-matter jurisdiction. For all of the foregoing reasons, the Court finds that the other requirements of Rule 19(a)(1)(B) are also met. The private defendants' motion to dismiss (Dkt. # 114) is therefore DENIED.

Dated this 13th day of November, 2018.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER DENYING PRIVATE
DEFENDANTS' MOTION TO DISMISS - 5