1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, et al., | ) | No. 2:18-cv-1115-RSL |
| | ) | |
| Plaintiffs, | ) | **FEDERAL DEFENDANTS'** |
| v. | ) | **MOTION TO STAY** |
| | ) | **PROCEEDINGS PENDING** |
| | ) | **PUBLICATION OF FINAL** |
| UNITED STATES DEPARTMENT OF | ) | **AGENCY RULEMAKING** |
| STATE, et al., | ) | |
| | ) | |
| Defendants. | ) | **NOTED FOR: Dec. 21, 2018[1]** |
| | ) | |

---

[1] Consistent with Local Civil Rule 7(l), the parties have agreed to note this motion for December 21, 2018, and to brief this motion on the same schedule as that set out for Plaintiffs' forthcoming motion on the adequacy of the administrative record.  Accordingly, Plaintiffs' response to this motion will be due on or before December 6, 2018, and the Federal Defendants' reply will be due on or before December 20, 2018.  *See* ECF No. 110 at 9; ECF No. 115.

FEDERAL DEFENDANTS' MOTION TO STAY PROCEEDINGS
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

The Federal Defendants respectfully request a four-month stay of all proceedings in this litigation to allow the Department of State to finalize a rulemaking that will directly bear on the issues of this case.  In light of the preliminary injunction entered by the Court—which neither the Federal Defendants nor the Private Defendants have appealed to the Ninth Circuit— Plaintiffs have no basis to assert undue hardship from the brief stay.  Moreover, a relatively brief stay of proceedings during the finalization of the Department of State's rulemaking will conserve the resources of both the Court and the parties and allow for more efficient judicial proceedings.  Denying a stay of proceeding before the Department of State's rulemaking is complete, on the other hand, could lead to premature review of motions regarding the administrative record and summary judgment, inviting the possible prolongation of this litigation, whether in this Court or in any potential appeal.  The Court should therefore grant the Federal Defendants' motion.[2]

## BACKGROUND

This Court is familiar with the underlying facts that gave rise to this litigation, as well as its procedural history.  For purposes of this motion, the Federal Defendants present a summary of relevant events.

Reflecting nearly a decade of efforts to carry out a reform of export regulations and pursuant to a "comprehensive review" of the U.S. export control system, the Government has undertaken an Export Control Reform Initiative ("ECRI") that was proposed in April 2010,[3] and facilitated by Executive Order No. 13,637, 78 Fed. Reg. 16,129 (Mar. 8, 2013).  By January 20, 2017, this export reform process had been completed for U.S. Munitions List ("USML") categories IV through XX.  On May 24, 2018, the Departments of State and

---

[2] The Federal Defendants conferred with counsel for Plaintiffs and the Private Defendants on November 14, 2018.  Plaintiffs oppose the relief requested in this motion.  The Private Defendants do not agree to the preliminary injunction's continuation during a stay or otherwise; apart from that, the Private Defendants would agree to stay all other proceedings, including discovery.

[3] *See* Fact Sheet on the President's Export Control Reform Initiative (Apr. 20, 2010), https://obamawhitehouse.archives.gov/the-press-office/factsheet-presidents-export-control-reform-initiative

FEDERAL DEFENDANTS' MOTION TO STAY PROCEEDINGS - 1
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

Commerce each issued a notice of proposed rulemaking ("NPRM"), in which the Government proposed amending the International Traffic in Arms Regulations ("ITAR") "to revise Categories I (firearms, close assault weapons and combat shotguns), II (guns and armament) and III (ammunition and ordnance) of the [USML] to describe more precisely the articles warranting export and temporary import control on the USML." 83 Fed. Reg. 24,198, 24,198 (May 24, 2018); *see also* 83 Fed. Reg. 24,166 (May 24, 2018).  Although the Department of State "has long taken the position that controlling the temporary import and export of defense articles and services is a foreign affairs function of the U.S. government, and that rules implementing this function are exempt from sections 553 (rulemaking) and 554 (adjudications) of the Administrative Procedure Act (APA)," Decl. of Sarah J. Heidema, ECF No. 64-1, ¶ 18 (citing 22 C.F.R § 128.1), the Government accepted public comments on the NPRMs until July 9, 2018, 83 Fed. Reg. at 24,198.  The Department of State "received more than 3,500 comments in response to the NPRM, including comments related to 3D-printed firearms." Heidema Decl. ¶ 23.  If the NPRM is finalized as contemplated, the items removed from the USML would no longer be subject to the ITAR's authorization requirements, i.e., no license from the Department of State would be required for their export.  *See* Heidema Decl. ¶ 21 (citation omitted); *see generally* 83 Fed. Reg. at 24,198.

Shortly before the public comment period closed, the Government entered into a settlement agreement in the matter of *Defense Distributed v. Department of State*, No. 15-cv-50759 (W.D. Tex.).  *See* Heidema Decl. ¶ 21; *see also* Settlement Agreement, attached as Exhibit A to Heidema Decl., ECF No. 64-1.  Pursuant to the parties' settlement agreement in *Defense Distributed*, the Government agreed in part to announce, on or before July 27, 2018, "a temporary modification, consistent with the . . . (ITAR), 22 C.F.R. § 126.2, of USML Category I to exclude the technical data that is the subject of the Action."  Settlement Agreement at 1-2.  Additionally, the Government agreed to issue "a letter to Plaintiffs [in *Defense Distributed*] on or before July 27, 2018, signed by the Deputy Assistant Secretary for Defense Trade Controls, advising that the Published Files, Ghost Gunner Files, and CAD Files are approved for public release (i.e., unlimited distribution) in any form and are exempt from the export licensing

FEDERAL DEFENDANTS' MOTION TO STAY PROCEEDINGS - 2
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

requirements of the ITAR because they satisfy the criteria of 22 C.F.R. § 125.4(b)(13). . . ." *Id.*
at 2.  The Government complied with its settlement obligations.  Heidema Decl. ¶¶ 27, 29.

On July 30, 2018, Plaintiffs—a coalition of States and the District of Columbia—filed
the instant action against, *inter alia*, the Department of State, the Secretary of State, DDTC, and
Defense Distributed.  Compl. for Decl. & Inj. Relief, ECF No. 1.  Plaintiffs challenge not the
Government's decision to enter into a settlement agreement, but rather the actions taken
pursuant to that agreement—namely the Federal Defendants' announcement of the temporary
modification and issuance of a letter to Plaintiffs in *Defense Distributed*—alleging that those
actions violate the Administrative Procedure Act and Tenth Amendment.  First Am. Compl. for
Decl. & Inj. Relief, ECF No. 29 ("Am. Compl."), ¶¶ 218-47; *see also* Joint Status Report &
Discovery Plan, ECF No. 110, at 2 ("The Plaintiff States challenge certain regulatory actions
pursuant to the Administrative Procedure Act, and also assert a claim under the Tenth
Amendment based on the same facts."); Pls.' Opp. to Private Defs.' Mot. for Judgement on the
Pleadings, ECF No. 119, at 13 ("This case is a discrete procedural challenge to the July 27,
2018 Temporary Modification and Letter that did not become ripe until after the Texas case
had settled."); Tr. of Aug. 21 Oral Argument at 46-47 ("We're not attacking the settlement
agreement itself.").  On July 30, 2018, Plaintiffs moved for a temporary restraining order
against Defendants, Mot. for Temporary Restraining Order, Dkt. No. 2, which the Court
granted on July 31, 2018, ECF. No. 23, and converted to a preliminary injunction on August
27, 2018, ECF No. 95.  Pursuant to the preliminary injunction issued by the Court, the
Government is enjoined from "implementing or enforcing the 'Temporary Modification of
Category I of the United States Munitions List' and the letter to Cody R. Wilson, Defense
Distributed, and the Second Amendment Foundation issued by the U.S. Department of State on
July 27, 2018," and the Federal Defendants must "preserve the status quo *ex ante* as if the
modification had not occurred and the letter had not been issued until further order of the
Court."  Prelim. Inj., ECF No. 95, at 25.  Neither the Federal Defendants nor the Private
Defendants have filed a notice of appeal regarding the preliminary injunction.

FEDERAL DEFENDANTS' MOTION TO STAY PROCEEDINGS - 3
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

1

2

3

4

5

6

7

8

9

10

11

12

13

On November 7, 2018, the Departments of State and Commerce provided final rules to the Office of Information and Regulatory Affairs ("OIRA") within the Office of Management and Budget ("OMB") for regulatory review, as required by Executive Order 12,866. *See* https://www.reginfo.gov/public/do/eoDetails?rrid=128623 (noting status of Department of State rule); https://www.reginfo.gov/public/do/eoDetails?rrid=128620 (noting status of Department of Commerce rule). Once OIRA has completed its review of the rules, the Department of State will provide its rule to the Committee on Foreign Affairs of the House of Representatives and the Senate Committee on Foreign Relations for a 30-day informal review. In the event the final rule effectuates a removal of items from the ITAR, prior to publication, the Department of State will provide these Committees formal 30-day notice in accordance with section 38(f) of the AECA, 22 U.S.C. § 2778(f). Although many internal and external factors may affect the timeline, the Departments of State and Commerce currently anticipate publishing final rules as early as February 2019, with an effective date likely 45 days thereafter.

14

## ARGUMENT

15

16

17

18

19

20

21

22

23

24

The Supreme Court has held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Although the Federal Rules of Civil Procedure do not specifically set forth a procedure for seeking a limited stay, Rule 1 states that the purpose of the Federal Rules is "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. To advance the purposes "mandated by Rule 1," a district court should consider a motion to stay particularly when doing so will "maximize the effective utilization of judicial resources." *See* 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 (3d ed. 2006).

25

26

27

28

Among the "competing interests" for the Court to consider in deciding whether to grant a stay are "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of

FEDERAL DEFENDANTS' MOTION TO STAY PROCEEDINGS - 4
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

law which could be expected to result from a stay." *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted); *see also, e.g.*, *Knapp v. Reid*, No. 15-cv-1769, 2016 WL 561734, at *2 (W.D. Wash. Feb. 12, 2016) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  Further, the Ninth Circuit has long recognized that a district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (Kennedy, J.); *see also, e.g.*, *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (concluding district court did not abuse its discretion by staying case pending the results of a related arbitration).  Indeed, the Ninth Circuit has specifically recognized the propriety of a stay "pending resolution of independent proceedings which bear upon the case," when, as here, the "separate proceedings are . . . administrative . . . in character." *Leyva*, 593 F.2d at 863-64.  Just such separate and independent proceedings that "bear upon the case" are underway at the administrative level here.  Indeed, depending upon the substance of the final rules, it is possible that the issuance of the rules may render this proceeding moot.  In light of the ongoing administrative proceedings, and because the other conditions necessary to issue a stay are satisfied, a four-month stay should be granted.

## A.     Administrative Proceedings That Bear Upon This Case Are Underway

As explained above, the Department of State is preparing a final rule that directly implicates the actions taken by the Federal Defendants pursuant to their settlement obligations in *Defense Distributed*.  *See* Heidema Decl. ¶ 21; *see also* Settlement Agreement.  Specifically, the final rule pertains to the Government's consideration of whether to remove from Category I of the USML certain non-automatic and semi-automatic firearms, as well as their components, parts, accessories, attachments, and related technical data.  *See* Heidema Decl. ¶ 21; *see also* 83 Fed. Reg. at 24,198.  Such technical data includes that at issue in *Defense Distributed*.  *See generally* Settlement Agreement.  Regardless of the policy decision ultimately reflected in the final rule, it is likely to affect the relief requested here by Plaintiffs, which includes a request for declaratory and injunctive relief related to the temporary modification announcement and

FEDERAL DEFENDANTS' MOTION TO STAY PROCEEDINGS - 5
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

letter to the *Defense Distributed* plaintiffs.  Am. Compl., Prayer for Relief, at 73-74.  If the rule is finalized as proposed, the Department of State will provide notice to Congress, and the rule will overtake the announcement and letter as a basis for the Private Defendants to publish the technical data at issue in *Defense Distributed*, *see* Heidema Decl. ¶ 21, rendering the case moot. *See Tillett v. Bureau of Land Mgmt.*, 586 F. App'x 394 (9th Cir. 2014) (holding case is moot where "the district court could no longer provide any meaningful relief" (citing *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005)); *see also* Prelim. Inj. at 13 (finding Plaintiffs were likely to succeed on the basis of their APA because "the temporary modification of the USML to allow immediate publication of the previously regulated CAD files constitutes the removal of one or more items from the USML without the required Congressional notice").  Similarly, if the final rule does not effectuate a transfer of jurisdiction, the final rule may nevertheless alter or clarify the issues before the Court.  Indeed, Plaintiffs themselves have acknowledged the role that the final rule may play in this litigation: "The Plaintiff States believe that in addition to the administrative record regarding the agency actions challenged in their Amended Complaint, the administrative record related to any final rule that will affect the regulation of the Subject Files may also become relevant to this case."  Joint Status Report at 4.

Thus the most efficient course is to suspend litigation proceedings for a limited, four-month period, until the rulemaking has concluded, at which point the litigation can resume with the full benefit of the agencies' consideration of an issue likely to be a focus of dispositive motion practice.  So that the Court remains apprised of the Federal Defendants' efforts, the Federal Defendants are willing to submit periodic reports to the Court advising of the status of the final rule while the rulemaking process is underway.  Further, if the Federal Defendants complete the rulemaking earlier than anticipated, they will move the Court at that time to lift the stay and recommence litigation proceedings.

**B.       Granting A Stay Would Not Lead To Any Potential For Harm**

Granting the requested stay would sustain the status quo for a relatively brief period, and would not lead to any "possible damage," *Lockyer*, 398 F.3d at 1110, whether to Plaintiffs

FEDERAL DEFENDANTS' MOTION TO STAY PROCEEDINGS - 6
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

or other entities not party to this litigation.  A stay would instead merely preserve the current posture, leaving in place the preliminary injunction entered by the Court.  That injunction enjoins the Government from "implementing or enforcing the 'Temporary Modification of Category I of the United States Munitions List' and the letter to Cody R. Wilson, Defense Distributed, and the Second Amendment Foundation issued by the U.S. Department of State on July 27, 2018," and further requires the Federal Defendants to "preserve the status quo *ex ante* as if the modification had not occurred and the letter had not been issued until further order of the Court."  Prelim. Inj. at 25.  That is, the Federal Defendants have been enjoined from implementing the precise actions that are the subject of Plaintiffs' Amended Complaint, and Plaintiffs suffer no prejudice from maintaining an injunction that burdens only the Defendants.

Moreover, the Federal Defendants note that neither they nor the Private Defendants have appealed the Court's preliminary injunction to the Ninth Circuit.  Accordingly, that injunction will remain in place until final judgment, obviating the need for immediate resolution of motions pertaining to either the administrative record or to summary judgment. *See* Case Management Order, ECF No. 115, at 2 (setting deadline for "motions related to the adequacy of the administrative record or discovery disputes" for November 15, 2018, with briefing on summary judgment to begin February 15, 2019).

Indeed, rather than harming any party, granting a stay would benefit all parties because it would allow them to proceed to dispositive briefing after the Department of State has finalized its rulemaking, and after the Federal Defendants are in position to describe the outcome of this rulemaking to the Court if necessary.  Proceeding to decide motions while the rulemaking is underway, but not yet complete, would raise the possibility of duplicative motion practice and increased costs were that rulemaking to necessitate subsequent litigation.

### C.    The Orderly Course Of Litigation Favors A Stay

Absent a stay, motion practice would commence in relatively short order and would be based on the present administrative record, even while the Department of State is proceeding with its rulemaking efforts that directly bear on the issues here.  Depending on when the rule is published and takes effect, the outcome of that rulemaking may occur while the parties are

FEDERAL DEFENDANTS' MOTION TO STAY PROCEEDINGS - 7
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

briefing motions on the completeness of the current record or for summary judgment or, potentially, following a ruling by the Court.  To the extent the Department of State's rulemaking is ultimately material to the viability of Plaintiffs' claims in this case, any dispute over the Federal Defendants' actions should thus be heard after that rule is published. Substantial inconvenience and inefficiency would otherwise result, with the prospect of both the Court and parties unnecessarily expending resources litigating a case that will be overtaken by events.  This potential can be readily avoided by granting a four-month stay, and allowing the litigation to recommence in orderly fashion thereafter.  *See Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094, 1096 (E.D. Cal. 2008) (staying case in light of pending agency rulemaking "that may affect portions of Plaintiff's claims" because failure to do so would "waste party and judicial resources").

## CONCLUSION

For the foregoing reasons, the Federal Defendants' motion to stay should be granted and all proceedings in this case should be stayed for a four-month period.

FEDERAL DEFENDANTS' MOTION TO STAY PROCEEDINGS - 8
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

Dated:  November 15, 2018                  Respectfully submitted,

                                           JOSEPH H. HUNT
                                           Assistant Attorney General

                                           ANNETTE L. HAYES
                                           Acting United States Attorney

                                           KERRY KEEFE
                                           Civil Chief

                                           JOHN R. GRIFFITHS
                                           Director, Federal Programs Branch

                                           ANTHONY J. COPPOLINO
                                           Deputy Director, Federal Programs Branch

                                           */s/ Stuart J. Robinson*
                                           STUART J. ROBINSON
                                           STEVEN A. MYERS
                                           Trial Attorneys
                                           U.S. Department of Justice
                                           Civil Division, Federal Programs Branch
                                           450 Golden Gate Ave.
                                           San Francisco, CA 94102
                                           (415) 436-6635 (telephone)
                                           (415) 436-6632 (facsimile)
                                           stuart.j.robinson@usdoj.gov

                                           *Attorneys for Federal Defendants*

FEDERAL DEFENDANTS' MOTION TO STAY PROCEEDINGS - 9
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

1

## **CERTIFICATE OF SERVICE**

2

3        I hereby certify that on November 15, 2018, I electronically filed the foregoing motion

4   using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of

5   record.

6

7   Dated: November 15, 2018                    */s/ Stuart J. Robinson*
                                                 Stuart J. Robinson

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

1                                                        The Honorable Robert S. Lasnik

2

3

4

5                         UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
6                                    AT SEATTLE

7    STATE OF WASHINGTON, et al.,              )    No. 2:18-cv-1115-RSL
                                               )
8            Plaintiffs,                        )    **FEDERAL DEFENDANTS'**
                            v.                  )    **MOTION TO STAY**
9                                               )    **PROCEEDINGS PENDING**
     UNITED STATES DEPARTMENT OF                )    **PUBLICATION OF FINAL**
10   STATE, et al.,                             )    **AGENCY RULEMAKING**
                                               )
11           Defendants.                        )    **NOTED FOR: Dec. 21, 2018**
     _____)

12

13                              **[PROPOSED] ORDER**

14           This matter comes before the Court on the Federal Defendants' Motion to Stay

15   Proceedings Pending Publication of Final Agency Rulemaking.  Upon consideration of the

     Federal Defendants' motion and of all materials submitted in relation thereto, it is hereby
16
             ORDERED that the Federal Defendants' motion is GRANTED.  It is further
17
             ORDERED that all proceedings in this case are hereby STAYED for four months.
18

19           IT IS SO ORDERED.

20
     Date:_____        _____
21                                                       ROBERT S. LASNIK
                                                       United States District Judge
22

23

24

                                               1