1                  The Honorable Robert S. Lasnik

2

3

4

5

6             **UNITED STATES DISTRICT COURT**
            **WESTERN DISTRICT OF WASHINGTON**

7                     **AT SEATTLE**

8   STATE OF WASHINGTON; STATE OF      NO. 2:18-cv-01115-RSL
    CONNECTICUT; STATE OF MARYLAND;

9   STATE OF NEW JERSEY; STATE OF NEW    PLAINTIFF STATES' MOTION TO
    YORK; STATE OF OREGON;                SUPPLEMENT THE

10   COMMONWEALTH OF MASSACHUSETTS;    ADMINISTRATIVE RECORD
    COMMONWEALTH OF PENNSYLVANIA;

11   DISTRICT OF COLUMBIA; STATE OF      **NOTE FOR CONSIDERATION:**
    CALIFORNIA; STATE OF COLORADO;      **DECEMBER 21, 2018[1]**

12   STATE OF DELAWARE; STATE OF HAWAII;
    STATE OF ILLINOIS; STATE OF IOWA;

13   STATE OF MINNESOTA; STATE OF NORTH
    CAROLINA; STATE OF RHODE ISLAND;

14   STATE OF VERMONT and
    COMMONWEALTH OF VIRGINIA,

15

                 Plaintiffs,

16       v.

17   UNITED STATES DEPARTMENT OF STATE;
    MICHAEL R. POMPEO, in his official capacity

18   as Secretary of State; DIRECTORATE OF
    DEFENSE TRADE CONTROLS; MIKE

19   MILLER, in his official capacity as Acting Deputy
    Assistant Secretary of Defense Trade Controls;

20   SARAH HEIDEMA, in her official capacity as
    Director of Policy, Office of Defense Trade

21   Controls Policy; DEFENSE DISTRIBUTED;
    SECOND AMENDMENT FOUNDATION, INC.;

22   AND CONN WILLIAMSON,

23               Defendants.

24

        [1] *See* Dkt. # 115 (Case Management Order) at p. 2, n.1.

PLAINTIFF STATES' MOTION TO         i
SUPPLEMENT THE ADMINISTRATIVE
RECORD
2:18-cv-01115-RSL

## I.    INTRODUCTION

This lawsuit challenges two highly unusual administrative actions: a "Temporary Modification" removing from the United States Munitions List computer files for the automatic production of 3D-printed firearms, and a Letter approving such files for "unlimited distribution." The Temporary Modification and Letter are not the fruits of a public rulemaking process, but were "based on a settlement of litigation"[2] with the Private Defendants in the matter of *Defense Distributed v. U.S. Dep't of State*, Case No. 15-cv-372-RP (W.D. Tex.)—absent any formal published rule, and as a *fait accompli* before the comment period in a related rulemaking effort had closed. The settlement agreement marked a reversal of the Federal Defendants' previous position (held as recently as April 6, 2018) that 3D-printed gun files are subject to export control and that the government had a "very strong public interest" in preventing their dissemination online for reasons of "national defense and national security."[3]

The Federal Defendants claim the Temporary Modification and Letter were part of a broad regulatory reform effort that began in 2010.[4] But that is belied by the sudden 180-degree reversal of position, and is unsupported by anything in the filed Administrative Record (Dkt. # 116). The filed record contains *no* documents that could conceivably support the 2018 reversal, and *no* documents explaining or substantiating the *post hoc* assertions in the Declaration of Sarah Heidema on which the Federal Defendants relied at the preliminary injunction phase. Rather, the filed record consists mostly of thousands of formulaic public comments opposing an unrelated 2015 proposed rule that never went into effect. The filed record also contains scant, cherry-picked portions of the record in the Texas case and Fifth Circuit appeal, but excludes key briefing

---

[2] Dkt. # 49 (Fed. Defs' Opp. to Mot. to Compel Production of Admin. Record) at p. 5.
[3] Dkt. # 44-1, Ex. 4 (Government's Mot. to Dismiss) at pp. 6–7.
[4] *See* Dkt. # 64 (Fed. Defs' Opp. to Mot. for PI) at p. 5, n.1.

PLAINTIFF STATES' MOTION TO
SUPPLEMENT THE ADMINISTRATIVE
RECORD
2:18-cv-01115-RSL

1

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1 and evidence from those proceedings, as well as other information related to the State

2 Department's multiple years of "consistent[] and reasonabl[e]"[5] regulation of 3D-printed gun

3 files. The filed record does not even include records related to the Federal Defendants' own

4 commodity jurisdiction (CJ) determination on the very files at issue.

5      The Plaintiff States request that the Court order the Federal Defendants to supplement

6 the filed record to include *all* documents on which they directly or indirectly relied in deciding

7 to deregulate 3D-printed gun files—including documents related to the settlement of the Texas

8 case; all substantive briefing, orders, and record evidence in that case; all documents related to

9 the CJ determinations regarding Defense Distributed's files; any other missing parts of the record

10 before the decisionmakers; and a privilege log. Judicial review must be based on the "whole"

11 record—not just the cherry-picked portions the agency likes best.

12      **II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

13 **A.    Overview of the Challenged Agency Actions**

14      The States challenge the Federal Defendants' "Temporary Modification"[6] removing

15 Defense Distributed's files and a broad range of "Other Files" from the U.S. Munitions List, as

16 well as their Letter[7] advising that Defense Distributed's files were "approved for public release

17 (i.e., unlimited distribution)" and exempt from export regulation. The States allege that these

18 two actions are invalid under the Administrative Procedure Act (APA) because they are *ultra*

19 *vires*, contrary to law, and arbitrary and capricious.[8]

20 **B.    History of the Government's Regulation and Deregulation of the Files**

21      In late 2012, Defense Distributed posted online certain Computer Aided Design (CAD)

22

23     [5] Dkt. # 44-1, Ex. 4, at p. 7.
    [6] Dkt. # 29-1, Ex. 7 (Temporary Modification of Category I of the United States Munitions List).
    [7] Dkt. # 44-1, Ex. 7 (Letter dated July 27, 2018).

24     [8] Dkt. # 29 (FAC) ¶¶ 218–240.

PLAINTIFF STATES' MOTION TO
SUPPLEMENT THE ADMINISTRATIVE
RECORD
2:18-cv-01115-RSL

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

| | |
|---|---|
| 1 | files that could be used to automatically manufacture the "Liberator" pistol and other 3D-printed |
| 2 | weapons.[9] A letter from the State Department's Directorate of Defense Trade Controls |
| 3 | enforcement division prompted Defense Distributed to take down the files and initiate several |
| 4 | CJ procedures pursuant to 22 C.F.R. § 120.4, which ultimately determined that some but not all |
| 5 | of the files were subject to export control regulation.[10] Defense Distributed sued the government, |
| 6 | claiming that the CJ procedures and prior authorization requirement were unlawful. *Defense* |
| 7 | *Distributed v. U.S. Dep't of State*, Case No. 15-cv-372-RP (W.D. Tex.). |
| 8 | Defense Distributed moved for a preliminary injunction in the Texas case, which the |
| 9 | government opposed on the grounds that posting the files online "could cause serious harm to |
| 10 | U.S. national security and foreign policy interests," as described at length in the declaration of |
| 11 | then-Director of the Office of Defense Trade Controls Management, Lisa V. Aguirre.[11] The |
| 12 | district court denied Defense Distributed's motion, and the Fifth Circuit affirmed.[12] |
| 13 | On April 6, 2018, the government moved to dismiss Defense Distributed's lawsuit, |
| 14 | reiterating that what was at stake was its "ability to control the export of weapons – a system of |
| 15 | laws and regulations that seeks to ensure that articles useful for warfare or terrorism are not |
| 16 | shipped from the United States to other countries (or otherwise provided to foreigners) without |
| 17 | authorization, where, beyond the reach of U.S. law, they could be used to threaten U.S. national |
| 18 | security, U.S. foreign policy interests, or international peace and stability."[13] |
| 19 | By April 20, 2018, the government had reached a settlement with Defense Distributed, |
| 20 | pursuant to which it reversed its position on 3D-printed gun files and agreed to pursue a |
| 21 | |
| 22 | [9] Dkt. # 43 (Mot. for PI) at pp. 2–3; Dkt. # 64 (Fed. Defs' Opp.) at p. 4; Dkt. # 95 (Order) at p. 3.<br>[10] Dkt. # 43 at pp. 3, 15; Dkt. # 64 at p. 4; Dkt. # 95 at p. 4. |
| 23 | [11] Dkt. # 29-1, Ex. 4 (Aguirre Decl.); Dkt. # 43 at pp. 3, 15–16; Dkt. # 44-1, Ex. 3 (Govt Opp. to Mot. for PI); Dkt. # 95 at pp. 4–5. |
| 24 | [12] Dkt. # 95 at p. 5.<br>[13] *Id.* at 5–6 (citing *Defense Distributed v. U.S. Dep't of State*, C15-0372RP, Dkt. # 92 at p. 1 (W.D. Tex)). |

PLAINTIFF STATES' MOTION TO
SUPPLEMENT THE ADMINISTRATIVE
RECORD
2:18-cv-01115-RSL

3

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

rulemaking effort to narrow Category I of the Munitions List, and in the meantime, to enact the Temporary Modification and issue the Letter permitting the files to be published online immediately.[14] On May 24, 2018, the State and Commerce Departments published two notices of proposed rulemaking (NPRM) in the Federal Register, proposing to remove all non-automatic firearms up to .50 caliber and related "technical data" from Category I, and to exempt technical data posted online from any regulation.[15] The stated purpose was to loosen regulation of firearms "widely available for commercial sale."[16] Neither NPRM mentions 3D-printed firearm files.[17]

The settlement agreement was signed on June 29, but was not made public until July 10, 2018—one day after the NPRM comment period closed.[18] On July 27, 2018, the Directorate published the Temporary Modification and issued the Letter,[19] prompting this lawsuit.

Even though the NPRM did not mention 3D-printed gun files, many public comments made by July 9 expressed concern that removing small-caliber firearms from the Munitions List would remove 3D-printed firearm files from the State Department's jurisdiction entirely.[20]

## C.    Relevant Procedural History in This Case

On July 30, 2018, the Plaintiff States filed their complaint and a motion for a temporary restraining order (TRO) in this case, seeking to enjoin the Federal Defendants from implementing or enforcing the Temporary Modification and Letter.[21] On July 31, 2018, the Court issued a TRO, and the Federal Defendants represented that they complied by removing the Temporary Modification from the Directorate's website and rescinding the Letter.[22]

---

[14] Dkt. # 95 at p. 6; Dkt. # 43 at p. 4; Dkt. # 64 at pp. 5–6.
[15] 83 Fed. Reg. 24,198 (May 24, 2018); 83 Fed. Reg. 24,166 (May 24, 2018).
[16] 83 Fed. Reg. 24,198 (May 24, 2018).
[17] 83 Fed. Reg. 24,198 (May 24, 2018); 83 Fed. Reg. 24,166 (May 24, 2018).
[18] Dkt. # 95 at p. 7; Dkt. # 43 at pp. 4–5.
[19] Dkt. # 95 at p. 7.
[20] *See* https://www.regulations.gov/docket?D=DOS-2017-0046.
[21] Dkt. ## 1, 2. The States amended their complaint on August 2, 2018. Dkt. # 29.
[22] Dkt. # 23 (Order); Dkt. # 43 at p. 5, n.19.

PLAINTIFF STATES' MOTION TO
SUPPLEMENT THE ADMINISTRATIVE
RECORD
2:18-cv-01115-RSL

4

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    On August 7, 2018, the States moved to compel production of the administrative record

2    on an expedited basis so that the Court could consider it in adjudicating their motion to convert

3    the TRO to a preliminary injunction.[23] In opposing the motion, the Federal Defendants described

4    the administrative record as being "based on a settlement of litigation, which in turn occurred in

5    the context of a nearly decade-long effort to comprehensively reform export regulations," citing

6    a 2010 White House "Fact Sheet" which explains that a key goal of the reform effort was to

7    "enhance U.S. national security" by updating the Cold War-era export control system.[24]

8    On August 13, 2018, the Court ruled that "[t]he record of the decision-making process

9    that led to the temporary and/or permanent revision of the United States Munitions List . . . to

10   allow the distribution instructions for the automated production of 3-D printed weapons is

11   undoubtedly relevant to plaintiffs' argument that the decision was arbitrary and capricious," but

12   declined to order its production on an expedited basis.[25] On August 27, 2018, the Court issued a

13   preliminary injunction, noting that rather than producing the administrative record, the Federal

14   Defendants relied on the August 15, 2018 Declaration of Sarah Heidema "to explain how and

15   why the decision was made to reverse the CJ determination regarding the CAD files at issue."[26]

16   **D.     The Filed Administrative Record**

17   The Administrative Record filed by the Federal Defendants contains no information

18   related to the Directorate's enforcement efforts regarding 3D-printed gun files, Defense

19   Distributed's CJ requests, or the CJ determinations.[27] It contains almost no documents

20   from 2018, when the challenged agency decisions were made, such as communications or other

21

22   _____

23   [23] Dkt. # 34.
     [24] Dkt. # 48 at p. 5 & n.1.
     [25] Dkt. # 52 (Order) at p. 1.
     [26] Dkt. # 95 (Order) at p. 13, n.7 (citing Dkt. # 64-1 (Heidema Decl.)).
24   [27] *See generally* Declaration of Jennifer D. Williams (J. Williams Decl.); Dkt. # 116 (Admin. Record).

PLAINTIFF STATES' MOTION TO             5             ATTORNEY GENERAL OF WASHINGTON
SUPPLEMENT THE ADMINISTRATIVE                              800 Fifth Avenue, Suite 2000
RECORD                                                       Seattle, WA 98104-3188
2:18-cv-01115-RSL                                                 (206) 464-7744

documents related to the settlement of the Texas case, or any other documents relating to or explaining the Temporary Modification and Letter (other than near-final drafts of those documents).[28] It contains no privilege log or other record of withheld documents.[29]

The filed record includes some portions of the record in the Texas case—the district court's order denying the preliminary injunction, the Fifth Circuit's opinion upholding the denial, and four of the seven amicus briefs filed on appeal—but it excludes the parties' trial and appellate briefing, record evidence from those proceedings such as the Aguirre Declaration and its exhibits, and documents related to the CJ determinations.[30] It includes a 2015 NPRM proposing a new definition of "technical data" that never went into effect, along with thousands of comments opposing the 2015 NPRM (but none in favor)—but it excludes the published NPRMs from May 2018 and all comments on the 2018 NPRMs.[31]

## III.   ARGUMENT

### A.   Legal Standard

Judicial review of an agency decision "is based on the administrative record and the basis for the agency's decision must come from the record." *Ass'n of Irritated Residents v. E.P.A.*, 790 F.3d 934, 942 (9th Cir. 2015). Review is based on "the whole record." 5 U.S.C. § 706. The "whole" record "consists of all documents and materials directly or *indirectly* considered by the agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). "[T]he whole record is not necessarily those documents that the agency has compiled and submitted as 'the' administrative record; the court must look to all the evidence that was before the decision-making body." *Pub. Power*

---

[28] *See generally* J. Williams Decl.; *id.* ¶¶ 4(13), 4(14).
[29] *See generally* J. Williams Decl.
[30] *See id.*
[31] J. Williams Decl. ¶¶ 4(4), 4(16); *compare* 80 Fed. Reg. 31,534 (2015 proposed definition of "technical data" in 22 C.F.R. § 120.10) *with* 22 C.F.R. § 120.10 (current version).

PLAINTIFF STATES' MOTION TO
SUPPLEMENT THE ADMINISTRATIVE
RECORD
2:18-cv-01115-RSL

6

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1   *Council v. Johnson*, 674 F.2d 791, 794 (9th Cir. 1982) (internal quotation marks omitted). "An

2   incomplete record must be viewed as a fictional account of the actual decisionmaking process."

3   *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993).

4          Furthermore, "certain circumstances may justify expanding review beyond the record or

5   permitting discovery." *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988).

6   Courts may consider extra-record evidence when, *inter alia*: (1) admission is necessary to

7   determine whether the agency has considered all relevant factors and has explained its decision;

8   (2) the agency has relied on documents not in the record; or (3) plaintiffs make a showing of

9   agency bad faith. *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir.

10  2014); *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). "These limited exceptions

11  operate to identify and plug holes in the administrative record." *Lands Council*, 395 F.3d at 1030.

12  **B.      The Federal Defendants Failed to Provide the Whole Administrative Record**

13          **1.      The filed Administrative Record excludes final versions of key documents**

14          The filed record contains only non-final versions of the settlement agreement,

15  2018 NPRM, Temporary Modification, and Letter. *See* J. Williams Decl. ¶¶ 4(11), (13)–(15). To

16  the extent judicial review would be "effectively frustrate[d]" by the absence of the final,

17  operative versions of these documents, they should be included in the filed record. *Animal Def.*

18  *Council*, 840 F.2d at 1436. Further, as discussed below, the filed record also excludes many key

19  documents entirely, such as records of the CJ procedures and filings in the Texas case.

20          **2.      The filed record contains no meaningful settlement-related documents**

21          The Federal Defendants acknowledge that their reversal of position on 3D-printed gun

22  files was "based on a settlement of litigation," and the evidence strongly suggests that they made

23  this decision sometime in April 2018—after the Federal Defendants moved to dismiss the Texas

24  case, and before they reached a settlement a few weeks later. Yet the filed record contains *no*

PLAINTIFF STATES' MOTION TO
SUPPLEMENT THE ADMINISTRATIVE
RECORD
2:18-cv-01115-RSL

7

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    *documents whatsoever* from that critical time period, leaving the States and the Court unable to

2    evaluate the basis for the reversal and determine whether it was arbitrary and capricious.[32] The

3    only documents in the filed record that appear to be from 2018 are the not-quite-final versions

4    of the settlement agreement, NPRM, Temporary Modification, and Letter referenced above.

5          It is impossible to know exactly what settlement-related documents have been improperly

6    excluded from the filed record, but they almost certainly include communications between the

7    Federal and Private Defendants during their negotiations. Naturally, any communications and

8    documents exchanged with the Private Defendants are not privileged, since they were not

9    maintained in confidence. *See, e.g.*, *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114,

10    1117 (9th Cir. 1988) (deliberative process privilege protects government consultative functions

11    by "maintaining the confidentiality" of intra-agency documents); Greenwald *et al.*, 1 Testimonial

12    Privileges § 1:82 (3d ed.) ("To become privileged, a communication must be made in confidence.

13    To stay privileged, the communication must remain confidential.").

14          To the extent the Federal Defendants are withholding any settlement-related or other

15    documents on grounds of privilege, they should be required to submit a privilege log. While the

16    Ninth Circuit has not definitively established when agency production of a privilege log is

17    required or appropriate, it recently held that requiring a privilege log was not clear error and

18    observed that "many district courts within this circuit have required a privilege log and *in camera*

19    analysis of assertedly deliberative materials in APA cases." *In re United States*, 875 F.3d 1200,

20    1210 (9th Cir. 2017), *vacated on other grounds*, 138 S. Ct. 443 (2017); *see also, e.g.*, *S.F. Bay*

21    *Conservation & Dev. Comm'n v. U.S. Army Corps of Eng'rs*, No. 16-cv-05420-RS(JCS), 2018

22    WL 3846002, at \*6–7 (N.D. Cal. Aug. 13, 2018). Notably, the Federal Defendants' Certification

23

24

---

[32] *See generally* J. Williams Decl.; *see* Dkt. # 95 at pp. 16–18; Dkt. # 43 at pp. 15–17.

PLAINTIFF STATES' MOTION TO
SUPPLEMENT THE ADMINISTRATIVE
RECORD
2:18-cv-01115-RSL

8

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

of the Administrative Record includes a wildly overbroad definition of "privileged documents," incorrectly asserting that this category includes all "documents in draft format" and all "recommendation memoranda"—evidently regardless of whether they are privileged communications or work product. Dkt. # 116 (Certification) ¶ 4. A privilege log that complies with Rule 26(b)(5)(A) is necessary to determine whether any withheld documents are actually privileged. Indeed, it is especially necessary here because the State Department has placed potentially privileged documents directly at issue by citing the Department of Justice's advice as the real reason for its reversal of position.[33] *Cf. Regents of the Univ. of Cal. v. U.S. Dep't of Homeland Sec.*, --- F.3d ----, 2018 WL 5833232, at *14 (9th Cir. Nov. 8, 2018) (examining substance of U.S. Attorney General's advice as evidence of true basis for agency action).

### 3. The filed record excludes other documents before the decision-making body

In addition to entirely excluding key settlement-related documents, the filed record contains only scant, cherry-picked portions of the record from the Texas case that plainly do not comprise "all the evidence that was before the decision-making body," *Pub. Power Council*, 674 F.2d at 794.[34] Conspicuously absent are:

- <u>The briefs filed at the trial and appellate levels in the Texas case</u>, including the Federal Defendants' 2018 motion to dismiss reflecting their pre-reversal position that 3D-printed gun files pose a national security threat and are subject to ITAR;[35]

- <u>Evidence submitted in the Texas proceedings</u>, including the 2015 Aguirre declaration describing the national and global security risks associated with disseminating the files online and attaching numerous exhibits;[36] and

- <u>Documents related to the 2015 CJ determinations</u>, which were at the heart of the Texas case and were attached to the Aguirre declaration.[37]

---

[33] Dkt. # 43 at p. 16; Dkt. # 35-1, Ex. A (July 31, 2018 State Department Press Briefing) at p. 4 of 19.

[34] The *only* records related to the Texas case in the filed record are a single order from the Texas district court; the Fifth Circuit's opinion; and four of the seven amicus briefs filed on appeal (all supporting Defense Distributed). J. Williams Decl. ¶ 4(9) and Ex. 1.

[35] Dkt. # 44-1, Ex. 4.

[36] Dkt. # 29-1, Ex. 4.

[37] Dkt. # 29-1, Ex. 4, Exs. 2–6.

PLAINTIFF STATES' MOTION TO
SUPPLEMENT THE ADMINISTRATIVE
RECORD
2:18-cv-01115-RSL

9

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

These missing documents are as much a part of the rulemaking record as the documents the Federal Defendants say they relied on directly. *See Pub. Power Council*, 674 F.2d at 794; *Thompson*, 885 F.2d at 555 (the "whole" record includes all documents "directly or *indirectly* considered"); *Trout Unlimited v. Lohn*, No. C05-1128C, 2006 WL 1207901, at *3 (W.D. Wash. May 4, 2006) ("documents that were *not* relied upon by a decisionmaker, or evidence relating to such documents and their non-consideration, have been held to be necessary elements of an administrative record").[38] This Court appropriately relied on many of these now-missing documents in issuing a permanent injunction. *See* Dkt. # 95 at pp. 3–6, 17–18, 20.

The Federal Defendants also cherry-picked public comments that support their position, while ignoring comments that are "contrary to the agency's position." *Thompson*, 885 F.2d at 555. The filed record contains thousands of public comments opposed to a 2015 NPRM that never became final, which proposed a revised definition of "technical data" for purposes of the Munitions List that never went into effect. But the filed record excludes the published *2018 NPRMs and* the thousands of public comments that were submitted in response. To be sure, not all comments on the 2018 NPRMs were before the Federal Defendants at the time they decided to settle the Texas case. But they are properly part of the record because the Federal Defendants have since sought to use the 2018 NPRM as a cloak for their covert deregulation of 3D-printed gun files.[39] Moreover, the comment period *had* closed by the time the Federal Defendants took the challenged administrative actions on July 27. If indeed the 2018 NPRM is at all relevant to the actions challenged here, the comments on the NPRM that were before the agency when it enacted the Temporary Modification and Letter are part of the "whole" administrative record.

---

[38] Alternatively, the Court should at least take judicial notice of and consider these documents as extra-record evidence, as they are documents the agency "has relied on" or that are "necessary to determine whether the agency has considered all relevant factors." *Locke*, 776 F.3d at 992.

[39] *See* Dkt. # 64 at pp. 6–7, 12, 22, 23.

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

4. **The filed record fails to substantiate the Heidema Declaration**

Courts may consider documents outside the filed record "when it appears the agency has relied on documents or materials not included in the record." *Animal Def. Council*, 840 F.2d at 1436. Review of agency action includes "those grounds upon which the record discloses that the agency's action was based." *Turlock Irrigation Dist. v. Fed. Energy Regulatory Comm'n*, 903 F.3d 862, 868 (9th Cir. 2018) (citations and internal markings omitted).

The Federal Defendants have defended their reversal of positon by asserting that they "determined" that the NPRM's proposed revision of Category I of the Munitions List "would not injure the national security interests of the United States," citing the Heidema Declaration they filed at the preliminary injunction phase of these proceedings. Dkt. # 64 (citing Heidema Decl. (Dkt. # 64-1) ¶ 19). The Heidema Declaration makes several unfounded assertions that find no basis in the filed record. *See, e.g.*, Dkt. # 64-1 ¶ 19 (stating that the 2018 NPRM was "informed by DoD's assessment that the items proposed for transfer are already commonly available"); ¶ 20 (stating that the items to be removed from the Munitions List are those "widely available for commercial sale"); ¶ 31 (stating that the State Department "requested and received concurrence from DoD . . . before sending the [L]etter"); *see generally* J. Williams Decl. (summarizing all documents in the filed record). In short, based on the filed record, there is still "no indication that the Department considered the unique properties of 3D plastic guns" when it authorized 3D-printed firearm files to be posted on the internet. Dkt. # 95 at p. 17.

The Federal Defendants cannot rely on the Heidema Declaration alone, since "[t]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985); *San Luis & Delta-Mendota Water Auth. v. Jewell*, 747 F.3d 581, 602 (9th Cir. 2014) (same). To the extent there are any contemporaneous records supporting the *post hoc* statements

PLAINTIFF STATES' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

11

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

in the Heidema Declaration regarding the basis for the Federal Defendants' "determination," they are part of the "whole" record and must be included.

**C.     Extra-Record Discovery May Be Warranted Based on Evidence of Bad Faith**

Should this motion be granted, the Plaintiff States respectfully reserve their right to seek discovery as needed to establish the record's completeness, if any question remains after supplementation. While the Court may not need to decide the issue if supplementation renders the record complete, the States note that agency bad faith may warrant extra-record discovery. *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977); *Pub. Power Council*, 674 F.2d at 795 (courts should "go beyond the agency record when agency bad faith is claimed"); *Portland Audubon Soc'y*, 984 F.2d at 1548 (upon a "showing of impropriety in the process" creating an "appearance of irregularity," courts should not rely on the "so-called 'record'" the agency filed). Even absent bad faith, when a "failure to explain agency action effectively frustrates judicial review, the court may 'obtain from the agency, either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary.'" *Animal Def. Council*, 840 F.2d at 1436 (quoting *Camp v. Pitts*, 411 U.S. 138, 143 (1973)).

Here, the process of deregulating 3D-printed gun files via a Temporary Modification and private Letter, with no advance notice and no opportunity for public comment, was "irregular" to say the least. The real reason for the Federal Defendants' actions remains unexplained by the deficient filed record as it currently stands. If any question as to the record's completeness or the reasons for the actions remains after supplementation, extra-record discovery may be warranted.

**IV.     CONCLUSION**

For the reasons above, the Plaintiff States respectfully request that the Court grant their motion and require the Federal Defendants to supplement the administrative record.

PLAINTIFF STATES' MOTION TO
SUPPLEMENT THE ADMINISTRATIVE
RECORD
2:18-cv-01115-RSL

12

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    DATED this 15th day of November, 2018.

2                                    ROBERT W. FERGUSON
                                     Attorney General
3
                                     */s/ Jeffrey Rupert*
4                                    JEFFREY RUPERT, WSBA #45037
                                     Division Chief
5                                    KRISTIN BENESKI, WSBA #45478
                                     Assistant Attorney General
6                                    TODD BOWERS, WSBA #25274
                                     Deputy Attorney General
7                                    JEFF SPRUNG, WSBA #23607
                                     ZACH JONES, WSBA #44557
8                                    Assistant Attorneys General
                                     JeffreyR2@atg.wa.gov
9                                    KristinB1@atg.wa.gov
                                     ToddB@atg.wa.gov
10                                   JeffS2@atg.wa.gov
                                     ZachJ@atg.wa.gov
11                                   *Attorneys for Plaintiff State of Washington*

12                                   GEORGE JEPSEN
                                     Attorney General of Connecticut
13
                                     */s/ Maura Murphy Osborne*
14                                   MAURA MURPHY OSBORNE, CT-19987
                                     Assistant Attorney General
15                                   Connecticut Office of Attorney General
                                     55 Elm St. P.O. Box 120
16                                   Hartford, CT 06141-0120
                                     Maura.murphyosborne@ct.gov
17                                   *Attorneys for Plaintiff State of Connecticut*

18                                   BRIAN E. FROSH
                                     Attorney General of Maryland
19
                                     */s/ Jeff Dunlap*
20                                   JEFF DUNLAP
                                     Assistant Attorneys General
21                                   Office of the Attorney General
                                     200 Saint Paul Place, 20th Floor
22                                   Baltimore, MD 21202
                                     jdunlap@oag.state.md.us
23                                   *Attorneys for Plaintiff State of Maryland*

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

GURBIR GREWAL
Attorney General of New Jersey

*/s/ Jeremy M. Feigenbaum*
JEREMY M. FEIGENBAUM
Assistant Attorney General
Office of the Attorney General
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor, West Wing
Trenton, NJ 08625-0080
(609) 376-2690
Jeremy.Feigenbaum@njoag.gov
*Attorneys for Plaintiff State of New Jersey*

BARABARA D. UNDERWOOD
Attorney General of New York

*/s/ Steven Wu*
STEVEN WU
Attorney General of New York
28 Liberty Street
New York, NY 10005
steven.wu@ag.ny.gov
*Attorneys for Plaintiff State of New York*

MAURA HEALEY
Attorney General of Commonwealth of
Massachusetts

*/s/ Jonathan B. Miller*
JONATHAN B. MILLER
Assistant Attorney General
Office of the Massachusetts Attorney General
One Ashburton Place
Boston, MA 02108
617-963-2073
Jonathan.Miller@state.ma.us
*Attorneys for Plaintiff Commonwealth of
Massachusetts*

JOSH SHAPIRO
Attorney General of Commonwealth of
Pennsylvania

*/s/ Jonathan Scott Goldman*
JONATHAN SCOTT GOLDMAN
Executive Deputy Attorney General

PLAINTIFF STATES' MOTION TO
SUPPLEMENT THE ADMINISTRATIVE
RECORD
2:18-cv-01115-RSL

14

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    Civil Division
     Office of Attorney General
2    Strawberry Square, 15th Floor
     Harrisburg, PA 17120
3    717-783-1471
     jgoldman@attorneygeneral.gov
4
     */s/ Michael J. Fischer*
5    MICHAEL J FISCHER
     Pennsylvania Office of the Attorney General
6    1600 Arch Street, Ste 300
     Philadelphia, PA 19103
7    215-560-2171
     mfischer@attorneygeneral.gov
8    *Attorney for Plaintiff Commonwealth of*
     *Pennsylvania*
9
     KARL A. RACINE
10   Attorney General for the District of Columbia
11   */s/ Robyn Bender*
     Deputy Attorney General
12   Public Advocacy Division
     */s/ Jimmy Rock*
13   Assistant Deputy Attorney General
     Public Advocacy Division
14   202-741-0770
     Jimmy.Rock@dc.gov
15   */s/ Andrew J. Saindon*
     Senior Assistant Attorney General
16   202-724-6643
     andy.saindon@dc.gov
17   Office of the Attorney General for the
     District of Columbia
18   441 4th Street NW, Ste 630 South
19   Washington, DC 20001
     *Attorneys for Plaintiff District of Columbia*
20
     ELLEN F. ROSENBLUM
21   Attorney General of Oregon
22   */s/ Scott J. Kaplan*
     SCOTT J. KAPLAN, WSBA #49377
23   Senior Assistant Attorney General
     Oregon Department of Justice
24   100 SW Market Street

PLAINTIFF STATES' MOTION TO           15        ATTORNEY GENERAL OF WASHINGTON
SUPPLEMENT THE ADMINISTRATIVE                        800 Fifth Avenue, Suite 2000
RECORD                                                Seattle, WA  98104-3188
2:18-cv-01115-RSL                                          (206) 464-7744

1     Portland, OR  97201
      (971) 673-1880
2     scott.kaplan@doj.state.or.us
      *Attorneys for Plaintiff State of Oregon*
3
      XAVIER BECERRA
4     Attorney General of California

5     */s/ Nelson R. Richards*
      NELSON R. RICHARDS
6     Deputy Attorney General
      California Department of Justice
      Office of the Attorney General
7     2550 Mariposa Mall, Rm 5090
      Fesno, CA  93721
8     559-705-2324
      Nelson.richards@doj.ca.gov
9     *Attorneys for the State of California*

10    CYNTHIA H. COFFMAN
      Attorney General of Colorado

11    */s/ Matthew D. Grove*
      MATTHEW D. GROVE
12    Assistant Solicitor General
      Colorado Department of Law
13    1300 Broadway, 6th Floor
      Denver, Colorado  80203
14    Telephone:  (720) 508-6157
      FAX:  (720) 508-6041
15    E-Mail: matt.grove@coag.gov
      *Attorneys for Plaintiff State of Colorado*
16
17    MATTHEW P. DENN
      Attorney General of Delaware
18
      */s/ Ilona M. Kirshon*
19    ILONA M. KIRSHON (#3705)
      Deputy State Solicitor
20    State of Delaware Department of Justice
      Carvel State Office Building, 6th Floor
21    Wilmington, DE 19801
      (302) 577-8400
22    Ilona.kirshon@state.de.us
      */s/ Patricia A. Davis*
23    PATRICIA A. DAVIS (#3857)
      Deputy Attorney General
24    State of Delaware Department of Justice
      Dover, DE  19904

PLAINTIFF STATES' MOTION TO                16        ATTORNEY GENERAL OF WASHINGTON
SUPPLEMENT THE ADMINISTRATIVE                               800 Fifth Avenue, Suite 2000
RECORD                                                        Seattle, WA  98104-3188
2:18-cv-01115-RSL                                                (206) 464-7744

1    (302) 257-3233
     patriciaA.davis@state.de.us
2    *Attorneys for the Plaintiff State of Delaware*

3    RUSSELL A. SUZUKI
     Attorney General of Hawaii
4
     */s/ Robert T. Nakatsuji*
5    ROBERT T. NAKATSUJI
     Deputy Attorney General
6    Department of the Attorney General
     425 Queen Street
7    Honolulu, Hawaii  96813
     (808) 586-1360
8    Robert.T.Nakatsuji@hawaii.gov
     *Attorneys for Plaintiff State of Hawaii*
9
     LISA MADIGAN
10   Attorney General of Illinois

11   */s/ Brett E. Legner*
     BRETT E. LEGNER
12   Deputy Solicitor General
     Office of the Attorney General
13   100 W. Randolph, 12th Floor
     Chicago, IL 60601
14   blegner@atg.state.il.us
     *Attorneys for Plaintiff State of Illinois*
15
     THOMAS J. MILLER
16   Attorney General of Iowa

17   */s/ Eric Tabor*
     ERIC TABOR
18   Chief Deputy Attorney General
     Office of the Attorney General of Iowa
19   1305 E. Walnut St.
     Des Moines, IA  50319
20   515.281.5191
     eric.tabor@ag.iowa.gov
21   *Attorneys for the Plaintiff State of Iowa*

22   LORI SWANSON
     Attorney General of Minnesota
23
     */s/ Jacob Campion*
24   JACOB CAMPION, MN Reg. #0391274

1            Assistant Attorney General
               Office of the Minnesota Attorney General
2            445 Minnesota Street, Suite 1100
               St. Paul, Minnesota 55101-2128
3            (651) 757-1459
               jacob.campion@ag.state.mn.us
4            *Attorneys for the Plaintiff State of Minnesota*

5            JOSHUA H. STEIN
               Attorney General of North Carolina

6

           */s/ Sripriya Narasimhan*
7            SRIPRIYA NARASIMHAN
               Deputy General Counsel
8            North Carolina Department of Justice
               114 W. Edenton St.
9            Raleigh, NC 27603
               (919) 716-6421
10           snarasimhan@ncdoj.gov
               *Attorneys for Plaintiff State of North Carolina*

11

           PETER F. KILMARTIN
12            Attorney General of Rhode Island

13           */s/ Susan Urso*
               SUSAN URSO
14            Assistant Attorney General
               150 South Main Street
15            Providence, Rhode Island 02903
               (401) 274-4400
16           surso@riag.ri.gov
               *Attorneys for Plaintiff State of Rhode Island*

17

           THOMAS J. DONOVAN, JR.
18            Attorney General of Vermont

19           */s/ Benjamin D. Battles*
               BENJAMIN D. BATTLES
20            Solicitor General
               Office of the Attorney General
21            109 State Street
               Montpelier, Vermont 05609-1001
22            802-828-5500
               benjamin.battles@vermont.gov
23           *Attorneys for Plaintiff State of Vermont*

24

PLAINTIFF STATES' MOTION TO        18         ATTORNEY GENERAL OF WASHINGTON
SUPPLEMENT THE ADMINISTRATIVE               800 Fifth Avenue. Suite 2000
RECORD                                    Seattle, WA  98104-3188
2:18-cv-01115-RSL                           (206) 464-7744

1

2

MARK R. HERRING
Attorney General of the
Commonwealth of Virginia

3

4

5

6

7

8

*/s/ Samuel T. Towell*
SAMUEL T. TOWELL
Deputy Attorney General, Civil Litigation
Office of the Attorney General of Virginia
Barbara Johns Building
202 N. Ninth Street
Richmond, VA 23219
(804) 786-6731
STowell@oag.state.va.us
*Attorney for Plaintiff Commonwealth of
Virginia*

9

10

11

***Pro Hac Vice* motions forthcoming for all
counsel of record not barred in the Western
District of Washington**

12

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFF STATES' MOTION TO
SUPPLEMENT THE ADMINISTRATIVE
RECORD
2:18-cv-01115-RSL

19

1

## __DECLARATION OF SERVICE__

2          I hereby certify that on November 15, 2018, I caused the foregoing document to be

3   electronically filed with the Clerk of the Court using the CM/ECF system, which will serve a

4   copy of this document upon all counsel of record.

5          DATED this 15th day of November, 2018, at Seattle, Washington.

6

7                                        */s/ Jeffrey Rupert*_____
                                         JEFFREY RUPERT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

The Honorable Robert S. Lasnik

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON; STATE OF CONNECTICUT; STATE OF MARYLAND; STATE OF NEW JERSEY; STATE OF NEW YORK; STATE OF OREGON; COMMONWEALTH OF MASSACHUSETTS; COMMONWEALTH OF PENNSYLVANIA; DISTRICT OF COLUMBIA; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF IOWA; STATE OF MINNESOTA; STATE OF NORTH CAROLINA; STATE OF RHODE ISLAND; STATE OF VERMONT and COMMONWEALTH OF VIRGINIA, | NO. 2:18-cv-01115-RSL |

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF STATE; MICHAEL R. POMPEO, in his official capacity as Secretary of State; DIRECTORATE OF DEFENSE TRADE CONTROLS; MIKE MILLER, in his official capacity as Acting Deputy Assistant Secretary of Defense Trade Controls; SARAH HEIDEMA, in her official capacity as Director of Policy, Office of Defense Trade Controls Policy; DEFENSE DISTRIBUTED; SECOND AMENDMENT FOUNDATION, INC.; AND CONN WILLIAMSON,

Defendants.

ORDER GRANTING PLAINTIFF STATES' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

[PROPOSED]

**NOTE FOR CONSIDERATION: DECEMBER 21, 2018**

1

1     This matter came before the Court on the Plaintiff States' Motion to Supplement the

2     Administrative Record. The Court has considered all briefing on the motion and documents filed

3     therewith, including declarations and exhibits; the arguments of counsel; the Administrative

4     Record filed by the Federal Defendants; and the entire record in this case.

5     Having considered the foregoing, the Court finds that the filed Administrative Record

6     does not contain "all the evidence that was before the decision-making body" when the Federal

7     Defendants took the administrative actions challenged herein. *Pub. Power Council v. Johnson*,

8     674 F.2d 791, 794 (9th Cir. 1982). The Federal Defendants are hereby ordered to supplement

9     the filed Administrative Record with the following information:

10     1.     All documents related to the settlement of the matter of *Defense Distributed v. U.S.*

11     *Dep't of State*, Case No. 15-cv-372-RP (W.D. Tex.), including but not limited to communications

12     and documents exchanged between the Federal and Private Defendants in connection with the

13     negotiation of that settlement and any documents establishing or explaining the reason(s) for the

14     Federal Government's agreement to reverse its position on the regulation of 3D-printed firearm files.

15     2.     The complete record in the matter of *Defense Distributed v. U.S. Dep't of State*, Case

16     No. 15-cv-372-RP (W.D. Tex.) and the related appeal to the Fifth Circuit, including but not

17     necessarily limited to all substantive briefing, orders, and record evidence in those proceedings.

18     3.     All documents related to the State Department and Directorate of Defense Trade

19     Controls' regulation and enforcement actions regarding 3D-printed firearm files and the

20     Directorate's commodity jurisdiction determinations as to Defense Distributed's files, including but

21     not necessarily limited to the documents submitted with the Declaration of Lisa V. Aguirre in the

22     matter of *Defense Distributed v. U.S. Dep't of State*, Case No. 15-cv-372-RP (W.D. Tex.).

23     4.     Any and all other documents or evidence "before the decision-making body" when

24     the Federal Defendants decided to issue the July 27, 2018 Temporary Modification of Category I of

[PROPOSED] ORDER GRANTING
MOTION TO SUPPLEMENT THE
ADMINISTRATIVE RECORD
NO. 2:18-cv-01115-RSL

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    the United States Munitions List and issue the July 27, 2018 Letter to Defense Distributed.

2         5.    To the extent the Federal Defendants contend that any portion of the above is

3    privileged or protected and thus exempt from disclosure, the Federal Defendants are ordered to

4    submit a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5)(A).

5         The Federal Defendants are ordered to complete a certified supplementation of the

6    Administrative Record no later than 21 days following the issuance of this order. If any question

7    about the completeness of the record or the reasons for the challenged agency actions remains after

8    supplementation, the Court may order discovery to "'obtain from the agency, either through

9    affidavits or testimony, such additional explanation of the reasons for the agency decision as

10   may prove necessary.'" *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988)

11   (quoting *Camp v. Pitts*, 411 U.S. 138, 143 (1973)).

12        DATED this _____ day of _____, 2018.

13

14                                                    _____

                                                     UNITED STATES DISTRICT JUDGE
15

16   ROBERT W. FERGUSON
     Attorney General
17

     */s/ Jeffrey Rupert*_____
18   JEFFREY RUPERT, WSBA #45037
     Division Chief
19   KRISTIN BENESKI, WSBA #45478
     Assistant Attorney General
20   TODD BOWERS, WSBA #25274
     Deputy Attorney General
21   JEFFREY T. SPRUNG, WSBA #23607
     ZACH JONES, WSBA #44557
22   Assistant Attorneys General
     *Attorneys for Plaintiff State of Washington*

23

24

1

## **DECLARATION OF SERVICE**

2          I hereby certify that on November 15, 2018, I caused the foregoing document to be

3   electronically filed with the Clerk of the Court using the CM/ECF system, which will serve a

4   copy of this document upon all counsel of record.

5          DATED this 15th day of November, 2018, at Seattle, Washington.

6

7                                    */s/ Jeffrey Rupert*
                                     JEFFREY RUPERT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

[PROPOSED] ORDER GRANTING                    4                ATTORNEY GENERAL OF WASHINGTON
MOTION TO SUPPLEMENT THE                                            800 Fifth Avenue. Suite 2000
ADMINISTRATIVE RECORD                                                  Seattle, WA  98104-3188
NO. 2:18-cv-01115-RSL                                                     (206) 464-7744