The Honorable Robert S. Lasnik

1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**
                    **WESTERN DISTRICT OF WASHINGTON**
7                              **AT SEATTLE**

8   STATE OF WASHINGTON; STATE OF            NO. 2:18-cv-01115-RSL
    CONNECTICUT; STATE OF MARYLAND;
9   STATE OF NEW JERSEY; STATE OF NEW        PLAINTIFF STATES' MOTION TO
    YORK; STATE OF OREGON;                   COMPEL DISCOVERY
10  COMMONWEALTH OF MASSACHUSETTS;           RESPONSES
    COMMONWEALTH OF PENNSYLVANIA;
11  DISTRICT OF COLUMBIA; STATE OF           **NOTE FOR CONSIDERATION:**
    CALIFORNIA; STATE OF COLORADO;           **DECEMBER 21, 2018**
12  STATE OF DELAWARE; STATE OF HAWAII;
    STATE OF ILLINOIS; STATE OF IOWA;
13  STATE OF MINNESOTA; STATE OF NORTH
    CAROLINA; STATE OF RHODE ISLAND;
14  STATE OF VERMONT and
    COMMONWEALTH OF VIRGINIA,
15
                      Plaintiffs,
16          v.

17  UNITED STATES DEPARTMENT OF STATE;
    MICHAEL R. POMPEO, in his official capacity
18  as Secretary of State; DIRECTORATE OF
    DEFENSE TRADE CONTROLS; MIKE
19  MILLER, in his official capacity as Acting Deputy
    Assistant Secretary of Defense Trade Controls;
20  SARAH HEIDEMA, in her official capacity as
    Director of Policy, Office of Defense Trade
21  Controls Policy; DEFENSE DISTRIBUTED;
    SECOND AMENDMENT FOUNDATION, INC.;
22  AND CONN WILLIAMSON,

23                    Defendants.

24

i

1    Pursuant to Federal Rule of Civil Procedure 37(a) and LCR 37(a), the Plaintiff States

2    respectfully move for an order compelling the Private Defendants to respond to *Plaintiffs' First

3    Set of Interrogatories and Requests for Production to the Private Defendants* (the Requests).

## I.    INTRODUCTION

5    The States' Requests are narrowly tailored to seek information about one specific issue:

6    the Private Defendants' involvement in any export of 3D-printable firearm files following the

7    Court's issuance of a temporary restraining order (TRO) and preliminary injunction rendering

8    such export unlawful. The Private Defendants have largely failed to respond substantively to the

9    Requests, aside from providing limited answers to a few interrogatories and boilerplate, non-

10   responsive answers of dubious accuracy to other Requests. The States respectfully ask the Court

11   to compel the Private Defendants to respond to each disputed Request.[1]

12   The States propounded the Requests after learning that, on or about August 24, 2018—a

13   few weeks after the Court issued the TRO—Defense Distributed published a video on YouTube

14   featuring Cody Wilson encouraging third parties to host the files online in violation of federal

15   law as established by the TRO. The video urged others to "HOST OR PAY": "host the files or

16   pay the tax for the men who will," and promised "two new contracts" in return. The "2nd

17   Amendment Foundation" is listed as a "partner" in the video. In addition, Defense Distributed

18   has transmitted the files by means other than posting them online, but it remains unclear what

19   steps, if any, the company is taking to ensure its distribution does not involve unlawful exports

20   to non-U.S. persons. These actions by parties to this case raise serious questions about potential

21   ongoing harm and the Private Defendants' efforts to undermine the injunction. The targeted

22   discovery sought by the States is warranted.

23

24   [1] For the Court's convenience, a chart providing a high-level summary the disputed Requests and arguments made herein is attached as Exhibit 12 to the Declaration of Kristin Beneski.

PLAINTIFF STATES' MOTION TO
COMPEL DISCOVERY RESPONSES
2:18-cv-01115-RSL

1

## II.     RELEVANT FACTS

### A.     The TRO and Preliminary Injunction

On July 30, 2018, the Plaintiff States filed this lawsuit and an emergency motion for a TRO, seeking to prevent irreparable harm that would have been caused if Defense Distributed followed through with its plans to post on the internet 3D-printable files that can be used to automatically manufacture the "Liberator" pistol and other untraceable, undetectable weapons. Dkt. ## 1, 2. Defense Distributed had announced that it planned to post the files online on August 1, 2018, as permitted by the Federal Defendants, per a reversal of their previous regulatory position that posting the files online was an unlawful export of defense articles. *See* Dkt. # 2, pp. 19–20.

On July 31, 2018, the Court issued a TRO enjoining the Federal Defendants from implementing or enforcing their "Temporary Modification of Category I of the United States Munitions List" and the letter to Cody R. Wilson, Defense Distributed, and Second Amendment Foundation issued by the U.S. Department of State on July 27, 2018, and to "preserve the status quo *ex ante* as if the modification had not occurred and the letter had not been issued." Dkt. # 23, p. 7. On August 27, 2018, the Court converted the temporary restraining order to a preliminary injunction. Dkt. # 95, p. 25. The effect of these orders was to preserve the status quo in which it is a violation of federal law to post on the internet, or otherwise export, files that can be used to automatically manufacture firearms and other weapons using a 3D printer.

In response to the TRO, Defense Distributed removed its files from its website. *See* Dkt. # 63 (Private Defs' Opp. to Mot. for PI), p. 7 (characterizing the TRO as a "take-down order" with which Defense Distributed "complied"); *see also* Beneski Decl., Ex. 3 (Supplemental Responses), pp. 8, 10, 21, 24 (acknowledging that the injunction pertains to "publication via Defense Distributed's internet website").

PLAINTIFF STATES' MOTION TO
COMPEL DISCOVERY RESPONSES
2:18-cv-01115-RSL

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

**B.      Defense Distributed Urges Others to Host the Files, and Continues Distribution**

On August 24, 2018—while the TRO was in effect—the States became aware that Defense Distributed had posted a video on YouTube encouraging third parties to host the 3D-printable firearm files online. Beneski Decl., Ex. 4[2] & ¶ 6. The video, which featured Defense Distributed's then-director Cody Wilson, encouraged others to "HOST OR PAY":



*Id.* A voiceover accompanying the "HOST OR PAY" image above called on others to "host the files or pay the tax for the men who will." *Id*. In return, Defense Distributed promised to "offer two new contracts to you." *Id.* The video listed among "Our Partners" the "2nd Amendment Foundation." *Id.* The States promptly contacted Defense Distributed's counsel about the video, who reported a few days later that it had been changed. *Id.*, Ex. 5.

In addition, after the Court issued the preliminary injunction, Defense Distributed offered to sell copies of the files and deliver them to customers by means other than posting them on the internet. *See, e.g.*, *id.*, Ex. 2 (Responses), p. 9 (referencing Defense Distributed's "customers"); Ex. 6 (Twitter page advertising "Files on sale now"); Exs. 7 & 8 (news reports). It is not clear what steps, if any, Defense Distributed has taken to ensure that its distributions are not exports to non-U.S. persons, or to determine whether recipients of the files are ineligible to possess firearms. *See id.* Ex. 8 (reporting that at an August 28, 2018 press conference, Cody Wilson "refused to answer a question about the potential for foreign nationals to access the plans").

---

[2] Exhibit 4, a DVD containing a copy of the video, is being submitted to the Clerk's Office.

PLAINTIFF STATES' MOTION TO
COMPEL DISCOVERY RESPONSES
2:18-cv-01115-RSL

3

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

### C.     The States' Discovery Requests and the Private Defendants' Initial Objections

On September 20, 2018, the States issued *Plaintiffs' First Set of Interrogatories and Requests for Production to the Private Defendants* (the Requests). Beneski Decl., ¶ 3 & Ex. 1. The Requests, which are limited in number and scope, seek information related to the "Host or Pay" video, as well as other actions the Private Defendants may have taken with respect to potentially unlawful distribution of 3D-printable firearm files on or after July 31, 2018.[3]

To briefly summarize, ***Interrogatory ("Rog") 1*** seeks identification of individuals who are affiliated with or have authority to act on behalf of Defense Distributed. *Id.*, Ex. 1, p. 5. ***Rog 3*** and ***Request for Production ("RFP") 1, 5, and 6*** ask whether the Private Defendants facilitated or assisted anyone in making the files publicly available via the internet on or after July 31, 2018, and seek information and documents related to any post-injunction distribution or sale of the files. *Id.*, pp. 5–6, 8, 9–10. ***Rogs 4, 5, and 6*** and ***RFPs 2, 3, and 6*** seek information and documents related to the manner in which the Private Defendants distributed any of the files on or after July 31, 2018, and any steps the Private Defendants took or information they collected to determine whether the recipients of the files are U.S. persons, whether they are located within the United States, and whether they may lawfully possess a firearm. *Id.*, pp. 6–7, 8–9, 10. ***Rog 9*** and ***RFPs 4 and 6*** seek information and documents related to the "Host or Pay" video and any other documents related to the Private Defendants' participation in any proposed, planned, or actual sale or distribution of the files on or after July 31, 2018. *Id.*, pp. 7–8, 9, 10. In sum, each Request seeks information about the Private Defendants' involvement in any potentially unlawful post-injunction export of 3D-printable firearm files.

---

[3] The Private Defendants gave a responsive answer to Rog 2. The States are not currently seeking to compel responses to Rogs 7 and 8 or RFP 7, which seek information and documents related to criminal activity by representatives of Defense Distributed. News reports indicate that the company's co-founder, Cody Wilson, is facing criminal charges in Texas. He is no longer the company's director. *See* Beneski Decl. Ex. 3, p. 4.

On October 22, 2018, the Private Defendants responded by objecting to each Request in its entirety without providing, or indicating that they would provide, any substantive response. Beneski Decl., Ex. 2. Their primary objection was that their Rule 12(c) motion was then pending, and that they would not be obligated to participate in any party discovery if the motion were granted. *Id.* at 2, 13. They also objected to each Request based on relevance and various derivative or related grounds, arguing that the Requests are "not relevant" because there are no claims against them and they are not directly enjoined. *See generally id.*

**D.     Efforts to Resolve Discovery Disputes**

On November 2, 2018, the States sent a letter to counsel for the Private Defendants addressing deficiencies in their responses to the Requests. *Id.*, Ex. 9. The Private Defendants did not respond substantively, but the parties agreed to postpone efforts to resolve any discovery disputes until after the Court had ruled on the Private Defendants' 12(c) motion. *Id.*, ¶ 11. The Court entered a stipulated order on November 7, 2018. Dkt. # 127. On November 13, 2018, the Court denied the Private Defendants' 12(c) motion. Dkt. # 130.

On November 16, the States' counsel inquired whether the Private Defendants intended to amend or supplement their discovery responses in light of the Court's order, and requested that they do so by November 26—or alternatively, that they provide dates and times for a meet-and-confer. Beneski Decl., Ex. 10. They received no response by the requested deadline. *See id.*

Ultimately, counsel for the parties met and conferred on Friday, November 30. *Id.*, ¶ 13. Counsel for the Private Defendants stated that they would answer Rog 2, but would not substantively respond to any of the other Requests, and promised to serve supplemental responses on Monday, December 3. *Id.* Counsel for the States advised that they intended to file a motion to compel responses to the remaining disputed Requests by the Tuesday, December 4 deadline for discovery-related motions. *Id.*

PLAINTIFF STATES' MOTION TO
COMPEL DISCOVERY RESPONSES
2:18-cv-01115-RSL

5

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**E.      The Private Defendants' Amended Objections and Responses**

After the close of business on December 3, the night before the discovery-motions deadline, the Private Defendants provided supplemental responses. Exs. 3 & 11; ¶ 14. They answered Rogs 1, 2, and 3, and stated that they had no responsive documents to RFP 1. Ex. 3, pp. 4, 5, 7, 20. They refused to respond to Rog 9, *id.* at 16–17, and their "respon[ses]" to the other Requests are largely non-responsive boilerplate stating that they "did not assist or facilitate any other person" in making the files publicly available on the internet. *See generally id.*

Although the responses to RFPs 2–6 misleadingly state that the "Private Defendants have no nonprivileged documents . . .," this is part of the boilerplate non-responsive statement, and each RFP response *also* states that "[r]esponsive materials are being withheld . . ." *Id.* at 19, 21, 23, 26, 28, 31, 34. The supplemental responses also assert untimely new objections, all of which are waived and thus not addressed in this motion. *See RichmarkCorp v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes waiver of any objection.").[4]

### III.      RULE 37(a) CERTIFICATION

The undersigned hereby certify that they conferred in good faith with counsel for the Private Defendants via telephone on November 30, 2018, prior to filing this motion. The participants in the conference were Chad Flores, Joel Ard, Jeffrey Rupert, and Kristin Beneski.

### IV.      ARGUMENT

**A.      Legal Standard**

Parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

---

[4] The waived objections are based on the First and Fourteenth Amendments; a purported "conc[ession]" that mischaracterizes the States' position; and vagueness as to the terms "assist" and "facilitate." To avoid confusion, the States cite the Private Defendants' original responses below in addressing the un-waived objections.

6

The scope of discovery should be "liberally construed"; Rule 26 "contemplates discovery into any matter that bears on or that reasonably could lead to other matters that could bear on any issue that is or may be raised in a case." *McArthur v. Rock Woodfired Pizza & Spirits*, 318 F.R.D. 136, 143 (W.D. Wash. 2016). Courts should generally permit discovery unless the requests have "no conceivable bearing on the case." Wright & Miller, *Federal Practice & Procedure*, § 2008 (3d ed.). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting objections." *Everest Indem. Ins. Co. v. QBE Ins. Corp.*, 980 F. Supp. 2d 1273, 1277 (W.D. Wash. 2013). Untimely objections are waived. *RichmarkCorp*, 959 F.2d at 1473; *see also* Fed. R. Civ. P. 33(b)(4).

## B.      The Requests Seek Highly Relevant Information

The Private Defendants' primary objection is that the Requests are "not relevant." They assert that "[t]his action does not involve any claim against the Private Defendants" and "[t]he Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants." *See generally* Beneski Decl., Ex. 2. Even if true, this is not dispositive and does not render the requested information irrelevant—far from it.

### 1.      The Private Defendants' conduct is central to this case

The Requests easily clear the threshold of seeking information that "bears on" issues that have been or may be raised in this case. *McArthur*, 318 F.R.D. at 143. It does not matter that no claims are asserted against the Private Defendants, for this case would not even exist without them. Defense Distributed's years-long quest for the right to export 3D-printable firearm files, its plans to post the files on the internet following the Federal Defendants' regulatory reversal, and the extensive harm that widespread dissemination of the files would cause to the States, are all central to the States' complaint and their requests for injunctive relief. *See* Dkt. # 29 (First Amended Complaint), ¶¶ 2–6, 38–217; Dkt. # 2 (Motion for TRO), pp. 3, 18–23; Dkt. # 43 (Motion for

PLAINTIFF STATES' MOTION TO
COMPEL DISCOVERY RESPONSES
2:18-cv-01115-RSL

7

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

PI), pp. 1, 19–24. In issuing the TRO and preliminary injunction, the Court found a "likelihood of irreparable injury" to the States if Defense Distributed were to follow through with its plans to broadly disseminate the files. Dkt. # 95 (Order), p. 7; *see also id.* at 20.

The "Host or Pay" video is evidence that Defense Distributed, as well as the Second Amendment Foundation, continued supporting efforts to illegally export the files even after the injunction issued. Although the Private Defendants knew they could not lawfully post the files on the internet themselves, they urged others to "host the files or pay the tax for the men who will." In addition, Defense Distributed has evidently distributed the files by mail after the injunction issued, and may well have done so without taking reasonable steps to determine whether the mailings are unlawful exports—such as by determining recipients' citizenship. Indeed, as discussed below, the Private Defendants appear to have an exceedingly narrow understanding of what it means to "export" the files in violation of federal law: they erroneously believe it is limited only to posting the files on their own website. Their mistaken belief underscores the need for discovery to determine whether and to what extent they may be involved in illegal and dangerous exports. Similarly, Defense Distributed may well be mailing the files to individuals who are ineligible to possess firearms, without checking their age, criminal history, or other eligibility requirements. The threat of "violations of gun control laws" if 3D-printable firearm files were to proliferate is a significant aspect of the harm to which the injunction was addressed. Dkt. # 95, p. 10.

These activities, and any other involvement in exporting the files or otherwise creating a threat of harm to the States, would therefore be highly relevant to these proceedings. Complete responses to all of the disputed Requests will reveal whether there is an ongoing threat of harm that may require further action by the States, and may provide evidence of harm to support the States' ultimate request for permanent injunctive relief.

PLAINTIFF STATES' MOTION TO
COMPEL DISCOVERY RESPONSES
2:18-cv-01115-RSL

8

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

### 2.      The Private Defendants have a duty not to undermine the injunction

The fact that the Private Defendants are not directly enjoined likewise does not render the Requests irrelevant. It is enough that the Private Defendants' conduct with respect to the files clearly "bears on" the issues in this case, as discussed above. In addition, inasmuch as the Private Defendants are "parties" with "actual notice" of the injunction (Fed. R. Civ. P. 65(d)(2)), they have a duty to refrain from actively undermining the injunction's effectiveness—including by encouraging or facilitating violations by others.

An injunction binds "the parties," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation with" any of the above, as long as such persons "receive actual notice" of the injunction. Fed. R. Civ. P. 65(d)(2). Any party subject to an injunction must take "all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). A party may also be held liable for knowingly aiding and abetting another to violate a court order. *See Regal Knitwear Co. v. NLRB,* 324 U.S. 9, 14 (1945) ("defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding"). Furthermore, "[e]very affirmative order in equity carries with it the implicit command to refrain from action designed to defeat it." *NLRB v. Deena Artware, Inc.*, 361 U.S. 398, 413 (1960) (Frankfurter, J., concurring). "In deciding whether an injunction has been violated it is proper to observe the objects for which the relief was granted and to find a breach of the decree in a violation of the spirit of the injunction, even though its strict letter may not have been disregarded." *John B. Stetson Co. v. Stephen L. Stetson Co.*, 128 F.2d 981, 983 (2d Cir. 1941).

Here, as discussed above, the Court found in issuing the injunction that "the States will likely suffer irreparable injury if the technical data for designing and producing undetectable

PLAINTIFF STATES' MOTION TO
COMPEL DISCOVERY RESPONSES
2:18-cv-01115-RSL

9

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

weapons using a commercially-available 3D printer are published on the internet." Dkt. # 95 p. 20. Any actions by parties to this case encouraging, inciting, causing, or failing to take all reasonable steps to prevent the posting of the files on the internet or otherwise export them would violate the purpose and spirit of the injunction. The "Host or Pay" video is already one example, and the Requests seek further information about the video and any other evidence of the Private Defendants' involvement in posting or otherwise illegally distributing the files. Again, this discovery will enable the States to determine whether any violations are occurring and to evaluate the possibilities for remediation if so.

## C.  The Private Defendants' Effort to Limit the Requests to "Defense Distributed's Internet Website" Reflect an Overly Narrow Understanding of an "Export"

The Private Defendants insist that several Requests are "overly broad and unduly burdensome" because "the action's claims and the Court's preliminary injunction pertain only to publication via Defense Distributed's internet website," not any other methods of file distribution. Beneski Decl., Ex. 2, pp. 8, 10, 21, 24, 27, 29, 32. They read the claims and the injunction far too narrowly. The injunction restores the status quo in which it is a violation of federal law to *export* 3D-printable firearm files. An "export" includes not only online posting, but also "sending a defense article out of the United States in any manner" and "transferring technical data to a foreign person in the United States," among other activities. 22 CFR § 120.17.

Rogs 4–6 and RFPs 2–6 seek information related to the Private Defendants' involvement in any sale or distribution of the files by any means, including information that will reveal whether and to what extent Defense Distributed attempted to determine whether the recipients of the files it distributed were "foreign persons" and whether they were located in the United States—i.e., whether the distributions were "exports." This in turn will show whether Defense Distributed actually exported files in violation of federal law in light of the injunction (or whether

PLAINTIFF STATES' MOTION TO
COMPEL DISCOVERY RESPONSES
2:18-cv-01115-RSL

10

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

it acted with reckless disregard as to whether it was exporting them).

**D.    The Private Defendants' Objections Based on Their Rule 12(c) Motion Are Moot**

The Private Defendants initially objected that they "should not be required to comply with any [Request] unless and until the Court resolves their Rule 12 motion." Ex. 2 at 2, 13. Even after the Court denied the Private Defendants' Rule 12 motion, Dkt. # 130, they renewed this objection. *See* Ex. 3, pp. 2, 18. It is now moot and no longer has any conceivable merit.

**E.    The Private Defendants Fail to Assert Any Other Meritorious Objections**

The remaining objections based on proportionality, burdensomeness, impropriety, and the like lack merit because they are generic, unexplained, and unsupported. *See, e.g.*, *Krausz Indus., Ltd. v. Romac Indus., Inc.*, No. C10-1204RSL, 2011 WL 13100750, at *1 n.1 (W.D. Wash. Aug. 10, 2011) ("boilerplate objections" are "not sufficient"). Further, these objections fail to the extent they are derivative of the meritless objections discussed above.

**F.    The Private Defendants Should Be Compelled to Fully Respond to All Disputed Requests**

The Private Defendants failed to respond to Rog 9, which seeks information about the "Host or Pay" video. Ex. 3, pp. 16–17. Their supplemental "responses" to Rogs 4–6 and RFPs 2–6 are not really responses, but boilerplate stating that they "did not assist or facilitate" others in posting the files via the internet. This boilerplate is not responsive to these Requests.

The "did not assist or facilitate" boilerplate *is* responsive to Rog 3 and RFP 1, but troublingly, it is in tension with the "Host or Pay" video, in which Defense Distributed promises "two new contracts" to those who "host the files or pay the tax for the men who will." The Private Defendants also assert a new (waived) objection to the terms "assist" and "facilitate"—leaving it unclear how they understood those terms for purposes of their supplemental responses to Rog 3 and RFP 1. *Id.*, pp. 6–7, 19–20. The supplemental response to RFP 1 also incongruously states

PLAINTIFF STATES' MOTION TO
COMPEL DISCOVERY RESPONSES
2:18-cv-01115-RSL

11

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

that the Private Defendants "have no nonprivileged documents concerning or relating to" RFP 1, but at the same time that "[r]esponsive materials are being withheld" on the basis of the stated objections (which do not include privilege). *Id.*, pp. 19–20.

Further, it is unclear whether the supplemental answers to Rogs 1 and 5 are complete. Rog 1 seeks identification of "all" persons affiliated with Defense Distributed, and the supplemental answer identifies only two individuals—Defense Distributed's "Director" and its "co-founde[r]." *Id.* at 4. Presumably, there is at least one other unidentified co-founder, and perhaps other unidentified individuals. Rog 5 seeks a description of "any" methods by which the Private Defendants have distributed the files, and the supplemental answer identifies only one method—United States Postal Service mail—without indicating whether it is the only method. *Id.* at 11. Normally, such matters would be clarified during a meet-and-confer, but since the Private Defendants stated that they only intended to supplement Rog 2 and did not provide their supplemental responses until the night before the deadline to file discovery-related motions, there was no opportunity to confer meaningfully about these responses.

As to any responses that may be incomplete or are withholding information, the States respectfully request that the Private Defendants be compelled to respond in full.

## V.     REQUEST FOR ATTORNEYS' FEES AND OTHER EXPENSES

Should this motion be granted, the Plaintiff States respectfully request that the Court award their attorneys' fees and other expenses incurred in making this motion. *See* Fed. R. Civ. P. 37(a)(5). If the Court does so, the States will submit evidence of their reasonable expenses.

## VI.     CONCLUSION

For the reasons above, the Plaintiff States respectfully request that the Court compel the Private Defendants to provide substantive and complete responses to Rogs 1, 3, 4, 5, 6, and 9, and RFPs 1, 2, 3, 4, 5, and 6, and that the Court award the States' reasonable expenses and fees.

PLAINTIFF STATES' MOTION TO
COMPEL DISCOVERY RESPONSES
2:18-cv-01115-RSL

12

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    DATED this 4th day of December, 2018.

2                                   ROBERT W. FERGUSON
                                    Attorney General
3
                                    */s/ Jeffrey Rupert*
4                                   JEFFREY RUPERT, WSBA #45037
                                    Division Chief
5                                   KRISTIN BENESKI, WSBA #45478
                                    Assistant Attorney General
6                                   TODD BOWERS, WSBA #25274
                                    Deputy Attorney General
7                                   JEFF SPRUNG, WSBA #23607
                                    ZACH JONES, WSBA #44557
8                                   Assistant Attorneys General
                                    JeffreyR2@atg.wa.gov
9                                   KristinB1@atg.wa.gov
                                    ToddB@atg.wa.gov
10                                  JeffS2@atg.wa.gov
                                    ZachJ@atg.wa.gov
11                                  *Attorneys for Plaintiff State of Washington*

12                                  GEORGE JEPSEN
                                    Attorney General of Connecticut
13
                                    */s/ Maura Murphy Osborne*
14                                  MAURA MURPHY OSBORNE, CT-19987
                                    Assistant Attorney General
15                                  Connecticut Office of Attorney General
                                    55 Elm St. P.O. Box 120
16                                  Hartford, CT 06141-0120
                                    Maura.murphyosborne@ct.gov
17                                  *Attorneys for Plaintiff State of Connecticut*

18                                  BRIAN E. FROSH
                                    Attorney General of Maryland
19
                                    */s/ Julia Doyle Bernhardt*
20                                  JULIA DOYLE BERNHARDT
                                    Assistant Attorneys General
21                                  Office of the Attorney General
                                    200 Saint Paul Place, 20th Floor
22                                  Baltimore, MD 21202
                                    (410) 576-7291
23                                  jbernhardt@oag.state.md.us
                                    *Attorneys for Plaintiff State of Maryland*
24                                  GURBIR GREWAL

1      Attorney General of New Jersey

2      */s/ Jeremy M. Feigenbaum*
      JEREMY M. FEIGENBAUM
3      Assistant Attorney General
      Office of the Attorney General
4      Richard J. Hughes Justice Complex
      25 Market Street, 8th Floor, West Wing
5      Trenton, NJ 08625-0080
      (609) 376-2690
6      Jeremy.Feigenbaum@njoag.gov
      *Attorneys for Plaintiff State of New Jersey*
7

      BARABARA D. UNDERWOOD
8      Attorney General of New York

9      */s/ Steven Wu*
      STEVEN WU
10      Attorney General of New York
      28 Liberty Street
11      New York, NY 10005
      steven.wu@ag.ny.gov
12      *Attorneys for Plaintiff State of New York*

13      MAURA HEALEY
      Attorney General of Commonwealth of
14      Massachusetts

15      */s/ Jonathan B. Miller*
      JONATHAN B. MILLER
16      Assistant Attorney General
      Office of the Massachusetts Attorney General
17      One Ashburton Place
      Boston, MA 02108
18      (617) 963-2073
      Jonathan.Miller@state.ma.us
19      *Attorneys for Plaintiff Commonwealth of*
      *Massachusetts*
20

      JOSH SHAPIRO
21      Attorney General of Commonwealth of
      Pennsylvania
22

      */s/ Jonathan Scott Goldman*
23      JONATHAN SCOTT GOLDMAN
      Executive Deputy Attorney General
24      Civil Division

PLAINTIFF STATES' MOTION TO
COMPEL DISCOVERY RESPONSES
2:18-cv-01115-RSL

14

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA 17120
717-783-1471
jgoldman@attorneygeneral.gov

/s/ Michael J. Fischer
MICHAEL J FISCHER
Pennsylvania Office of the Attorney General
1600 Arch Street, Ste 300
Philadelphia, PA 19103
215-560-2171
mfischer@attorneygeneral.gov
Attorney for Plaintiff Commonwealth of
Pennsylvania

KARL A. RACINE
Attorney General for the District of Columbia

/s/ Robyn Bender
Deputy Attorney General
Public Advocacy Division
Robyn.bender@dc.gov

/s/ Jimmy Rock
Assistant Deputy Attorney General
Public Advocacy Division
202-741-0770
Jimmy.Rock@dc.gov

/s/ Andrew J. Saindon
Senior Assistant Attorney General
202-724-6643
andy.saindon@dc.gov
Office of the Attorney General for the
District of Columbia
441 4th Street NW, Ste 630 South
Washington, DC 20001
Attorneys for Plaintiff District of Columbia

ELLEN F. ROSENBLUM
Attorney General of Oregon

/s/ Scott J. Kaplan
SCOTT J. KAPLAN, WSBA #49377
Senior Assistant Attorney General
Oregon Department of Justice

PLAINTIFF STATES' MOTION TO
COMPEL DISCOVERY RESPONSES
2:18-cv-01115-RSL

15

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

100 SW Market Street
Portland, OR  97201
(971) 673-1880
scott.kaplan@doj.state.or.us
*Attorneys for Plaintiff State of Oregon*

XAVIER BECERRA
Attorney General of California

*/s/ Nelson R. Richards*
NELSON R. RICHARDS
Deputy Attorney General
California Department of Justice
Office of the Attorney General
2550 Mariposa Mall, Rm 5090
Fesno, CA  93721
559-705-2324
Nelson.richards@doj.ca.gov
*Attorneys for the State of California*

CYNTHIA H. COFFMAN
Attorney General of Colorado

*/s/ Matthew D. Grove*
MATTHEW D. GROVE
Assistant Solicitor General
Colorado Department of Law
1300 Broadway, 6th Floor
Denver, Colorado  80203
Telephone:  (720) 508-6157
FAX:  (720) 508-6041
E-Mail: matt.grove@coag.gov
*Attorneys for Plaintiff State of Colorado*

MATTHEW P. DENN
Attorney General of Delaware

*/s/ Ilona M. Kirshon*
ILONA M. KIRSHON (#3705)
Deputy State Solicitor
State of Delaware Department of Justice
Carvel State Office Building, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Ilona.kirshon@state.de.us
*/s/ Patricia A. Davis*
PATRICIA A. DAVIS (#3857)
Deputy Attorney General
State of Delaware Department of Justice

PLAINTIFF STATES' MOTION TO
COMPEL DISCOVERY RESPONSES
2:18-cv-01115-RSL

16

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1　　　　　　　　　　　　　　　　　　Dover, DE  19904
　　　　　　　　　　　　　　　　　　　(302) 257-3233
2　　　　　　　　　　　　　　　　　　patriciaA.davis@state.de.us
　　　　　　　　　　　　　　　　　　　*Attorneys for the Plaintiff State of Delaware*
3
　　　　　　　　　　　　　　　　　　　RUSSELL A. SUZUKI
4　　　　　　　　　　　　　　　　　　Attorney General of Hawaii
5　　　　　　　　　　　　　　　　　　*/s/ Robert T. Nakatsuji*
　　　　　　　　　　　　　　　　　　　ROBERT T. NAKATSUJI
6　　　　　　　　　　　　　　　　　　Deputy Attorney General
　　　　　　　　　　　　　　　　　　　Department of the Attorney General
7　　　　　　　　　　　　　　　　　　425 Queen Street
　　　　　　　　　　　　　　　　　　　Honolulu, Hawaii  96813
8　　　　　　　　　　　　　　　　　　(808) 586-1360
　　　　　　　　　　　　　　　　　　　Robert.T.Nakatsuji@hawaii.gov
9　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff State of Hawaii*
10　　　　　　　　　　　　　　　　　LISA MADIGAN
　　　　　　　　　　　　　　　　　　　Attorney General of Illinois
11
　　　　　　　　　　　　　　　　　　　*/s/ Brett E. Legner*
12　　　　　　　　　　　　　　　　　BRETT E. LEGNER
　　　　　　　　　　　　　　　　　　　Deputy Solicitor General
13　　　　　　　　　　　　　　　　　Office of the Attorney General
　　　　　　　　　　　　　　　　　　　100 W. Randolph, 12th Floor
14　　　　　　　　　　　　　　　　　Chicago, IL 60601
　　　　　　　　　　　　　　　　　　　blegner@atg.state.il.us
15　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff State of Illinois*
16　　　　　　　　　　　　　　　　　THOMAS J. MILLER
　　　　　　　　　　　　　　　　　　　Attorney General of Iowa
17
　　　　　　　　　　　　　　　　　　　*/s/ Nathanael Blake*
18　　　　　　　　　　　　　　　　　NATHANAEL BLAKE
　　　　　　　　　　　　　　　　　　　Office of the Attorney General of Iowa
19　　　　　　　　　　　　　　　　　Hoover State Office Bldg., 2nd Floor
　　　　　　　　　　　　　　　　　　　1305 East Walnut Street
20　　　　　　　　　　　　　　　　　Des Moines, IA  50319
　　　　　　　　　　　　　　　　　　　(515) 281-4325
21　　　　　　　　　　　　　　　　　nathan.blake@ag.iowa.gov
　　　　　　　　　　　　　　　　　　　*Attorneys for the Plaintiff State of Iowa*
22
　　　　　　　　　　　　　　　　　　　LORI SWANSON
23　　　　　　　　　　　　　　　　　Attorney General of Minnesota
24　　　　　　　　　　　　　　　　　*/s/ Jacob Campion*

PLAINTIFF STATES' MOTION TO　　　　　　17　　　　　ATTORNEY GENERAL OF WASHINGTON
COMPEL DISCOVERY RESPONSES　　　　　　　　　　　　　800 Fifth Avenue. Suite 2000
2:18-cv-01115-RSL　　　　　　　　　　　　　　　　Seattle, WA  98104-3188
　　　　　　　　　　　　　　　　　　　　　　　　　(206) 464-7744

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

JACOB CAMPION, MN Reg. #0391274
Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 757-1459
jacob.campion@ag.state.mn.us
*Attorneys for the Plaintiff State of Minnesota*

JOSHUA H. STEIN
Attorney General of North Carolina

*/s/ Sripriya Narasimhan*
SRIPRIYA NARASIMHAN
Deputy General Counsel
North Carolina Department of Justice
114 W. Edenton St.
Raleigh, NC 27603
(919) 716-6421
snarasimhan@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

PETER F. KILMARTIN
Attorney General of Rhode Island

*/s/ Susan Urso*
SUSAN URSO
Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
(401) 274-4400
surso@riag.ri.gov
*Attorneys for Plaintiff State of Rhode Island*

THOMAS J. DONOVAN, JR.
Attorney General of Vermont

*/s/ Benjamin D. Battles*
BENJAMIN D. BATTLES
Solicitor General
Office of the Attorney General
109 State Street
Montpelier, Vermont 05609-1001
(802) 828-5500
benjamin.battles@vermont.gov
*Attorneys for Plaintiff State of Vermont*

PLAINTIFF STATES' MOTION TO
COMPEL DISCOVERY RESPONSES
2:18-cv-01115-RSL

18

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1

MARK R. HERRING
Attorney General of the
Commonwealth of Virginia

2

3

*/s/ Samuel T. Towell*

SAMUEL T. TOWELL

4

Deputy Attorney General, Civil Litigation
Office of the Attorney General of Virginia

5

Barbara Johns Building
202 N. Ninth Street

6

Richmond, VA 23219
(804) 786-6731

7

STowell@oag.state.va.us
*Attorney for Plaintiff Commonwealth of*

8

*Virginia*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFF STATES' MOTION TO
COMPEL DISCOVERY RESPONSES
2:18-cv-01115-RSL

19

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1

## **DECLARATION OF SERVICE**

2        I hereby certify that on December 4, 2018, I caused the foregoing document to be

3  electronically filed with the Clerk of the Court using the CM/ECF system, which will serve a

4  copy of this document upon all counsel of record.

5        DATED this 4th day of December, 2018, at Seattle, Washington.

6

7                                   */s/ Jeffrey Rupert*
                                 JEFFREY RUPERT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

The Honorable Robert S. Lasnik

1

2

3

4

5

6 **UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

7

8 STATE OF WASHINGTON; STATE OF
CONNECTICUT; STATE OF MARYLAND;
STATE OF NEW JERSEY; STATE OF NEW
9 YORK; STATE OF OREGON;
COMMONWEALTH OF
10 MASSACHUSETTS; COMMONWEALTH
OF PENNSYLVANIA; DISTRICT OF
11 COLUMBIA; STATE OF CALIFORNIA;
STATE OF COLORADO; STATE OF
12 DELAWARE; STATE OF HAWAII; STATE
OF ILLINOIS; STATE OF IOWA; STATE
13 OF MINNESOTA; STATE OF NORTH
CAROLINA; STATE OF RHODE ISLAND;
14 STATE OF VERMONT and
COMMONWEALTH OF VIRGINIA,

15                               Plaintiffs,

16          v.

17 UNITED STATES DEPARTMENT OF
STATE; MICHAEL R. POMPEO, in his
18 official capacity as Secretary of State;
DIRECTORATE OF DEFENSE TRADE
19 CONTROLS; MIKE MILLER, in his official
capacity as Acting Deputy Assistant Secretary
20 of Defense Trade Controls; SARAH
HEIDEMA, in her official capacity as Director
21 of Policy, Office of Defense Trade Controls
Policy; DEFENSE DISTRIBUTED; SECOND
22 AMENDMENT FOUNDATION, INC.; AND
CONN WILLIAMSON,

23                               Defendants.

24

NO. 2:18-cv-01115-RSL

ORDER GRANTING PLAINTIFF
STATES' MOTION TO COMPEL
DISCOVERY RESPONSES

[PROPOSED]

**NOTE FOR CONSIDERATION:
DECEMBER 21, 2018**

[PROPOSED] ORDER GRANTING
MOTION TO COMPEL DISCOVERY
RESPONSES
NO. 2:18-cv-01115-RSL

1

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    This matter came before the Court on the Plaintiff States' Motion to Compel Discovery

2  Responses. The Court has considered all briefing on the motion and documents filed therewith,

3  including declarations and exhibits; the arguments of counsel; and the entire record in this case.

4    Having considered the foregoing, the Court finds that the Private Defendants' objections

5  to *Plaintiffs' First Set of Interrogatories and Requests for Production to the Private Defendants*

6  (Requests) are insufficient and lack merit, and that the Private Defendants improperly failed to

7  respond in full to each of the disputed Requests. The Court further finds that any objections not

8  asserted within 30 days after service of the Requests are untimely and therefore waived. *See*

9  *RichmarkCorp v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

10    The Private Defendants are hereby ordered to provide complete answers to Interrogatory

11  Nos. 1, 3, 4, 5, 6, and 9, and to provide complete responses to Request for Production Nos. 1, 2,

12  3, 4, 5, and 6, no later than _____.

13    The Plaintiff States are hereby awarded their reasonable expenses, including attorneys'

14  fees, incurred in making the Motion to Compel Discovery Responses. The States shall submit

15  evidence of their reasonable expenses no later than _____.  The Private Defendants may

16  submit a response no later than _____.

17    DATED this _____ day of _____, 2018.

18

19                                                    _____

20                                                    UNITED STATES DISTRICT JUDGE

21

22

23

24

[PROPOSED] ORDER GRANTING
MOTION TO COMPEL DISCOVERY
RESPONSES
NO. 2:18-cv-01115-RSL

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1  Presented By:

2  ROBERT W. FERGUSON
   Attorney General

3

4  */s/ Jeffrey Rupert*
   JEFFREY RUPERT, WSBA #45037
   Division Chief

5  KRISTIN BENESKI, WSBA #45478
   Assistant Attorney General

6  TODD BOWERS, WSBA #25274
   Deputy Attorney General

7  JEFFREY T. SPRUNG, WSBA #23607
   ZACH JONES, WSBA #44557

8  Assistant Attorneys General
   *Attorneys for Plaintiff State of Washington*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744