1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

The Honorable Robert S. Lasnik

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON, et al., | NO. 2:18-cv-01115-RSL |
| Plaintiffs, | DECLARATION OF KRISTIN BENESKI IN SUPPORT OF PLAINTIFF STATES' MOTION TO COMPEL DISCOVERY RESPONSES |
| v. | |
| UNITED STATES DEPARTMENT OF STATE, et al., | |
| Defendants. | |

17  I, Kristin Beneski, declare as follows:

18  1.   I am over the age of 18 and have personal knowledge of all the facts stated

19  herein.

20  2.   I am an Assistant Attorney General with the Washington State Attorney

21  General's Office and counsel of record for the State of Washington in this matter.

22  3.   Attached hereto as **Exhibit 1** is a true and correct copy of *Plaintiffs' First Set*

23  *of Interrogatories and Requests for Production to the Private Defendants* (the Requests),

24  issued on September 20, 2018.

25

26

DECLARATION OF KRISTIN BENESKI
-- NO. 2:18-CV-01115-RSL

1

1    4.    Attached hereto as **Exhibit 2** is a true and correct copy of *Private Defendants'*

2    *Answers to Plaintiffs' First Set of Interrogatories and Responses to Requests for Production*,

3    dated October 22, 2018.

4    5.    Attached hereto as **Exhibit 3** is a true and correct copy of *Private Defendants'*

5    *Supplemental Answers to Plaintiffs' First Set of Interrogatories and Responses to Requests for*

6    *Production*, dated December 3, 2018.

7    6.    **Exhibit 4** is a DVD that is being submitted to the Clerk's Office. *See* Dkt. #

8    147. The DVD contains a copy of a video that was previously available at the following

9    hyperlink: https://www.youtube.com/watch?v=5BglXIlkSoA&feature=youtu.be.  Our office

10   became aware of the video and downloaded it from this link on August 24, 2018. Below is a

11   true and correct screen shot taken from the video:



18   A voiceover accompanying the "HOST OR PAY" image above, starting at approximately

19   minute 1:08 of the video, calls on others to "host the files or pay the tax for the men who will."

20   At approximately minute 2:09, Defense Distributed promises in return to "offer two new

21   contracts to you." At approximately minute 2:16, the video lists among "Our Partners" the

22   "2nd Amendment Foundation."

23   7.    Attached hereto as **Exhibit 5** is a true and correct copy of an email exchange

24   between Chad Flores and Jonathan Scott Goldman, from August 24 to August 27, 2018.

25   8.    Attached hereto as **Exhibit 6** is a true and correct copy of a screen shot from

26   Defense Distributed's Twitter page, taken on November 30, 2018.

DECLARATION OF KRISTIN BENESKI
-- NO.  2:18-CV-01115-RSL                                    2                    ATTORNEY GENERAL OF WASHINGTON
                                                                                  COMPLEX LITIGATION DIVISION
                                                                                  800 FIFTH AVE., STE. 2000
                                                                                  SEATTLE, WA 98104
                                                                                  (206) 464-7744

9.      Attached hereto as **Exhibit 7** is a true and correct copy of an August 28, 2018 *Ars Technica* article entitled "After court order, 3D-printed gun pioneer now sells pay-what-you-want CAD files," downloaded on November 30, 2018.

10.     Attached hereto as **Exhibit 8** is a true and correct copy of an August 28, 2018 *Texas Tribune* article entitled "Blocked from giving away 3D-printed gun blueprints, Texas man says he's selling them instead," downloaded on November 30, 2018.

11.     Attached hereto as **Exhibit 9** is a true and correct copy of a letter from Jeffrey Rupert to Charles Flores and Joel Ard dated November 2, 2018. Mr. Flores and Mr. Ard did not respond substantively to this letter, but the parties agreed to postpone efforts to resolve any discovery disputes until after the Court had ruled on the Private Defendants' then-pending Rule 12(c) motion.

12.     Attached hereto as **Exhibit 10** is a true and correct copy of an email exchange between Charles Flores and me, from November 16 to November 29, 2018.

13.     Ultimately, Jeffrey Rupert and I met and conferred with Charles Flores and Joel Ard via telephone on Friday, November 30, 2018. Counsel for the Private Defendants indicated that they intended to provide a substantive answer to Interrogatory No. 2, but would not substantively respond to any of the States' other Requests. Counsel stated and that they would serve supplemental responses on Monday, December 3. I informed Mr. Flores and Mr. Ard that on behalf of the States, our office intended to file a motion to compel responses to the remaining disputed Requests by the December 4 deadline to file discovery-related motions.

14.     Attached hereto as **Exhibit 11** is a true and correct copy of an email from Matthew Goldstein transmitting a copy of the Private Defendants' Supplemental Responses to counsel for the States on December 3, 2018 at 5:10 PM Pacific Time. Because I was not copied on the transmittal email, I did not receive the Supplemental Responses until nearly an hour later.

15.     Attached hereto as **Exhibit 12** is a chart I prepared that provides a high-level summary of the disputed Requests and arguments made in the Plaintiff States' Motion to Compel Discovery Responses.

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 4th day of December, 2018.


*/s/ Kristin Beneski*
KRISTIN BENESKI

DECLARATION OF KRISTIN BENESKI
-- NO.  2:18-CV-01115-RSL

4

ATTORNEY GENERAL OF WASHINGTON
COMPLEX LITIGATION DIVISION
800 FIFTH AVE., STE. 2000
SEATTLE, WA 98104
(206) 464-7744

1

## **CERTIFICATE OF SERVICE**

2        I hereby certify that on December 4, 2018 I caused the foregoing document to be

3   electronically filed with the Clerk of the Court using the CM/ECF system, which will serve a

4   copy of this document upon all counsel of record. In addition, an .mp4 video file of Exhibit 4

5   was emailed to all counsel of record, as well as filed in disk form with the Clerk of the Court.

6        DATED this 4th day of December, 2018.

7

8                                    */s/ Morgan Mills*
                                     MORGAN MILLS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ATTORNEY GENERAL OF WASHINGTON
COMPLEX LITIGATION DIVISION
800 FIFTH AVE., STE. 2000
SEATTLE, WA 98104
(206) 464-7744

# EXHIBIT 1

1

The Honorable Robert S. Lasnik

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8

STATE OF WASHINGTON, et al.

9

                    Plaintiffs,

10

     v.

11

UNITED STATES DEPARTMENT OF
STATE, et al.,

12

13

                    Defendants.

NO. 2:18-cv-01115-RSL

PLAINTIFFS' FIRST SET OF
INTERROGATORIES AND REQUESTS
FOR PRODUCTION TO THE PRIVATE
DEFENDANTS

14

15

TO:        DEFENSE DISTRIBUTED, SECOND AMENDMENT FOUNDATION, and
           CONN WILLIAMSON, Defendants (collectively, the Private Defendants);

16

AND TO:    CHARLES R. FLORES, MATTHEW GOLDSTEIN, and JOEL B. ARD,
           Attorneys for the Private Defendants.

17

## I.    INSTRUCTIONS

18

     Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Plaintiffs hereby request

19

that the Private Defendants answer the following interrogatories and produce the following

20

documents and electronically stored information within 30 days of service.

21

     For each document that you assert is privileged or otherwise excludable from discovery,

22

please provide the following information: the author(s), the recipient(s), all copy recipients, the

23

24

PLAINTIFFS' FIRST SET OF ROGS AND
RFPS TO THE PRIVATE DEFENDANTS
NO. 2:18-cv-01115-RSL

1

1  date, the type of document (memorandum, e-mail, letter, chart, photograph, etc.), a description

2  of the document, the privilege being claimed, and the grounds for the privilege claim.

3        If any request for production seeks information in any document formerly in your

4  possession, custody, or control that has been discarded, misplaced, lost, destroyed, or otherwise

5  placed outside your custody or control, identify the document and describe its contents in detail

6  and state when the document was discarded, misplaced, lost, destroyed, or otherwise placed

7  outside your custody or control. If the document was destroyed, identify each person with

8  knowledge of its destruction, the person requesting or performing the destruction, the reasons

9  for its destruction, and each document that refers or relates to either the existence or destruction

10  of the document. For each document that was discarded, misplaced, lost, or otherwise placed

11  outside your custody or control, explain all circumstances in relation to the loss of the document

12  and identify each person with knowledge regarding those circumstances.

13        If you object to producing documents in response to any request for production, state

14  your objection and all factual and legal bases for the objection.

15        Unless otherwise indicated, these discovery requests seek any and all responsive

16  information within the possession, custody, or control of the Private Defendants, and pertain to

17  the time period beginning on July 30, 2018 and continuing through the present.

18        These discovery requests are continuing in nature. If you discover additional or different

19  information that is responsive to these discovery requests, you are required to provide

20  supplemental responses in accordance with Federal Rules of Civil Procedure 26(e). If you do not

21  provide the required supplemental information, the Plaintiffs may move at the time of trial to

22  exclude from evidence any requested information and documents that were not timely furnished.

23

24

PLAINTIFFS' FIRST SET OF ROGS AND
RFPS TO THE PRIVATE DEFENDANTS
NO. 2:18-cv-01115-RSL

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1

## II.   DEFINITIONS

2        The following definitions apply to these discovery requests:

3        **"Document"** encompasses the broadest possible definition permitted under the Federal

4    Rules of Civil Procedure and specifically includes all written or recorded material of any kind

5    or character in your possession, custody, or control or within your knowledge, including (without

6    limitation) statements, letters, correspondence, telegrams, memoranda, notes, records, reports,

7    studies, interoffice communications, calendar and diary entries, microfilm, bulletins, circulars,

8    pamphlets, messages, invoices, maps, charts, tabulations, summaries or abstracts, video or audio

9    recordings, work sheets, surveys, graphs, statistics, tables, photographs, rules, regulations,

10   opinions, orders, interpretations, guidelines, electronic mail, any data or information stored or

11   saved on any computer hard disk, floppy disk, tape, or other medium, any computer print-outs,

12   computer software or code, whether in machine or human readable form on any medium, and all

13   other documentary material, including non-identical copies (whether different from the original

14   because of any alterations, notes, comments, or other material contained thereon or attached

15   thereto or otherwise and whether a draft or final version).

16       **"Communication"** means any transmission, disclosure or exchange of information or

17   opinion, however made.

18       **"Concerning or relating to"** means referring to, evidencing, containing, discussing,

19   mentioning, describing, reflecting, summarizing, constituting, identifying, memorializing,

20   referring or pertaining to, studying, commenting or reporting on, or analyzing, in whole or in

21   part.

22

23

24

PLAINTIFFS' FIRST SET OF ROGS AND
RFPS TO THE PRIVATE DEFENDANTS
NO. 2:18-cv-01115-RSL

3

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1         **"Distribute"** means to send, transfer, deliver, disperse, share, or otherwise facilitate

2   (whether directly or indirectly) another person's or entity's receipt of an object, information,

3   data, or other identified item (or something substantially similar).

4         **"Identify,"** with respect to an individual person, means to state the person's full name,

5   physical address, mailing address, phone number, employer(s), and job title(s).

6         **"Identify,"** with respect to a corporation or other entity, means to state the entity's full

7   name, place of incorporation, principal place of business, physical address, and mailing address.

8         **"Person"** means any individual, corporation, partnership, association, or any other entity

9   of any kind.

10         **"You"** and **"your"** mean any of the Private Defendants, i.e., Defense Distributed, the

11   Second Amendment Foundation, and Conn Williamson; any person acting or purporting to act

12   on behalf of any of them, including (without limitation) Cody Wilson and any of their present or

13   former employees, agents, representatives, personnel, attorneys, accountants, consultants,

14   experts, investigators, or other persons; any officer, director, shareholder, founder, or member

15   of Defense Distributed or the Second Amendment Foundation, including (without limitation)

16   Cody Wilson; and any person acting in concert or participation with any of them.

17         **"TRO"** means the temporary restraining order entered by the Court in this matter on

18   July 31, 2018.

19         **"Preliminary Injunction"** means the preliminary injunction entered by the Court in this

20   matter on August 27, 2018.

21         **"Subject Files"** means any of the 3D printing files that are the subject of the TRO and

22   the Preliminary Injunction, namely the "Published Files," "Ghost Gunner Files," "CAD Files,"

23   and "Other Files" referenced in the "Temporary Modification of Category I of the United States

24

PLAINTIFFS' FIRST SET OF ROGS AND
RFPS TO THE PRIVATE DEFENDANTS
NO. 2:18-cv-01115-RSL

    4

1 | Munitions List" and the letter to Cody R. Wilson, Defense Distributed, and the Second

2 | Amendment Foundation issued by the U.S. Department of State on July 27, 2018.

3 |     The singular shall include the plural and vice versa, and the conjunctive shall include the

4 | disjunctive and vice versa. Wherever used, references to the masculine, feminine, or neuter

5 | gender shall include the neuter, feminine, and masculine genders, as the context demands.

6 | **III.   INTERROGATORIES**

7 | **INTERROGATORY NO. 1:**  Identify all persons who are officers, directors, shareholders,

8 | founders, members, employees, or agents of Defense Distributed, or who are otherwise affiliated

9 | with or who have authority to act on behalf of Defense Distributed.

10 | **ANSWER:**

11 |

12 |

13 | **INTERROGATORY NO. 2:**  State whether you posted any Subject Files online, or otherwise

14 | made them publicly available via the internet, on or after July 31, 2018.  If you did, identify the

15 | URL(s), the exact date and time of any such posting, and the individual(s) responsible for or

16 | involved in any such posting, and describe in detail the actions of each such individual in

17 | connection with each such posting.

18 | **ANSWER:**

19 |

20 |

21 | **INTERROGATORY NO. 3:**  State whether you assisted or facilitated any other person in

22 | posting any Subject Files online, or otherwise making them publicly available via the internet,

23 | on or after July 31, 2018.  If you did, identify the URL(s), the exact date and time of any such

24 |

PLAINTIFFS' FIRST SET OF ROGS AND
RFPS TO THE PRIVATE DEFENDANTS
NO. 2:18-cv-01115-RSL

5

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1  posting, and the individual(s) responsible for or involved in any such posting, and describe in

2  detail the actions of each such individual in connection with each such posting.

3  **ANSWER:**

4

5

6  **INTERROGATORY NO. 4:**  State the total number of persons to whom you sold or distributed

7  any Subject Files via mail or courier, email, secure download, or any other method, on or after

8  July 31, 2018, or as to whom you participated in or facilitated such sale or distribution of any

9  Subject Files.

10  **ANSWER:**

11

12

13  **INTERROGATORY NO. 5:**  Describe in detail any method(s) by which you have sold or

14  distributed any Subject Files to any person on or after July 31, 2018, and any method(s) by which

15  you have participated in or facilitated such sale or distribution of any Subject Files.

16  **ANSWER:**

17

18

19  **INTERROGATORY NO. 6:**  As to the persons referenced in Interrogatory No. 4 to whom

20  Subject Files were sold or distributed, describe in detail any and all steps you took, if any, to

21  determine the following: (1) whether such persons are U.S. citizens or lawful permanent

22  residents; (2) whether such persons are located within the United States (and if so, in which

23

24

PLAINTIFFS' FIRST SET OF ROGS AND
RFPS TO THE PRIVATE DEFENDANTS
NO. 2:18-cv-01115-RSL

6

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1   states); and (3) whether such persons are eligible to possess a firearm in any relevant

2   jurisdiction(s).

3   **ANSWER:**

4

5

6   **INTERROGATORY NO. 7:**   List any and all crimes with which Defense Distributed,

7   Cody Wilson, or any person in active concert or participation with either of them has been

8   charged or convicted within the last ten years, and describe the outcome of each charge or

9   conviction.

10  **ANSWER:**

11

12

13  **INTERROGATORY NO. 8:**   For the period of July 31, 2018 to the present, list (by city and

14  country) all destinations outside the United States to which Cody Wilson has traveled or to which

15  he currently plans to travel, and as to each destination, provide the dates of Mr. Wilson's actual

16  or planned departure from and return to the United States.

17  **ANSWER:**

18

19

20  **INTERROGATORY NO. 9:**   Identify all persons or entities who participated in the planning,

21  funding, production, editing, or distribution of the video previously located at the following

22  hyperlink:   https://www.youtube.com/watch?v=5BqlXIlkSoA&feature=youtu.be.   For   each

23

24

1    person or organization involved in the planning, funding, production, editing, or distribution of

2    the video, state the exact nature of the person or entity's involvement.

3    **ANSWER:**

4

5

6                        **IV.    REQUESTS FOR PRODUCTION**

7    **REQUEST FOR PRODUCTION NO. 1:**   Produce all documents and communications

8    concerning or relating to any party or non-party's posting of any Subject Files online, or

9    otherwise making any Subject Files publicly available via the internet, on or after July 31, 2018.

10   **RESPONSE:**

11

12

13   **REQUEST FOR PRODUCTION NO. 2:**   Produce all documents and communications

14   concerning or relating to any party or non-party's sale or distribution of any Subject Files to any

15   persons via mail or courier, email, secure download, or any other method, on or after

16   July 31, 2018.

17   **RESPONSE:**

18

19

20   **REQUEST FOR PRODUCTION NO. 3:**   Produce all documents reflecting any information

21   related to any of the persons described in Interrogatory No. 4 to whom Subject Files were sold

22   or distributed, including but not limited to any such person's: (i) name; (ii) address; (iii) physical

23   location; (iv) age; (v) U.S. citizen or permanent resident status; (iv) eligibility to possess a

24

1   firearm in any relevant jurisdiction(s); (v) the state and/or local sales tax that you collected

2   related to any sale; and (vi) the amount of state and/or local sales tax that you remitted to each

3   jurisdiction related to any sale.

4   **RESPONSE:**

5

6

7   **REQUEST FOR PRODUCTION NO. 4:**   Produce all documents and communications

8   concerning or relating to the proposed, planned, or actual sale or distribution of Subject Files on

9   or after July 31, 2018, including but not limited to all versions of: (i) the video identified in

10  Interrogatory No. 9; (ii) any other videos posted on YouTube, other websites, or elsewhere, or

11  any videos that you produced or published on or after July 31, 2018; (iii) any statements

12  published on Twitter or any other social media platform; (iv) any statements published on

13  defcad.com or defdist.org or elsewhere on the internet; and (v) any other published statements

14  or content.

15  **RESPONSE:**

16

17

18  **REQUEST FOR PRODUCTION NO. 5:**  Produce all of your communications concerning or

19  relating to the distribution or sale of any Subject Files on or after July 31, 2018, including internal

20  communications, communications among the Private Defendants, communications with any

21  other defendants, and communications with any third parties.

22  **RESPONSE:**

23

24

1 **REQUEST FOR PRODUCTION NO. 6:**  To the extent not produced in response to any of the

2 Requests for Production above, for the period of July 30, 2018 to the present, produce all

3 documents concerning or relating to the proposed, planned, or actual posting, distribution, or

4 sale of any Subject Files.

5 **RESPONSE:**

6

7

8 **REQUEST FOR PRODUCTION NO. 7:**  Produce all documents concerning or relating to

9 any criminal charges or convictions as referenced in Interrogatory No. 7.

10 **RESPONSE:**

11

12

13      DATED this 20th day of September, 2018.

14                                        ROBERT W. FERGUSON
                                          Attorney General
15
                                          */s/ Jeffrey Rupert*
16                                        JEFFREY RUPERT, WSBA #45037
                                          Division Chief
17                                        KRISTIN BENESKI, WSBA #45478
                                          Assistant Attorney General
18                                        TODD BOWERS, WSBA #25274
                                          Deputy Attorney General
19                                        JEFF SPRUNG, WSBA #23607
                                          Assistant Attorney General
20                                        ZACHARY P. JONES, WSBA #44557
                                          Assistant Attorney General
21                                        JeffreyR2@atg.wa.gov
                                          KristinB1@atg.wa.gov
22                                        ToddB@atg.wa.gov
                                          JeffS2@atg.wa.gov
23                                        ZachJ@atg.wa.gov
                                          *Attorneys for Plaintiff State of Washington*
24

1

**<u>DECLARATION OF SERVICE</u>**

2

I hereby certify that on September 20, 2018, I served a copy of this document upon all

3

counsel of record by United States Postal Service to the following:

4

Matthew Goldstein
Farhang & Medcoff

5

4801 E. Broadway Blvd, Suite 311
Tucson, AZ  85711

6

Charles Flores
Beck Redden LLP

7

1221 McKinney Street, Suite 4500
Houston, TX  77010

8

Joel B. Ard
Immix Law Group PC

9

701 5th Ave Suite 4710
Seattle, WA  98104

10

*Counsel for Defendants Defense Distributed, Second Amendment*

11

*Foundation, Inc., and Conn Williamson (Private Defendants)*

12

Steven A Myers
Eric J. Soskin
US Dept. of Justice

13

Civil Division, Federal Programs Branch
20 Massachusetts Ave NW

14

Washington, DC 20002

15

Stuart Justin Robinson
US Dept. of Justice
Civil Division

16

PO Box 36028
450 Golden Gate Ave

17

San Francisco, CA 94102-3463

18

*Counsel for Defendants U.S. Department of State, Michael R. Pompeo,*
*Directorate of Defense Trade Controls, Mike Miller, and Sarah Heidema*

19

*(Federal Defendants)*

20

Deepak Gupta
Gupta Wessler PLLC
1900 L Street, NW STE 312

21

Washington, DC 20036

22

Beth E Terrell
Terrell Marshall Law Group PLLC
936 North 34th Street, Ste 300

23

Seattle, WA 98103-8869

24

*Counsel for Everytown for Gun Safety*

PLAINTIFFS' FIRST SET OF ROGS AND
RFPS TO THE PRIVATE DEFENDANTS
NO. 2:18-cv-01115-RSL

11

1

John D Kimball
Blank Rome LLP

2

405 Lexington Ave
New York, NY 10174

3

Andrew P Richards
Garvey Schubert Barer, P.C.

4

1191 Second Ave Suite 1800
Seattle, WA 98101-2939

5

*Counsel for The Brady Center to Prevent Gun Violence*

6

Kit Walsh

7

Electronic Frontier Foundation
815 Eddy Street

8

San Francisco, CA 94109

9

Venkat Balasubramani
Focal PLLC

10

900 First Avenue S., Suite 201
Seattle, WA 98134

11

*Counsel for Electronic Frontier Foundation*

12

13

DATED this 20th day of September, 2018, at Olympia, Washington.

14

15

SARA CEARLEY
Legal Assistant

16

17

18

19

20

21

22

23

24

PLAINTIFFS' FIRST SET OF ROGS AND
RFPS TO THE PRIVATE DEFENDANTS
NO. 2:18-cv-01115-RSL

12

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# EXHIBIT 2

The Honorable Robert S. Lasnik

1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

8

STATE OF WASHINGTON, et al.                    NO. 2:18-cv-01115-RSL

9

            Plaintiffs,

10
                                    **PRIVATE DEFENDANTS
                                    ANSWERS TO PLAINTIFFS'
11                                             FIRST SET OF
v.                                             INTERROGATORIES AND
                                    RESPONSES TO REQUESTS
12                                             FOR PRODUCTION**
UNITED STATES DEPARTMENT OF
STATE, et al.,

13

            Defendants.

14

15

16

17     TO:     Plaintiffs State of Washington, et al., by and through their attorneys of record, Jeffrey
           Rupert, Kristin Beneski, Todd Bowers, Jeff Sprung and Zachary P. Jones, Attorney
18           General Office

19           Defendants Defense Distributed, Second Amendment Foundation, Inc., and Conn

20     Williamson (the "Private Defendants") hereby serve their answers to Plaintiffs' First Set

21     of Interrogatories and responses to Request for Production.

22

23

24

25

26

27

28
Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production                  - 1 -
No 2:18-cv-01115-RSL
                                        Beck Redden LLP
                          1221 McKinney Street, Suite 4500
                             Houston, Texas 77002

1

## <u>ANSWERS TO INTERROGATORIES</u>

2

### <u>GENERAL OBJECTIONS</u>

3

4

The Court should issue a Rule 12 judgment on the pleadings dismissing the Private

5

Defendants from this action, Dkt. 114, in which case the Private Defendants would not be

6

subject to interrogatories, requests for production, and other discovery devices that apply

7

to a party.  *See* Fed. R. Civ. P. 26.  Hence, the Private Defendants submit that they should

8

9
not be required to comply with any interrogatory unless and until the Court resolves their

10
Rule 12 motion.  *See* Dkt. 114.

11
The Private Defendants object to the Instructions and Definitions provided with the

12
interrogatories to the extent they seek to impose burdens greater than those imposed by the

13
Federal Rules of Civil Procedure.

14

15
The Private Defendants object to the Instructions provided with the interrogatories

16
to the extent they impose interrogatories beyond those numerated in the requests.

17
The Private Defendants object to the Definitions provided with the interrogatories

18
to the extent they impose definitions of terms outside commonly understood meanings.

19

20
The Private Defendants object to the requests to the extent they seek the content of

21
privileged attorney-client communications and/or confidential work product. The Private

22
Defendants will produce a privilege log if compelled to produce documents and remain in

23
the case.

24

These general objections are applicable to, and included in, the Private Defendants'
25

26
answers set forth below.

27

28

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 2 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

**ANSWERS**

## I.     Interrogatory Number 1.

Interrogatory No. 1 provides as follows: "Identify all persons who are officers, directors, shareholders, founders, members, employees, or agents of Defense Distributed, or who are otherwise affiliated with or who have authority to act on behalf of Defense Distributed."

A.     The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants. Dkt. 95 at 25.

B.     The Private Defendants object to this interrogatory because it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because the interrogatory seeks information that is duplicative of what the administrative record identifies and, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record identifies.

C.     The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because, even if the identity of *some* persons affiliated with Defense Distributed were relevant to a party's claim or defense, the interrogatory demands identification if "all persons. . . affiliated with . . . or who have authority to act on behalf of Defense Distributed" without any limitations

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 3 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

1    regarding subject matter, place, or time.

2        D.    Defendants Second Amendment Foundation, Inc., and Conn Williamson

3    object to this interrogatory because it is not proportional to the needs of the case

4    considering the parties' relative access to relevant information.  The obligation to respond

5    to this interrogatory, if any, should be limited to Defense Distributed.

6

7    **II.    Interrogatory Number 2.**

8        Interrogatory Number 2 provides as follows: "State whether you posted any Subject

9    Files online, or otherwise made them publicly available via the internet, on or after July

10   31, 2018.  If you did, identify the URL(s), the exact date and time of any such posting, and

11   the individual(s) responsible for or involved in any such posting, and describe in detail the

12   actions of each such individual in connection with each such posting."

13

14       A.    The Private Defendants object to this interrogatory because it is not "relevant

15   to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve

16   any claim against the Private Defendants; it involves only Administrative Procedure Act

17   claims against the Federal Government that depend solely upon an administrative record.

18   *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private

19   Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

20

21       B.    The Private Defendants object to this request because it made for an

22   improper purpose.

23

24       C.    The Private Defendants object to this request because it is made to cause

25   annoyance, oppression, and to harass the Private Defendants.

26

27

28

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 4 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

### III.     Interrogatory Number 3.

Interrogatory Number 3 provides as follows: "State whether you assisted or facilitated any other person in posting any Subject Files online, or otherwise making them publicly available via the internet, on or after July 31, 2018.  If you did, identify the URL(s), the exact date and time of any such posting, and the individual(s) responsible for or involved in any such posting, and describe in detail the actions of each such individual in connection with each such posting."

A.     The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

B.     The Private Defendants object to this request because it made for an improper purpose.

C.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

### IV.     Interrogatory Number 4.

Interrogatory Number 4 provides as follows: "State the total number of persons to whom you sold or distributed any Subject Files via mail or courier, email, secure download, or any other method, on or after July 31, 2018, or as to whom you participated in or facilitated such sale or distribution of any Subject Files."

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 5 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

A.     The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

B.     The Private Defendants object to this interrogatory because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request seeks information that is disproportionately unimportant in comparison to what the administrative record supplies.

C.     The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if the Private Defendants' conduct is relevant, the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the methods identified in this interrogatory.

D.     The Private Defendants object to this interrogatory because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  Even if the fact of such sales or distributions were relevant, the number or persons at issue is not.

E.     Defendants Second Amendment Foundation, Inc., and Conn Williamson object to this interrogatory because it is not proportional to the needs of the case considering the parties' relative access to relevant information.  The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 6 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

F.     The Private Defendants object to this request because it made for an improper purpose.

G.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

## V.     Interrogatory Number 5.

Interrogatory Number 5 provides as follows: "Describe in detail any method(s) by which you have sold or distributed any Subject Files to any person on or after July 31, 2018, and any method(s) by which you have participated in or facilitated such sale or distribution of any Subject Files."

A.     The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants. Dkt. 95 at 25.

B.     The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This is so because the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the other activities at issue in this request.

C.     The Private Defendants object to this interrogatory because it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because, even if the fact of a sale or distribution were relevant, the "detail[s]" of any sale

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 7 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

1    or distribution are disproportionally unimportant.

2          D.     Defendants Second Amendment Foundation, Inc., and Conn Williamson
3    object to this interrogatory because it is not proportional to the needs of the case
4
5    considering the parties' relative access to relevant information.  The obligation to respond
6    to this interrogatory, if any, should be limited to Defense Distributed.

7          E.     The Private Defendants object to this request because it made for an
8    improper purpose.
9
10         F.     The Private Defendants object to this request because it is made to cause
11   annoyance, oppression, and to harass the Private Defendants.

12   **VI.    Interrogatory Number 6.**

13         Interrogatory Number 6 provides as follows: "As to the persons referenced in
14
15   Interrogatory No. 4 to whom Subject Files were sold or distributed, describe in detail any
16   and all steps you took, if any, to determine the following: (1) whether such persons are
17   U.S. citizens or lawful permanent residents; (2) whether such persons are located within
18
19   the United States (and if so, in which states); and (3) whether such persons are eligible to
20   possess a firearm in any relevant jurisdiction(s)."

21         A.     The Private Defendants object to this interrogatory for the reasons stated in
22   the Private Defendants objections to Interrogatory No. 4.

23         B.     The Private Defendants object to this interrogatory because it is not "relevant
24
25   to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Even if the fact of such a sale
26   or distribution were relevant, the determinations inquired about by this interrogatory are
27   not.

28
Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL                          - 8 -                Beck Redden LLP
                                                          1221 McKinney Street, Suite 4500
                                                               Houston, Texas 77002

C.     The Private Defendants object to this request because it made for an improper purpose.

D.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

E.     The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

**VII.    Interrogatory Number 7.**

Interrogatory Number 7 provides as follows: "List any and all crimes with which Defense Distributed, Cody Wilson, or any person in active concert or participation with either of them has been charged or convicted within the last ten years and describe the outcome of each charge or conviction."

A.     The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants. Dkt. 95 at 25.

B.     The Private Defendants object to this interrogatory because it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because the interrogatory seeks information that is duplicative of what the administrative

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 9 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

record identifies and, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record identifies.

C.   The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the interrogatory pertains to "any and all crimes" without limitations regarding subject matter.

D.   The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the interrogatory pertains to "any person in active concert or participation with" Defense Distributed and Cody Wilson without any limitations regarding subject matter, place, or time.

E.   The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the interrogatory pertains to both charges and convictions; but even if convictions are relevant, charges are not.

F.   The Private Defendants object to this request because it made for an improper purpose.

G.   The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

## VIII.   Interrogatory Number 8.

Interrogatory Number 8 provides as follows: "For the period of July 31, 2018 to the present, list (by city and country) all destinations outside the United States to which Cody Wilson has traveled or to which he currently plans to travel, and as to each destination, provide the dates of Mr. Wilson's actual or planned departure from and return to the United

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 10 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

States."

A.      The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants or Cody Wilson; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants or Cody Wilson; it addresses only the Federal Defendants. Dkt. 95 at 25.

B.      The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Even if some aspect of the Private Defendants' conduct is relevant, Cody Wilson's travel is not.

C.      The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains to all travel without any limitations regarding the travel's nature.

D.      The Private Defendants object to this interrogatory because it is not proportional to the needs of the case considering the parties' relative access to relevant information.  The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

E.      The Private Defendants object to this request because it made for an improper purpose.

F.      The Private Defendants object to this request because it is made to cause

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 11 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

annoyance, oppression, and to harass the Private Defendants.

## IX.    Interrogatory Number 9

Interrogatory Number 9 provides as follows: "Identify all persons or entities who participated in the planning, funding, production, editing, or distribution of the video previously located at the following hyperlink: https://www.youtube.com/watch?v=5BqlXllkSoA&feature=outu.be.  For each person or organization involved in the planning, funding, production, editing, or distribution of the video, state the exact nature of the person or entity's involvement."

A.    The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

B.    The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Even if some aspect of the Private Defendants' conduct is relevant, the video at issue here is not.

C.    The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  Even if some aspect of the video's publication is relevant, the "exact nature" of its "planning, funding, production, editing, or distribution" is not.

D.    Defendants Second Amendment Foundation, Inc., and Conn Williamson

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 12 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

object to this interrogatory because it is not proportional to the needs of the case considering the parties' relative access to relevant information.  The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

E.      The Private Defendants object to this request because it made for an improper purpose.

F.      The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

## RESPONSES TO REQUESTS FOR PRODUCTION

## GENERAL OBJECTIONS

The Court should issue a Rule 12 judgment on the pleadings dismissing the Private Defendants from this action, Dkt. 114, in which case the Private Defendants would not be subject to interrogatories, requests for production, and other discovery devices that apply to a party.  *See* Fed. R. Civ. P. 26.  Hence, the Private Defendants submit that they should not be required to comply with any requests for production unless and until the Court resolves their Rule 12 motion.  *See* Dkt. 114.

The Private Defendants object to the Instructions and Definitions provided with the requests to the extent they seek to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

The Private Defendants object to the Instructions provided with the requests to the extent they seek the creation of documents not in existence or in the Private Defendants' possession.

The Private Defendants object to the Definitions provided with the requests to the

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 13 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

extent they impose definitions of terms outside commonly understood meanings.

The Private Defendants object to the requests to the extent they seek the content of privileged attorney-client communications and/or confidential work product.  The Private Defendants will produce a privilege log if compelled to produce documents and remain in the case.

These general objections are applicable to, and included in, the Private Defendants' responses set forth below.

**RESPONSES**

**I.    Request for Production Number 1.**

Request for Production Number 1 provides as follows: "Produce all documents and communications concerning or relating to any party or non-party's posting of any Subject Files online, or otherwise making any Subject Files publicly available via the internet, on or after July 31, 2018."   Responsive materials are being withheld on the basis of the following objections.

A.    The Private Defendants object to this request because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants or non-parties; it addresses only the Federal Defendants.  Dkt. 95 at 25.

B.    The Private Defendants object to this request because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories  and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 14 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

seeks information that is disproportionately unimportant in comparison to what the administrative record supplies.

C.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains to *non-party* actions without regard to the Private Defendants' relationship thereto.

D.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains "all documents and communications concerning or relating to" the activities at issue regardless of the *nature* of the Private Defendants' relationship to the activity.

E.      The Private Defendants object to this request because it made for an improper purpose.

F.      The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

## II.     Request for Production Number 2.

Request for Production Number 2 provides as follows: "Produce all documents and communications concerning or relating to any party or non-party's sale or distribution of any Subject Files to any persons via mail or courier, email, secure download, or any other method, on or after July 31, 2018."  Responsive materials are being withheld on the basis of the following objections.

A.      The Private Defendants object to this request because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 15 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants or any non-parties; it addresses only the Federal Defendants.  Dkt. 95 at 25.

B.     The Private Defendants object to this request because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This is so because the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the other activities at issue in this request.

C.     The Private Defendants object to this request because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request seeks information that is disproportionately unimportant in comparison to what the administrative record supplies.

D.     The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains to *non-party* actions without regard to the Private Defendants' relationship thereto.

E.     The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains "all documents and communications concerning or relating to" the activities at issue regardless of the *nature* of the Private Defendants' relationship to the activity.

F.     The Private Defendants object to this request because it made for an improper purpose.

G.     The Private Defendants object to this request because it is made to cause

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 16 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

annoyance, oppression, and to harass the Private Defendants.

H.     The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

**III.    Request for Production Number 3.**

Request for Production Number 3 provides as follows: "Produce all documents reflecting any information related to any of the persons described in Interrogatory No. 4 to whom Subject Files were sold or distributed, including but not limited to any such person's: (i) name; (ii) address; (iii) physical location; (iv) age; (v) U.S. citizen or permanent resident status; (iv) eligibility to possess a firearm in any relevant jurisdiction(s); (v) the state and/or local sales tax that you collected related to any sale; and (vi) the amount of state and/or local sales tax that you remitted to each jurisdiction related to any sale."   Responsive materials are being withheld on the basis of the following objections.

A.     The Private Defendants object to this request because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

B.     The Private Defendants object to this request because it is not proportional

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 17 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because the request seeks information that is disproportionately unimportant in comparison to what the administrative record supplies.

C.      The Private Defendants object to this request because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because, even if the Private Defendants' conduct is relevant, the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the methods identified in this interrogatory.

D.      The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Even if the fact of such a sale or distribution were relevant, the details requested here are not.

E.      The Private Defendants object to this request because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2). This is so because the request seeks to compel disclosure of private, confidential, and personal information of a non-party that is not relevant to any claim in the case.

F.      Defendants Second Amendment Foundation, Inc., and Conn Williamson object to this interrogatory because it is not proportional to the needs of the case considering the parties' relative access to relevant information. The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

G.      The Private Defendants object to this request because it made for an improper purpose.

H.      The Private Defendants object to this request because it is made to cause

Private Defendants Answers to Plaintiffs' First Set of Interrogatories and Responses to Request for Production No 2:18-cv-01115-RSL

- 18 -

Beck Redden LLP 1221 McKinney Street, Suite 4500 Houston, Texas 77002

annoyance, oppression, and to harass the Private Defendants.

I.      The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

## IV.    Request for Production Number 4.

Request for Production Number 4 provides as follows: "Produce all documents and communications concerning or relating to the proposed, planned, or actual sale or distribution of Subject Files on or after July 31, 2018, including but not limited to all versions of: (i) the video identified in Interrogatory No. 9; (ii) any other videos posted on YouTube, other websites, or elsewhere, or any videos that you produced or published on or after July 31, 2018; (iii) any statements published on Twitter or any other social media platform; (iv) any statements published on defcad.com or defdist.org or elsewhere on the internet; and (v) any other published statements or content."   Responsive materials are being withheld on the basis of the following objections.

A.      The Private Defendants object to this request because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

B.      The Private Defendants object to this request because it is not proportional

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 19 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request seeks information that is either duplicative of what the administrative record identifies or, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record includes.

C.      The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if the Private Defendants' conduct is relevant, the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the other methods identified in this request.

D.      The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if actual sales and distributions are relevant, mere proposals and plans are not.

E.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request pertains to *non-party* actions without regard to the Private Defendants' relationship thereto.

F.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains "all documents and communications concerning or relating to" the activities at issue regardless of the *nature* of the Private Defendants' relationship to the activity.

G.      The Private Defendants object to this request because it made for an improper purpose.

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 20 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

H.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

I.     The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

## V.     Request for Production Number 5.

Request for Production Number 5 provides as follows: "Produce all of your communications concerning or relating to the distribution or sale of any Subject Files on or after July 31, 2018, including internal communications, communications among the Private Defendants, communications with any other defendants, and communications with any third parties."  Responsive materials are being withheld on the basis of the following objections.

A.     The Private Defendants object to this request because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

B.     The Private Defendants object to this request because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request seeks information that is either duplicative of what the administrative record identifies or,

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL                                           - 21 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record includes.

C.     The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if the Private Defendants' conduct is relevant, the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the other methods of sale and distribution identified in this request.

D.     The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if actual sales and distributions are relevant, mere proposals and plans are not.

E.     The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request pertains to *non-party* actions without regard to the Private Defendants' relationship thereto.

F.     The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains "all documents and communications concerning or relating to" the activities at issue regardless of the *nature* of the Private Defendants' relationship to the activity.

G.     The Private Defendants object to this request because it made for an improper purpose.

H.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories  and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 22 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

I.     The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

## VI.     Request for Production Number 6.

Request for Production Number 6 provides as follows: "To the extent not produced in response to any of the Requests for Production above, for the period of July 30, 2018 to the present, produce all documents concerning or relating to the proposed, planned, or actual posting, distribution, or sale of any Subject Files."     Responsive materials are being withheld on the basis of the following objections.

A.     The Private Defendants object to this request because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

B.     The Private Defendants object to this request because it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request seeks information that is either duplicative of what the administrative record identifies or, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record includes.

C.     The Private Defendants object to this interrogatory because it is overly broad

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 23 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if the Private Defendants' conduct is relevant, the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the other methods of posting, sale, and distribution identified in this request.

D.      The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if actual postings, sales, and distributions are relevant, mere proposals and plans are not.

E.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request pertains to *non-party* actions without regard to the Private Defendants' relationship thereto.

F.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains "all documents and communications concerning or relating to" the activities at issue regardless of the *nature* of the Private Defendants' relationship to the activity.

G.      The Private Defendants object to this request because it made for an improper purpose.

H.      The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

I.      The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 24 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

customer's written consent.

## VII.    Request for Production Number 7.

Request for Production Number 7 provides as follows: "Produce all documents concerning or relating to any criminal charges or convictions as referenced in Interrogatory No. 7."   Responsive materials are being withheld on the basis of the following objections.

A.     The Private Defendants object to this request because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

B.     The Private Defendants object to this request because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the interrogatory seeks information that is duplicative of what the administrative record identifies and, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record identifies.

C.     The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the interrogatory pertains to "any and all crimes" without limitations regarding subject matter.

D.     The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the interrogatory pertains to "any person in active concert or participation with" Defense Distributed and

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 25 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

Cody Wilson without any limitations regarding subject matter, place, or time.

E.     The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the interrogatory pertains to both charges and convictions; but even if convictions are relevant, charges are not.

F.     The Private Defendants object to this request because it made for an improper purpose.

G.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

DATED this 22nd day of October 2018.

BECK REDDEN LLP                          FARHANG & MEDCOFF

/s/Charles Flores                              /s/Matthew Goldstein
Charles Flores                                   Matthew Goldstein
cflores@beckredden.com                  Farhang & Medcoff
Beck Redden LLP                             4801 E. Broadway Blvd., Suite 311
1221 McKinney, Suite 4500             Tucson, AZ 85711
Houston, TX 77010                          Phone: (202) 550-0040
Phone: (713) 951-3700                     mgoldstein@fmlaw.law
*Admitted Pro Hac Vice                  *Admitted Pro Hac Vice

Attorneys for Defendants                  IMMIX LAW GROUP PC
Defense Distributed                         /s/Joel B. Ard
                                                       Joel B. Ard, WSBA # 40104
                                                       Immix Law Group PC
                                                       701 5th Ave Suite 4710
                                                       Seattle, WA 98104
                                                       Phone: (206) 492-7531
                                                       Fax: (503) 802-5351
                                                       joel.ard@immixlaw.com

                                                       Attorneys for Defendants
                                                       Defense Distributed, Second Amendment
                                                       Foundation, Inc., and Conn Williamson

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 26 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

1

**CERTIFICATE OF SERVICE**

2

I certify that on October 22, 2018, I served a copy of this document upon all counsel of record via United States First-Class Mail.

3

4

Todd Richard Bowers
Zachary P Jones
Jeffrey Todd Sprung
Attorney General's Office (Sea- Fifth Ave)
800 5th Ave
Ste 2000
Seattle, WA 98104-3188
206-464-7744
ToddB@atg.wa.gov
ZachJ@atg.wa.gov
Jeffs2@atg.wa.gov

Jacob Campion
ATTORNEY GENERAL OF MINNESOTA
445 Minnesota Street
Suite 1100
St Paul, Mn 55101
651-757-1459
Jacob.Campion@ag.state.mn.us

Attorneys for Plaintiff State of Minnesota

5

6

7

8

9

10

Jeffrey George Rupert
Attorney General's Office (40110-Oly)
Po Box 40110
Olympia, WA 98504
360-586-0092
JeffreyR2@atg.wa.gov

11

12

13

14

Attorneys for State of Washington

15

Jonathan Scott Goldman
Executive Deputy Attorney General,
Civil Division
Office Of Attorney General
Strawberry Square, 15th Floor
Harrisburg, Pa 17120
717-783-1471
jgoldman@attorneygeneral.gov
Attorney for Common Wealth of PA

Matthew D Grove
Colorado Department Of Law
1300 Broadway, 6th Floor
Denver, Co 80203
720-508-6157
matt.grove@coag.gov

Attorney for State of Colorado

16

17

18

19

20

Scott J Kaplan
OREGON DEPARTMENT OF JUSTICE
100 SW Market Street
Portland, Or 97201
971-673-1880
971-673-5000 (Fax)
scott.kaplan@doj.state.or.us

Robert T Nakatsuji
Department Of The Attorney General
425 Queen Street
Honolulu, Hi 96813
808-586-1360
Robert.T.Nakatsuji@hawaii.gov

Attorney for State of Hawaii

21

22

23

24

Attorneys for State of Oregon
Maura Murphy Osborne
Office Of The Attorney General
55 Elm Street
Po Box 120
Hartford, Ct 06106
860-808-5020
maura.murphyosborne@ct.gov

Nelson R Richards
California Department Of Justice
Office Of Attorney General
2550 Mariposa Mall
Room 5090
Fresno, Ca 93721
559-705-2324

25

26

27

28

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 27 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

1

Attorney for State of Connecticut

2

Jimmy R Rock

3

Andrew J. Saindon
Office of The Attorney General

4

The District Of Columbia
441 4th Street NW

5

Ste 630 South
Washington, DC 20001

6

202-741-0770
Jimmy.Rock@dc.gov

7

Andy.saindon@dc.gov

8

Attorney for District of Columbia

9

Samuel T. Towell
Office of Attorney General of Virginia

10

Barbara Johns Building
202 N. Ninth Street

11

Richmond, VA  23219
804-786-6731

12

stowell@oag.state.va.us

13

Attorney for State of Virginia
Kit Walsh

14

Electronic Frontier Foundation
815 Eddy Street

15

San Francisco, CA  94109
415-436-9333

16

kit@eff.org

17

Benkat Balasubramani
Focal PLLC

18

900 First Avenue S. Suite 201
Seattle, WA  98134

19

202-529-4827
venkat@focallaw.com

20

Attorney for Electronic Frontier Foundation

21

Andrew P. Richards

22

Garvey Shubert Barer
1191 Second Ave., 18th Floor

23

Seattle, WA  98101-2939
206-464-3939

24

John D. Kimball

25

Blank Rome
405 Lexington Ave.

26

New York, NY  10174
212-885-5000

27

jkimble@blankrome.com

28

nelson.richards@doj.ca.gov

Attorney for State of California
State of Illinois Attorney
General
500 South Second St.
Springfield, IL  62706

Attorney for State of Illinois

Susan E. Urso
Rhode Island Department of Attorney General
150 South Main
Providence, RI  02903
401-274-4400
surso@riag.ri.gov

Attorney for State of Rhode Island

Beth E. Terrell
Terrell Marshall Law Group, PLLC
936 North 34th Street, Ste 300
Seattle, WA  981036-8869
206-816-6603
bterrell@terrellmarshal.com

Depak Gupta
Gupta Wessler PLLC
1900 L Street NW, Suite 312
Washington, DC  20036
202-888-1741
deepak@guptawessler.com

Attorney for Everytown for Gun Safety

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 28 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

1

Attorney for The Brady Center to Prevent
Gun Violence

2

3

4

5                                    FARHANG & MEDCOFF

6                              By   /s/Matthew Goldstein
                                    Matthew Goldstein
7                                    Farhang & Medcoff
                                    4801 E. Broadway Blvd., Suite 311
8                                    Tucson, AZ 85711
                                    Phone: (202) 550-0040
9                                    mgoldstein@fmlaw.law
                                    *Admitted Pro Hac Vice
10
                                    Attorneys for Defendants
11                                   Defense Distributed, Second Amendment
                                    Foundation, Inc., and Conn Williamson
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and        - 29 -
Responses to Request for Production
No 2:18-cv-01115-RSL

EXHIBIT 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Honorable Robert S. Lasnik

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

STATE OF WASHINGTON, et al.

                Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
STATE, et al.,

                Defendants.

NO. 2:18-cv-01115-RSL

**PRIVATE DEFENDANTS'
SUPPLEMENTAL**

**ANSWERS TO PLAINTIFFS'
FIRST SET OF
INTERROGATORIES AND
RESPONSES TO REQUESTS
FOR PRODUCTION**

TO:    Plaintiffs State of Washington, et al., by and through their attorneys of record, Jeffrey Rupert, Kristin Beneski, Todd Bowers, Jeff Sprung and Zachary P. Jones, Attorney General Office

       Defendants Defense Distributed, Second Amendment Foundation, Inc., and Conn

Williamson (the "Private Defendants") hereby serve their supplemental answers to

Plaintiffs' First Set of Interrogatories and responses to Request for Production.

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 1 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

## ANSWERS TO INTERROGATORIES

### GENERAL OBJECTIONS

The Private Defendants reserve their objection to being required to participate in the litigation as a "party" for the reasons given in their motion for judgment on the pleadings, Dkt. 114, and reply in support thereof, Dkt. 125.

The Private Defendants object to the Instructions and Definitions provided with the interrogatories to the extent they seek to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

The Private Defendants object to the Instructions provided with the interrogatories to the extent they impose interrogatories beyond those numerated in the requests.

The Private Defendants object to the Definitions provided with the interrogatories to the extent they impose definitions of terms outside commonly understood meanings.

The Private Defendants object to the requests to the extent they seek the content of privileged attorney-client communications and/or confidential work product. The Private Defendants will produce a privilege log if compelled to produce documents and remain in the case.

These general objections are applicable to, and included in, the Private Defendants' answers set forth below.

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 2 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

**ANSWERS**

## I.      Interrogatory Number 1.

Interrogatory No. 1 provides as follows: "Identify all persons who are officers, directors, shareholders, founders, members, employees, or agents of Defense Distributed, or who are otherwise affiliated with or who have authority to act on behalf of Defense Distributed."

A.      The Private Defendants object to this interrogatory because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States.  *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.      The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

C.      The Private Defendants object to this interrogatory because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the interrogatory seeks information that is duplicative of what the administrative record identifies and, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record identifies.

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 3 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

D.     The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if the identity of *some* persons affiliated with Defense Distributed were relevant to a party's claim or defense, the interrogatory demands identification if "all persons. . . affiliated with . . . or who have authority to act on behalf of Defense Distributed" without any limitations regarding subject matter, place, or time.

E.     Defendants Second Amendment Foundation, Inc., and Conn Williamson object to this interrogatory because it is not proportional to the needs of the case considering the parties' relative access to relevant information.  The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

Subject to the foregoing objections, the Private Defendants respond as follows: Cody Wilson co-founded Defense Distributed. Paloma Heindorff is Defense Distributed's Director.

## II.     Interrogatory Number 2.

Interrogatory Number 2 provides as follows: "State whether you posted any Subject Files online, or otherwise made them publicly available via the internet, on or after July 31, 2018.  If you did, identify the URL(s), the exact date and time of any such posting, and the individual(s) responsible for or involved in any such posting, and describe in detail the actions of each such individual in connection with each such posting."

A.     The Private Defendants object to this interrogatory because the compelled disclosure of these associational and expressive activities violates the First and

Private Defendants' Supplemental Answers to Plaintiffs' First Set of Interrogatories and Responses to Request for Production No 2:18-cv-01115-RSL

- 4 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

Fourteenth Amendments of the Constitution of the United States.  *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.     The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

C.     The Private Defendants object to this request because it made for an improper purpose.

D.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

Subject to the foregoing objections, the Private Defendants respond as follows: After July 31, 2018, the Private Defendants did not post any Subject Files online or otherwise make them publicly available via the internet.

**III.    Interrogatory Number 3.**

Interrogatory Number 3 provides as follows: "State whether you assisted or facilitated any other person in posting any Subject Files online, or otherwise making them publicly available via the internet, on or after July 31, 2018.  If you did, identify the URL(s), the exact date and time of any such posting, and the individual(s) responsible for or involved in any such posting, and describe in detail the actions of each such individual

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 5 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

1    in connection with each such posting."

2        A.    The Private Defendants object to this interrogatory because the compelled

3    disclosure of these associational and expressive activities violates the First and

4

5    Fourteenth Amendments of the Constitution of the United States.  *See NAACP v.*

6    *Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th

7    Cir. 2010).

8        B.    The Private Defendants object to this interrogatory because it is not

9
10   "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not

11   involve any claim against the Private Defendants; it involves only Administrative

12   Procedure Act claims against the Federal Government that depend solely upon an

13
14   administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not

15   address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

16       C.    The Private Defendants object to this request because it made for an

17   improper purpose.

18       D.    The Private Defendants object to this request because it is made to cause

19
20   annoyance, oppression, and to harass the Private Defendants.

21       E.    The Private Defendants object to this request because the Plaintiff States

22   and Federal Defendants have conceded that the domestic deliveries of the Subject Files

23   by hand or mail are both not relevant to this action and legal.

24

25       F.    The Private Defendants object to the scope of this request because "assist"

26   and "facilitate" could encompass constitutionally-protected speech about posting Subject

27   Files online, including, *e.g.*, the contents of briefs filed with the Court in this matter and

28

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL                                  - 6 -                Beck Redden LLP
                                                                    1221 McKinney Street, Suite 4500
                                                                        Houston, Texas 77002

maintained online by the Clerk of the Court. *See e.g.*, Dkt 63 at n. 3 (Private Defendants' Brief in Opposition to Plaintiff States' Motion for Preliminary Injunction, with active hyperlinks to websites offering Subject Files for free public download).

Subject to the foregoing objections, the Private Defendants respond as follows: After July 31, 2018, the Private Defendants did not assist or facilitate any other person in posting any Subject Files online, or otherwise making them publicly available via the internet.

## IV.    Interrogatory Number 4.

Interrogatory Number 4 provides as follows: "State the total number of persons to whom you sold or distributed any Subject Files via mail or courier, email, secure download, or any other method, on or after July 31, 2018, or as to whom you participated in or facilitated such sale or distribution of any Subject Files."

A.      The Private Defendants object to this interrogatory because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States.   *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.      The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not

Private Defendants' Supplemental Answers to Plaintiffs' First Set of Interrogatories and Responses to Request for Production No 2:18-cv-01115-RSL

- 7 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

C.    The Private Defendants object to this interrogatory because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request seeks information that is disproportionately unimportant in comparison to what the administrative record supplies.

D.    The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if the Private Defendants' conduct is relevant, the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the methods identified in this interrogatory.

E.    The Private Defendants object to this interrogatory because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  Even if the fact of such sales or distributions were relevant, the number or persons at issue is not.

F.    The Private Defendants object to this request because the Plaintiff States and Federal Defendants have conceded that the domestic deliveries of the Subject Files by hand or mail are both not relevant to this action and legal.

G.    The Private Defendants object to this request because it made for an improper purpose.

H.    The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

I.    Defendants Second Amendment Foundation, Inc., and Conn Williamson object to this interrogatory because it is not proportional to the needs of the case

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 8 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

considering the parties' relative access to relevant information.   The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

Subject to the forgoing objections, the Private Defendants respond as follows: After July 31, 2018, the Private Defendants did not post any Subject Files online or otherwise make them publicly available via the internet, and did not assist or facilitate any other person in posting any Subject Files online or otherwise making them publicly available via the internet.   After August 27, 2018, Defense Distributed distributed the Subject Files via United States Postal Service mail.

## V.    Interrogatory Number 5.

Interrogatory Number 5 provides as follows: "Describe in detail any method(s) by which you have sold or distributed any Subject Files to any person on or after July 31, 2018, and any method(s) by which you have participated in or facilitated such sale or distribution of any Subject Files."

A.    The Private Defendants object to this interrogatory because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States.   *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.    The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 9 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

C.    The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This is so because the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the other activities at issue in this request.

D.    The Private Defendants object to this interrogatory because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if the fact of a sale or distribution were relevant, the "detail[s]" of any sale or distribution are disproportionally unimportant.

E.    Defendants Second Amendment Foundation, Inc., and Conn Williamson object to this interrogatory because it is not proportional to the needs of the case considering the parties' relative access to relevant information.  The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

F.    The Private Defendants object to this request because it made for an improper purpose.

G.    The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

H.    The Private Defendants object to this request because the Plaintiff States and Federal Defendants have conceded that the domestic deliveries of the Subject Files by hand or mail are both not relevant to this action and legal.

Private Defendants' Supplemental Answers to Plaintiffs' First Set of Interrogatories and Responses to Request for Production No 2:18-cv-01115-RSL

- 10 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

1
2
3
4
5
6
7

Subject to the forgoing objections, the Private Defendants respond as follows: After July 31, 2018, the Private Defendants did not post any Subject Files online or otherwise make them publicly available via the internet, and did not assist or facilitate any other person in posting any Subject Files online or otherwise making them publicly available via the internet.   After August 27, 2018, Defense Distributed distributed the Subject Files via United States Postal Service mail.

8
9

## VI.    Interrogatory Number 6.

10
11
12
13
14
15
16

Interrogatory Number 6 provides as follows: "As to the persons referenced in Interrogatory No. 4 to whom Subject Files were sold or distributed, describe in detail any and all steps you took, if any, to determine the following: (1) whether such persons are U.S. citizens or lawful permanent residents; (2) whether such persons are located within the United States (and if so, in which states); and (3) whether such persons are eligible to possess a firearm in any relevant jurisdiction(s)."

17
18
19

A.      The Private Defendants object to this interrogatory for the reasons stated in the Private Defendants objections to Interrogatory No. 4.

20
21
22
23
24
25

B.      The Private Defendants object to this interrogatory because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States.   *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

26
27
28

C.      The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Even if the fact of

Private Defendants' Supplemental Answers to Plaintiffs' First Set of Interrogatories and Responses to Request for Production No 2:18-cv-01115-RSL

- 11 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

such a sale or distribution were relevant, the determinations inquired about by this interrogatory are not.

D.     The Private Defendants object to this request because it made for an improper purpose.

E.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

F.     The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

G.     The Private Defendants object to this request because the Plaintiff States and Federal Defendants have conceded that the domestic deliveries of the Subject Files by hand or mail are both not relevant to this action and legal.

Subject to the forgoing objections, the Private Defendants respond as follows: After July 31, 2018, the Private Defendants did not post any Subject Files online or otherwise make them publicly available via the internet, and did not assist or facilitate any other person in posting any Subject Files online or otherwise making them publicly available via the internet.  After August 27, 2018, Defense Distributed distributed the Subject Files via United States Postal Service mail.

**VII.    Interrogatory Number 7.**

Interrogatory Number 7 provides as follows: "List any and all crimes with which Defense Distributed, Cody Wilson, or any person in active concert or participation with

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 12 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

either of them has been charged or convicted within the last ten years and describe the outcome of each charge or conviction."

A.      The Private Defendants object to this interrogatory because a response identifying "any person in active concert or participation with either of" Defense Distributed or Cody Wilson constitutes the compelled disclosure of associational and expressive activities in violation of the First and Fourteenth Amendments of the Constitution of the United States. *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.      The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants. Dkt. 95 at 25.

C.      The Private Defendants object to this interrogatory because it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because the interrogatory seeks information that is duplicative of what the administrative record identifies and, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record identifies.

D.      The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2). This is so because the interrogatory pertains to "any and all crimes" without limitations regarding subject

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 13 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

1    matter.

2        E.    The Private Defendants object to this interrogatory because it is overly

3    broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the

4

5    interrogatory pertains to "any person in active concert or participation with" Defense

6    Distributed and Cody Wilson without any limitations regarding subject matter, place, or

7    time.

8        F.    The Private Defendants object to this interrogatory because it is overly

9

10   broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the

11   interrogatory pertains to both charges and convictions; but even if convictions are

12   relevant, charges are not.

13       G.    The Private Defendants object to this request because it made for an

14

15   improper purpose.

16       H.    The Private Defendants object to this request because it is made to cause

17   annoyance, oppression, and to harass the Private Defendants.

18   **VIII.  Interrogatory Number 8.**

19

20       Interrogatory Number 8 provides as follows: "For the period of July 31, 2018 to

21   the present, list (by city and country) all destinations outside the United States to which

22   Cody Wilson has traveled or to which he currently plans to travel, and as to each

23   destination, provide the dates of Mr. Wilson's actual or planned departure from and

24

25   return to the United States."

26       A.    The Private Defendants object to this interrogatory because the compelled

27   disclosure of these associational and expressive activities violates the First and

28

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 14 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

Fourteenth Amendments of the Constitution of the United States.  *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.     The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants or Cody Wilson; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants or Cody Wilson; it addresses only the Federal Defendants.  Dkt. 95 at 25.

C.     The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Even if some aspect of the Private Defendants' conduct is relevant, Cody Wilson's travel is not.

D.     The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains to all travel without any limitations regarding the travel's nature.

E.     The Private Defendants object to this interrogatory because it is not proportional to the needs of the case considering the parties' relative access to relevant information.  The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

F.     The Private Defendants object to this request because it made for an improper purpose.

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 15 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

G.    The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

## IX.    Interrogatory Number 9

Interrogatory Number 9 provides as follows: "Identify all persons or entities who participated in the planning, funding, production, editing, or distribution of the video previously located at the following hyperlink: https://www.youtube.com/watch?v=5BqlXllkSoA&feature=outu.be.  For each person or organization involved in the planning, funding, production, editing, or distribution of the video, state the exact nature of the person or entity's involvement."

A.    The Private Defendants object to this interrogatory because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States.  *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.    The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

C.    The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Even if some aspect

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 16 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

of the Private Defendants' conduct is relevant, the video at issue here is not.

D.      The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  Even if some aspect of the video's publication is relevant, the "exact nature" of its "planning, funding, production, editing, or distribution" is not.

E.      Defendants Second Amendment Foundation, Inc., and Conn Williamson object to this interrogatory because it is not proportional to the needs of the case considering the parties' relative access to relevant information.  The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

F.      The Private Defendants object to this request because it made for an improper purpose.

G.      The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 17 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## RESPONSES TO REQUESTS FOR PRODUCTION

### GENERAL OBJECTIONS

The Private Defendants reserve their objection to being required to participate in the litigation as a "party" for the reasons given in their motion for judgment on the pleadings, Dkt. 114, and reply in support thereof, Dkt. 125.

The Private Defendants object to the Instructions and Definitions provided with the requests to the extent they seek to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

The Private Defendants object to the Instructions provided with the requests to the extent they seek the creation of documents not in existence or in the Private Defendants' possession.

The Private Defendants object to the Definitions provided with the requests to the extent they impose definitions of terms outside commonly understood meanings.

The Private Defendants object to the requests to the extent they seek the content of privileged attorney-client communications and/or confidential work product. The Private Defendants will produce a privilege log if compelled to produce documents and remain in the case.

These general objections are applicable to, and included in, the Private Defendants' responses set forth below.

Private Defendants' Supplemental Answers to Plaintiffs' First Set of Interrogatories and Responses to Request for Production No 2:18-cv-01115-RSL

- 18 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

**RESPONSES**

**I.     Request for Production Number 1.**

Request for Production Number 1 provides as follows: "Produce all documents and communications concerning or relating to any party or non-party's posting of any Subject Files online, or otherwise making any Subject Files publicly available via the internet, on or after July 31, 2018." Responsive materials are being withheld on the basis of the following objections.

A.     The Private Defendants object to this request because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States.  *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.     The Private Defendants object to this request because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants or non-parties; it addresses only the Federal Defendants.  Dkt. 95 at 25.

C.     The Private Defendants object to this request because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request seeks information that is disproportionately unimportant in comparison to what the administrative record supplies.

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 19 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

D.     The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains to *non-party* actions without regard to the Private Defendants' relationship thereto.

E.     The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains "all documents and communications concerning or relating to" the activities at issue regardless of the *nature* of the Private Defendants' relationship to the activity.

F.     The Private Defendants object to this request because it made for an improper purpose.

G.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

Subject to the foregoing objections, the Private Defendants respond as follows: After July 31, 2018, the Private Defendants did not post any Subject Files online or otherwise make them publicly available via the internet, and did not assist or facilitate any other person in posting any Subject Files online or otherwise making them publicly available via the internet.  Because no such events occurred, the Private Defendants have no nonprivileged documents concerning or relating to them.

## II.     Request for Production Number 2.

Request for Production Number 2 provides as follows: "Produce all documents and communications concerning or relating to any party or non-party's sale or distribution of any Subject Files to any persons via mail or courier, email, secure

Private Defendants' Supplemental Answers to Plaintiffs' First Set of Interrogatories and Responses to Request for Production No 2:18-cv-01115-RSL

- 20 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

download, or any other method, on or after July 31, 2018." Responsive materials are being withheld on the basis of the following objections.

A.      The Private Defendants object to this request because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States. *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.      The Private Defendants object to this request because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants or any non-parties; it addresses only the Federal Defendants. Dkt. 95 at 25.

C.      The Private Defendants object to this request because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This is so because the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the other activities at issue in this request.

D.      The Private Defendants object to this request because it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because the request seeks information that is disproportionately unimportant in comparison to what the administrative record supplies.

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 21 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

E.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains to *non-party* actions without regard to the Private Defendants' relationship thereto.

F.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains "all documents and communications concerning or relating to" the activities at issue regardless of the *nature* of the Private Defendants' relationship to the activity.

G.      The Private Defendants object to this request because it made for an improper purpose.

H.      The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

I.      The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

J.      The Private Defendants object to this request because the Plaintiff States and Federal Defendants have conceded that the domestic deliveries of the Subject Files by hand or mail are both not relevant to this action and legal.

Subject to the foregoing objections, the Private Defendants respond as follows: After July 31, 2018, the Private Defendants did not post any Subject Files online or otherwise make them publicly available via the internet, and did not assist or facilitate any other person in posting any Subject Files online or otherwise making

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 22 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

them publicly available via the internet.  Because no such events occurred, the Private Defendants have no nonprivileged documents concerning or relating to them.

## III.     Request for Production Number 3.

Request for Production Number 3 provides as follows: "Produce all documents reflecting any information related to any of the persons described in Interrogatory No. 4 to whom Subject Files were sold or distributed, including but not limited to any such person's: (i) name; (ii) address; (iii) physical location; (iv) age; (v) U.S. citizen or permanent resident status; (iv) eligibility to possess a firearm in any relevant jurisdiction(s); (v) the state and/or local sales tax that you collected related to any sale; and (vi) the amount of state and/or local sales tax that you remitted to each jurisdiction related to any sale."  Responsive materials are being withheld on the basis of the following objections.

A.     The Private Defendants object to this request because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States.  *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.     The Private Defendants object to this request because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.

*See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

C.    The Private Defendants object to this request because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request seeks information that is disproportionately unimportant in comparison to what the administrative record supplies.

D.    The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if the Private Defendants' conduct is relevant, the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the methods identified in this interrogatory.

E.    The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Even if the fact of such a sale or distribution were relevant, the details requested here are not.

F.    The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).   This is so because the request seeks to compel disclosure of private, confidential, and personal information of a non-party that is not relevant to any claim in the case.

G.    Defendants Second Amendment Foundation, Inc., and Conn Williamson object to this interrogatory because it is not proportional to the needs of the case considering the parties' relative access to relevant information.   The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 24 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

H.     The Private Defendants object to this request because it made for an improper purpose.

I.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

J.     The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

K.     The Private Defendants object to this request because the Plaintiff States and Federal Defendants have conceded that the domestic deliveries of the Subject Files by hand or mail are both not relevant to this action and legal.

Subject to the foregoing objections, the Private Defendants respond as follows: After July 31, 2018, the Private Defendants did not post any Subject Files online or otherwise make them publicly available via the internet, and did not assist or facilitate any other person in posting any Subject Files online or otherwise making them publicly available via the internet.  Because no such events occurred, the Private Defendants have no nonprivileged documents concerning or relating to them.

## IV.     Request for Production Number 4.

Request for Production Number 4 provides as follows: "Produce all documents and communications concerning or relating to the proposed, planned, or actual sale or distribution of Subject Files on or after July 31, 2018, including but not limited to all

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 25 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

versions of: (i) the video identified in Interrogatory No. 9; (ii) any other videos posted on YouTube, other websites, or elsewhere, or any videos that you produced or published on or after July 31, 2018; (iii) any statements published on Twitter or any other social media platform; (iv) any statements published on defcad.com or defdist.org or elsewhere on the internet; and (v) any other published statements or content." Responsive materials are being withheld on the basis of the following objections.

A.    The Private Defendants object to this request because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States. *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.    The Private Defendants object to this request because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants. Dkt. 95 at 25.

C.    The Private Defendants object to this request because it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because the request seeks information that is either duplicative of what the administrative record identifies or, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record includes.

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 26 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

D.      The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if the Private Defendants' conduct is relevant, the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the other methods identified in this request.

E.      The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if actual sales and distributions are relevant, mere proposals and plans are not.

F.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request pertains to *non-party* actions without regard to the Private Defendants' relationship thereto.

G.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains "all documents and communications concerning or relating to" the activities at issue regardless of the *nature* of the Private Defendants' relationship to the activity.

H.      The Private Defendants object to this request because it made for an improper purpose.

I.      The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

J.      The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL                                    - 27 -                    Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

1
2
3
4
5
6

may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

K.     The Private Defendants object to this request because the Plaintiff States and Federal Defendants have conceded that the domestic deliveries of the Subject Files by hand or mail are both not relevant to this action and legal.

7
8
9
10
11
12
13
14
15

Subject to the foregoing objections, the Private Defendants respond as follows: After July 31, 2018, the Private Defendants did not post any Subject Files online or otherwise make them publicly available via the internet, and did not assist or facilitate any other person in posting any Subject Files online or otherwise making them publicly available via the internet.  Because no such events occurred, the Private Defendants have no nonprivileged documents concerning or relating to them.

16

**V.     Request for Production Number 5.**

17
18
19
20
21
22
23
24

Request for Production Number 5 provides as follows: "Produce all of your communications concerning or relating to the distribution or sale of any Subject Files on or after July 31, 2018, including internal communications, communications among the Private Defendants, communications with any other defendants, and communications with any third parties."  Responsive materials are being withheld on the basis of the following objections.

25
26
27

A.     The Private Defendants object to this request because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States.  *See NAACP v.*

28

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL                         - 28 -                         Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

*Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.      The Private Defendants object to this request because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants. Dkt. 95 at 25.

C.      The Private Defendants object to this request because it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because the request seeks information that is either duplicative of what the administrative record identifies or, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record includes.

D.      The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because, even if the Private Defendants' conduct is relevant, the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the other methods of sale and distribution identified in this request.

E.      The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because, even if actual sales and distributions are relevant, mere proposals and plans are not.

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 29 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

F.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request pertains to *non-party* actions without regard to the Private Defendants' relationship thereto.

G.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains "all documents and communications concerning or relating to" the activities at issue regardless of the *nature* of the Private Defendants' relationship to the activity.

H.      The Private Defendants object to this request because it made for an improper purpose.

I.      The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

J.      The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

K.      The Private Defendants object to this request because the Plaintiff States and Federal Defendants have conceded that the domestic deliveries of the Subject Files by hand or mail are both not relevant to this action and legal.

Subject to the foregoing objections, the Private Defendants respond as follows:

After July 31, 2018, the Private Defendants did not post any Subject Files online or otherwise make them publicly available via the internet, and did not assist or

Private Defendants' Supplemental Answers to Plaintiffs' First Set of Interrogatories and Responses to Request for Production No 2:18-cv-01115-RSL

- 30 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

facilitate any other person in posting any Subject Files online or otherwise making them publicly available via the internet. Because no such events occurred, the Private Defendants have no nonprivileged documents concerning or relating to them.

## VI.    Request for Production Number 6.

Request for Production Number 6 provides as follows: "To the extent not produced in response to any of the Requests for Production above, for the period of July 30, 2018 to the present, produce all documents concerning or relating to the proposed, planned, or actual posting, distribution, or sale of any Subject Files." Responsive materials are being withheld on the basis of the following objections.

A.    The Private Defendants object to this request because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States. *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.    The Private Defendants object to this request because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants. Dkt. 95 at 25.

Private Defendants' Supplemental Answers to Plaintiffs' First Set of Interrogatories and Responses to Request for Production No 2:18-cv-01115-RSL

- 31 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

C.     The Private Defendants object to this request because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request seeks information that is either duplicative of what the administrative record identifies or, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record includes.

D.     The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if the Private Defendants' conduct is relevant, the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the other methods of posting, sale, and distribution identified in this request.

E.     The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if actual postings, sales, and distributions are relevant, mere proposals and plans are not.

F.     The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request pertains to *non-party* actions without regard to the Private Defendants' relationship thereto.

G.     The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains "all documents and communications concerning or relating to" the activities at issue

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 32 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

regardless of the *nature* of the Private Defendants' relationship to the activity.

H.      The Private Defendants object to this request because it made for an improper purpose.

I.      The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

J.      The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

K.      The Private Defendants object to this request because the Plaintiff States and Federal Defendants have conceded that the domestic deliveries of the Subject Files by hand or mail are both not relevant to this action and legal.

Subject to the foregoing objections, the Private Defendants respond as follows: After July 31, 2018, the Private Defendants did not post any Subject Files online or otherwise make them publicly available via the internet, and did not assist or facilitate any other person in posting any Subject Files online or otherwise making them publicly available via the internet.  Because no such events occurred, the Private Defendants have no nonprivileged documents concerning or relating to them.

**VII.   Request for Production Number 7.**

Request for Production Number 7 provides as follows: "Produce all documents concerning or relating to any criminal charges or convictions as referenced in

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 33 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

Interrogatory No. 7."   Responsive materials are being withheld on the basis of the following objections.

A.      The Private Defendants object to this request because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

B.      The Private Defendants object to this request because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the interrogatory seeks information that is duplicative of what the administrative record identifies and, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record identifies.

C.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the interrogatory pertains to "any and all crimes" without limitations regarding subject matter.

D.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the interrogatory pertains to "any person in active concert or participation with" Defense Distributed and Cody Wilson without any limitations regarding subject matter, place, or time.

E.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the interrogatory

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 34 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

pertains to both charges and convictions; but even if convictions are relevant, charges are not.

     F.    The Private Defendants object to this request because it made for an improper purpose.

     G.    The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

     DATED this 3rd day of December 2018.

| BECK REDDEN LLP | FARHANG & MEDCOFF |
|---|---|
| /s/Charles Flores | /s/Matthew Goldstein |
| Charles Flores | Matthew Goldstein |
| Beck Redden LLP | Farhang & Medcoff |
| 1221 McKinney, Suite 4500 | 4801 E. Broadway Blvd., Suite 311 |
| Houston, TX 77010 | Tucson, AZ 85711 |
| Phone: (713) 951-3700 | Phone: (202) 550-0040 |
| cflores@beckreden.com | mgoldstein@fmlaw.law |
| | |
| *Admitted Pro Hac Vice | *Admitted Pro Hac Vice |
| | |
| Attorney for Defendants | Attorney for Defendants |
| Defense Distributed | Defense Distributed, Second Amendment Foundation, Inc., and Conn Williamson |
| | |
| | ARD LAW GROUP PLLC |
| | |
| | /s/Joel B. Ard |
| | Joel B. Ard, WSBA # 40104 |
| | Ard Law Group PLLC |
| | P.O. Box 11633 |
| | Bainbridge Island, WA 98110 |
| | Phone: (206) 701-9243 |
| | Joel@Ard.law |
| | |
| | Attorneys for Defendants |
| | Defense Distributed, Second Amendment Foundation, Inc., and Conn Williamson |

Private Defendants' Supplemental Answers to Plaintiffs' First Set of Interrogatories and Responses to Request for Production No 2:18-cv-01115-RSL

\- 35 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

1

**CERTIFICATE OF SERVICE**

2

I certify that on December 3, 2018, I served a copy of this document upon all
counsel of record via United States First-Class Mail.

3

4

5    Todd Richard Bowers                          Jacob Campion
     Zachary P Jones                              ATTORNEY GENERAL OF
6    Jeffrey Todd Sprung                          MINNESOTA
     Attorney General's Office (Sea- Fifth Ave)   445 Minnesota Street
     800 5th Ave                                  Suite 1100
7    Ste 2000                                     St Paul, Mn 55101
     Seattle, WA 98104-3188                       651-757-1459
8    206-464-7744                                 Jacob.Campion@ag.state.mn.us
     ToddB@atg.wa.gov
9    ZachJ@atg.wa.gov                             Attorney for Plaintiff State of Minnesota
     Jeffs2@atg.wa.gov

10

11   Jeffrey George Rupert
     Attorney General's Office (40110-Oly)
12   Po Box 40110
     Olympia, WA 98504
13   360-586-0092
     JeffreyR2@atg.wa.gov

14   Attorneys for State of Washington

15

16   Jonathan Scott Goldman                       Matthew D Grove
     Executive Deputy Attorney General,           Colorado Department Of Law
17   Civil Division                               1300 Broadway, 6th Floor
     Office of the Attorney General               Denver, Co 80203
     Strawberry Square, 15th Floor                720-508-6157
18   Harrisburg, Pa 17120                         matt.grove@coag.gov
     717-783-1471
19   jgoldman@attorneygeneral.gov                 Attorney for State of Colorado

20   Attorney for Common Wealth of PA

21                                                Robert T Nakatsuji
                                                  Department of the Attorney General
22   Scott J Kaplan                               425 Queen Street
     OREGON DEPARTMENT OF JUSTICE                 Honolulu, Hi 96813
     100 SW Market Street                         808-586-1360
23   Portland, Or 97201                           Robert.T.Nakatsuji@hawaii.gov
     971-673-1880
24   971-673-5000 (Fax)                           Attorney for State of Hawaii
     scott.kaplan@doj.state.or.us
25

26                                                Nelson R Richards
                                                  Califoroia Department of Justice
27   Maura Murphy Osborne                         Office of the Attorney General
     Office of the Attorney General               2550 Mariposa Mall
28

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and          - 36 -
Responses to Request for Production
No 2:18-cv-01115-RSL

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

55 Elm Street
Po Box 120
Hartford, Ct 06106
860-808-5020
maura.murphyosborne@ct.gov

Attorney for State of Connecticut
Jimmy R Rock
Andrew J. Saindon
Office of the Attorney General
The District Of Columbia
441 4th Street NW
Ste 630 South
Washington, DC 20001
202-741-0770
Jimmy.Rock@dc.gov
Andy.saindon@dc.gov

Attorney for District of Columbia

Samuel T. Towell
Office of the Attorney General of Virginia
Barbara Johns Building
202 N. Ninth Street
Richmond, VA  23219
804-786-6731
stowell@oag.state.va.us

Attorney for State of Virginia

Kit Walsh
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA  94109
415-436-9333
kit@eff.org

Benkat Balasubramani
Focal PLLC
900 First Avenue S. Suite 201
Seattle, WA  98134
202-529-4827
venkat@focallaw.com

Attorneys for Electronic Frontier
Foundation

Andrew P. Richards
Garvey Shubert Barer
1191 Second Ave., 18th Floor
Seattle, WA  98101-2939

Room 5090
Fresno, Ca 93721
559-705-2324
nelson.richards@doj.ca.gov

Attorney for State of California

State of Illinois Attorney
General
500 South Second St.
Springfield, IL  62706

Attorney for State of Illinois

Susan E. Urso
Rhode Island Department of Attorney
General
150 South Main
Providence, RI  02903
401-274-4400
surso@riag.ri.gov

Attorney for State of Rhode Island

Beth E. Terrell
Terrell Marshall Law Group, PLLC
936 North 34th Street, Ste 300
Seattle, WA  981036-8869
206-816-6603
bterrell@terrellmarshal.com

Depak Gupta
Gupta Wessler PLLC
1900 L Street NW, Suite 312
Washington, DC  20036
202-888-1741
deepak@guptawessler.com

Attorneys for Everytown for Gun Safety

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 37 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

1   206-464-3939

2   John D. Kimball
    Blank Rome
3   405 Lexington Ave.
    New York, NY  10174
4   212-885-5000
    jkimble@blankrome.com
5
    Attorneys for The Brady Center to Prevent
6   Gun Violence

7

8

9                                   FARHANG & MEDCOFF

10                          By   /s/Matthew Goldstein

11                               Matthew Goldstein
                                 Farhang & Medcoff
12                               4801 E. Broadway Blvd., Suite 311
                                 Tucson, AZ 85711
13                               Phone: (202) 550-0040
                                 mgoldstein@fmlaw.law
14                               *Admitted Pro Hac Vice
15
                                 Attorneys for Defendants
16                               Defense Distributed, Second Amendment
                                 Foundation, Inc., and Conn Williamson
17

18

19

20

21

22

23

24

25

26

27

28
Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and        - 38 -
Responses to Request for Production
No 2:18-cv-01115-RSL

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

EXHIBIT 4



The Honorable Robert S. Lasnik

1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

10

| | |
|---|---|
| STATE OF WASHINGTON, et al., | NO. 2:18-cv-01115-RSL |
| Plaintiffs, | NOTICE OF FILING PAPER OR |
| v. | PHYSICAL MATERIALS WITH THE CLERK |
| UNITED STATES DEPARTMENT OF STATE, et al., | |
| Defendants. | |

11

12

13

14

15

16

     A disk containing a copy of Exhibit 4 to the Declaration of Kristin Beneski in Support

17

of the Plaintiff States' Motion to Compel Discovery Responses is being filed in physical form

18

with the Clerk's Office for the Western District of Washington. The disk will remain in the

19

Clerk's custody until appropriate disposition pursuant to the Local Rules of the Western

20

District of Washington.

21

     DATED this 4th day of December, 2018.

22

23

ROBERT W. FERGUSON
Attorney General

24

25

*/s/ Jeffrey Rupert*
JEFFREY RUPERT, WSBA #45037
Division Chief

26

NOTICE OF FILING PAPER OR
PHYSICAL MATERIALS WITH THE
CLERK -- NO. 2:18-CV-01115-RSL

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

1    KRISTIN BENESKI, WSBA #45478
     Assistant Attorney General
2    TODD BOWERS, WSBA #25274
     Deputy Attorney General
3    JEFF SPRUNG, WSBA #23607
     Assistant Attorney General
4    ZACH JONES, WSBA #44557
     Assistant Attorney General
5    JeffreyR2@atg.wa.gov
     KristinB1@atg.wa.gov
6    ToddB@atg.wa.gov
     JeffS2@atg.wa.gov
7    ZachJ@atg.wa.gov
     *Counsel for the Plaintiff States*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF FILING PAPER OR                   2
PHYSICAL MATERIALS WITH THE
CLERK -- NO.  2:18-CV-01115-RSL

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
7141 Cleanwater Drive SW
PO Box 40111
Olympia, WA 98504-0111
(360) 709-6470

# EXHIBIT 5

| | |
|---|---|
| **From:** | Rupert, Jeffrey (ATG) |
| **To:** | Sprung, Jeff (ATG); Beneski, Kristin (ATG); Jones, Zach (ATG); Williams, Jennah (ATG) |
| **Subject:** | FW: Commonwealth v. Defense Distributed |
| **Date:** | Monday, August 27, 2018 8:09:07 AM |

---

**From:** Chad Flores <Cflores@beckredden.com>
**Sent:** Monday, August 27, 2018 7:28 AM
**To:** Goldman, Jonathan Scott <jgoldman@attorneygeneral.gov>
**Cc:** 'Miller, Jonathan (AGO)' <jonathan.miller@state.ma.us>; Rupert, Jeffrey (ATG) <JeffreyR2@ATG.WA.GOV>; Romano, Karen M. <kromano@attorneygeneral.gov>; Bowers, Todd (ATG) <ToddB@ATG.WA.GOV>; Andrew Bruck <Andrew.Bruck@njoag.gov>; 'Jeremy Feigenbaum' <Jeremy.Feigenbaum@njoag.gov>; Donahue, III, James A. <jdonahue@attorneygeneral.gov>; DeLone, J. Bart. <jdelone@attorneygeneral.gov>; Kovatis, Stephen R. <skovatis@attorneygeneral.gov>; Sulcove, Lauren E. <lsulcove@attorneygeneral.gov>; 'Doug Gould' <dgould@pmrbm.com>
**Subject:** Re: Commonwealth v. Defense Distributed

Jonathan,

At your earliest convenience, please study the video again.  It's been changed to omit the expressions that may have been your cause for concern.  Naturally, the change does not entail any admission of wrongdoing.  In light of the busy days ahead and unless you say otherwise, I'll assume that this moots the need to pursue a completely detailed discussion of this matter.

_____

Chad Flores
Partner • Beck Redden LLP
cflores@beckredden.com
(713) 951-6268 office
(512) 589-7620 mobile

**From:** Chad Flores <Cflores@beckredden.com>
**Date:** Saturday, August 25, 2018 at 6:26 AM
**To:** "Goldman, Jonathan Scott" <jgoldman@attorneygeneral.gov>
**Cc:** "'Miller, Jonathan (AGO)'" <jonathan.miller@state.ma.us>, "Rupert, Jeffrey (ATG)" <JeffreyR2@ATG.WA.GOV>, "Romano, Karen M." <kromano@attorneygeneral.gov>, "'Bowers, Todd (ATG)'" <ToddB@ATG.WA.GOV>, Andrew Bruck <Andrew.Bruck@njoag.gov>, 'Jeremy Feigenbaum' <Jeremy.Feigenbaum@njoag.gov>, "Donahue, III, James A." <jdonahue@attorneygeneral.gov>, "DeLone, J. Bart." <jdelone@attorneygeneral.gov>, "Kovatis, Stephen R." <skovatis@attorneygeneral.gov>, "Sulcove, Lauren E." <lsulcove@attorneygeneral.gov>, Doug Gould <dgould@pmrbm.com>
**Subject:** Re: Commonwealth v. Defense Distributed

Jonathan,

I've received your e-mail and am studying the matter with all due haste.  Rest assured that I'll

respond with a full report just as soon as I have one.  If you could forward me the transcript you're citing, I'd appreciate that.

_____

Chad Flores
Partner • Beck Redden LLP
cflores@beckredden.com
(713) 951-6268 office
(512) 589-7620 mobile

---

**From:** "Goldman, Jonathan Scott" <jgoldman@attorneygeneral.gov>
**Date:** Friday, August 24, 2018 at 4:35 PM
**To:** Doug Gould <dgould@pmrbm.com>, Chad Flores <Cflores@beckredden.com>
**Cc:** "'Miller, Jonathan (AGO)'" <jonathan.miller@state.ma.us>, "Rupert, Jeffrey (ATG)" <JeffreyR2@ATG.WA.GOV>, "Romano, Karen M." <kromano@attorneygeneral.gov>, "'Bowers, Todd (ATG)'" <ToddB@ATG.WA.GOV>, Andrew Bruck <Andrew.Bruck@njoag.gov>, 'Jeremy Feigenbaum' <Jeremy.Feigenbaum@njoag.gov>, "Donahue, III, James A." <jdonahue@attorneygeneral.gov>, "DeLone, J. Bart." <jdelone@attorneygeneral.gov>, "Kovatis, Stephen R." <skovatis@attorneygeneral.gov>, "Sulcove, Lauren E." <lsulcove@attorneygeneral.gov>
**Subject:** RE: Commonwealth v. Defense Distributed
**Resent-From:** Proofpoint Essentials <do-not-reply@proofpointessentials.com>
**Resent-To:** <cflores@beckredden.com>
**Resent-Date:** Friday, August 24, 2018 at 4:29 PM

Assume you saw that we filed the Joint Report, Chad and Doug.  But I write about a more urgent issue.

We just  became aware that Defense Distributed sent an email to its listserv this morning containing a link to a video (https://youtu.be/5BqlXllkSoA).  In that video, Defense Distributed asks others to host its 3D gun files because courts have prevented it from doing so, itself.  I assume, as counsel, you were and are unaware of this.  Now you are.  We respectfully request that you advise your clients to promptly take down the video and cease any and all efforts to have others host these files.

It is my understanding that, broadly speaking, your clients have made representations to the courts in which legal matters are pending that they would no longer make these files available (in PA and NJ) and that the nationwide injunction prevents them from making such files available anywhere nationwide.  Actively soliciting others to host the same files plainly violates these promises and representations.

For example, in Pennsylvania, Defense Distributed represented to the Court that it "block[ed] all challenged information from being accessed in Pennsylvania."  Doc 20, attached.  During the hearing, counsel texted Mr. Wilson, who agreed to implement the agreed-to remedy that night:

THE COURT: And in the mean time, Mr. Blackman, your client is

going to keep this stuff, as you've described, off the internet, as far as Pennsylvania is concerned. Is that right?

MR. BLACKMAN: Yes. I actually texted my client while I was on the phone with you, Judge. He replied back, and we'll do it right away. So, as soon as they can do it, it's going to be done tonight.

Tr. 11: 11-22 (Doc. No. 17).

That conversation culminated, on the transcript, as follows:

THE COURT: ...And Mr. Blackman, your client agrees to continue to keep this stuff off the internet in Pennsylvania, and not post new stuff, until we have -- until we hold a motion -- until we hold a hearing for a preliminary injunction, and until I rule on it. Is that right?

MR. BLACKMAN: Yes, Your Honor, absolutely.

Tr. 17: 6-11 (Doc. No. 17).

Later, Doug, as counsel to Defendants, you represented to the PA Court that the Nationwide TRO Order in the WA Court "has the legal effect of a takedown order" in PA (and beyond).  Doc 21 (attached).

In light of these representations, we hope you will agree that your clients' efforts to have others post the 3D guns that they promised were taken down and would no longer be made available in PA, NJ or nationally are improper and should cease immediately.

Kindly confirm as soon as possible that your clients will immediately take down the video from YouTube and cease any and all efforts to have others host these files.

Should you and/or your clients have any other position on this issue, please advise promptly.

Thanks and have a good weekend,

Jonathan


**Jonathan Scott Goldman**
Executive Deputy Attorney General
Civil Law Division
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA  17120

jgoldman@attorneygeneral.gov
Telephone: 717-787-8058
Facsimile: 717-772-4526

---

**From:** Goldman, Jonathan Scott
**Sent:** Friday, August 24, 2018 2:53 PM
**To:** 'Doug Gould' <dgould@pmrbm.com>; Chad Flores <Cflores@beckredden.com>
**Cc:** DeLone, J. Bart. <jdelone@attorneygeneral.gov>; Donahue, III, James A.
<jdonahue@attorneygeneral.gov>; Kovatis, Stephen R. <skovatis@attorneygeneral.gov>; Romano,
Karen M. <kromano@attorneygeneral.gov>; Sulcove, Lauren E. <lsulcove@attorneygeneral.gov>
**Subject:** RE: Commonwealth v. Defense Distributed

This works, Doug and Chad.  We'll sign for you and file today.

Thanks and have a great weekend,

Jonathan

**Jonathan Scott Goldman**
Executive Deputy Attorney General
Civil Law Division
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA  17120

jgoldman@attorneygeneral.gov
Telephone: 717-787-8058
Facsimile: 717-772-4526

---

**From:** Doug Gould [mailto:dgould@pmrbm.com]
**Sent:** Friday, August 24, 2018 11:32 AM
**To:** Chad Flores <Cflores@beckredden.com>
**Cc:** Goldman, Jonathan Scott <jgoldman@attorneygeneral.gov>; DeLone, J. Bart.
<jdelone@attorneygeneral.gov>; Donahue, III, James A. <jdonahue@attorneygeneral.gov>; Kovatis,
Stephen R. <skovatis@attorneygeneral.gov>; Romano, Karen M. <kromano@attorneygeneral.gov>;
Sulcove, Lauren E. <lsulcove@attorneygeneral.gov>
**Subject:** Re: Commonwealth v. Defense Distributed

Jonathan-

Please find attached our draft joint report for filing today.  It is vetted on this side, I authorize
you to sign my signature for filing unless you have proposed changes.

On Aug 24, 2018, at 11:18 AM, Chad Flores <Cflores@beckredden.com> wrote:

Jonathan,

Thanks for the quick reply.  I'll be the lead counsel in PA, and am aiming to make an appearance official in the next few days.  But of course, please do continue to include both Doug an me in talks to ensure a smooth line of communication.

If the federal district court in Washington continues the TRO as a preliminary injunction, you're right to understand that Doug's August 2 letter represents our position about its effect.  And of course, if that court does something materially different, we'll be at your disposal to clarify anything in need of attention.

We'll be glad to send over a proposed status report to file today.  Perhaps since we'll be drawing it up, y'all can do the job of filing it.

_____
Chad Flores
Partner • Beck Redden LLP
cflores@beckredden.com
(713) 951-6268 office
(512) 589-7620 mobile

**From:** "Goldman, Jonathan Scott" <jgoldman@attorneygeneral.gov>
**Date:** Friday, August 24, 2018 at 10:09 AM
**To:** Doug Gould <dgould@pmrbm.com>, Chad Flores <Cflores@beckredden.com>
**Cc:** "DeLone, J. Bart." <jdelone@attorneygeneral.gov>, "Donahue, III, James A." <jdonahue@attorneygeneral.gov>, "Goldman, Jonathan Scott" <jgoldman@attorneygeneral.gov>, "Kovatis, Stephen R." <skovatis@attorneygeneral.gov>, "Romano, Karen M." <kromano@attorneygeneral.gov>, "Sulcove, Lauren E." <lsulcove@attorneygeneral.gov>
**Subject:** RE: Commonwealth v. Defense Distributed
**Resent-From:** Proofpoint Essentials <do-not-reply@proofpointessentials.com>
**Resent-To:** <cflores@beckredden.com>
**Resent-Date:** Friday, August 24, 2018 at 10:01 AM

I was thinking about that this morning, Doug.  The actual Order (attached) directed us to file a joint report "at the conclusion of the Western District of Washington's preliminary injunction hearing."  That was Wednesday.  Though we are waiting for the WA Court's expected Order on Monday, we should probably file a short status report in the interim.  Would you be able to draft something?

Separately, I am out of the office on vacation next week and (unless truly necessary) will be unavailable. I am assuming that, if WA continues the TRO as a PI, your client will take the same position in this matter as you articulated before, that the WA Order "has the legal effect of a takedown order" in Pennsylvania and, presumably, nationally. See

attached.  If that is not the case, please advise.  Of course, if WA removes the TRO and denies the PI, we may have to plot a different course.

Last, in terms of lead counsel in the PA matter, will that be you, Chad?  Are you planning to enter your appearance or will someone else be planning to do so?  If no lead counsel has been identified, Doug, are you prepared to move forward before the PA Court on your own?

Thanks so much,

Jonathan

**Jonathan Scott Goldman**
Executive Deputy Attorney General
Civil Law Division
Pennsylvania Office of Attorney General
Strawberry Square, 15th Floor
Harrisburg, PA  17120

jgoldman@attorneygeneral.gov
Telephone: 717-787-8058
Facsimile: 717-772-4526

---

**From:** Doug Gould [mailto:dgould@pmrbm.com]
**Sent:** Friday, August 24, 2018 10:43 AM
**To:** Goldman, Jonathan Scott <jgoldman@attorneygeneral.gov>; Chad Flores <Cflores@beckredden.com>
**Subject:** Commonwealth v. Defense Distributed

Dear Jonathan-

I am sure you have been tracking the Seattle PI hearing.  It is my understanding the Seattle Court will be ruling on the PI next Monday.  I wanted to have our ducks in a row for the joint report when the order arrives.

I will be traveling on Monday morning.  Best bet will be to reach me on my cell (610) 209-3042 next week as I will not be in the office.  I also have a protracted hearing on Wednesday morning in the event any telephone conferences need to be scheduled for that day.  I would suspect being free after 2 p.m.

In the event of any issues while I am not available, I have copied Chad Flores on this email.  Chad is Defense Distributed's lead counsel in Seattle.  He can handle any issues in a pinch.

I have attached a draft of the joint report, please let me know if you think any changes are necessary.

Very truly yours,

Douglas T. Gould, Esq.

Bello, Reilley, McGrory & DiPippo, P.C.
144 E. DeKalb Pike, Ste. 300
King of Prussia, PA  19406
Phone (610) 992-1300
Fax: (610) 992-1505
dgould@pmrbm.com
_____

BELLO, REILLEY, McGRORY & DIPIPPO, PC
------------------ ATTORNEYS AT LAW--------------------
_____

This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of
the Individual(s) named above.  If you are not the intended recipient of this e-mail or the
employee or agent responsible for delivering this to the intended recipient, you are hereby notified
that any dissemination or copying of this email is strictly prohibited.  If you have received this e-mail
in error, please immediately notify us by telephone at (610) 992-1300.


Click here to report this email as spam.

The information transmitted is intended only for the person or entity to whom it is
addressed and may contain confidential and/or privileged material.  Any use of this
information other than by the intended recipient is prohibited. If you receive this
message in error, please send a reply e-mail to the sender and delete the material from
any and all computers.  Unintended transmissions shall not constitute waiver of any
applicable attorney-client or any other applicable privilege. PA-OAG

This message has been scanned for malware by Websense.www.websense.com


Very truly yours,

Douglas T. Gould, Esq.

Bello, Reilley, McGrory & DiPippo, P.C.
144 E. DeKalb Pike, Ste. 300
King of Prussia, PA  19406
Phone (610) 992-1300
Fax: (610) 992-1505
dgould@pmrbm.com
_____

BELLO, REILLEY, McGRORY & DIPIPPO, PC
------------------ ATTORNEYS AT LAW--------------------
_____

This e-mail contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of

the Individual(s) named above.  If you are not the intended recipient of this e-mail or the employee or agent responsible for delivering this to the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited.  If you have received this e-mail in error, please immediately notify us by telephone at (610) 992-1300.

# EXHIBIT 6



# EXHIBIT 7

After court order, 3D-printed gun pioneer now sells pay-what-you-want CAD files | Ars Technica

SUBSCRIBE                    SIGN IN

*READY, AIM, FIRE —*

# After court order, 3D-printed gun pioneer now sells pay-what-you-want CAD files

Defense Distributed's Wilson: "I'm happy to become iTunes of 3D guns if I can't be Napster."

CYRUS FARIVAR AND NATHAN MATTISE - 8/28/2018, 9:18 AM



spoke to reporters in Austin on August 28."/>
**Enlarge** / Cody Wilson (right), the founder of Defense Distributed, spoke to reporters in Austin on August 28.

AUSTIN, Texas—During what he called his first ever press conference, Defense Distributed founder Cody Wilson announced Tuesday that he would continue to comply with a federal court order forbidding him from internationally publishing CAD files of firearms. Wilson said he would also begin selling copies of his 3D-printed gun files for a "suggested price" of $10 each.



**FURTHER READING**
Judge allows temporary ban on 3D-printed gun files to continue

The files, crucially, will be transmitted to customers "on a DD-branded flash drive" in the United States. Wilson also mentioned looking into customer email and secure download links.

Previously, Defense Distributed had given the files away for free, globally.

"I'm happy to become the iTunes of 3D guns if I can't be Napster," Wilson said, adding that anyone can submit a file to sell on his platform, where they will receive 50 percent of the sales proceeds. Wilson said files uploaded to the platform must "be liquid info," or things like CAD files, blueprints, and schematics. He reiterated users cannot resell materials they don't possess the rights to and that Defense Distributed has already put the infrastructure in place to review user submissions.

Throughout the event, Wilson would periodically check his phone in order to see recent Defense Distributed pay-what-you-want sales. "I've seen a guy pay $15, lots of people paying $1, others are $10, $8 for the AR-15 file," he told the assembled press. "It's very generous, just people who want to support us. See, $0, a free-rider—give me a cent." He said the company has completed "a few hundred" pay-what-you-want transactions thus far.

Wilson reiterated the move to sell is not motivated in any way by profit and that Defense Distributed remains financially stable. "We're not desperate for cash, we're just covering costs," he said. "I remember when Radiohead did this, they said they didn't make real money for this... I don't expect to either. There's plenty of people who don't want this, don't care, until they see the Attorney General of Pennsylvania doesn't want you to have it."

Throughout his initial statement and while fielding questions from the press, Wilson maintained his main motivation was First Amendment-related. He called out companies like Facebook and Amazon for previously censoring users from posting Defense Distributed file links (the former) or taking down books for sale (the latter) that contained code for the Liberator, the company's blueprinted handgun.

"Today I want to clarify, anyone who wants these files will get them—I'll sell them, I'll ship them," he continued. "The free exchange of these ideas will never be interrupted. I'm also inviting the public to share their own files and share the profit with me.

The event, which was only announced 24 hours earlier, was not very crowded. Outlets like the AP, *New York Times*, and EFF attendance. *Na*

   

# Starting pistol

As Ars has reported, Defense Distributed is a Texas-based company involved in a years-long lawsuit with the Department of State over publication of those files and making them available to foreigners. The company runs DEFCAD, perhaps the best-known online repository of gun files.

After a surprising June 2018 settlement with the Department of Justice appeared to end that five-year legal battle with the government, DEFCAD reposted the files on July 27, a few days earlier than the company had initially said it would restore them.

With the settlement, the federal government essentially agreed to modify the relevant export laws. Defense Distributed would be allowed to publish, the DOJ would pay $40,000 of DD's legal fees, and the case would be over. The Second Amendment Foundation announced the settlement on July 10.

But earlier this month, a group of states led by Washington sued the Department of State, claiming that allowing the files to be made available violated a federal administrative law.

That settlement was then overturned in a ruling by a Seattle judge, US District Judge Robert Lasnik. On Monday, Judge Lasnik ordered that the files must stay offline in order to comply with American export law.

By selling them only to people in the United States, Wilson and Defense Distributed have found a way to still comply with the judge's order.



**FURTHER READING**
3D-printed (and CNC-milled) guns: Nine questions you were too afraid to ask

"That's the easiest thing for us to do, the legal thing for us to do, that's always been our mission as a company," he said. "You have a right to have these things; we have a right to give them."

A press representative for Washington Attorney General Bob Ferguson did not immediately respond to Ars' request for comment.

## "Hysterical"

Wilson remained seated at a table for the duration of the press conference with an unnamed Defense Distributed employee by his side. He said in a matter-of-fact tone that he has been successfully fundraising off these recent efforts to shut him down. He has already raised $200,000 (about half of which he said came via cryptocurrencies) and expects more to come. Defense Distributed's stated fundraising goal is $400,000.

"The judges yesterday, besides being hysterical and all that, did not suspend [our operation] but wanted to unauthorize it," he said. "Many attorneys have been saying we've been stopped; no one can print a gun at home. This is the stuff I had to read yesterday. But of course you can download this stuff, all this press coverage ensured it'll be online forever. So the point I'm going to make: this order

stopping us from giving away [files], prevented us from selling, emailing, et cetera—I will be doing all those things.  My congrats to the attorneys general for saving America. A lot of this to me is principle. For many years I chose not to sell these files, because I'm an open source activist. I believed in demonstrating there's a right to put this in the public domain."

When a reporter asked why the Seattle judge's order was "hysterical," Wilson noted that Judge Lasnik seemingly did not understand that the files are already out there.

"He accepts the plaintiff's article that the world would end if he didn't act," Wilson added. "But this already happened—we've lived in a world where you can download these files from anywhere. His description that 'some cybernaut can find these in the dark recesses in the Internet,'—they're discoverable within 30 seconds of Googling."

Wilson vowed to appeal the Seattle ruling at the 9th US Circuit Court of Appeals in San Francisco.

"You can read our briefs to see our arguments, and we're confined to those in the appeals court—pretty standard stuff regarding the First Amendment, Second Amendment," he said. "It's pretty easy stuff to understand if you're a federal judge, though maybe not."

**UPDATE Wednesday 12:34am ET:** In a series of encrypted text messages sent to Ars, Wilson confirmed that he was blocking Internet users who tried to pay him from some states "to humiliate them."



However, he reiterated that he was sending all files via USB stick, and had already put some in the mail: a total of $20,000 in the first day of sales.

"I'll add other channels, as the judge permitted," he wrote.

In a statement sent Tuesday evening to Ars, Washington Attorney General said: "I trust the federal government will hold Cody Wilson, a self-described 'crypto-anarchist,' accountable to that law. If they don't, President Trump will be responsible for anyone who is hurt or killed as a result of these weapons."

Enlarge

His spokeswoman, Brionna Aho, declined to respond to Ars' further questions.

READER COMMENTS      239                                SHARE THIS STORY

# EXHIBIT 8



# Blocked from giving away 3D-printed gun blueprints, Texas man says he's selling them instead

Austin "crypto-anarchist" Cody Wilson says buyers can name their price for 3D-printed gun blueprints.

BY **EMMA PLATOFF** AND **KATHRYN LUNDSTROM**    AUG. 28, 2018    2 PM

| f | 🐦 | ✉ | 💬 |
|---|---|---|---|



Cody Wilson, whose Defense Distributed is selling blueprints for 3D-printed guns, in his company's Austin headquarters. 📷 Bob Daemmrich for The Texas Tribune

An Austin resident and self-described "crypto-anarchist" said Tuesday he'll begin selling blueprints that would allow users to 3D print their own plastic guns — a day after a federal judge extended a temporary block preventing him from making the plans available on the web for free.

In other words: If he can't be the "Napster" of crypto-guns, he'll be the "iTunes," Wilson told reporters at a press conference Tuesday in Austin.

The decision could put Wilson, currently at the center of a slew of court disputes across the country, on shaky legal footing.

Wilson has argued in court that preventing him from publishing the blueprints infringes on his First Amendment rights. But Monday's injunction said the potential harms to Wilson's First Amendment rights "are dwarfed by the irreparable harms the States are likely to suffer" if he was permitted to post the blueprints for free. Nearly two dozen states that lined up against Wilson in court have said the untraceable plastic guns made using the blueprints would pose an enormous security risk.

---

The Texas Tribune thanks its sponsors. **Become one**.

---

Wilson's right to disseminate the plans "is currently abridged, but it has not been abrogated," U.S. District Judge Robert Lasnik wrote in the Monday injunction.

Wilson called the injunction "hysterical," saying that the order allows his company to sell the designs and distribute them to customers through the mail, over email and with secure downloadable links. No judge can prevent the plans from spreading, he said.

About 30 minutes into the press conference, Wilson glanced down at his phone: "I've gotten 392 orders since this press conference began," he announced.

Josh Blackman, Wilson's lawyer, said in an interview Tuesday that selling the blueprints directly to people within the United States is perfectly legal.

"It's not about distribution, it's about posting them," Blackman said. "There's no prohibition on distributing these files — the prohibition is on doing it in a way that foreign persons can access."

Still, it's possible that the decision to sell the blueprints could spark a new legal challenge.

---

The Texas Tribune thanks its sponsors. **Become one**.

---

Washington Attorney General Bob Ferguson, who is leading a 19-state challenge to Wilson, reiterated Tuesday that Wilson is not permitted to post plans online for free but did not comment on the plans to sell them.

"Because of our lawsuit, it is once again illegal to post downloadable gun files to the internet," Ferguson said. "I trust the federal government will hold Cody

Wilson, a self-described 'crypto-anarchist,' accountable to that law. If they don't, President Trump will be responsible for anyone who is hurt or killed as a result of these weapons."

Wilson's organization, Defense Distributed, is allowing customers to set their own price for any of 10 gun designs posted on his website. Wilson said he would even fulfill orders that name a price of $0.

Wilson's legal woes stretch back to 2013, when he posted blueprints for the 3D gun. The State Department ordered him to stop, arguing he was illegally exporting sensitive arms technology. Wilson sued in 2015, and Defense Distributed reached a settlement with the State Department earlier this summer, seemingly clearing the way for him to begin posting the designs online. But he was stalled by a flurry of lawsuits across the country.

At the press conference, Wilson refused to answer a question about the potential for foreign nationals to access the plans.

Despite the legal obstacles, Wilson was adamant that the plans for the guns will ultimately spread — nothing can stop that, he insisted.

"I didn't get stopped yesterday, so who did?" Wilson said.

## Quality journalism doesn't come free

Perhaps it goes without saying — but producing quality journalism isn't cheap. At a time when newsroom resources and revenue across the country are declining, The Texas Tribune remains committed to sustaining our mission: creating a more engaged and informed Texas with every story we cover, every event we convene and every newsletter we send. As a nonprofit newsroom, we rely on members to help keep our stories free and our events open to the public. Do you value our journalism? Show us with your support.

| YES, I'LL DONATE TODAY |
| --- |

# EXHIBIT 9



**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
PO Box 40111 ● Olympia, WA  98504-0111 ● (360) 709-6470

November 2, 2018

Charles Flores
Beck Redden LLP
1221 McKinney St., Ste. 4500
Houston, TX 77010
**VIA EMAIL** cflores@beckredden.com

Joel Ard
Immix Law Group PC
701 5th Ave., Ste. 4710
Seattle, WA 98104
**VIA EMAIL** joel.ard@immixlaw.com

RE:    *State of Washington, et al. v. U.S. Department of State, et al.*
       **United States District Court Western District of Washington No. 2:18-cv-01115-RSL**

Dear Counsel:

We write in regard to your responses, dated October 22, 2018, to Plaintiffs' First Set of Interrogatories and Requests for Production (collectively, the "Requests"). This set of nine interrogatories and seven requests for production is narrowly tailored, seeking information concerning the Private Defendants' compliance with the Court's July 31, 2018 temporary restraining order and August 27, 2018 preliminary injunction.

You have objected to each of the Requests in their entirety without providing, or indicating that you will provide, any substantive response. We address your primary objections below and request a response no later than Tuesday, November 6.

**<u>Withdrawal and limitations of certain Requests</u>**

We will withdraw Interrogatory No. 8, assuming it is correct that Cody Wilson is no longer affiliated with Defense Distributed. Further, we agree that Interrogatory No. 1 is "limited to Defense Distributed." We expect we will be able to agree to your request that Interrogatories 4, 5, and 9, and Request for Production No. 3, also be "limited to Defense Distributed" on the condition that we receive adequate assurance that the Second Amendment Foundation and Conn Williamson have not participated in any sale or distribution of the files in question and had no involvement with the YouTube video referenced in Interrogatory No. 9.

ATTORNEY GENERAL OF WASHINGTON

Charles Flores
Joel Ard
November 2, 2018
Page 2

**Objections based on pending Rule 12(c) motion**

In your "General Objections," you assert that "[t]he Court should issue a Rule 12 judgment on the pleadings dismissing the Private Defendants from this action . . . . Hence, the Private Defendants submit that they should not be required to comply with any [Request] unless and until the Court resolves their Rule 12 motion."

Please clarify whether you will provide substantive and complete responses to each of the Requests in the event that the Court denies your pending Rule 12(c) motion.

We agree that if the Court grants Rule 12(c) motion, the Private Defendants will not be subject to party discovery. However, in light of the upcoming November 15 deadline to file motions related to any discovery disputes, if we are unable to reach an agreement, we may need to take provisional steps to protect our clients' interests before the Court rules on your Rule 12(c) motion.

**Objections based on relevance**

You object to each of the Requests on the grounds that, *inter alia*, they are "not relevant" because "[t]he Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants."

We recognize that the TRO and preliminary injunction do not directly enjoin the Private Defendants. However, inasmuch as they are "parties" with "actual notice" of the injunction—and because Defense Distributed's plan to distribute the files in question via the internet is central to the harm the injunction was intended to prevent—the information and documents we have requested from the Private Defendants are certainly relevant in this litigation.

An injunction binds "the parties," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation with" any of the above, as long as such persons "receive actual notice" of the injunction. Fed. R. Civ. P. 65(d)(2). Any party subject to an injunction must take "all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). "A party may also be held liable for knowingly aiding and abetting another to violate a court order. *See Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 14 (1945) ("defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding").

Furthermore, "[e]very affirmative order in equity carries with it the implicit command to refrain from action designed to defeat it." *NLRB v. Deena Artware, Inc.*, 361 U.S. 398, 413 (1960) (Franklin, J., concurring). "In deciding whether an injunction has been violated it is proper to observe the objects for which the relief was granted and to find a breach of the decree in a violation

ATTORNEY GENERAL OF WASHINGTON

Charles Flores
Joel Ard
November 2, 2018
Page 3


of the spirit of the injunction, even though its strict letter may not have been disregarded." *John B. Stetson Co. v. Stephen L. Stetson Co.*, 128 F.2d 981, 983 (2d Cir. 1941). Here, the injunction was issued in large part based on evidence that "the States will likely suffer irreparable injury if the technical data for designing and producing undetectable weapons using a commercially-available 3D printer are published on the internet." Any actions encouraging, inciting, causing, or failing to take all reasonable steps to prevent the publication of the files on the internet violate the purpose and spirit of the injunction.

**Other objections**

The majority of your other objections appear to be derivative of or closely related to the objections addressed above. To the extent that is the case, our responses are the same. We reserve the right to respond with particularity to your other objections.

**Request for your response**

Please respond by Tuesday, November 6, and let us know when you are available to meet and confer next week if necessary.

As noted above, we may need to take provisional steps to protect our clients' interests before the Court rules on your Rule 12(c) motion if we are unable to come to an agreement. Alternatively, if you will stipulate to an extension of the deadline to file discovery-related motions, we are open to postponing our efforts to resolve any discovery disputes until the Court has ruled on your motion.

If you have any questions, please do not hesitate to contact us.

Sincerely,


*/s/ Jeffrey G. Rupert*
JEFFREY G. RUPERT
Assistant Attorney General
JeffreyR2@atg.wa.gov
(206) 389-2116

JGR/mm
cc:     Jeffrey T. Sprung
        Kristin Beneski
        Zachary P. Jones
        Steven A. Myers
        Stuart J. Robinson

# EXHIBIT 10

| | |
|---|---|
| **From:** | Beneski, Kristin (ATG) |
| **To:** | "Chad Flores" |
| **Cc:** | Rupert, Jeffrey (ATG); Sprung, Jeff (ATG); Mills, Morgan (ATG); joel@ard.law; Matt Goldstein |
| **Subject:** | RE: State of WA, et al v. US Dept. of State, et al, No. 2:18-CV-01115-RSL |
| **Date:** | Thursday, November 29, 2018 3:33:41 PM |

Okay, let's talk at 1:00 Central / 11:00 Pacific.  We will circulate a calendar invite with a call-in number.

Kristin Beneski
Direct: 206.464.7459 | Cell: 206.595.3024 | Email: kristinb1@atg.wa.gov

**From:** Chad Flores <Cflores@beckredden.com>
**Sent:** Thursday, November 29, 2018 3:01 PM
**To:** Beneski, Kristin (ATG) <KristinB1@ATG.WA.GOV>
**Cc:** Rupert, Jeffrey (ATG) <JeffreyR2@ATG.WA.GOV>; Sprung, Jeff (ATG) <JeffS2@ATG.WA.GOV>; Mills, Morgan (ATG) <MorganM1@ATG.WA.GOV>; joel@ard.law; Matt Goldstein <mgoldstein@fmlaw.law>
**Subject:** RE: State of WA, et al v. US Dept. of State, et al, No. 2:18-CV-01115-RSL

Kristin,

How about something between 1 p.m. and 3 p.m. central tomorrow?  That works for our side.

_____
Chad Flores
Partner · Beck Redden LLP
cflores@beckredden.com
(713) 951-6268

**From:** Beneski, Kristin (ATG) <KristinB1@ATG.WA.GOV>
**Sent:** Thursday, November 29, 2018 4:43 PM
**To:** Chad Flores <Cflores@beckredden.com>
**Cc:** Rupert, Jeffrey (ATG) <JeffreyR2@ATG.WA.GOV>; Sprung, Jeff (ATG) <JeffS2@ATG.WA.GOV>; Mills, Morgan (ATG) <MorganM1@ATG.WA.GOV>; joel@ard.law; Matt Goldstein <mgoldstein@fmlaw.law>
**Subject:** RE: State of WA, et al v. US Dept. of State, et al, No. 2:18-CV-01115-RSL

Chad, Joel, Matt:

We have yet to hear back from you regarding a meet and confer.  Please let us know whether you intend to participate, and if so, when you are available today or tomorrow.  My schedule is filling up, but I will do my best to accommodate yours.

Kristin Beneski
Direct: 206.464.7459 | Cell: 206.595.3024 | Email: kristinb1@atg.wa.gov

**From:** Beneski, Kristin (ATG)
**Sent:** Tuesday, November 27, 2018 1:19 PM
**To:** 'Chad Flores' <Cflores@beckredden.com>

**Cc:** Rupert, Jeffrey (ATG) <JeffreyR2@ATG.WA.GOV>; Sprung, Jeff (ATG) <JeffS2@ATG.WA.GOV>;
Mills, Morgan (ATG) <MorganM1@ATG.WA.GOV>; joel@ard.law; Matt Goldstein
<mgoldstein@fmlaw.law>
**Subject:** RE: State of WA, et al v. US Dept. of State, et al, No. 2:18-CV-01115-RSL

Chad,

Thanks for your response.  It is important that we be able to confer this week, in light of next Tuesday's deadline
to file discovery-related motions.  As of now, I am available all day tomorrow; after 2:00 Pacific on Thursday;
and all day on Friday.

Kristin Beneski
Direct: 206.464.7459 | Cell: 206.595.3024 | Email: kristinb1@atg.wa.gov

**From:** Chad Flores <Cflores@beckredden.com>
**Sent:** Tuesday, November 27, 2018 12:48 PM
**To:** Beneski, Kristin (ATG) <KristinB1@ATG.WA.GOV>
**Cc:** Rupert, Jeffrey (ATG) <JeffreyR2@ATG.WA.GOV>; Sprung, Jeff (ATG) <JeffS2@ATG.WA.GOV>;
Mills, Morgan (ATG) <MorganM1@ATG.WA.GOV>; joel@ard.law; Matt Goldstein
<mgoldstein@fmlaw.law>
**Subject:** Re: State of WA, et al v. US Dept. of State, et al, No. 2:18-CV-01115-RSL

Kristin,

Thanks for getting back in touch.  We are, indeed, playing catchup both due to the holidays
and Joel's changeover.  We'll be in touch soon with an idea for when to meet and confer.

_____

Chad Flores
Partner • Beck Redden LLP
cflores@beckredden.com
(713) 951-6268

**From:** "Beneski, Kristin (ATG)" <KristinB1@ATG.WA.GOV>
**Date:** Tuesday, November 27, 2018 at 12:00 PM
**To:** Chad Flores <Cflores@beckredden.com>, Joel Ard <joel@ard.law>, Matt Goldstein
<mgoldstein@fmlaw.law>
**Cc:** "Rupert, Jeffrey (ATG)" <JeffreyR2@ATG.WA.GOV>, "Sprung, Jeff (ATG)"
<JeffS2@ATG.WA.GOV>, "Mills, Morgan (ATG)" <MorganM1@ATG.WA.GOV>
**Subject:** RE: State of WA, et al v. US Dept. of State, et al, No. 2:18-CV-01115-RSL

I am resending the below to Joel's new email address, per the notice that was just filed.

Kristin Beneski
Direct: 206.464.7459 | Cell: 206.595.3024 | Email: kristinb1@atg.wa.gov

**From:** Beneski, Kristin (ATG)

**Sent:** Tuesday, November 27, 2018 8:59 AM
**To:** 'Chad Flores' <Cflores@beckredden.com>; 'joel.ard@immixlaw.com' <joel.ard@immixlaw.com>;
'Matt Goldstein' <mgoldstein@fmlaw.law>
**Cc:** Rupert, Jeffrey (ATG) <JeffreyR2@ATG.WA.GOV>; Sprung, Jeff (ATG) <JeffS2@ATG.WA.GOV>;
Mills, Morgan (ATG) <MorganM1@ATG.WA.GOV>
**Subject:** RE: State of WA, et al v. US Dept. of State, et al, No. 2:18-CV-01115-RSL


Counsel,

Since we have not heard from you, we assume you will not be amending/supplementing your discovery
responses.  Please let us know when you are available to meet and confer this week.

Kristin Beneski
Direct: 206.464.7459 | Cell: 206.595.3024 | Email: kristinb1@atg.wa.gov

---

**From:** Beneski, Kristin (ATG)
**Sent:** Friday, November 16, 2018 10:42 AM
**To:** 'Chad Flores' <Cflores@beckredden.com>; 'joel.ard@immixlaw.com' <joel.ard@immixlaw.com>;
'Matt Goldstein' <mgoldstein@fmlaw.law>
**Cc:** Rupert, Jeffrey (ATG) <JeffreyR2@ATG.WA.GOV>; Sprung, Jeff (ATG) <JeffS2@ATG.WA.GOV>;
Cearley, Sara (ATG) <SaraC2@ATG.WA.GOV>; Mills, Morgan (ATG) <MorganM1@ATG.WA.GOV>
**Subject:** State of WA, et al v. US Dept. of State, et al, No. 2:18-CV-01115-RSL


Counsel,

If you intend to amend/supplement your discovery responses in light of the court's order on the 12(c) motion,
we ask that you do so no later than Monday, November 26.  Otherwise, please let us know when you are
available to meet and confer during the next week or two.

Kristin Beneski
Assistant Attorney General
Complex Litigation Division | **Washington Attorney General's Office**
Direct: 206.464.7459 | Cell: 206.595.3024 | Email: kristinb1@atg.wa.gov

EXHIBIT 11

**Beneski, Kristin (ATG)**

---

**Subject:**                                    RE: Supplemental Responses to Discovery Requests

**From:** Sprung, Jeff (ATG)
**Sent:** Monday, December 3, 2018 6:05 PM
**To:** Beneski, Kristin (ATG) <KristinB1@ATG.WA.GOV>
**Subject:** RE: Supplemental Responses to Discovery Requests

**From:** Matthew A. Goldstein <mgoldstein@fmlaw.law>
**Sent:** Monday, December 3, 2018 5:10 PM
**To:** Bowers, Todd (ATG) <ToddB@ATG.WA.GOV>; Jones, Zach (ATG) <ZachJ@ATG.WA.GOV>; Sprung, Jeff (ATG) <JeffS2@ATG.WA.GOV>; Rupert, Jeffrey (ATG) <JeffreyR2@ATG.WA.GOV>; Jacob.Campion@ag.state.mn.us; jgoldman@attorneygeneral.gov; matt.grove@coag.gov; scott.kaplan@doj.state.or.us; Robert.T.Nakatsuji@hawaii.gov; maura.murphyosborne@ct.gov; nelson.richards@doj.ca.gov; Jimmy.Rock@dc.gov; Andy.saindon@dc.gov; stowell@oag.state.va.us; surso@riag.ri.gov; kit@eff.org; venkat@focallaw.com; bterrell@terrellmarshal.com; deepak@guptawessler.com; jkimble@blankrome.com
**Cc:** Chad Flores <Cflores@beckredden.com>; Joel Ard <joel@ard.law>; Deanna L. Thompson <dthompson@fmlaw.law>
**Subject:** Supplemental Responses to Discovery Requests

Attached please find the Private Defendants' Supplemental Responses to Plaintiffs' discovery requests.

-Matt



**Matthew A. Goldstein**
Profile | vCard

4801 East Broadway Boulevard | Suite 311 | Tucson, Arizona 85711
General: 520.790.5433 | Direct: 202.550.0040 | Fax: 520.790.5736

This message may contain information that is privileged and/or confidential. As such, it is solely intended for disclosure to the recipient named above. Access by anyone other than the intended recipient is unauthorized. If you have received this electronic transmission in error, please immediately reply that you have received the message and delete the message. Note that if you are not the intended recipient, any copying, disclosure, distribution, or other unauthorized use of the information contained in this message is prohibited and may be unlawful. If you are a client, do not forward this email to anyone. Doing so may waive the attorney-client privilege. Thank you.

PLEASE NOTE: This email message (including any attachments) contains information that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information, and no privilege is waived by your inadvertent receipt. Improper or unauthorized use of this email may be unlawful. If you received this message in error, please notify the sender by replying to this e-mail and then permanently delete it from your system.

# EXHIBIT 12

**Plaintiff States' Summary of Disputed Discovery Requests**

*State of Washington, et al. v. U.S. Dep't of State, et al.*

| Request | Brief Description | Original Response (10/22/18) | Supplemental Response (12/3/18) | Additional Unique Issues | Citations to Motion |
|---------|-------------------|------------------------------|----------------------------------|--------------------------|---------------------|
| Rog 1 | Individuals affiliated with Defense Distributed | Objections; no response | Original and new (waived) objections; response | Response appears incomplete | pp. 4, 12 |
| Rog 3 | Whether Private Defendants assisted or facilitated making files available via internet | Objections; no response | Original and new (waived) objections; responsive boilerplate | Boilerplate is in tension with "Host or Pay" video | pp. 4, 11 |
| Rog 4 | Persons to whom files were distributed | Objections; no response | Original and new (waived) objections; non-responsive boilerplate | | pp. 4, 10, 11 |
| Rog 5 | Methods by which files were distributed | Objections; no response | Original and new (waived) objections; partly responsive boilerplate | Response lacks requested detail and may be incomplete | pp. 4, 10, 11, 12 |
| Rog 6 | Steps taken to determine citizenship and firearms eligibility of file recipients | Objections; no response | Original and new (waived) objections; non-responsive boilerplate | | pp. 4, 10, 11 |
| Rog 9 | Participants in the "Host or Pay" video | Objections; no response | Original and new (waived) objections; no response | | pp. 4, 11 |
| RFP 1 | Documents relating to any party or non-party's making files available via internet | Objections; no response | Original and new (waived) objections; responsive boilerplate | Boilerplate is in tension with "Host or Pay" video | pp. 4, 11–12 |
| RFP 2 | Documents relating to any party or non-party's distribution of files | Objections; no response | Original and new (waived) objections; non-responsive boilerplate | | pp. 4, 10, 11 |
| RFP 3 | Information related to citizenship and firearms eligibility of file recipients | Objections; no response | Original and new (waived) objections; non-responsive boilerplate | | pp. 4, 10, 11 |
| RFP 4 | Documents related to "Host or Pay" video and any similar publications | Objections; no response | Original and new (waived) objections; non-responsive boilerplate | | pp. 4, 10, 11 |
| RFP 5 | Communications related to distribution or sale of files | Objections; no response | Original and new (waived) objections; non-responsive boilerplate | | pp. 4, 10, 11 |
| RFP 6 | Any other documents relating to posting, distribution, or sale of files | Objections; no response | Original and new (waived) objections; non-responsive boilerplate | | pp. 4, 10, 11 |