# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al. <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, et al., <br><br> Defendants. | NO. 2:18-cv-01115-RSL <br><br> **PRIVATE DEFENDANTS ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND RESPONSES TO REQUESTS FOR PRODUCTION** |

TO:     Plaintiffs State of Washington, et al., by and through their attorneys of record, Jeffrey Rupert, Kristin Beneski, Todd Bowers, Jeff Sprung and Zachary P. Jones, Attorney General Office

Defendants Defense Distributed, Second Amendment Foundation, Inc., and Conn

Williamson (the "Private Defendants") hereby serve their answers to Plaintiffs' First Set

of Interrogatories and responses to Request for Production.

Private Defendants Answers to Plaintiffs' First Set of Interrogatories and Responses to Request for Production No 2:18-cv-01115-RSL

- 1 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

## ANSWERS TO INTERROGATORIES

## GENERAL OBJECTIONS

The Court should issue a Rule 12 judgment on the pleadings dismissing the Private Defendants from this action, Dkt. 114, in which case the Private Defendants would not be subject to interrogatories, requests for production, and other discovery devices that apply to a party. *See* Fed. R. Civ. P. 26. Hence, the Private Defendants submit that they should not be required to comply with any interrogatory unless and until the Court resolves their Rule 12 motion. *See* Dkt. 114.

The Private Defendants object to the Instructions and Definitions provided with the interrogatories to the extent they seek to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

The Private Defendants object to the Instructions provided with the interrogatories to the extent they impose interrogatories beyond those numerated in the requests.

The Private Defendants object to the Definitions provided with the interrogatories to the extent they impose definitions of terms outside commonly understood meanings.

The Private Defendants object to the requests to the extent they seek the content of privileged attorney-client communications and/or confidential work product. The Private Defendants will produce a privilege log if compelled to produce documents and remain in the case.

These general objections are applicable to, and included in, the Private Defendants' answers set forth below.

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 2 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

**ANSWERS**

## I.    Interrogatory Number 1.

Interrogatory No. 1 provides as follows: "Identify all persons who are officers, directors, shareholders, founders, members, employees, or agents of Defense Distributed, or who are otherwise affiliated with or who have authority to act on behalf of Defense Distributed."

A.    The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants. Dkt. 95 at 25.

B.    The Private Defendants object to this interrogatory because it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because the interrogatory seeks information that is duplicative of what the administrative record identifies and, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record identifies.

C.    The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because, even if the identity of *some* persons affiliated with Defense Distributed were relevant to a party's claim or defense, the interrogatory demands identification if "all persons. . . affiliated with . . . or who have authority to act on behalf of Defense Distributed" without any limitations

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

\- 3 \-

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

regarding subject matter, place, or time.

D.     Defendants Second Amendment Foundation, Inc., and Conn Williamson object to this interrogatory because it is not proportional to the needs of the case considering the parties' relative access to relevant information.  The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

## II.     Interrogatory Number 2.

Interrogatory Number 2 provides as follows: "State whether you posted any Subject Files online, or otherwise made them publicly available via the internet, on or after July 31, 2018.  If you did, identify the URL(s), the exact date and time of any such posting, and the individual(s) responsible for or involved in any such posting, and describe in detail the actions of each such individual in connection with each such posting."

A.     The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

B.     The Private Defendants object to this request because it made for an improper purpose.

C.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 4 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

## III. Interrogatory Number 3.

Interrogatory Number 3 provides as follows: "State whether you assisted or facilitated any other person in posting any Subject Files online, or otherwise making them publicly available via the internet, on or after July 31, 2018. If you did, identify the URL(s), the exact date and time of any such posting, and the individual(s) responsible for or involved in any such posting, and describe in detail the actions of each such individual in connection with each such posting."

A.      The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants. Dkt. 95 at 25.

B.      The Private Defendants object to this request because it made for an improper purpose.

C.      The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

## IV. Interrogatory Number 4.

Interrogatory Number 4 provides as follows: "State the total number of persons to whom you sold or distributed any Subject Files via mail or courier, email, secure download, or any other method, on or after July 31, 2018, or as to whom you participated in or facilitated such sale or distribution of any Subject Files."

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and      - 5 -
Responses to Request for Production
No 2:18-cv-01115-RSL

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

A.     The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants. Dkt. 95 at 25.

B.     The Private Defendants object to this interrogatory because it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because the request seeks information that is disproportionately unimportant in comparison to what the administrative record supplies.

C.     The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because, even if the Private Defendants' conduct is relevant, the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the methods identified in this interrogatory.

D.     The Private Defendants object to this interrogatory because it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). Even if the fact of such sales or distributions were relevant, the number or persons at issue is not.

E.     Defendants Second Amendment Foundation, Inc., and Conn Williamson object to this interrogatory because it is not proportional to the needs of the case considering the parties' relative access to relevant information. The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 6 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

F.     The Private Defendants object to this request because it made for an improper purpose.

G.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

## V.     Interrogatory Number 5.

Interrogatory Number 5 provides as follows: "Describe in detail any method(s) by which you have sold or distributed any Subject Files to any person on or after July 31, 2018, and any method(s) by which you have participated in or facilitated such sale or distribution of any Subject Files."

A.     The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants. Dkt. 95 at 25.

B.     The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This is so because the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the other activities at issue in this request.

C.     The Private Defendants object to this interrogatory because it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because, even if the fact of a sale or distribution were relevant, the "detail[s]" of any sale

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

or distribution are disproportionally unimportant.

D.     Defendants Second Amendment Foundation, Inc., and Conn Williamson object to this interrogatory because it is not proportional to the needs of the case considering the parties' relative access to relevant information.  The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

E.     The Private Defendants object to this request because it made for an improper purpose.

F.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

## VI.     Interrogatory Number 6.

Interrogatory Number 6 provides as follows: "As to the persons referenced in Interrogatory No. 4 to whom Subject Files were sold or distributed, describe in detail any and all steps you took, if any, to determine the following: (1) whether such persons are U.S. citizens or lawful permanent residents; (2) whether such persons are located within the United States (and if so, in which states); and (3) whether such persons are eligible to possess a firearm in any relevant jurisdiction(s)."

A.     The Private Defendants object to this interrogatory for the reasons stated in the Private Defendants objections to Interrogatory No. 4.

B.     The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Even if the fact of such a sale or distribution were relevant, the determinations inquired about by this interrogatory are not.

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 8 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

C.     The Private Defendants object to this request because it made for an improper purpose.

D.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

E.     The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

**VII.   Interrogatory Number 7.**

Interrogatory Number 7 provides as follows: "List any and all crimes with which Defense Distributed, Cody Wilson, or any person in active concert or participation with either of them has been charged or convicted within the last ten years and describe the outcome of each charge or conviction."

A.     The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants. Dkt. 95 at 25.

B.     The Private Defendants object to this interrogatory because it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because the interrogatory seeks information that is duplicative of what the administrative

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

record identifies and, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record identifies.

C.     The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2). This is so because the interrogatory pertains to "any and all crimes" without limitations regarding subject matter.

D.     The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2). This is so because the interrogatory pertains to "any person in active concert or participation with" Defense Distributed and Cody Wilson without any limitations regarding subject matter, place, or time.

E.     The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2). This is so because the interrogatory pertains to both charges and convictions; but even if convictions are relevant, charges are not.

F.     The Private Defendants object to this request because it made for an improper purpose.

G.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

## VIII.  Interrogatory Number 8.

Interrogatory Number 8 provides as follows: "For the period of July 31, 2018 to the present, list (by city and country) all destinations outside the United States to which Cody Wilson has traveled or to which he currently plans to travel, and as to each destination, provide the dates of Mr. Wilson's actual or planned departure from and return to the United

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

States."

A.    The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any claim against the Private Defendants or Cody Wilson; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants or Cody Wilson; it addresses only the Federal Defendants. Dkt. 95 at 25.

B.    The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Even if some aspect of the Private Defendants' conduct is relevant, Cody Wilson's travel is not.

C.    The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2). This is so because the request pertains to all travel without any limitations regarding the travel's nature.

D.    The Private Defendants object to this interrogatory because it is not proportional to the needs of the case considering the parties' relative access to relevant information. The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

E.    The Private Defendants object to this request because it made for an improper purpose.

F.    The Private Defendants object to this request because it is made to cause

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 11 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

annoyance, oppression, and to harass the Private Defendants.

## IX. Interrogatory Number 9

Interrogatory Number 9 provides as follows: "Identify all persons or entities who participated in the planning, funding, production, editing, or distribution of the video previously located at the following hyperlink: https://www.youtube.com/watch?v=5BqlXllkSoA&feature=outu.be. For each person or organization involved in the planning, funding, production, editing, or distribution of the video, state the exact nature of the person or entity's involvement."

A. The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants. Dkt. 95 at 25.

B. The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Even if some aspect of the Private Defendants' conduct is relevant, the video at issue here is not.

C. The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2). Even if some aspect of the video's publication is relevant, the "exact nature" of its "planning, funding, production, editing, or distribution" is not.

D. Defendants Second Amendment Foundation, Inc., and Conn Williamson

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 12 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

object to this interrogatory because it is not proportional to the needs of the case considering the parties' relative access to relevant information. The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

E. The Private Defendants object to this request because it made for an improper purpose.

F. The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

## RESPONSES TO REQUESTS FOR PRODUCTION

## GENERAL OBJECTIONS

The Court should issue a Rule 12 judgment on the pleadings dismissing the Private Defendants from this action, Dkt. 114, in which case the Private Defendants would not be subject to interrogatories, requests for production, and other discovery devices that apply to a party. *See* Fed. R. Civ. P. 26. Hence, the Private Defendants submit that they should not be required to comply with any requests for production unless and until the Court resolves their Rule 12 motion. *See* Dkt. 114.

The Private Defendants object to the Instructions and Definitions provided with the requests to the extent they seek to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

The Private Defendants object to the Instructions provided with the requests to the extent they seek the creation of documents not in existence or in the Private Defendants' possession.

The Private Defendants object to the Definitions provided with the requests to the

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

extent they impose definitions of terms outside commonly understood meanings.

The Private Defendants object to the requests to the extent they seek the content of privileged attorney-client communications and/or confidential work product. The Private Defendants will produce a privilege log if compelled to produce documents and remain in the case.

These general objections are applicable to, and included in, the Private Defendants' responses set forth below.

## RESPONSES

### I. Request for Production Number 1.

Request for Production Number 1 provides as follows: "Produce all documents and communications concerning or relating to any party or non-party's posting of any Subject Files online, or otherwise making any Subject Files publicly available via the internet, on or after July 31, 2018." Responsive materials are being withheld on the basis of the following objections.

A. The Private Defendants object to this request because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants or non-parties; it addresses only the Federal Defendants. Dkt. 95 at 25.

B. The Private Defendants object to this request because it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because the request

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

seeks information that is disproportionately unimportant in comparison to what the administrative record supplies.

C.     The Private Defendants object to this request because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2). This is so because the request pertains to *non-party* actions without regard to the Private Defendants' relationship thereto.

D.     The Private Defendants object to this request because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2). This is so because the request pertains "all documents and communications concerning or relating to" the activities at issue regardless of the *nature* of the Private Defendants' relationship to the activity.

E.     The Private Defendants object to this request because it made for an improper purpose.

F.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

## II.     Request for Production Number 2.

Request for Production Number 2 provides as follows: "Produce all documents and communications concerning or relating to any party or non-party's sale or distribution of any Subject Files to any persons via mail or courier, email, secure download, or any other method, on or after July 31, 2018." Responsive materials are being withheld on the basis of the following objections.

A.     The Private Defendants object to this request because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants or any non-parties; it addresses only the Federal Defendants. Dkt. 95 at 25.

B.  The Private Defendants object to this request because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This is so because the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the other activities at issue in this request.

C.  The Private Defendants object to this request because it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because the request seeks information that is disproportionately unimportant in comparison to what the administrative record supplies.

D.  The Private Defendants object to this request because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2). This is so because the request pertains to *non-party* actions without regard to the Private Defendants' relationship thereto.

E.  The Private Defendants object to this request because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2). This is so because the request pertains "all documents and communications concerning or relating to" the activities at issue regardless of the *nature* of the Private Defendants' relationship to the activity.

F.  The Private Defendants object to this request because it made for an improper purpose.

G.  The Private Defendants object to this request because it is made to cause

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 16 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

annoyance, oppression, and to harass the Private Defendants.

H.     The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

## III.     Request for Production Number 3.

Request for Production Number 3 provides as follows: "Produce all documents reflecting any information related to any of the persons described in Interrogatory No. 4 to whom Subject Files were sold or distributed, including but not limited to any such person's: (i) name; (ii) address; (iii) physical location; (iv) age; (v) U.S. citizen or permanent resident status; (iv) eligibility to possess a firearm in any relevant jurisdiction(s); (v) the state and/or local sales tax that you collected related to any sale; and (vi) the amount of state and/or local sales tax that you remitted to each jurisdiction related to any sale."   Responsive materials are being withheld on the basis of the following objections.

A.     The Private Defendants object to this request because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

B.     The Private Defendants object to this request because it is not proportional

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 17 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because the request seeks information that is disproportionately unimportant in comparison to what the administrative record supplies.

C.      The Private Defendants object to this request because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because, even if the Private Defendants' conduct is relevant, the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the methods identified in this interrogatory.

D.      The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Even if the fact of such a sale or distribution were relevant, the details requested here are not.

E.      The Private Defendants object to this request because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2). This is so because the request seeks to compel disclosure of private, confidential, and personal information of a non-party that is not relevant to any claim in the case.

F.      Defendants Second Amendment Foundation, Inc., and Conn Williamson object to this interrogatory because it is not proportional to the needs of the case considering the parties' relative access to relevant information. The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

G.      The Private Defendants object to this request because it made for an improper purpose.

H.      The Private Defendants object to this request because it is made to cause

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 18 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

annoyance, oppression, and to harass the Private Defendants.

I.     The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

## IV.    Request for Production Number 4.

Request for Production Number 4 provides as follows: "Produce all documents and communications concerning or relating to the proposed, planned, or actual sale or distribution of Subject Files on or after July 31, 2018, including but not limited to all versions of: (i) the video identified in Interrogatory No. 9; (ii) any other videos posted on YouTube, other websites, or elsewhere, or any videos that you produced or published on or after July 31, 2018; (iii) any statements published on Twitter or any other social media platform; (iv) any statements published on defcad.com or defdist.org or elsewhere on the internet; and (v) any other published statements or content."   Responsive materials are being withheld on the basis of the following objections.

A.     The Private Defendants object to this request because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

B.     The Private Defendants object to this request because it is not proportional

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because the request seeks information that is either duplicative of what the administrative record identifies or, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record includes.

C.     The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because, even if the Private Defendants' conduct is relevant, the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the other methods identified in this request.

D.     The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because, even if actual sales and distributions are relevant, mere proposals and plans are not.

E.     The Private Defendants object to this request because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because the request pertains to *non-party* actions without regard to the Private Defendants' relationship thereto.

F.     The Private Defendants object to this request because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2). This is so because the request pertains "all documents and communications concerning or relating to" the activities at issue regardless of the *nature* of the Private Defendants' relationship to the activity.

G.     The Private Defendants object to this request because it made for an improper purpose.

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

H.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

I.     The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

## V.     Request for Production Number 5.

Request for Production Number 5 provides as follows: "Produce all of your communications concerning or relating to the distribution or sale of any Subject Files on or after July 31, 2018, including internal communications, communications among the Private Defendants, communications with any other defendants, and communications with any third parties."  Responsive materials are being withheld on the basis of the following objections.

A.     The Private Defendants object to this request because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

B.     The Private Defendants object to this request because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request seeks information that is either duplicative of what the administrative record identifies or,

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record includes.

C.      The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if the Private Defendants' conduct is relevant, the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the other methods of sale and distribution identified in this request.

D.      The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if actual sales and distributions are relevant, mere proposals and plans are not.

E.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request pertains to *non-party* actions without regard to the Private Defendants' relationship thereto.

F.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains "all documents and communications concerning or relating to" the activities at issue regardless of the *nature* of the Private Defendants' relationship to the activity.

G.      The Private Defendants object to this request because it made for an improper purpose.

H.      The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 22 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

I.    The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

## VI.    Request for Production Number 6.

Request for Production Number 6 provides as follows: "To the extent not produced in response to any of the Requests for Production above, for the period of July 30, 2018 to the present, produce all documents concerning or relating to the proposed, planned, or actual posting, distribution, or sale of any Subject Files."    Responsive materials are being withheld on the basis of the following objections.

A.    The Private Defendants object to this request because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

B.    The Private Defendants object to this request because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request seeks information that is either duplicative of what the administrative record identifies or, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record includes.

C.    The Private Defendants object to this interrogatory because it is overly broad

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because, even if the Private Defendants' conduct is relevant, the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the other methods of posting, sale, and distribution identified in this request.

D.     The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because, even if actual postings, sales, and distributions are relevant, mere proposals and plans are not.

E.     The Private Defendants object to this request because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because the request pertains to *non-party* actions without regard to the Private Defendants' relationship thereto.

F.     The Private Defendants object to this request because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2). This is so because the request pertains "all documents and communications concerning or relating to" the activities at issue regardless of the *nature* of the Private Defendants' relationship to the activity.

G.     The Private Defendants object to this request because it made for an improper purpose.

H.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

I.     The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 24 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

customer's written consent.

## VII. Request for Production Number 7.

Request for Production Number 7 provides as follows: "Produce all documents concerning or relating to any criminal charges or convictions as referenced in Interrogatory No. 7." Responsive materials are being withheld on the basis of the following objections.

A. The Private Defendants object to this request because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants. Dkt. 95 at 25.

B. The Private Defendants object to this request because it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because the interrogatory seeks information that is duplicative of what the administrative record identifies and, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record identifies.

C. The Private Defendants object to this request because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2). This is so because the interrogatory pertains to "any and all crimes" without limitations regarding subject matter.

D. The Private Defendants object to this request because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2). This is so because the interrogatory pertains to "any person in active concert or participation with" Defense Distributed and

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 25 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

Cody Wilson without any limitations regarding subject matter, place, or time.

E.     The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the interrogatory pertains to both charges and convictions; but even if convictions are relevant, charges are not.

F.     The Private Defendants object to this request because it made for an improper purpose.

G.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

DATED this 22nd day of October 2018.

BECK REDDEN LLP                          FARHANG & MEDCOFF


/s/Charles Flores                              /s/Matthew Goldstein
Charles Flores                                 Matthew Goldstein
cflores@beckredden.com                         Farhang & Medcoff
Beck Redden LLP                                4801 E. Broadway Blvd., Suite 311
1221 McKinney, Suite 4500                      Tucson, AZ 85711
Houston, TX 77010                              Phone: (202) 550-0040
Phone: (713) 951-3700                          mgoldstein@fmlaw.law
*Admitted Pro Hac Vice                         *Admitted Pro Hac Vice

Attorneys for Defendants                       IMMIX LAW GROUP PC
Defense Distributed                            /s/Joel B. Ard
                                               Joel B. Ard, WSBA # 40104
                                               Immix Law Group PC
                                               701 5th Ave Suite 4710
                                               Seattle, WA 98104
                                               Phone: (206) 492-7531
                                               Fax: (503) 802-5351
                                               joel.ard@immixlaw.com

                                               Attorneys for Defendants
                                               Defense Distributed, Second Amendment
                                               Foundation, Inc., and Conn Williamson

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 26 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

**CERTIFICATE OF SERVICE**

I certify that on October 22, 2018, I served a copy of this document upon all counsel of record via United States First-Class Mail.

| | |
|---|---|
| Todd Richard Bowers | Jacob Campion |
| Zachary P Jones | ATTORNEY GENERAL OF MINNESOTA |
| Jeffrey Todd Sprung | 445 Minnesota Street |
| Attorney General's Office (Sea- Fifth Ave) | Suite 1100 |
| 800 5th Ave | St Paul, Mn 55101 |
| Ste 2000 | 651-757-1459 |
| Seattle, WA 98104-3188 | Jacob.Campion@ag.state.mn.us |
| 206-464-7744 | |
| ToddB@atg.wa.gov | Attorneys for Plaintiff State of Minnesota |
| ZachJ@atg.wa.gov | |
| Jeffs2@atg.wa.gov | |

Jeffrey George Rupert
Attorney General's Office (40110-Oly)
Po Box 40110
Olympia, WA 98504
360-586-0092
JeffreyR2@atg.wa.gov

Attorneys for State of Washington

| | |
|---|---|
| Jonathan Scott Goldman | Matthew D Grove |
| Executive Deputy Attorney General, | Colorado Department Of Law |
| Civil Division | 1300 Broadway, 6th Floor |
| Office Of Attorney General | Denver, Co 80203 |
| Strawberry Square, 15th Floor | 720-508-6157 |
| Harrisburg, Pa 17120 | matt.grove@coag.gov |
| 717-783-1471 | |
| jgoldman@attorneygeneral.gov | Attorney for State of Colorado |
| Attorney for Common Wealth of PA | |
| Scott J Kaplan | Robert T Nakatsuji |
| OREGON DEPARTMENT OF JUSTICE | Department Of The Attorney General |
| 100 SW Market Street | 425 Queen Street |
| Portland, Or 97201 | Honolulu, Hi 96813 |
| 971-673-1880 | 808-586-1360 |
| 971-673-5000 (Fax) | Robert.T.Nakatsuji@hawaii.gov |
| scott.kaplan@doj.state.or.us | |
| | Attorney for State of Hawaii |
| Attorneys for State of Oregon | |
| Maura Murphy Osborne | Nelson R Richards |
| Office Of The Attorney General | California Department Of Justice |
| 55 Elm Street | Office Of Attorney General |
| Po Box 120 | 2550 Mariposa Mall |
| Hartford, Ct 06106 | Room 5090 |
| 860-808-5020 | Fresno, Ca 93721 |
| maura.murphyosborne@ct.gov | 559-705-2324 |

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

Attorney for State of Connecticut

Jimmy R Rock
Andrew J. Saindon
Office of The Attorney General
The District Of Columbia
441 4th Street NW
Ste 630 South
Washington, DC 20001
202-741-0770
Jimmy.Rock@dc.gov
Andy.saindon@dc.gov

Attorney for District of Columbia

Samuel T. Towell
Office of Attorney General of Virginia
Barbara Johns Building
202 N. Ninth Street
Richmond, VA 23219
804-786-6731
stowell@oag.state.va.us

Attorney for State of Virginia

Kit Walsh
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
415-436-9333
kit@eff.org

Benkat Balasubramani
Focal PLLC
900 First Avenue S. Suite 201
Seattle, WA 98134
202-529-4827
venkat@focallaw.com

Attorney for Electronic Frontier Foundation

Andrew P. Richards
Garvey Shubert Barer
1191 Second Ave., 18th Floor
Seattle, WA 98101-2939
206-464-3939

John D. Kimball
Blank Rome
405 Lexington Ave.
New York, NY 10174
212-885-5000
jkimble@blankrome.com

nelson.richards@doj.ca.gov

Attorney for State of California
State of Illinois Attorney
General
500 South Second St.
Springfield, IL 62706

Attorney for State of Illinois

Susan E. Urso
Rhode Island Department of Attorney General
150 South Main
Providence, RI 02903
401-274-4400
surso@riag.ri.gov

Attorney for State of Rhode Island

Beth E. Terrell
Terrell Marshall Law Group, PLLC
936 North 34th Street, Ste 300
Seattle, WA 981036-8869
206-816-6603
bterrell@terrellmarshal.com

Depak Gupta
Gupta Wessler PLLC
1900 L Street NW, Suite 312
Washington, DC 20036
202-888-1741
deepak@guptawessler.com

Attorney for Everytown for Gun Safety

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 28 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

Attorney for The Brady Center to Prevent
Gun Violence


FARHANG & MEDCOFF

By  /s/Matthew Goldstein
    Matthew Goldstein
    Farhang & Medcoff
    4801 E. Broadway Blvd., Suite 311
    Tucson, AZ 85711
    Phone: (202) 550-0040
    mgoldstein@fmlaw.law
    *Admitted Pro Hac Vice

    Attorneys for Defendants
    Defense Distributed, Second Amendment
    Foundation, Inc., and Conn Williamson

Private Defendants Answers to
Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 29 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002