# EXHIBIT 3

1

2

3

4

The Honorable Robert S. Lasnik

5

6

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

7

8

9

STATE OF WASHINGTON, et al.

Plaintiffs,

10

11

v.

12

13

UNITED STATES DEPARTMENT OF
STATE, et al.,

14

Defendants.

NO. 2:18-cv-01115-RSL

**PRIVATE DEFENDANTS'
SUPPLEMENTAL**

**ANSWERS TO PLAINTIFFS'
FIRST SET OF
INTERROGATORIES AND
RESPONSES TO REQUESTS
FOR PRODUCTION**

15

16

17

TO:   Plaintiffs State of Washington, et al., by and through their attorneys of record,
Jeffrey Rupert, Kristin Beneski, Todd Bowers, Jeff Sprung and Zachary P. Jones,
Attorney General Office

18

19

Defendants Defense Distributed, Second Amendment Foundation, Inc., and Conn

20

Williamson (the "Private Defendants") hereby serve their supplemental answers to

21

22

Plaintiffs' First Set of Interrogatories and responses to Request for Production.

23

24

25

26

27

28

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 1 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ANSWERS TO INTERROGATORIES

### GENERAL OBJECTIONS

The Private Defendants reserve their objection to being required to participate in the litigation as a "party" for the reasons given in their motion for judgment on the pleadings, Dkt. 114, and reply in support thereof, Dkt. 125.

The Private Defendants object to the Instructions and Definitions provided with the interrogatories to the extent they seek to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

The Private Defendants object to the Instructions provided with the interrogatories to the extent they impose interrogatories beyond those numerated in the requests.

The Private Defendants object to the Definitions provided with the interrogatories to the extent they impose definitions of terms outside commonly understood meanings.

The Private Defendants object to the requests to the extent they seek the content of privileged attorney-client communications and/or confidential work product. The Private Defendants will produce a privilege log if compelled to produce documents and remain in the case.

These general objections are applicable to, and included in, the Private Defendants' answers set forth below.

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 2 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

# ANSWERS

## I.   Interrogatory Number 1.

Interrogatory No. 1 provides as follows: "Identify all persons who are officers, directors, shareholders, founders, members, employees, or agents of Defense Distributed, or who are otherwise affiliated with or who have authority to act on behalf of Defense Distributed."

A.    The Private Defendants object to this interrogatory because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States.  *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.    The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

C.    The Private Defendants object to this interrogatory because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the interrogatory seeks information that is duplicative of what the administrative record identifies and, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record identifies.

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 3 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

D.    The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if the identity of *some* persons affiliated with Defense Distributed were relevant to a party's claim or defense, the interrogatory demands identification if "all persons. . . affiliated with . . . or who have authority to act on behalf of Defense Distributed" without any limitations regarding subject matter, place, or time.

E.    Defendants Second Amendment Foundation, Inc., and Conn Williamson object to this interrogatory because it is not proportional to the needs of the case considering the parties' relative access to relevant information.  The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

Subject to the foregoing objections, the Private Defendants respond as follows: Cody Wilson co-founded Defense Distributed. Paloma Heindorff is Defense Distributed's Director.

## II.    Interrogatory Number 2.

Interrogatory Number 2 provides as follows: "State whether you posted any Subject Files online, or otherwise made them publicly available via the internet, on or after July 31, 2018.  If you did, identify the URL(s), the exact date and time of any such posting, and the individual(s) responsible for or involved in any such posting, and describe in detail the actions of each such individual in connection with each such posting."

A.    The Private Defendants object to this interrogatory because the compelled disclosure of these associational and expressive activities violates the First and

Private Defendants' Supplemental Answers to Plaintiffs' First Set of Interrogatories and Responses to Request for Production No 2:18-cv-01115-RSL

- 4 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

Fourteenth Amendments of the Constitution of the United States. *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.     The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants. Dkt. 95 at 25.

C.     The Private Defendants object to this request because it made for an improper purpose.

D.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

Subject to the foregoing objections, the Private Defendants respond as follows: After July 31, 2018, the Private Defendants did not post any Subject Files online or otherwise make them publicly available via the internet.

## III.     Interrogatory Number 3.

Interrogatory Number 3 provides as follows: "State whether you assisted or facilitated any other person in posting any Subject Files online, or otherwise making them publicly available via the internet, on or after July 31, 2018. If you did, identify the URL(s), the exact date and time of any such posting, and the individual(s) responsible for or involved in any such posting, and describe in detail the actions of each such individual

Private Defendants' Supplemental Answers to Plaintiffs' First Set of Interrogatories and Responses to Request for Production No 2:18-cv-01115-RSL

- 5 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

in connection with each such posting."

A.    The Private Defendants object to this interrogatory because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States.  *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.    The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

C.    The Private Defendants object to this request because it made for an improper purpose.

D.    The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

E.    The Private Defendants object to this request because the Plaintiff States and Federal Defendants have conceded that the domestic deliveries of the Subject Files by hand or mail are both not relevant to this action and legal.

F.    The Private Defendants object to the scope of this request because "assist" and "facilitate" could encompass constitutionally-protected speech about posting Subject Files online, including, *e.g.*, the contents of briefs filed with the Court in this matter and

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 6 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

maintained online by the Clerk of the Court. *See e.g.*, Dkt 63 at n. 3 (Private Defendants' Brief in Opposition to Plaintiff States' Motion for Preliminary Injunction, with active hyperlinks to websites offering Subject Files for free public download).

Subject to the foregoing objections, the Private Defendants respond as follows: After July 31, 2018, the Private Defendants did not assist or facilitate any other person in posting any Subject Files online, or otherwise making them publicly available via the internet.

**IV.    Interrogatory Number 4.**

Interrogatory Number 4 provides as follows: "State the total number of persons to whom you sold or distributed any Subject Files via mail or courier, email, secure download, or any other method, on or after July 31, 2018, or as to whom you participated in or facilitated such sale or distribution of any Subject Files."

A.    The Private Defendants object to this interrogatory because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States.   *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.    The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 7 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

address the Private Defendants; it addresses only the Federal Defendants. Dkt. 95 at 25.

C.     The Private Defendants object to this interrogatory because it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because the request seeks information that is disproportionately unimportant in comparison to what the administrative record supplies.

D.     The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because, even if the Private Defendants' conduct is relevant, the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the methods identified in this interrogatory.

E.     The Private Defendants object to this interrogatory because it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). Even if the fact of such sales or distributions were relevant, the number or persons at issue is not.

F.     The Private Defendants object to this request because the Plaintiff States and Federal Defendants have conceded that the domestic deliveries of the Subject Files by hand or mail are both not relevant to this action and legal.

G.     The Private Defendants object to this request because it made for an improper purpose.

H.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

I.     Defendants Second Amendment Foundation, Inc., and Conn Williamson object to this interrogatory because it is not proportional to the needs of the case

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 8 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

considering the parties' relative access to relevant information.   The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

Subject to the forgoing objections, the Private Defendants respond as follows: After July 31, 2018, the Private Defendants did not post any Subject Files online or otherwise make them publicly available via the internet, and did not assist or facilitate any other person in posting any Subject Files online or otherwise making them publicly available via the internet.   After August 27, 2018, Defense Distributed distributed the Subject Files via United States Postal Service mail.

## V.   Interrogatory Number 5.

Interrogatory Number 5 provides as follows: "Describe in detail any method(s) by which you have sold or distributed any Subject Files to any person on or after July 31, 2018, and any method(s) by which you have participated in or facilitated such sale or distribution of any Subject Files."

A.   The Private Defendants object to this interrogatory because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States.   *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.   The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).   This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 9 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

C.      The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This is so because the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the other activities at issue in this request.

D.      The Private Defendants object to this interrogatory because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if the fact of a sale or distribution were relevant, the "detail[s]" of any sale or distribution are disproportionally unimportant.

E.      Defendants Second Amendment Foundation, Inc., and Conn Williamson object to this interrogatory because it is not proportional to the needs of the case considering the parties' relative access to relevant information.   The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

F.      The Private Defendants object to this request because it made for an improper purpose.

G.      The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

H.      The Private Defendants object to this request because the Plaintiff States and Federal Defendants have conceded that the domestic deliveries of the Subject Files by hand or mail are both not relevant to this action and legal.

Private Defendants' Supplemental Answers to Plaintiffs' First Set of Interrogatories and Responses to Request for Production No 2:18-cv-01115-RSL

- 10 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

Subject to the forgoing objections, the Private Defendants respond as follows: After July 31, 2018, the Private Defendants did not post any Subject Files online or otherwise make them publicly available via the internet, and did not assist or facilitate any other person in posting any Subject Files online or otherwise making them publicly available via the internet.   After August 27, 2018, Defense Distributed distributed the Subject Files via United States Postal Service mail.

## VI.    Interrogatory Number 6.

Interrogatory Number 6 provides as follows: "As to the persons referenced in Interrogatory No. 4 to whom Subject Files were sold or distributed, describe in detail any and all steps you took, if any, to determine the following: (1) whether such persons are U.S. citizens or lawful permanent residents; (2) whether such persons are located within the United States (and if so, in which states); and (3) whether such persons are eligible to possess a firearm in any relevant jurisdiction(s)."

A.     The Private Defendants object to this interrogatory for the reasons stated in the Private Defendants objections to Interrogatory No. 4.

B.     The Private Defendants object to this interrogatory because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States.   *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

C.     The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."   Fed. R. Civ. P. 26(b)(1).   Even if the fact of

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 11 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

such a sale or distribution were relevant, the determinations inquired about by this interrogatory are not.

D.    The Private Defendants object to this request because it made for an improper purpose.

E.    The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

F.    The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

G.    The Private Defendants object to this request because the Plaintiff States and Federal Defendants have conceded that the domestic deliveries of the Subject Files by hand or mail are both not relevant to this action and legal.

Subject to the forgoing objections, the Private Defendants respond as follows: After July 31, 2018, the Private Defendants did not post any Subject Files online or otherwise make them publicly available via the internet, and did not assist or facilitate any other person in posting any Subject Files online or otherwise making them publicly available via the internet.   After August 27, 2018, Defense Distributed distributed the Subject Files via United States Postal Service mail.

**VII.    Interrogatory Number 7.**

Interrogatory Number 7 provides as follows: "List any and all crimes with which Defense Distributed, Cody Wilson, or any person in active concert or participation with

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 12 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

either of them has been charged or convicted within the last ten years and describe the outcome of each charge or conviction."

A.      The Private Defendants object to this interrogatory because a response identifying "any person in active concert or participation with either of" Defense Distributed or Cody Wilson constitutes the compelled disclosure of associational and expressive activities in violation of the First and Fourteenth Amendments of the Constitution of the United States.  *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.      The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

C.      The Private Defendants object to this interrogatory because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the interrogatory seeks information that is duplicative of what the administrative record identifies and, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record identifies.

D.      The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the interrogatory pertains to "any and all crimes" without limitations regarding subject

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL                                    - 13 -                    Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

matter.

E.    The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the interrogatory pertains to "any person in active concert or participation with" Defense Distributed and Cody Wilson without any limitations regarding subject matter, place, or time.

F.    The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the interrogatory pertains to both charges and convictions; but even if convictions are relevant, charges are not.

G.    The Private Defendants object to this request because it made for an improper purpose.

H.    The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

## VIII.  Interrogatory Number 8.

Interrogatory Number 8 provides as follows: "For the period of July 31, 2018 to the present, list (by city and country) all destinations outside the United States to which Cody Wilson has traveled or to which he currently plans to travel, and as to each destination, provide the dates of Mr. Wilson's actual or planned departure from and return to the United States."

A.    The Private Defendants object to this interrogatory because the compelled disclosure of these associational and expressive activities violates the First and

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 14 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

Fourteenth Amendments of the Constitution of the United States.  *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.    The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants or Cody Wilson; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants or Cody Wilson; it addresses only the Federal Defendants.  Dkt. 95 at 25.

C.    The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Even if some aspect of the Private Defendants' conduct is relevant, Cody Wilson's travel is not.

D.    The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains to all travel without any limitations regarding the travel's nature.

E.    The Private Defendants object to this interrogatory because it is not proportional to the needs of the case considering the parties' relative access to relevant information.  The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

F.    The Private Defendants object to this request because it made for an improper purpose.

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 15 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

G.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

## IX.   Interrogatory Number 9

Interrogatory Number 9 provides as follows: "Identify all persons or entities who participated in the planning, funding, production, editing, or distribution of the video previously          located          at          the          following          hyperlink: https://www.youtube.com/watch?v=5BqlXllkSoA&feature=outu.be.  For each person or organization involved in the planning, funding, production, editing, or distribution of the video, state the exact nature of the person or entity's involvement."

A.     The Private Defendants object to this interrogatory because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States.  *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.     The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

C.     The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Even if some aspect

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 16 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

of the Private Defendants' conduct is relevant, the video at issue here is not.

D.      The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  Even if some aspect of the video's publication is relevant, the "exact nature" of its "planning, funding, production, editing, or distribution" is not.

E.      Defendants Second Amendment Foundation, Inc., and Conn Williamson object to this interrogatory because it is not proportional to the needs of the case considering the parties' relative access to relevant information.  The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

F.      The Private Defendants object to this request because it made for an improper purpose.

G.      The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 17 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>RESPONSES TO REQUESTS FOR PRODUCTION</u>

### GENERAL OBJECTIONS

The Private Defendants reserve their objection to being required to participate in the litigation as a "party" for the reasons given in their motion for judgment on the pleadings, Dkt. 114, and reply in support thereof, Dkt. 125.

The Private Defendants object to the Instructions and Definitions provided with the requests to the extent they seek to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

The Private Defendants object to the Instructions provided with the requests to the extent they seek the creation of documents not in existence or in the Private Defendants' possession.

The Private Defendants object to the Definitions provided with the requests to the extent they impose definitions of terms outside commonly understood meanings.

The Private Defendants object to the requests to the extent they seek the content of privileged attorney-client communications and/or confidential work product. The Private Defendants will produce a privilege log if compelled to produce documents and remain in the case.

These general objections are applicable to, and included in, the Private Defendants' responses set forth below.

Private Defendants' Supplemental Answers to Plaintiffs' First Set of Interrogatories and Responses to Request for Production No 2:18-cv-01115-RSL

- 18 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

**RESPONSES**

**I.     Request for Production Number 1.**

Request for Production Number 1 provides as follows: "Produce all documents and communications concerning or relating to any party or non-party's posting of any Subject Files online, or otherwise making any Subject Files publicly available via the internet, on or after July 31, 2018." Responsive materials are being withheld on the basis of the following objections.

A.     The Private Defendants object to this request because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States.  *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.     The Private Defendants object to this request because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants or non-parties; it addresses only the Federal Defendants.  Dkt. 95 at 25.

C.     The Private Defendants object to this request because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request seeks information that is disproportionately unimportant in comparison to what the administrative record supplies.

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 19 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

D.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains to *non-party* actions without regard to the Private Defendants' relationship thereto.

E.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains "all documents and communications concerning or relating to" the activities at issue regardless of the *nature* of the Private Defendants' relationship to the activity.

F.      The Private Defendants object to this request because it made for an improper purpose.

G.      The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

Subject to the foregoing objections, the Private Defendants respond as follows: After July 31, 2018, the Private Defendants did not post any Subject Files online or otherwise make them publicly available via the internet, and did not assist or facilitate any other person in posting any Subject Files online or otherwise making them publicly available via the internet.  Because no such events occurred, the Private Defendants have no nonprivileged documents concerning or relating to them.

## II.      Request for Production Number 2.

Request for Production Number 2 provides as follows: "Produce all documents and communications concerning or relating to any party or non-party's sale or distribution of any Subject Files to any persons via mail or courier, email, secure

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 20 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

download, or any other method, on or after July 31, 2018." Responsive materials are being withheld on the basis of the following objections.

A.     The Private Defendants object to this request because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States.  *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.     The Private Defendants object to this request because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants or any non-parties; it addresses only the Federal Defendants.  Dkt. 95 at 25.

C.     The Private Defendants object to this request because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This is so because the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the other activities at issue in this request.

D.     The Private Defendants object to this request because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request seeks information that is disproportionately unimportant in comparison to what the administrative record supplies.

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 21 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

E.     The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains to *non-party* actions without regard to the Private Defendants' relationship thereto.

F.     The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains "all documents and communications concerning or relating to" the activities at issue regardless of the *nature* of the Private Defendants' relationship to the activity.

G.     The Private Defendants object to this request because it made for an improper purpose.

H.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

I.     The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

J.     The Private Defendants object to this request because the Plaintiff States and Federal Defendants have conceded that the domestic deliveries of the Subject Files by hand or mail are both not relevant to this action and legal.

Subject to the foregoing objections, the Private Defendants respond as follows: After July 31, 2018, the Private Defendants did not post any Subject Files online or otherwise make them publicly available via the internet, and did not assist or facilitate any other person in posting any Subject Files online or otherwise making

Private Defendants' Supplemental Answers to Plaintiffs' First Set of Interrogatories and Responses to Request for Production No 2:18-cv-01115-RSL

- 22 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

them publicly available via the internet.  Because no such events occurred, the Private Defendants have no nonprivileged documents concerning or relating to them.

## III.     Request for Production Number 3.

Request for Production Number 3 provides as follows: "Produce all documents reflecting any information related to any of the persons described in Interrogatory No. 4 to whom Subject Files were sold or distributed, including but not limited to any such person's: (i) name; (ii) address; (iii) physical location; (iv) age; (v) U.S. citizen or permanent resident status; (iv) eligibility to possess a firearm in any relevant jurisdiction(s); (v) the state and/or local sales tax that you collected related to any sale; and (vi) the amount of state and/or local sales tax that you remitted to each jurisdiction related to any sale."  Responsive materials are being withheld on the basis of the following objections.

A.      The Private Defendants object to this request because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States.  *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.      The Private Defendants object to this request because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 23 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

*See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

C.      The Private Defendants object to this request because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request seeks information that is disproportionately unimportant in comparison to what the administrative record supplies.

D.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if the Private Defendants' conduct is relevant, the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the methods identified in this interrogatory.

E.      The Private Defendants object to this interrogatory because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Even if the fact of such a sale or distribution were relevant, the details requested here are not.

F.      The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).   This is so because the request seeks to compel disclosure of private, confidential, and personal information of a non-party that is not relevant to any claim in the case.

G.      Defendants Second Amendment Foundation, Inc., and Conn Williamson object to this interrogatory because it is not proportional to the needs of the case considering the parties' relative access to relevant information.   The obligation to respond to this interrogatory, if any, should be limited to Defense Distributed.

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 24 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

H.    The Private Defendants object to this request because it made for an improper purpose.

I.    The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

J.    The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

K.    The Private Defendants object to this request because the Plaintiff States and Federal Defendants have conceded that the domestic deliveries of the Subject Files by hand or mail are both not relevant to this action and legal.

Subject to the foregoing objections, the Private Defendants respond as follows: After July 31, 2018, the Private Defendants did not post any Subject Files online or otherwise make them publicly available via the internet, and did not assist or facilitate any other person in posting any Subject Files online or otherwise making them publicly available via the internet.  Because no such events occurred, the Private Defendants have no nonprivileged documents concerning or relating to them.

## IV.    Request for Production Number 4.

Request for Production Number 4 provides as follows: "Produce all documents and communications concerning or relating to the proposed, planned, or actual sale or distribution of Subject Files on or after July 31, 2018, including but not limited to all

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 25 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

versions of: (i) the video identified in Interrogatory No. 9; (ii) any other videos posted on YouTube, other websites, or elsewhere, or any videos that you produced or published on or after July 31, 2018; (iii) any statements published on Twitter or any other social media platform; (iv) any statements published on defcad.com or defdist.org or elsewhere on the internet; and (v) any other published statements or content."  Responsive materials are being withheld on the basis of the following objections.

A.     The Private Defendants object to this request because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States.  *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.     The Private Defendants object to this request because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

C.     The Private Defendants object to this request because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request seeks information that is either duplicative of what the administrative record identifies or, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record includes.

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 26 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

D.     The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if the Private Defendants' conduct is relevant, the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the other methods identified in this request.

E.     The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if actual sales and distributions are relevant, mere proposals and plans are not.

F.     The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request pertains to *non-party* actions without regard to the Private Defendants' relationship thereto.

G.     The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains "all documents and communications concerning or relating to" the activities at issue regardless of the *nature* of the Private Defendants' relationship to the activity.

H.     The Private Defendants object to this request because it made for an improper purpose.

I.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

J.     The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 27 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

K.      The Private Defendants object to this request because the Plaintiff States and Federal Defendants have conceded that the domestic deliveries of the Subject Files by hand or mail are both not relevant to this action and legal.

Subject to the foregoing objections, the Private Defendants respond as follows: After July 31, 2018, the Private Defendants did not post any Subject Files online or otherwise make them publicly available via the internet, and did not assist or facilitate any other person in posting any Subject Files online or otherwise making them publicly available via the internet.  Because no such events occurred, the Private Defendants have no nonprivileged documents concerning or relating to them.

**V.      Request for Production Number 5.**

Request for Production Number 5 provides as follows: "Produce all of your communications concerning or relating to the distribution or sale of any Subject Files on or after July 31, 2018, including internal communications, communications among the Private Defendants, communications with any other defendants, and communications with any third parties."  Responsive materials are being withheld on the basis of the following objections.

A.      The Private Defendants object to this request because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States.  *See NAACP v.*

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 28 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

*Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.      The Private Defendants object to this request because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants. Dkt. 95 at 25.

C.      The Private Defendants object to this request because it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because the request seeks information that is either duplicative of what the administrative record identifies or, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record includes.

D.      The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because, even if the Private Defendants' conduct is relevant, the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the other methods of sale and distribution identified in this request.

E.      The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because, even if actual sales and distributions are relevant, mere proposals and plans are not.

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 29 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

F.     The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request pertains to *non-party* actions without regard to the Private Defendants' relationship thereto.

G.     The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains "all documents and communications concerning or relating to" the activities at issue regardless of the *nature* of the Private Defendants' relationship to the activity.

H.     The Private Defendants object to this request because it made for an improper purpose.

I.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

J.     The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

K.     The Private Defendants object to this request because the Plaintiff States and Federal Defendants have conceded that the domestic deliveries of the Subject Files by hand or mail are both not relevant to this action and legal.

Subject to the foregoing objections, the Private Defendants respond as follows:

After July 31, 2018, the Private Defendants did not post any Subject Files online or otherwise make them publicly available via the internet, and did not assist or

Private Defendants' Supplemental Answers to Plaintiffs' First Set of Interrogatories and Responses to Request for Production No 2:18-cv-01115-RSL

- 30 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

facilitate any other person in posting any Subject Files online or otherwise making them publicly available via the internet.  Because no such events occurred, the Private Defendants have no nonprivileged documents concerning or relating to them.

**VI.    Request for Production Number 6.**

Request for Production Number 6 provides as follows: "To the extent not produced in response to any of the Requests for Production above, for the period of July 30, 2018 to the present, produce all documents concerning or relating to the proposed, planned, or actual posting, distribution, or sale of any Subject Files."   Responsive materials are being withheld on the basis of the following objections.

A.    The Private Defendants object to this request because the compelled disclosure of these associational and expressive activities violates the First and Fourteenth Amendments of the Constitution of the United States.  *See NAACP v. Alabama*, 357 U.S. 449, 460 (1958); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

B.    The Private Defendants object to this request because it is not "relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record.  *See* 5 U.S.C. § 706.  The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants.  Dkt. 95 at 25.

Private Defendants' Supplemental Answers to Plaintiffs' First Set of Interrogatories and Responses to Request for Production No 2:18-cv-01115-RSL

- 31 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

C.     The Private Defendants object to this request because it is not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request seeks information that is either duplicative of what the administrative record identifies or, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record includes.

D.     The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if the Private Defendants' conduct is relevant, the action's claims and Court's preliminary injunction pertain only to publication via Defense Distributed's internet website—not the other methods of posting, sale, and distribution identified in this request.

E.     The Private Defendants object to this interrogatory because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because, even if actual postings, sales, and distributions are relevant, mere proposals and plans are not.

F.     The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2).  This is so because the request pertains to *non-party* actions without regard to the Private Defendants' relationship thereto.

G.     The Private Defendants object to this request because it is overly broad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(2).  This is so because the request pertains "all documents and communications concerning or relating to" the activities at issue

Private Defendants' Supplemental Answers to Plaintiffs' First Set of Interrogatories and Responses to Request for Production No 2:18-cv-01115-RSL

- 32 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

regardless of the *nature* of the Private Defendants' relationship to the activity.

H.     The Private Defendants object to this request because it made for an improper purpose.

I.     The Private Defendants object to this request because it is made to cause annoyance, oppression, and to harass the Private Defendants.

J.     The Private Defendants object to this request to the extent it seeks personally identifiable information ("PII") on customers due to privacy concerns, which may include, for example, laws that prohibit providing a customer's PII without a court order or the customer's written consent.

K.     The Private Defendants object to this request because the Plaintiff States and Federal Defendants have conceded that the domestic deliveries of the Subject Files by hand or mail are both not relevant to this action and legal.

Subject to the foregoing objections, the Private Defendants respond as follows: After July 31, 2018, the Private Defendants did not post any Subject Files online or otherwise make them publicly available via the internet, and did not assist or facilitate any other person in posting any Subject Files online or otherwise making them publicly available via the internet.  Because no such events occurred, the Private Defendants have no nonprivileged documents concerning or relating to them.

**VII.   Request for Production Number 7.**

Request for Production Number 7 provides as follows: "Produce all documents concerning or relating to any criminal charges or convictions as referenced in

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 33 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

Interrogatory No. 7." Responsive materials are being withheld on the basis of the following objections.

A.      The Private Defendants object to this request because it is not "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). This action does not involve any claim against the Private Defendants; it involves only Administrative Procedure Act claims against the Federal Government that depend solely upon an administrative record. *See* 5 U.S.C. § 706. The Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants. Dkt. 95 at 25.

B.      The Private Defendants object to this request because it is not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1), (b)(2). This is so because the interrogatory seeks information that is duplicative of what the administrative record identifies and, to the extent that it is not duplicative, disproportionately unimportant in comparison to what the administrative record identifies.

C.      The Private Defendants object to this request because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2). This is so because the interrogatory pertains to "any and all crimes" without limitations regarding subject matter.

D.      The Private Defendants object to this request because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2). This is so because the interrogatory pertains to "any person in active concert or participation with" Defense Distributed and Cody Wilson without any limitations regarding subject matter, place, or time.

E.      The Private Defendants object to this request because it is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2). This is so because the interrogatory

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 34 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

1    pertains to both charges and convictions; but even if convictions are relevant, charges are

2    not.

3          F.      The Private Defendants object to this request because it made for an

4
5    improper purpose.

6          G.      The Private Defendants object to this request because it is made to cause

7    annoyance, oppression, and to harass the Private Defendants.

8          DATED this 3rd day of December 2018.

9
10   BECK REDDEN LLP                          FARHANG & MEDCOFF

11   /s/Charles Flores_____        /s/Matthew Goldstein_____
     Charles Flores                           Matthew Goldstein
12   Beck Redden LLP                          Farhang & Medcoff
13   1221 McKinney, Suite 4500                4801 E. Broadway Blvd., Suite 311
     Houston, TX 77010                        Tucson, AZ 85711
14   Phone: (713) 951-3700                    Phone: (202) 550-0040
     cflores@beckreden.com                    mgoldstein@fmlaw.law
15
16   *Admitted Pro Hac Vice                   *Admitted Pro Hac Vice

17   Attorney for Defendants                  Attorney for Defendants
     Defense Distributed                      Defense Distributed, Second Amendment
18                                            Foundation, Inc., and Conn Williamson
19
                                              ARD LAW GROUP PLLC
20
21                                            /s/Joel B. Ard_____
                                              Joel B. Ard, WSBA # 40104
22                                            Ard Law Group PLLC
23                                            P.O. Box 11633
                                              Bainbridge Island, WA 98110
24                                            Phone: (206) 701-9243
                                              Joel@Ard.law
25
26                                            Attorneys for Defendants
                                              Defense Distributed, Second Amendment
27                                            Foundation, Inc., and Conn Williamson

28
Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and          - 35 -
Responses to Request for Production
No 2:18-cv-01115-RSL

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

**CERTIFICATE OF SERVICE**

I certify that on December 3, 2018, I served a copy of this document upon all counsel of record via United States First-Class Mail.

| | |
|---|---|
| Todd Richard Bowers<br>Zachary P Jones<br>Jeffrey Todd Sprung<br>Attorney General's Office (Sea- Fifth Ave)<br>800 5th Ave<br>Ste 2000<br>Seattle, WA 98104-3188<br>206-464-7744<br>ToddB@atg.wa.gov<br>ZachJ@atg.wa.gov<br>Jeffs2@atg.wa.gov<br><br>Jeffrey George Rupert<br>Attorney General's Office (40110-Oly)<br>Po Box 40110<br>Olympia, WA 98504<br>360-586-0092<br>JeffreyR2@atg.wa.gov<br><br>Attorneys for State of Washington | Jacob Campion<br>ATTORNEY GENERAL OF MINNESOTA<br>445 Minnesota Street<br>Suite 1100<br>St Paul, Mn 55101<br>651-757-1459<br>Jacob.Campion@ag.state.mn.us<br><br>Attorney for Plaintiff State of Minnesota |
| Jonathan Scott Goldman<br>Executive Deputy Attorney General,<br>Civil Division<br>Office of the Attorney General<br>Strawberry Square, 15th Floor<br>Harrisburg, Pa 17120<br>717-783-1471<br>jgoldman@attorneygeneral.gov<br><br>Attorney for Common Wealth of PA | Matthew D Grove<br>Colorado Department Of Law<br>1300 Broadway, 6th Floor<br>Denver, Co 80203<br>720-508-6157<br>matt.grove@coag.gov<br><br>Attorney for State of Colorado |
| Scott J Kaplan<br>OREGON DEPARTMENT OF JUSTICE<br>100 SW Market Street<br>Portland, Or 97201<br>971-673-1880<br>971-673-5000 (Fax)<br>scott.kaplan@doj.state.or.us<br><br>Attorneys for State of Oregon | Robert T Nakatsuji<br>Department of the Attorney General<br>425 Queen Street<br>Honolulu, Hi 96813<br>808-586-1360<br>Robert.T.Nakatsuji@hawaii.gov<br><br>Attorney for State of Hawaii |
| Maura Murphy Osborne<br>Office of the Attorney General | Nelson R Richards<br>Califoroia Department of Justice<br>Office of the Attorney General<br>2550 Mariposa Mall |

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 36 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

| 1 | 55 Elm Street | Room 5090 |
| 2 | Po Box 120<br>Hartford, Ct 06106 | Fresno, Ca 93721<br>559-705-2324 |
| 3 | 860-808-5020<br>maura.murphyosborne@ct.gov | nelson.richards@doj.ca.gov |

1

55 Elm Street
Po Box 120
Hartford, Ct 06106
860-808-5020
maura.murphyosborne@ct.gov

Attorney for State of Connecticut

Jimmy R Rock
Andrew J. Saindon
Office of the Attorney General
The District Of Columbia
441 4th Street NW
Ste 630 South
Washington, DC 20001
202-741-0770
Jimmy.Rock@dc.gov
Andy.saindon@dc.gov

Attorney for District of Columbia

Samuel T. Towell
Office of the Attorney General of Virginia
Barbara Johns Building
202 N. Ninth Street
Richmond, VA  23219
804-786-6731
stowell@oag.state.va.us

Attorney for State of Virginia

Kit Walsh
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA  94109
415-436-9333
kit@eff.org

Benkat Balasubramani
Focal PLLC
900 First Avenue S. Suite 201
Seattle, WA  98134
202-529-4827
venkat@focallaw.com

Attorneys for Electronic Frontier
Foundation

Andrew P. Richards
Garvey Shubert Barer
1191 Second Ave., 18th Floor
Seattle, WA  98101-2939

Room 5090
Fresno, Ca 93721
559-705-2324
nelson.richards@doj.ca.gov

Attorney for State of California

State of Illinois Attorney
General
500 South Second St.
Springfield, IL  62706

Attorney for State of Illinois

Susan E. Urso
Rhode Island Department of Attorney
General
150 South Main
Providence, RI  02903
401-274-4400
surso@riag.ri.gov

Attorney for State of Rhode Island

Beth E. Terrell
Terrell Marshall Law Group, PLLC
936 North 34th Street, Ste 300
Seattle, WA  981036-8869
206-816-6603
bterrell@terrellmarshal.com

Depak Gupta
Gupta Wessler PLLC
1900 L Street NW, Suite 312
Washington, DC  20036
202-888-1741
deepak@guptawessler.com

Attorneys for Everytown for Gun Safety

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 37 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002

1    206-464-3939

2    John D. Kimball
     Blank Rome
3    405 Lexington Ave.
     New York, NY  10174
4    212-885-5000
     jkimble@blankrome.com
5
     Attorneys for The Brady Center to Prevent
6    Gun Violence

7

8

9                                    FARHANG & MEDCOFF

10                            By   /s/Matthew Goldstein

11                                 Matthew Goldstein
                                   Farhang & Medcoff
12                                 4801 E. Broadway Blvd., Suite 311
                                   Tucson, AZ 85711
13                                 Phone: (202) 550-0040
14                                 mgoldstein@fmlaw.law
                                   *Admitted Pro Hac Vice
15
                                   Attorneys for Defendants
16                                 Defense Distributed, Second Amendment
                                   Foundation, Inc., and Conn Williamson
17

18

19

20

21

22

23

24

25

26

27

28

Private Defendants' Supplemental Answers
to Plaintiffs' First Set of Interrogatories and
Responses to Request for Production
No 2:18-cv-01115-RSL

- 38 -

Beck Redden LLP
1221 McKinney Street, Suite 4500
Houston, Texas 77002