# EXHIBIT 9



**Bob Ferguson**
# ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
PO Box 40111 ● Olympia, WA 98504-0111 ● (360) 709-6470

November 2, 2018

Charles Flores
Beck Redden LLP
1221 McKinney St., Ste. 4500
Houston, TX 77010
**VIA EMAIL** cflores@beckredden.com

Joel Ard
Immix Law Group PC
701 5th Ave., Ste. 4710
Seattle, WA 98104
**VIA EMAIL** joel.ard@immixlaw.com

RE:   *State of Washington, et al. v. U.S. Department of State, et al.*
      **United States District Court Western District of Washington No. 2:18-cv-01115-RSL**

Dear Counsel:

We write in regard to your responses, dated October 22, 2018, to Plaintiffs' First Set of Interrogatories and Requests for Production (collectively, the "Requests"). This set of nine interrogatories and seven requests for production is narrowly tailored, seeking information concerning the Private Defendants' compliance with the Court's July 31, 2018 temporary restraining order and August 27, 2018 preliminary injunction.

You have objected to each of the Requests in their entirety without providing, or indicating that you will provide, any substantive response. We address your primary objections below and request a response no later than Tuesday, November 6.

## Withdrawal and limitations of certain Requests

We will withdraw Interrogatory No. 8, assuming it is correct that Cody Wilson is no longer affiliated with Defense Distributed. Further, we agree that Interrogatory No. 1 is "limited to Defense Distributed." We expect we will be able to agree to your request that Interrogatories 4, 5, and 9, and Request for Production No. 3, also be "limited to Defense Distributed" on the condition that we receive adequate assurance that the Second Amendment Foundation and Conn Williamson have not participated in any sale or distribution of the files in question and had no involvement with the YouTube video referenced in Interrogatory No. 9.

ATTORNEY GENERAL OF WASHINGTON

Charles Flores
Joel Ard
November 2, 2018
Page 2


**Objections based on pending Rule 12(c) motion**

In your "General Objections," you assert that "[t]he Court should issue a Rule 12 judgment on the pleadings dismissing the Private Defendants from this action . . . . Hence, the Private Defendants submit that they should not be required to comply with any [Request] unless and until the Court resolves their Rule 12 motion."

Please clarify whether you will provide substantive and complete responses to each of the Requests in the event that the Court denies your pending Rule 12(c) motion.

We agree that if the Court grants Rule 12(c) motion, the Private Defendants will not be subject to party discovery. However, in light of the upcoming November 15 deadline to file motions related to any discovery disputes, if we are unable to reach an agreement, we may need to take provisional steps to protect our clients' interests before the Court rules on your Rule 12(c) motion.

**Objections based on relevance**

You object to each of the Requests on the grounds that, *inter alia*, they are "not relevant" because "[t]he Court's preliminary injunction does not address the Private Defendants; it addresses only the Federal Defendants."

We recognize that the TRO and preliminary injunction do not directly enjoin the Private Defendants. However, inasmuch as they are "parties" with "actual notice" of the injunction—and because Defense Distributed's plan to distribute the files in question via the internet is central to the harm the injunction was intended to prevent—the information and documents we have requested from the Private Defendants are certainly relevant in this litigation.

An injunction binds "the parties," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation with" any of the above, as long as such persons "receive actual notice" of the injunction. Fed. R. Civ. P. 65(d)(2). Any party subject to an injunction must take "all reasonable steps within the party's power to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). "A party may also be held liable for knowingly aiding and abetting another to violate a court order. *See Regal Knitwear Co. v. NLRB,* 324 U.S. 9, 14 (1945) ("defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding").

Furthermore, "[e]very affirmative order in equity carries with it the implicit command to refrain from action designed to defeat it." *NLRB v. Deena Artware, Inc.*, 361 U.S. 398, 413 (1960) (Franklin, J., concurring). "In deciding whether an injunction has been violated it is proper to observe the objects for which the relief was granted and to find a breach of the decree in a violation

ATTORNEY GENERAL OF WASHINGTON

Charles Flores
Joel Ard
November 2, 2018
Page 3

of the spirit of the injunction, even though its strict letter may not have been disregarded." *John B. Stetson Co. v. Stephen L. Stetson Co.*, 128 F.2d 981, 983 (2d Cir. 1941). Here, the injunction was issued in large part based on evidence that "the States will likely suffer irreparable injury if the technical data for designing and producing undetectable weapons using a commercially-available 3D printer are published on the internet." Any actions encouraging, inciting, causing, or failing to take all reasonable steps to prevent the publication of the files on the internet violate the purpose and spirit of the injunction.

**Other objections**

The majority of your other objections appear to be derivative of or closely related to the objections addressed above. To the extent that is the case, our responses are the same. We reserve the right to respond with particularity to your other objections.

**Request for your response**

Please respond by Tuesday, November 6, and let us know when you are available to meet and confer next week if necessary.

As noted above, we may need to take provisional steps to protect our clients' interests before the Court rules on your Rule 12(c) motion if we are unable to come to an agreement. Alternatively, if you will stipulate to an extension of the deadline to file discovery-related motions, we are open to postponing our efforts to resolve any discovery disputes until the Court has ruled on your motion.

If you have any questions, please do not hesitate to contact us.

Sincerely,


*/s/ Jeffrey G. Rupert*
JEFFREY G. RUPERT
Assistant Attorney General
JeffreyR2@atg.wa.gov
(206) 389-2116

JGR/mm
cc:     Jeffrey T. Sprung
        Kristin Beneski
        Zachary P. Jones
        Steven A. Myers
        Stuart J. Robinson