The Honorable Robert S. Lasnik

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON; STATE OF CONNECTICUT; STATE OF MARYLAND; STATE OF NEW JERSEY; STATE OF NEW YORK; STATE OF OREGON; COMMONWEALTH OF MASSACHUSETTS; COMMONWEALTH OF PENNSYLVANIA; DISTRICT OF COLUMBIA; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF IOWA; STATE OF MINNESOTA; STATE OF NORTH CAROLINA; STATE OF RHODE ISLAND; STATE OF VERMONT and COMMONWEALTH OF VIRGINIA, | NO. 2:18-cv-01115-RSL |
| | PLAINTIFF STATES' OPPOSITION TO THE FEDERAL DEFENDANTS' MOTION TO STAY PROCEEDINGS |
| | **NOTING DATE: Dec. 21, 2018** |

                                        Plaintiffs,

                v.

UNITED STATES DEPARTMENT OF STATE; MICHAEL R. POMPEO, in his official capacity as Secretary of State; DIRECTORATE OF DEFENSE TRADE CONTROLS; MIKE MILLER, in his official capacity as Acting Deputy Assistant Secretary of Defense Trade Controls; SARAH HEIDEMA, in her official capacity as Director of Policy, Office of Defense Trade Controls Policy; DEFENSE DISTRIBUTED; SECOND AMENDMENT FOUNDATION, INC.; AND CONN WILLIAMSON,

                                        Defendants.

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

# I.    INTRODUCTION

The central premise of the Federal Defendants' motion for a stay—that an anticipated rulemaking "will directly bear on the issues of this case"—is entirely unsupported. Dkt. # 131, p. 1. Although they are undoubtedly familiar with their own final rules submitted for pre-publication review, the Federal Defendants provide no substantive information about them whatsoever. Instead, they cryptically assert that the anticipated rulemaking "pertains to" the federal government's "consideration" of "whether" to remove firearms-related technical data from the U.S. Munitions List. *Id.* at 5. They assert that the final rules are "likely" to "affect" or "bear on" this case, *id.* at 5, 7, but they do not explain what the rules actually say, whether and how they differ from the corresponding proposed rules published in May 2018, or specifically what effect (if any) they will have on the 3D-printable firearm files that are the subject of this lawsuit.

Under *Landis v. North American Co.*, 299 U.S. 248, 255 (1936), the party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to someone else." The Federal Defendants ignore that standard and the harm to the Plaintiff States and the public that would result from an indefinite delay, and identify no "hardship or inequity" that would befall them if this case proceeds on the schedule to which they stipulated just two months ago, because none exists. Having failed to show any hardship or inequity that would result from this case moving forward, the Federal Defendants are not entitled to a stay solely on the basis of an agency action to occur at an unknown future time that may or may not affect the files at issue here. Indeed, since the request for a stay "pending publication of final agency rulemaking" effectively seeks a stay of indefinite duration, the Federal Defendants must make an even higher showing of a "pressing need." *Landis*, 299 U.S. at 255. They fall far short of meeting their burden.

PLAINTIFF STATES' OPPOSITION TO
MOTION TO STAY PROCEEDINGS

2:18-cv-01115-RSL

1

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

## II.    RELEVANT FACTUAL BACKGROUND

### A.    The Temporary Modification, Letter, and Notice of Proposed Rulemaking

This lawsuit challenges the Federal Defendants' July 27, 2018 "Temporary Modification of Category I of the United States Munitions List" and Letter advising that Defense Distributed's computer files for the automatic production of 3D-printed firearms were approved for "unlimited distribution." Dkt. ## 29-1, 44-1, Ex. 7. The States allege that these two actions are invalid under the Administrative Procedure Act (APA) because they are *ultra vires*, contrary to law, and arbitrary and capricious. Dkt. # 29 (FAC), ¶¶ 218–240. No claims are asserted against the Private Defendants, who are necessary parties under Rule 19(a)(1)(B). Dkt. # 130 (Order), p. 5.

The Temporary Modification and Letter were enacted pursuant to a settlement agreement between the Federal and Private Defendants in the matter of *Defense Distributed v. U.S. Dep't of State*, Case No. 15-cv-372-RP (W.D. Tex.). *See* Dkt. # 95 (Preliminary Injunction), pp. 5–6. These actions represented a reversal of the Federal Defendants' previous regulatory position that posting the files online was an unlawful export of defense articles. *See id.* at 5–6, 17–18. The settlement agreement was signed in the midst of the public comment period for a related proposed rulemaking notice published on May 24, 2018, but was not made public until the public comment period for the rulemaking had closed. *See id.* at 6–7.

### B.    Relevant Procedural History

On July 31, 2018, the Court issued a temporary restraining order (TRO) enjoining the Federal Defendants from implementing or enforcing the Temporary Modification and Letter, Dkt. # 23, and on August 27, converted the TRO to a preliminary injunction. Dkt. # 95. The Court found that the States would "likely suffer irreparable injury if the technical data for designing and producing undetectable weapons using a commercially-available 3D printer are published on the internet." *Id.* at 20.

PLAINTIFF STATES' OPPOSITION TO MOTION TO STAY PROCEEDINGS

2:18-cv-01115-RSL

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    On October 5, the parties submitted a Joint Status Report proposing an agreed schedule

2    for the filing of the administrative record and motions practice. Dkt. # 110, pp. 8–10. On October

3    12, the Court issued a Case Management Order adopting the proposed deadlines for filing and

4    briefing the adequacy of the administrative record, and setting February 15, 2019 as the deadline

5    to file motions for summary judgment. Dkt. # 115.

6    In accordance with the agreed schedule, the Federal Defendants filed an administrative

7    record and certification on October 19, 2018. Dkt. # 116. However, the filed record contains no

8    documents that could conceivably support the 2018 regulatory reversal, and cherry-picks only

9    portions of the record that was before the agency when it decided to deregulate 3D-printed gun

10   files—prompting the States to move to supplement the record on November 15. *See generally*

11   Dkt. # 132 (Mot. to Supp. AR). The motion is noted for consideration on December 21 and as

12   of this filing has not been fully briefed. Also pending as of this filing is the States' motion to

13   compel the Private Defendants to respond to their targeted discovery requests, which was filed

14   on December 4 and is noted for consideration on December 21. Dkt. # 148.

15   **C.    The Federal Defendants' Motion to Stay**

16   On November 15, 2018, the Federal Defendants filed the instant motion to stay "to allow

17   the Department of State to finalize a rulemaking that will directly bear on the issues of this

18   case."[1] Dkt. # 131. The Federal Defendants have not submitted a copy of the final rules' text, or

19   even provided a high-level summary of what the rules say. Their brief includes links to two

20   government webpages "noting [the] status" of two rules that the State and Commerce

21   Departments have submitted to the federal Office of Information and Regulatory Affairs (OIRA),

22   but these webpages contain no information about the substance of the rules or any link to their

23   _____

24   [1] The day before the Federal Defendants filed the motion, their counsel contacted the States' counsel and requested that the States stipulate to a stay. Having received only one day's notice and no information about the substance of the anticipated final rules, the States declined to stipulate.

PLAINTIFF STATES' OPPOSITION TO
MOTION TO STAY PROCEEDINGS

2:18-cv-01115-RSL

3

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    text. *See id.* at 4 & embedded URLs. Although the State Department surely knows what its own

2    submitted rule says, the Federal Defendants provide no information indicating whether the rule

3    is the same as, or different from, the May 24, 2018 proposed rules. *See id.* at 6 (stating

4    alternatively that the rule might be "finalized as proposed" or, if not, that it "may nevertheless

5    alter or clarify the issues before the Court" in some other, unspecified way). They state that the

6    rule "pertains to" the State Department's "consideration" of "whether" certain firearms and

7    related technical data will remain on the U.S. Munitions List or not, and assert that the anticipated

8    final rule is "likely to affect" the present proceedings. *Id.* at 5. But they shed no any light on

9    how—if at all—the rule will change the way in which the federal government regulates the

10   firearms and related "technical data" that are currently included in Category I of the Munitions

11   List. They make no mention of the rule's anticipated effect on the specific files at issue in this

12   case—i.e, files that can be used to automatically manufacture undetectable, untraceable firearms

13   using a commercially available 3D printer.

## III.    ARGUMENT

**A.    Legal Standard**

16   Under *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), a district court has the

17   discretionary power to stay its own proceedings. That power is "inherent in every court to control

18   . . . its docket with economy of time and effort," *id.*, but the court's discretion is not "unfettered."

19   *Dependable Hwy. Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *see*

20   *also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1105 (9th Cir. 2005) ("[T]his standard [of review

21   for decision on motion to stay] is somewhat less deferential than the abuse of discretion standard

22   used in other contexts."). "Case management" reasons alone are "not necessarily a sufficient

23   ground to stay proceedings." *Dependable Hwy.*, 498 F.3d at 1066 (citing *Lockyer*, 398 F.3d at

24   1112).

PLAINTIFF STATES' OPPOSITION TO
MOTION TO STAY PROCEEDINGS

2:18-cv-01115-RSL

4

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

To qualify for a *Landis* stay, the movant "has the burden to 'make out a clear case of hardship or inequity in being required to go forward,' and the court must weigh the competing interests that will be affected by the granting of or refusal to grant the stay." *DeMartini v. Johns*, 693 F. App'x 534, 538 (9th Cir. 2017) (quoting *Landis*, 299 U.S. at 255); *see also Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need."). In the Ninth Circuit, courts conduct this balancing by evaluating three factors: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity" to the movant from denying the stay; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017) (quoting *Lockyer*, 398 F.3d at 1110). Merely "being required to defend a suit" is not a "clear case of hardship or inequity" that would justify a stay. *Dependable Hwy.*, 498 F.3d at 1066. Finally, a stay of "indefinite duration" must be supported by a "pressing need." *Belize Social Devel., Ltd. v. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012) (quoting *Landis*, 299 U.S. at 255); *accord Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997).

## B.    A *Landis* Stay Is Inappropriate

For three reasons, the Federal Defendants have failed to make the requisite showing that they are entitled to a *Landis* stay. First, because the Federal Defendants avoid saying anything about the substance of forthcoming final rule, they have failed to show how a stay would advance the orderly course of justice. Second, the Federal Defendants would not suffer any "hardship or inequity" if the case proceeds based on the current stipulated case schedule. Dkt. #110. Third, a stay would harm the States because the suspension of their pending motions to supplement the administrative record and to compel discovery from the Private Defendants would delay—if not

PLAINTIFF STATES' OPPOSITION TO
MOTION TO STAY PROCEEDINGS
2:18-cv-01115-RSL

5

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

deny altogether—the States' access to relevant information critical to the merits of their claims, and information of great public significance would remain hidden from public view.

### 1.     A stay would undermine the orderly course of justice

The Federal Defendants assert that the anticipated final rules are "likely to affect the relief requested" in this case, Dkt. # 131, p. 5, but do not reveal what the rules will actually say. They state that they "currently anticipate" publishing final rules "as early as" February 2019, with the caveat that "many internal and external factors may affect the timeline." *Id.* at 4. Because both the substance and the timing of the anticipated rules are entirely speculative, they are too tenuous a ground to support a *Landis* stay.

First, although the Federal Defendants have surely reviewed the final rules they submitted to OIRA for regulatory review, they offer no information about the rules' substance. Their silence makes it impossible to determine whether the final rules would ultimately "simplify[] or complicat[e] . . . issues, proof, and questions of law." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)); *see, e.g.*, *SEIU, Local 102 v. Cty. of San Diego*, 784 F. Supp. 1503, 1512–13 (S.D. Cal. 1992), *rev'd on other grounds*, 60 F.3d 1346 (9th Cir. 1994) (denying *Landis* stay where defendant "has made no factual showing to support its legal assertion that the proposed regulation would change the outcome of this case," an issue on which it "bears the burden of proof"). The Federal Defendants have provided no reason to suppose that awaiting publication of the final rules will promote orderly adjudication of this case because they don't reveal anything about what those rules will do.

Instead, the Federal Defendants assert that the final rules—whatever they end up saying—"may render this proceeding moot" or "may . . . alter or clarify the issues before the Court." Dkt. # 131, pp. 5, 6. This overstates their case and does not support a stay. If the final

PLAINTIFF STATES' OPPOSITION TO
MOTION TO STAY PROCEEDINGS

2:18-cv-01115-RSL

6

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1    rules double down on the Federal Defendants' decision to deregulate 3D-printed firearms, the

2    States anticipate moving to amend their complaint to include allegations regarding the final

3    rulemaking, in which case the controversy would remain very much live. *See* Fed. R. Civ. P.

4    15(a)(2); *see, e.g.*, *NRDC v. Locke*, No. C 01-0421 JL, 2009 WL 10681121, at *8 (N.D. Cal.

5    Apr. 3, 2009) (granting leave to amend complaint to challenge final rule representing "latest

6    regulatory application of the same framework . . . challenged throughout this case"); *Cutler v.*

7    *Hayes*, 549 F. Supp. 1341, 1346 n.6 (D.D.C. 1982), *aff'd in part, vacated in part on other*

8    *grounds*, 818 F.2d 879 (D.C. Cir. 1987) (noting that court earlier "granted leave to amend the

9    complaint to include a substantive challenge" to final rule issued after original complaint). Nor

10   have the Federal Defendants offered any reason to believe the final rules will "alter or clarify"

11   the issues to such an extent that a stay would be warranted. Indeed, the complete administrative

12   record that the States are currently seeking, Dkt. # 132, will reveal whether the Federal

13   Defendants had any rational reason for deregulating 3D-printable gun files via the Temporary

14   Modification and Letter, and will shed light on whether any rationale offered in a final rule is

15   "no more than a *post hoc* rationalization advanced by an agency seeking to defend past agency

16   action against attack." *Cal. Pub. Util. Comm'n v. Fed. Energy Regulatory Comm'n*, 879 F.3d

17   966, 975 (9th Cir. 2018). Similarly, the discovery the States are currently seeking from the

18   Private Defendants will remain relevant regardless of what any final rule says, given that "the

19   injunction will remain in place until final judgment," Dkt. # 131, p. 7, and the discovery sought

20   goes to the matter of legal compliance under the injunction. *See* Dkt. # 148 (States' Mot. to

21   Compel). The States and, as discussed in Section III.B.3 below, the public have an significant

22   interest in obtaining the complete administrative record and responses to their discovery

23   requests, which they can only do if the case proceeds as scheduled.

24

PLAINTIFF STATES' OPPOSITION TO
MOTION TO STAY PROCEEDINGS

2:18-cv-01115-RSL

7

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

On the other hand, if the final rule does not remove firearm-related technical data from the U.S. Munitions List, a permanent injunction against the Temporary Modification and Letter would still be necessary to prevent the "unlimited distribution" of 3D-printable firearm files they specifically authorized. Notably, the Federal Defendants rescinded the Temporary Modification and Letter only to comply with the TRO and preliminary injunction, but they have continued to actively defend this case. *Contra FBME Bank Ltd. v. Lew*, 142 F. Supp. 3d 70, 73–74, (D.D.C. 2015) (entering stay to enable defendant agency that "acknowledged substantial and legitimate concerns" with its rule to "reconsider" the action and undertake new notice-and-comment procedures). Although the President himself has questioned the "sense" of deregulating 3D-printable firearm files, Dkt. # 15-2, the Federal Defendants themselves have yet to acknowledge or act on his, the States', or the Court's concerns, nor given any indication they intend to correct their decision in the final rules. *See* Dkt. # 95 (Preliminary Injunction), p. 17 ("[T]here is no indication that the Department considered the unique properties of 3D plastic guns or evaluated the factors Congress deemed relevant when the Department decided to authorize the posting of the CAD files on the internet as of July 27, 2018."). Absent any such indication, there is no reason to suppose that awaiting the final rules will simplify—let alone moot—this case.

Even taking at face value the Federal Defendants' assertion that the final rules "may bear upon the case," this is not a sufficient reason to stay it. Dkt. # 131, p. 5 (quoting *Leyva v. Certified Grocers of California Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)). The Federal Defendants repeatedly invoke that ambiguous phrase, which they draw from a nearly 40-year old case. But *Levya* does not remotely stand for the proposition that a court should stay its proceedings so long as a pending administrative rulemaking process purportedly "bears" on it. In *Leyva*, the Ninth Circuit held that where the Federal Arbitration Act mandates arbitration of fewer than all claims in a lawsuit, the court "may" stay any remaining related claims if it is "efficient for its own

PLAINTIFF STATES' OPPOSITION TO
MOTION TO STAY PROCEEDINGS

8

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

2:18-cv-01115-RSL

1    docket and the fairest course for the parties." 593 F.2d at 863. The panel remanded to the district

2    court to determine whether a *Landis* stay was proper. It noted that the arbitrator's findings "may

3    be of valuable assistance to the court" in trying the remaining issues, but also that a "stay should

4    not be granted unless it appears likely the other proceedings will be concluded within a

5    reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 864.

6         Neither consideration in *Levya* is present here. As explained above, the Federal

7    Defendants have given no reason to infer that the final rules will "be of valuable assistance" to

8    resolving this lawsuit because they have not disclosed what those rules will do. And even if they

9    had, they concededly cannot predict their timing to any degree of certainty. They admit that at

10   the earliest, the final rules would not be published until February 2019 (and not effective until

11   "likely" 45 days after that, in March or April). *See* Dkt. # 131, p. 4. They also acknowledge that

12   "many internal and external factors may affect the timeline." *Id.* Thus, the "brief" four-month

13   stay the Federal Defendants request reflects the best-case scenario for administrative action—a

14   shaky assumption on which to base a stay of judicial proceedings. *See, e.g.*, *SEIU, Local 102*,

15   784 F. Supp. at 1512–13 (denying stay sought pending adoption of proposed regulation by U.S.

16   Department of Labor, where "DOL currently represents that it anticipates such action by June

17   1992, but there is no guarantee of this" so "a stay awaiting the regulation could continue for an

18   indefinite amount of time").

19        Even if OIRA completes its review within the estimated timeframe, the involvement of

20   the House Committee on Foreign Affairs—which will be under new leadership as of January 3,

21   2019—and the Senate Committee on Foreign Relations add additional elements of uncertainty.

22   Given all the timing uncertainties, the initial four-month stay could easily "continue for an

23   indefinite amount of time." *Id.* at 1512. Indeed, the motion's title betrays the true relief it seeks:

24   "to stay proceedings pending publication of final agency rulemaking." Dkt. # 131 (capitalization

PLAINTIFF STATES' OPPOSITION TO
MOTION TO STAY PROCEEDINGS

2:18-cv-01115-RSL

9

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

omitted). For that reason, the requested stay is even less appropriate. A stay of "indefinite duration" must be supported by a "pressing need." *Belize Social Devel., Ltd. v. Gov't of Belize*, 668 F.3d 724, 732 (D.C. Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)); *Allison v. Amazon.com, Inc.*, No. C13-1612RSL, 2014 WL 12530954, at *1 (W.D. Wash. Jan. 3, 2014). Because the Federal Defendants are effectively seeking an indefinite stay "until the rulemaking is concluded," Dkt. # 131, p. 6, whenever that may be, they must meet the heightened burden to establish a "pressing need" for the relief. As discussed below, the Federal Defendants have not met even the baseline "hardship or inequity" standard to warrant a stay. *A fortiori*, they fail to show any "pressing need" justifying a stay of effectively an indefinite duration.

### 2.   No hardship or inequity would befall the Federal Defendants from the denial of a stay

The Federal Defendants do not identify any harm they would suffer if the litigation proceeds on the current schedule, let alone a "clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. That omission alone precludes a stay. *See, e.g.*, *DeMartini*, 693 F. App'x at 538 (affirming denial of stay where "Defendants have not persuasively argued that they were subjected to any 'hardship or inequity'" from further litigation); *Dependable Hwy.*, 498 F.3d at 1066 (reversing stay order because movants "failed to establish a sufficient case of hardship"); *Lockyer*, 398 F.3d at 1112 (reversing stay order because movant "has not made out a 'clear case of hardship or inequity'") (quoting *Landis*, 299 U.S. at 255).

The only even conceivable hardship the Federal Defendants mention is the "costs" of litigating discovery and summary judgment motions. Dkt. # 131, p. 7. But that is insufficient for a *Landis* stay as a matter of law. *See, e.g.*, *Lockyer v. Mirant Corp.*, 398 F.3d at 1112 ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity'"

PLAINTIFF STATES' OPPOSITION TO
MOTION TO STAY PROCEEDINGS

2:18-cv-01115-RSL

10

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

within the meaning of *Landis*."); *Yong v. INS*, 208 F.3d 1116, 1121 (9th Cir. 2000) ("Although the stay may reduce the number of cases that the INS is required to litigate, the INS's workload is only fractionally decreased because the stay only affects cases before a single district court judge in a single judicial district."); *Mix v. Ocwen Loan Servicing, LLC*, No. C17-0699JLR, 2017 WL 5549795, at *8 (W.D. Wash. Nov. 17, 2017) (Defendant's "burden of producing discovery and preparing for trial does not demonstrate a clear case of hardship or inequity") (citation omitted); *Lathrop v. Uber*, No. 14-cv-05678-JST, 2016 WL 97511, at * 5 (N.D. Cal. Jan. 8, 2016) (Defendant "may face additional discovery obligations but has not established that this hardship justifies staying the case, which would otherwise be delayed with no identifiable end to the stay").

Even if they tried, the Federal Defendants could not meet their burden to prove a clear hardship or inequity would result from abiding by the current schedule. All parties agreed to that schedule to facilitate "the prompt and efficient resolution of this case" in the Joint Status Report filed on October 5, 2018. Dkt. ##110, 113. The Federal Defendants cannot now complain that proceeding with the case as planned would somehow be burdensome or unfair. *Cf.* Dkt. # 49 (Fed. Defs' Opp. to Mot. to Compel AR), p. 5 ("Plaintiffs do not explain why the Court should deviate from the Scheduling Order it has already entered, which was based on an agreement among the parties . . . .").

### 3.    A stay would harm the Plaintiff States and the public

In accordance with the agreed-upon schedule, the States have moved to supplement the administrative record because nothing in the cherry-picked record the Federal Defendants have filed thus far casts any light on their inexplicable decisions earlier this year to abruptly reverse position and deregulate 3D-printable firearm data. *See* Dkt. # 132. The States have also moved to compel the Private Defendants to respond to targeted discovery requests concerning their

continuing dissemination of 3D-printable firearm files after entry of the Court's preliminary injunction. *See* Dkt. # 148. The information sought in both motions not only goes right to the merits of the States' claims—it is also critical to the public's interest in ascertaining the basis (if any) for the governmental decisions to permit "unlimited distribution" of 3D-printable firearm files abroad, as well as the degree to which those decisions (and Defendants' subsequent actions) continue to endanger the States' 160 million residents and the rest of the nation. *See* Dkt. # 95 (Order), p. 23 (finding continued online publication of files at issue likely to cause irreparable harm and noting "the evident alarm with which the proposed publication has been met in the Congress, in the White House, amongst advocacy groups, and in state houses all over the country").

Rather than comply with their obligation to produce "the whole record," 5 U.S.C. § 706, the Federal Defendants seek a stay that would shield their decision-making from scrutiny. At the very least, a stay would indefinitely delay the States' access to that vital information, if not prevent it entirely. Since this litigation began, the Federal Defendants have "failed to articulate a reasonable explanation," Dkt. # 95, p. 18, for their decision to permit the unlimited export of 3D-printable firearm data—whether to the Court, to counsel, to Congress, or to the public. *See id.* at 23. Likewise, the Private Defendants have repeatedly sought to avoid producing information about their post-injunction involvement in exporting 3D-printable firearm files. *See* Dkt. # 148.

Even if the final rulemaking does become effective in four months (an improbably optimistic scenario for the reasons explained above, *supra* at p. 8, the Defendants' recalcitrance in this litigation is unlikely to end along with it. Thus far, the Federal Defendants have failed to provide anything but a cherry-picked administrative record, and the Private Defendants have resisted virtually all efforts to obtain information about the actions they have taken, or failed to

PLAINTIFF STATES' OPPOSITION TO
MOTION TO STAY PROCEEDINGS

2:18-cv-01115-RSL

12

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

take, to honor the injunction. Because a stay would effectively block the Plaintiff States' legitimate requests for that information, it would materially injure both them and the public. *See, e.g.*, *Jones v. AD Astra Recovery Servs., Inc.*, 16-1013-JTM-GEB, 2016 WL 3145072, at *6 (D. Kan. June 6, 2016) (denying *Landis* stay because it would "still be necessary for the parties to obtain discovery on the facts of this case"); *Kafatos v. Uber Technologies, Inc.*, No. 15-cv-03727-JST, 2016 WL 97489, at *2 (N.D. Cal. Jan. 8, 2016) (citing *Landis*, 299 U.S. at 255) (denying *Landis* stay because "the parties still require discovery on a number of factual issues regardless of the outcome of" pending proceedings); *Eisai Inc. v. Sanofi-Aventis U.S., LLC*, CV 08-4168 (MLC), 2011 WL 13143344, at *1 (D.N.J. Nov. 14, 2011) (denying *Landis* stay where there was at least a "'fair possibility' that any further delay in proceeding with discovery in this matter may prejudice Plaintiff"). Without the benefit of information to which they are entitled that remains exclusively in the Defendants' possession, the States and the public are still in the dark, and a stay would only exacerbate the harm.

## IV.    CONCLUSION

For the reasons above, the Plaintiff States respectfully request that the Court deny the Federal Defendants' *Motion to Stay Proceedings Pending Publication of Final Agency Rulemaking*.


DATED this 6th day of December, 2018.

ROBERT W. FERGUSON
Attorney General

*/s/ Jeffrey Rupert*
JEFFREY RUPERT, WSBA #45037
Division Chief
TODD BOWERS, WSBA #25274
Deputy Attorney General
JEFF SPRUNG, WSBA #23607

PLAINTIFF STATES' OPPOSITION TO
MOTION TO STAY PROCEEDINGS

13

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

2:18-cv-01115-RSL

1    KRISTIN BENESKI, WSBA #45478
     ZACHARY P. JONES, WSBA #44557
2    Assistant Attorneys General
     JeffreyR2@atg.wa.gov
3    ToddB@atg.wa.gov
     JeffS2@atg.wa.gov
4    KristinB1@atg.wa.gov
     ZachJ@atg.wa.gov
5    *Attorneys for Plaintiff State of Washington*

6    GEORGE JEPSEN
     Attorney General of Connecticut
7
     */s/ Maura Murphy Osborne*
8    MAURA MURPHY OSBORNE, CT-19987
     Assistant Attorney General
9    Connecticut Office of Attorney General
     55 Elm St. P.O. Box 120
10   Hartford, CT 06141-0120
     Maura.murphyosborne@ct.gov
11   *Attorneys for Plaintiff State of Connecticut*

12   BRIAN E. FROSH
     Attorney General of Maryland
13
     */s/ Julia Doyle Bernhardt*
14   JULIA DOYLE BERNHARDT
     Assistant Attorneys General
15   Office of the Attorney General
     200 Saint Paul Place, 20th Floor
16   Baltimore, MD 21202
     (410) 576-7291
17   jbernhardt@oag.state.md.us
     *Attorneys for Plaintiff State of Maryland*
18   GURBIR GREWAL
     Attorney General of New Jersey
19
     */s/ Jeremy M. Feigenbaum*
20   JEREMY M. FEIGENBAUM
     Assistant Attorney General
21   Office of the Attorney General
     Richard J. Hughes Justice Complex
22   25 Market Street, 8th Floor, West Wing
     Trenton, NJ 08625-0080
23   (609) 376-2690
     Jeremy.Feigenbaum@njoag.gov
24   *Attorneys for Plaintiff State of New Jersey*

PLAINTIFF STATES' OPPOSITION TO            14            ATTORNEY GENERAL OF WASHINGTON
MOTION TO STAY PROCEEDINGS                                      800 Fifth Avenue. Suite 2000
                                                                  Seattle, WA  98104-3188
                                                                       (206) 464-7744
2:18-cv-01115-RSL

1

2          BARABARA D. UNDERWOOD
           Attorney General of New York

3          /s/ Steven Wu
           STEVEN WU
4          Attorney General of New York
           28 Liberty Street
5          New York, NY 10005
           steven.wu@ag.ny.gov
6          Attorneys for Plaintiff State of New York

7          MAURA HEALEY
           Attorney General of Commonwealth of
8          Massachusetts

9          /s/ Jonathan B. Miller
           JONATHAN B. MILLER
10         Assistant Attorney General
           Office of the Massachusetts Attorney General
11         One Ashburton Place
           Boston, MA 02108
12         (617) 963-2073
           Jonathan.Miller@state.ma.us
13         Attorneys for Plaintiff Commonwealth of
           Massachusetts
14
           JOSH SHAPIRO
15         Attorney General of Commonwealth of
           Pennsylvania
16
           /s/ Jonathan Scott Goldman
17         JONATHAN SCOTT GOLDMAN
           Executive Deputy Attorney General
18         Civil Division
           Office of Attorney General
19         Strawberry Square, 15th Floor
           Harrisburg, PA 17120
20         717-783-1471
           jgoldman@attorneygeneral.gov
21
           /s/ Michael J. Fischer
22         MICHAEL J FISCHER
           Pennsylvania Office of the Attorney General
23         1600 Arch Street, Ste 300
           Philadelphia, PA 19103
24         215-560-2171

PLAINTIFF STATES' OPPOSITION TO              15          ATTORNEY GENERAL OF WASHINGTON
MOTION TO STAY PROCEEDINGS                               800 Fifth Avenue, Suite 2000
                                                         Seattle, WA  98104-3188
2:18-cv-01115-RSL                                            (206) 464-7744

1    mfischer@attorneygeneral.gov
     *Attorney for Plaintiff Commonwealth of*
2    *Pennsylvania*

3    KARL A. RACINE
     Attorney General for the District of Columbia
4
     */s/ Robyn Bender*
5    Deputy Attorney General
     Public Advocacy Division
6    Robyn.bender@dc.gov

7    */s/ Jimmy Rock*
     Assistant Deputy Attorney General
8    Public Advocacy Division
     202-741-0770
9    Jimmy.Rock@dc.gov

10   */s/ Andrew J. Saindon*
     Senior Assistant Attorney General
11   202-724-6643
     andy.saindon@dc.gov
12   Office of the Attorney General for the
     District of Columbia
13   441 4th Street NW, Ste 630 South
     Washington, DC 20001
14   *Attorneys for Plaintiff District of Columbia*

15   ELLEN F. ROSENBLUM
     Attorney General of Oregon
16
     */s/ Scott J. Kaplan*
17   SCOTT J. KAPLAN, WSBA #49377
     Senior Assistant Attorney General
18   Oregon Department of Justice
     100 SW Market Street
19   Portland, OR  97201
     (971) 673-1880
20   scott.kaplan@doj.state.or.us
     *Attorneys for Plaintiff State of Oregon*
21
     XAVIER BECERRA
22   Attorney General of California

     */s/ Nelson R. Richards*
23   NELSON R. RICHARDS
     Deputy Attorney General
24   California Department of Justice

PLAINTIFF STATES' OPPOSITION TO           16        ATTORNEY GENERAL OF WASHINGTON
MOTION TO STAY PROCEEDINGS                              800 Fifth Avenue. Suite 2000
                                                          Seattle, WA  98104-3188
                                                              (206) 464-7744
2:18-cv-01115-RSL

1
Office of the Attorney General
2550 Mariposa Mall, Rm 5090
2
Fresno, CA  93721
559-705-2324
Nelson.richards@doj.ca.gov
3
*Attorneys for the State of California*

4
CYNTHIA H. COFFMAN
Attorney General of Colorado
5

*/s/ Matthew D. Grove*
6
MATTHEW D. GROVE
Assistant Solicitor General
7
Colorado Department of Law
1300 Broadway, 6th Floor
8
Denver, Colorado  80203
Telephone:  (720) 508-6157
9
FAX:  (720) 508-6041
E-Mail: matt.grove@coag.gov
10
*Attorneys for Plaintiff State of Colorado*

11
MATTHEW P. DENN
Attorney General of Delaware
12

*/s/ Ilona M. Kirshon*
13
ILONA M. KIRSHON (#3705)
Deputy State Solicitor
14
State of Delaware Department of Justice
Carvel State Office Building, 6th Floor
15
Wilmington, DE 19801
(302) 577-8400
16
Ilona.kirshon@state.de.us

17
*/s/ Patricia A. Davis*
PATRICIA A. DAVIS (#3857)
18
Deputy Attorney General
State of Delaware Department of Justice
19
Dover, DE  19904
(302) 257-3233
20
patriciaA.davis@state.de.us
*Attorneys for the Plaintiff State of Delaware*
21

RUSSELL A. SUZUKI
22
Attorney General of Hawaii

23
*/s/ Robert T. Nakatsuji*
ROBERT T. NAKATSUJI
24
Deputy Attorney General

PLAINTIFF STATES' OPPOSITION TO
MOTION TO STAY PROCEEDINGS
2:18-cv-01115-RSL

17

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1   Department of the Attorney General
    425 Queen Street
2   Honolulu, Hawaii  96813
    (808) 586-1360
3   Robert.T.Nakatsuji@hawaii.gov
    *Attorneys for Plaintiff State of Hawaii*
4
    LISA MADIGAN
5   Attorney General of Illinois

6   */s/ Brett E. Legner*
    BRETT E. LEGNER
7   Deputy Solicitor General
    Office of the Attorney General
8   100 W. Randolph, 12th Floor
    Chicago, IL 60601
9   (312) 814-2146
    blegner@atg.state.il.us
10  *Attorneys for Plaintiff State of Illinois*

11  THOMAS J. MILLER
    Attorney General of Iowa
12
    */s/ Nathanael Blake*
13  NATHANAEL BLAKE
    Office of the Attorney General of Iowa
14  Hoover State Office Bldg., 2nd Floor
    1305 East Walnut Street
15  Des Moines, IA  50319
    (515) 281-4325
16  nathan.blake@ag.iowa.gov
    *Attorneys for the Plaintiff State of Iowa*
17
    LORI SWANSON
18  Attorney General of Minnesota

19  */s/ Jacob Campion*
    JACOB CAMPION, MN Reg. #0391274
20  Assistant Attorney General
    Office of the Minnesota Attorney General
21  445 Minnesota Street, Suite 1100
    St. Paul, Minnesota 55101-2128
22  (651) 757-1459
    jacob.campion@ag.state.mn.us
23  *Attorneys for the Plaintiff State of Minnesota*

24  JOSHUA H. STEIN

PLAINTIFF STATES' OPPOSITION TO
MOTION TO STAY PROCEEDINGS

2:18-cv-01115-RSL

18

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

| | |
|---|---|
| 1 | Attorney General of North Carolina |
| 2 | */s/ Sripriya Narasimhan* |
| 3 | SRIPRIYA NARASIMHAN<br>Deputy General Counsel<br>North Carolina Department of Justice |
| 4 | 114 W. Edenton St. |
| 5 | Raleigh, NC 27603<br>(919) 716-6400 |
| 6 | snarasimhan@ncdoj.gov<br>*Attorneys for Plaintiff State of North Carolina* |
| 7 | PETER F. KILMARTIN<br>Attorney General of Rhode Island |
| 8 | |
| 9 | */s/ Susan Urso*<br>SUSAN URSO |
| 10 | Assistant Attorney General<br>150 South Main Street |
| 11 | Providence, Rhode Island 02903<br>(401) 274-4400 |
| 12 | surso@riag.ri.gov<br>*Attorneys for Plaintiff State of Rhode Island* |
| 13 | THOMAS J. DONOVAN, JR.<br>Attorney General of Vermont |
| 14 | |
| 15 | */s/ Benjamin D. Battles*<br>BENJAMIN D. BATTLES |
| 16 | Solicitor General<br>Office of the Attorney General |
| 17 | 109 State Street<br>Montpelier, Vermont 05609-1001 |
| 18 | (802) 828-5500<br>benjamin.battles@vermont.gov |
| 19 | *Attorneys for Plaintiff State of Vermont* |
| 20 | MARK R. HERRING<br>Attorney General of the |
| 21 | Commonwealth of Virginia |
| 22 | */s/ Samuel T. Towell*<br>SAMUEL T. TOWELL |
| 23 | Deputy Attorney General, Civil Litigation<br>Office of the Attorney General of Virginia |
| 24 | Barbara Johns Building<br>202 N. Ninth Street |

PLAINTIFF STATES' OPPOSITION TO
MOTION TO STAY PROCEEDINGS

19

1

Richmond, VA 23219
(804) 786-6731

2

STowell@oag.state.va.us
*Attorney for Plaintiff Commonwealth of*
*Virginia*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFF STATES' OPPOSITION TO
MOTION TO STAY PROCEEDINGS

20

2:18-cv-01115-RSL