The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., | No. 2:18-cv-1115-RSL |
| Plaintiffs, | **FEDERAL DEFENDANTS'** |
| v. | **OPPOSITION TO PLAINTIFFS'** |
| | **MOTION TO COMPEL** |
| | **COMPLETION OF THE** |
| UNITED STATES DEPARTMENT OF STATE, et al., | **ADMINISTRATIVE RECORD** |
| Federal Defendants. | **Noted For: December 21, 2018** |

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Washington, DC 20530
202-353-0533

## INTRODUCTION

In response to Plaintiffs' assertion of claims pursuant to the Administrative Procedure Act ("APA"), the Department of State ("State") has submitted a certified Administrative Record ("AR") of the documents that were before the agency decisionmaker.  Explaining—as it has consistently throughout the litigation—that a formal rulemaking is underway that will likely supplant the Temporary Modification and Letter challenged in this litigation—the Government has moved the Court for a four-month stay of proceedings.  *See* ECF No. 131 (Nov. 15, 2018).  In light of these considerations, Plaintiffs' motion to supplement the AR, ECF No. 132 ("Mot.") is unnecessary.

Plaintiffs' motion also misapprehends the governing law, which places reliance on the record presented by the agency, absent narrow circumstances not present here.  Plaintiffs have already rejected a proposal by the Federal Defendants[1] to supplement the record prior to further briefing, with the overwhelming majority of documents sought by Plaintiffs' motion, including the briefs, declarations, and exhibits from *Defense Distributed v. Dep't of State*, Case No. 1:15-cv-00372 (W.D. Tex.) ("*DD*"), the commodity jurisdiction determinations regarding Defense Distributed's files, the 2018 NPRMs and comments thereto, and the final version of the settlement agreement, temporary modification, and letter.[2]  Plaintiffs have thereby made clear that the principal purpose of their motion is to launch a fishing expedition into attorney-client privilege, attorney work-product, and deliberative-process privilege documents, both directly and by seeking a privilege log.  But "predecisional and deliberative [or otherwise privileged] documents are not part of the administrative record to begin with, so they do not need to be logged as withheld from the administrative record" or produced.  *Dist. Hosp. Partners, L.P. v. Sebelius*, 971 F. Supp. 2d 15, 32 (D.D.C. 2013), *aff'd sub nom. Dist. Hosp. Partners, L.P. v. Burwell*, 786 F.3d 46 (D.C. Cir. 2015).

Aside from privileged documents that are not part of the AR, the overwhelming majority of the items referenced in Plaintiffs' motion—the documents that the Federal Defendants plan to

---

[1] The phrase "Federal Defendants" is used to designate the U.S. Department of State as well as Michael R. Pompeo, in his official capacity, Mike Miller, and Sarah Heidema, in their official capacities.

[2] The Federal Defendants would have agreed to such supplementation only in the interests of narrowing this dispute. In light of the parties' failure to reach agreement, the Federal Defendants do not now concede that these materials were improperly excluded from the AR, as State determined that it did not consider these documents in decision-making regarding the Temporary Modification and Letter. *See* ECF No. 116.  Nevertheless, the Federal Defendants will file these materials with the Court before the December 21 notice date for this motion for the Court's convenience in determining whether to rely on the materials as extra-record evidence, as suggested in Plaintiffs' brief. *See* Mot. n. 38.

Federal Def's. Opp. to Motion to Supplem. Admin. Rec.
(No. 2:18-cv-1115-RSL) – 1

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Washington, DC 20530
202-353-0533

voluntarily file—are properly part of the record not of the challenged decisions, but of the future rulemaking pending for which the Federal Defendants have sought a stay.  This underscores why a stay would contribute to efficient management of this litigation.  However, even if the Court should decide not to stay this litigation, supplementation is unnecessary because the Court has all the record that it needs to decide this case.

**BACKGROUND**

This Court is familiar with the underlying facts that gave rise to this litigation, as well as its procedural history, and facts related to the Federal Defendants' pending stay motion are set forth in ECF No. 131.  A few facts of particular relevance are set forth here. Prior litigation between the Federal Defendants and the other Defendants contested whether the State Department had improperly restrained the publication of certain "technical data," including 3-D printing plans for a handgun, in violation of the Constitution, the Arms Export Control Act, opinions of the Office of Legal Counsel, and official guidance governing the manner in which State regulated such technical data.  *See* Compl., ECF No. 1, *DD*.  Plaintiffs sought a preliminary injunction, which was denied. Proceedings in appeal and for certiorari, continued into January, 2018.  *See generally* Docket, *DD*.[3]

Prompted by a March 12, 2018 Scheduling Order issued after remand to district court, State, through its counsel at the Department of Justice, engaged in settlement negotiations with DD's counsel, ultimately entering into a settlement agreement on June 29, 2018.  In relevant part, State agreed to announce a temporary modification of U.S. Munitions List (USML) Category I to exclude the technical data that is the subject of that case.  In addition, State agreed to send a letter to Plaintiffs advising that DD's files are approved for public release and are exempt from export licensing requirements in the ITAR because they satisfy the criteria of 22 C.F.R. § 125.4(b)(13).

The steps in the settlement agreement are consistent with the proposed treatment of DD's files under a pair of notices of proposed rulemaking ("NPRMs"), issued on May 24, 2018, by the Departments of State and Commerce.  In the NPRMs, the Government proposed amending the ITAR "to revise Categories I (firearms, close assault weapons and combat shotguns), II (guns and

---

[3] During the pendency of the DD litigation, State issued a Notice of Proposed Rulemaking ("NPRM") on June 3, 2015, which proposed to revise and create various definitions, including the definition of "technical data." State accepted public comment on this NPRM until August 3, 2015.  *See* Int'l Traffic in Arms Regulations ("ITAR"), Definitions of Defense Services, Technical Data, & Public Domain . . . , 2015 FR 12844 (June 3, 2015).

Federal Def's. Opp. to Motion to Supplem. Admin. Rec. (No. 2:18-cv-1115-RSL) – 2

armament) and III (ammunition and ordnance) of the [USML] to describe more precisely the articles warranting export and temporary import control on the USML." 83 Fed. Reg. 24,198, (May 24, 2018); *see* 83 Fed. Reg. 24,166 (May 24, 2018).  From May 24, 2018 until July 9, 2018, the Government accepted public comments on the NPRMs, and those rules are now with the Office of Information and Regulatory Affairs ("OIRA") within the Office of Management and Budget ("OMB") for regulatory review, as required by Executive Order 12,866.

Pursuant to Local Civil Rule 79(h), on October 16, 2018, State filed the Administrative Record ("AR") for its "decision to (1) announce a temporary modification of U.S. Munitions List ('USML') Category I to exclude certain technical data (the 'Temporary Modification'), and (2) issue a letter advising that the Published Files, Ghost Gunner Files, and CAD files, as those are defined in the June 29, 2018 settlement agreement . . . were approved for public release (the 'Letter')."[4] ECF No. 116.  Plaintiffs now challenge the sufficiency of the AR prepared by State, suggesting that State has failed to include: 1) settlement-related documents from the *DD* litigation; 2) briefing, orders, and record evidence in that case; 3) commodity jurisdiction determinations regarding DD's files; and 4) a privilege log, *see* Mot. at 2; as well as (5) "comments on the 2018 NPRMs." Mot. at 10.  Plaintiffs seek to have those documents added to the AR.  Although supplementation is unnecessary (as explained below), the Federal Defendants will be filing items (2), (3), and (5), and the Court may determine whether to consider them as extra-record evidence.  Thus, the only items over which production is disputed are the "settlement-related documents" and privilege log.

## STANDARD OF REVIEW

The agency is entitled to a strong presumption of regularity in designating the administrative record.  *See California v. Dep't of Labor*, No. 13-2069, 2014 WL 1665290 at *4 (E.D. Cal. Apr. 24, 2014); *Pinnacle Armor v. U.S.*, 923 F. Supp. 2d 1226, 1231 (E.D. Cal. 2013); *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993); *accord P.W. Arms v. United States*, 2016 WL 9526687 at *3 (W.D. Wash. Aug. 10, 2016); [5]  The party seeking supplementation bears the burden of overcoming this presumption of regularity by "clear evidence to the contrary." *Pinnacle Armor*,

---

[4] As part of the AR filing, State supplied a certification pursuant to 28 U.S.C. § 1746 explaining that "the materials listed in the Index to the Administrative Record of the Federal Defendants provide a true, accurate, and complete listing of all non-privileged documents and materials directly or indirectly considered by Department decision makers in support of the decision to announce the Temporary Modification and issue the Letter."  ECF No. 116.

[5] Supplementation is thus "the exception, not the rule." *City of Duluth v. Jewell*, 968 F. Supp. 2d 281, 287 (D.D.C. 2013).

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Washington, DC 20530
202-353-0533

923 F. Supp. 2d at 1232; *see Cook Inletkeeper v. E.P.A.*, 400 F. App'x 239, 240 (9th Cir. 2010) (finding no clear evidence where agency "denie[d] that it considered" other material). When moving to add to the AR, a party must identify "non-speculative grounds for its belief that the documents were considered by the decision-makers involved." *Pinnacle Armor*, 923 F. Supp. 2d at 1239 (quoting *Sara Lee v. Am. Bakers Ass'n*, 252 F.R.D. 31, 34 (D.D.C. 2008)). The movant "cannot merely assert that other relevant documents were before" the agency, but "must prove that the documents were before the actual decisionmakers involved." *Sara Lee*, 252 F.R.D. at 34.[6]

## ARGUMENT

### I.   Plaintiffs Fail to Rebut the Presumption that the AR Was Properly Designated.

The AR certification explains that State made a good-faith effort in compiling the AR to gather "all non-privileged documents and materials directly or indirectly considered by Department decision-makers in support of the decision to announce the Temporary Modification and issue the Letter." ECF No. 116 at ¶ 4. The certification also explains that "[i]n deciding to announce the Temporary Modification and issue the Letter, the Department considered, directly or indirectly, information related to 83 Fed. Reg. 24, 198 (May 24, 2018), which proposed in part to revise USML Category I, covering firearms and related articles, to control only defense articles that serve an inherently military function or that are not otherwise widely available." *Id.* at ¶ 6. And the certification explained in detail the records that were searched and process followed to determine that the AR is complete. *Id.* at ¶¶ 7-8. Nothing in Plaintiffs' motion demonstrates otherwise.

### A.   The Fundamental Principle of the APA is For Review on the Existing Record and There is a Strong Presumption Against Record Supplementation.

The Federal Defendants dispute whether there is jurisdiction for the Court to hear this case, but assuming *arguendo* that APA review is proper, it is indisputable that the APA directs courts to limit their review to the "the whole record or those parts of it cited by a party." 5 U.S.C. § 706. Based on the t of the APA, the Supreme Court has explained that "[t]he task for the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the . . . court." *Fla. P&L v. Lorion*, 470 U.S. 729, 743-44

---

[6] *See also Safari Club v. Jewell*, 2016 WL 7785452 at *2 (D. Ariz. July 7, 2016) (suggesting movants should "set forth in their motion: (1) when the documents were presented to the agency; (2) to whom; (3) and under what context") (quoting *Ctr. For Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1275 (D. Colo. 2010) (noting in turn "that this showing is insufficient absent proof the documents were actually considered directly or indirectly")).

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Washington, DC 20530
202-353-0533

(1985).  "If that finding is not sustainable on the administrative record made, then the . . . decision must be vacated and the matter remanded to [the agency] for further consideration."  *Camp v. Pitts*, 411 U.S. 138, 143 (1973).  Thus, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp*, 411 U.S. at 142; *Ctr for Biological Diversity v. U.S. Fish and Wildlife Serv.*, 450 F.3d 930, 943 (9th Cir. 2006).

From this controlling precedent is derived the fundamental principle of administrative law that, with rare exceptions, judicial review is "confined to the administrative record" designated by the agency.  *Raj & Co. v. USCIS*, 85 F. Supp.3d 1241, 1244 (W.D. Wash. 2015); *Tex. Rural Legal Aid v. Legal Servs. Corp.*, 940 F.2d 685, 698 (D.C. Cir. 1991).  This principle reflects the philosophy of the APA that "the agency and not the court is the principal decision maker," and that courts are to be discouraged from "cavalierly . . . supplement[ing] the record . . . in the belief that they were better informed than the administrators empowered" by statute.  *San Luis Obispo Mothers for Peace* ("*SLOMP*") *v. NRC*, 751 F.2d 1287, 1325 (D.C. Cir. 1986) (en banc).  Accordingly, the agency officials familiar with the decision under review are presumed to have properly designated the administrative record "absent clear evidence to the contrary."  *Cook Inletkeeper* 400 F. App'x at 240.

In order to overcome this presumption, Plaintiffs must make a "showing of impropriety in the process," *Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993), or offer "clear evidence" that records actually considered by the decisionmaker were deliberately or negligently excluded from the record, *Pinnacle Armor*, 923 F. Supp. 2d at 1232.  Plaintiffs must meet this high bar because supplementation is "the exception, not the rule." *Univ. of Wash. v. Sebelius*, 2011 WL 6447806 at *2, Case No. C11–625RSM (W.D. Wash. Dec. 22, 2011).  Indeed, the Ninth Circuit has recognized only four situations, to be "narrowly construed and applied," where a Court may consider supplementation of the AR: "(1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) if the agency has relied on documents not in the record, (3) when supplementing the record is necessary to explain technical terms or complex subject matter, or (4) when plaintiffs make a showing of agency bad faith." *Id.*  Even in such situations, however, a court allows supplementation "at its discretion"; it is not mandatory.  *Sierra Club v. Dombeck*, 161 F. Supp. 2d 1052, 1063 (D. Ariz. 2001).

Federal Def's. Opp. to Motion to Supplem. Admin. Rec.
(No. 2:18-cv-1115-RSL) – 5

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Washington, DC 20530
202-353-0533

In this action, the Federal Defendants submitted an extensive record of the nearly 6700 pages of documents that were before the agency when it made its decision to issue the Temporary Modification and Letter.  *See* ECF No. 116.  In addition, Director Heidema submitted a certification that the documents filed as the administrative record "constitute a true and accurate copy of the administrative record related to the proceedings at issue in the above-captioned case." *Id* at ¶ 2.  As the Federal Defendants submitted a complete administrative record, and Plaintiffs have not begun to meet the standards for supplementation, Plaintiffs' motion should be denied.

### B.  Plaintiffs Point to No "Clear Evidence" That the Administrative Record Lacks Any Nonprivileged Document Actually Considered By the Agency.

Plaintiffs' lead argument for supplementation is that the administrative record should contain "final," rather than "not-quite-final" versions of documents that they acknowledge *were* contained in the administrative record, as well as other "key documents."  Mot. at 7.  At the outset, Defendants have agreed to provide these final materials, making the parties' dispute on this point entirely academic.  However, it is well-established that the administrative record consists of the documents and materials directly or indirectly considered in the decision, not all "documents in its possession." *Brodsky v. NRC*, 507 Fed. Appx. 48, 52 (2d Cir. 2013); *see Jarita Mesa Livestock Ass'n v. U.S. Forest Svc.*, 305 F.R.D. 256, 296-97 (D.N.M. 2015).  Plaintiffs have provided no evidence to suggest that these documents were before the decision-maker at the time of the decision.  Indeed, common sense suggests otherwise: for decision-making personnel to have before them the *final* version of a settlement agreement they have not yet decided to enter into is a temporal impossibility.  Likewise, the final versions of the Temporary Modification and Letter were issued *after* the decisions to approve these documents were made; they therefore could not have been before decision-makers in advance of those decisions.[7]

It is also not the case that Plaintiffs have provided "clear evidence" that agency decision-makers considered any other documents that were in its possession as part of its decision-making. *Pinnacle Armor*, 923 F. Supp. 2d at 1232.  Instead, Plaintiffs proffer a theory of "inclusion by association," postulating that State's consideration of comments received as part of a *completed* NPRM three years earlier indicates that State must also have considered comments received as part

---

[7] Significantly, Plaintiffs have not identified any substantial differences in the final versions of these documents.

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Washington, DC 20530
202-353-0533

of a *not-yet-completed* NPRM with regard to which Plaintiffs concede "not all comments" would have been received at the time of the decision.  Mot. at 10.  To the contrary, there is no reason for State to have downloaded and reviewed an incomplete set of comments, and Plaintiffs' argument otherwise contradicts the presumption of good faith due the agency.  *Cook Inletkeeper*, 400 F. App'x at 240.  As reflected by the certification, the administrative record contains "a true, accurate, and complete listing of all non-privileged documents and materials directly or indirectly considered by Department decision-makers in support of the decision to announce the Temporary Modification and issue the Letter."  ECF No. 116.  Plaintiffs' assertions that documents are missing provides no evidence, and certainly no "clear evidence" to the contrary.  And in any case, the Federal Defendants' forthcoming filing of the final versions and 2018 NPRM comments means that this Court will have the opportunity to consider the documents.

### C.  Deliberative and Other Privileged Documents Are Not Properly Part of an AR.

The AR and its certification both state on their face that the record contains only unprivileged documents.  Governing case law plainly demonstrates that privileged documents—including those subject to the deliberative process privilege, as well as the attorney-client privilege—are not properly part of an AR, and thus, Plaintiffs cannot meet the standard for supplementation of the record based on the absence of these documents.  *See Nat'l Ass'n of Chain Drug Stores v. HHS*, 631 F. Supp. 2d 23 (D.D.C. 2009) (citing cases).

It is well-established that "privileged materials are not part of the administrative record in the first instance."  *ASSE Int'l v. Kerry*, 2018 WL 3326687 at *2, Case No. 14-cv-534-CJC (C.D. Cal. Jan. 3, 2018).  The Ninth Circuit has recognized this, distinguishing between "predecisional" materials that are not deliberative, and those concerning "the internal deliberative processes of the agency [and] the mental processes of individual agency members."  *Portland Audubon Soc'y*, 984 F.2d at 1549 (citing *SLOMP v. NRC*, 751 F.2d at 1325).  Indeed, with the exception of vacated or reversed decisions, this is the consistent rule across all federal courts of appeal.  *See, e.g., SLOMP v. NRC*, 789 F.2d 26, 44-45 (D.C. Cir. 1986) (en banc) (absent persuasive evidence of bad faith, transcripts of agency proceedings must not be considered by judicial review where such proceedings are deliberative); *accord Town of Norfolk v. U.S. Army Corps of Eng'rs*, 968 F.2d 1438, 1455-58 (1st Cir. 1992).  And district courts both within and beyond this circuit have repeatedly

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Washington, DC 20530
202-353-0533

rejected the notion that privileged materials are part of an administrative record.  *See, e.g.*, *ASSE Int'l*, 2018 WL 3326687 at *2; *California*, 2014 WL 1665290 ("internal agency deliberations are properly excluded" from compilation of AR); *Comp. Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 312-13 (S.D.N.Y. 2012) ("[C]ourts have consistently recognized that   . . . deliberative materials antecedent to the agency's decision fall outside the [AR].").[8]

Particularly given the Federal Defendants' forthcoming filing of the 2018 NPRM comments, the filings from the *DD* litigation, and the "final versions" of documents identified by Plaintiffs, the motion's basis for supplementation of the administrative record is, on its face, directed at the addition of precisely the kind of attorney-client privilege and deliberative process privilege materials that are not part of the administrative record.  Indeed, Plaintiffs open their argument by contending that the Federal Defendants' exclusion of draft documents and recommendation memoranda is improper.  But these kinds of deliberative recommendation memoranda are ordinarily privileged and need not be included.  *ASSE*, 2018 WL 3326687 at *2. Likewise, "draft documents, by their very nature, are typically predecisional and deliberative," and Plaintiffs have offered no reason to doubt that any such drafts would fall within the scope of the privilege.  *Exxon Corp. v. Dep't of Energy*, 585 F. Supp. 690, 698 (D.D.C. 1983); *see Mobil Oil v. EPA*, 879 F.2d 698, 703 (9th Cir. 1989) (dicta) (noting that a draft may receive "deliberative process privilege protection under exemption 5 [of FOIA] . . . regardless of whether it differs from its final version").[9]  Attorney-client privileged materials are likewise appropriately excluded from the AR. *Town of Norfolk*, 968 F.2d at 1458 (1st Cir. 1992).  There is no reason to undercut these privileges and the values they serve by supplementing the record here.

Nor is it the case that the Department of State's discussion of the Department of Justice's views on the merits of DD's First Amendment challenge waives applicable privileges.  The simple

---

[8] To the extent that Plaintiffs rely on the now-vacated decision in *In re United States*, 875 F.3d 1200 (9th Cir. 2017) to contend otherwise, that case involved application of the elevated threshold for appellate review required for a "writ of mandamus . . . a drastic and extraordinary remedy reserved only for really extraordinary cases." *Id.* at 1205.  Further, that Court specifically noted that it had not "addressed whether assertedly deliberative documents must be logged and examined or whether the government may exclude them from the administrative record altogether." *Id.*  This hardly suggests that production of privileged materials or a privilege log is compulsory.

[9] The deliberative process privilege protects internal agency deliberations from disclosure in order to (1) encourage open and frank discussions among decisionmakers; (2) guard against premature disclosure of proposed policies before they are adopted; and (3) avoid public confusion from the disclosure of reasons that were not in fact ultimately the grounds for an agency's decision. *See, e.g.*, *NLRB v. Sears, Roebuck, & Co.*, 421 U.S. 132, 151 (1975).

Federal Def's. Opp. to Motion to Supplem. Admin. Rec.
(No. 2:18-cv-1115-RSL) – 8

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Washington, DC 20530
202-353-0533

statement by a government agency to inform the public that it relied on legal advice does not waive the attorney-client privilege for the legal advice itself. To the contrary, even in the context of private-party litigation, the disclosure merely of the "ultimate conclusion" of counsel regarding whether litigation is meritorious does not operate as a waiver of privilege. *Bose Corp. v. Linear Design Labs*, 186 U.S.P.Q. 93 (S.D.N.Y. 1975); *see Rates Tech v. Elcotel*, 118 F.R.D. 133, 134-35 (M.D. Fla. 1987) (no waiver where statements "do not reveal the essence of the substantive legal communications"). State's anodyne public statement regarding the litigation risk identified by the Department of Justice does not serve to adopt or incorporate the specifics of that advice into the administrative record and thereby waive any privilege.[10]

### D. Plaintiffs Have Not Presented Proof of Bad Faith on the Part of the Agency.

To satisfy the "narrowly construed" exception for bad faith, *Lands Council*, 395 F.3d 1030, a "plaintiff must present 'well-nigh irrefragable proof'" to overcome the presumption that the agency acted in good faith. *Adair v. England*, 183 F. Supp. 2d 31, 60 (D.D.C. 2002). Plaintiffs have not even tried to make such a showing here; instead, they raise the specter of alleging "bad faith" at some indeterminate point in the future to foreshadow their plans for a future fishing expedition.

Plaintiffs have identified only a few narrow categories of information they believe to be missing from the record, and there is an obvious, good-faith reason why each has been excluded. First, as explained above, "final" versions of documents that are created after the date of an agency decision would not logically appear in the record of that decision. Second, State directly explained that the AR properly includes only "non-privileged documents and materials," ECF No. 116 at ¶ 4, accounting for the absence of internal "communications or other documents related to the settlement of the Texas case." Mot. at 5-6. Third, Plaintiffs' speculation that because comments were submitted publicly regarding the 2018 NPRM, those comments were necessarily "before the agency['s]" decisionmakers is erroneous as a matter of fact and law: An administrative record for

---

[10] There is substantial reason to doubt, moreover, whether an agency such as the Department of State, through an official such as an Acting Under Secretary, has authority to waive attorney-client privilege on behalf of the United States. See *The Attorney General's Role as Chief Litigator for the United States*, 6 Op. O.L.C. 47, 55 (1982) ("because of [the Attorney General's] unique responsibilities in representing government-wide interests as well as those of particular 'client' agencies, the final judgment concerning the best interests of the United States must be reserved to the Attorney General"); Professional Responsibility Advisory Office, *The Client of the Department of Justice Lawyer* at 10 (July 2011) ("[T]he United States as a whole is the organizational client of Department lawyers within the meaning of the Rules and that the officials authorized to speak and act for that client are the Attorney General and his or her designees.").

Federal Def's. Opp. to Motion to Supplem. Admin. Rec.
(No. 2:18-cv-1115-RSL) – 9

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Washington, DC 20530
202-353-0533

one decision does not need to be supplemented based on documents received by the agency in relation to a subsequent agency decision. *See, e.g.*, *Bay.org v. Zinke*, Case No. 1:17-cv-01176 LJO-EPG, 2018 WL 3965367 at *10 (E.D. Cal. Aug. 16, 2018).[11]  And, in light of the legal precedents discussed above, the withholding of privileged documents is no evidence of bad faith.[12]  There is thus no reason to believe that the Department of State compiled its administrative record in "bad faith," particularly given the Federal Defendants' willingness to file additional materials in a good-faith effort to narrow the dispute between the parties.[13]

### E.  The Existing Record Adequately Documents Whether the Agency Considered All Relevant Factors and Explained its Decision.

Plaintiffs make much of the "absence" of documents from the April 2018 period during which the Federal Defendants entered into the settlement with DD.  But it is hardly surprising that the documents from the time period when State was considering the legal question of whether to settle litigation are privileged, given that such documents would likely consist of discussion of litigation and settlement options and analysis of the litigation risks of settlement or non-settlement, all of which would be presumptively privileged. *See, e.g.*, *Roberts v. Legacy Meridian Park Hosp., Inc.*, 97 F. Supp. 3d 1245, 1251-52 (D. Or. 2015); *Simms v. NFL*, 2013 WL 11570273, at *4 (N.D. Tex. Feb. 27, 2013) (analysis, "discussion and other communication leading up to settlement is protected under the work product doctrine and attorney-client privilege"); *N.Y. v. Solvent Chem Co.*, 214 F.R.D. 106 (W.D. N.Y. 2003) (rejecting discovery into "confidential communications between attorney and client pertaining to the approval of settlements").

Nor does the possibility that some aspect of the Heidema Declaration is not "substantiate[d]" by documents in the filed record lead to the conclusion that the record is incomplete.  Mot. at 11.  Plaintiffs point to documents that the Heidema Declaration describes as

---

[11] Plaintiffs do not provide evidence that any of the 2018 NPRM comments were directly considered by State and acknowledge that "not all comments on the 2018 NPRMs were before the Federal Defendants at the time they decided to settle the Texas case." Mot. at 10.

[12] Plaintiffs suggest that "communications between the Federal and Private Defendants during their negotiations" would "almost certainly" exist in State's records and constitute unprivileged "documents . . . improperly excluded from the filed record." Mot. at 8. The basis for this *ipse dixit* by Plaintiffs is unclear: common sense would suggest that such communications would be among litigation counsel in *DD* and the Department of Justice, and not State itself.

[13] Plaintiffs' willingness to dangle "bad faith" as a reason to supplement the record—absent any evidence to support such an allegation—underscores the risk that permitting this case to proceed will waste the time of the parties and the Court on collateral issues that may be rendered unnecessary to reach if and when State makes a final rule on these matters.  For this reason, too, the Court should deny Plaintiffs' motion and grant the motion to stay.

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Washington, DC 20530
202-353-0533

associated with the 2018 NPRM, such as an "assessment" and "concurrence" from the Department of Defense ("DoD"), and faults State for not including these documents "in the filed record." *Id.* Plaintiffs' own motion makes clear that, as documents from the time period prior to issuance of the NPRM and "inform[ing]" the decision to issue the NPRM, they are protected by the deliberative process privilege. *Compare id.* with *Dep't. of Interior v. Klamath Water Users Ass'n*, 532 U.S. 1, 8-9 (2001) (The deliberative process privilege "covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated"); *Rugiero v. DOJ*, 257 F.3d 534, 550 (6th Cir. 2001) (to be pre-decisional and qualify for privilege, a document must be "received by the decisionmaker on the subject of the decision prior to the time the decision is made"). And even if such documents were unprivileged, the fact that they relate to the 2018 NPRM does not mean that they were *considered* as part of the separate decision to issue the Temporary Exemption and Letter.

In short, Plaintiffs have challenged State's decision to issue the Temporary Modification and Letter under the APA, and "[the] agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Arrington v. Daniels*, 516 F.3d 1106, 1112-13 (9th Cir. 2011). And even if the record were somehow inadequate, which it is not, the Court has ample authority under the APA to conclude that an inadequate record requires "remand to the agency for additional investigation or explanation," *Lorion*, 470 U.S. at 744, or remand along with vacatur, *see FCC v. NextWave,* 537 U.S. 293, 300 (2003). As explained in the Government's stay motion, however, a stay of proceedings pending issuance of the final rule would be the efficient course of action.

## II.    A Privilege Log Should Not Be Required.

"As a corollary to the fact that privileged materials are not part of the administrative record in the first instance, an agency is not required to produce a privilege log to justify its exercise of the privilege." *ASSE Int'l*, 2018 WL 3326687 at *3; *see California*, 2014 WL 1665290 at *13–14 (Given that "internal agency deliberations are properly excluded from the administrative record, the agency need not provide a privilege log"); *Dist. Hosp. Partners*, 971 F. Supp. 2d at 32. The same logic applies to documents privileged on other grounds, including the attorney-client privilege. *See, e.g.*, *Ariz. Rehab. Hosp. v. Shalala*, 185 F.R.D. 263, 266-69 (D. Ariz. 1998).

Federal Def's. Opp. to Motion to Supplem. Admin. Rec.
(No. 2:18-cv-1115-RSL) – 11

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Washington, DC 20530
202-353-0533

The Court of Appeals has also recognized the principle that requiring provision of a privilege log is inappropriate because a log comprises "related relief" to other supplementation of the record. *See, e.g., Cook Inletkeeper*, 400 F. App'x at 240. Applying the same rationale, multiple district courts within this circuit have explained that, because privileged materials "are properly excluded from the administrative record, the agency need not provide a privilege log." *See California*, 2014 WL 1665290 at *13; *ASSE Int'l, supra; San Luis & Delta-Mendota Water Auth. v. Jewell*, 2016 WL 3543203, at *19 (E.D. Cal. June 23, 2016) ("To require a privilege log as a matter of course in any [AR] case where a privilege appears to have been invoked would undermine the presumption of correctness"). "As one [district court] succinctly explained, 'requiring the United States to identify and describe on a privilege log all of the deliberative documents would invite speculation into an agency's predecisional process and potentially undermine the limited nature of review available under the APA.'" *Stand Up for California! v. U.S. Dep't of Interior*, 71 F. Supp. 3d 109, 123 (D.D.C. 2014) (quoting *Great Am. Ins. Co. v. U.S.*, 2013 WL 4506929, at *9 (N.D. Ill. Aug. 23, 2013)). Plaintiffs' request for a privilege log should therefore be denied.

### III.   This Motion Should Be Stayed or Denied in Favor of the Motion to Stay.

Plaintiffs' motion to supplement the record underscores that the stay of proceedings sought by the Government in its motion would further "the orderly course of justice measured in terms of . . . simplifying or complicating of issues, proof, and questions of law." ECF No. 131 at 4-5 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). The AR Certification explains the significant undertaking involved in preparing the filed AR for this case. *See* ECF No. 116 at ¶¶ 4-6. And as explained in the stay motion, State is preparing a final rule that directly implicates the actions taken by the Federal Defendants pursuant to their settlement obligations in *DD. See* ECF No. 131 at 5-6. Even if the Court is inclined to disregard Plaintiffs' failure to meet the standards for AR supplementation, as discussed above, there is no reason to require State to incur the burdens of supplementing the AR (particularly with respect to production of a privilege log), or even for the Court to rule on the questions set forth in this briefing, when the underlying agency activities are likely to be altered in the near future. *See id.*

### CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied.

Federal Def's. Opp. to Motion to Supplem. Admin. Rec.
(No. 2:18-cv-1115-RSL) – 12

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Washington, DC 20530
202-353-0533

1    Dated:  December 6, 2018                    Respectfully submitted,

2                                                JOSEPH H. HUNT
3                                                Assistant Attorney General

4                                                ANNETTE L. HAYES
5                                                United States Attorney

6                                                KERRY KEEFE
                                                 Civil Chief
7
                                                 JOHN R. GRIFFITHS
8                                                Director, Federal Programs Branch

9                                                ANTHONY J. COPPOLINO
10                                               Deputy Director, Federal Programs Branch

11                                               */s/ Eric J. Soskin*
                                                 STEVEN A. MYERS
12                                               ERIC J. SOSKIN
                                                 STUART J. ROBINSON
13                                               Attorneys
                                                 U.S. Department of Justice
14                                               Civil Division, Federal Programs Branch
                                                 1100 L St. NW
15                                               Washington, D.C. 20005
                                                 (202) 353-0533 (telephone)
16                                               (202) 616-8460 (facsimile)
                                                 eric.soskin@usdoj.gov
17
18                                               *Attorneys for Federal Defendants*

19

20

21

22

23

24

25

26

27

Federal Def's. Opp. to Motion to Supplem. Admin. Rec.
(No. 2:18-cv-1115-RSL) – 13                              United States Department of Justice
                                                         Civil Division, Federal Programs Branch
                                                         1100 L St. NW, Washington, DC 20530
                                                         202-353-0533

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2018, I electronically filed the foregoing brief using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

Dated:  December 6, 2018                                    /s/ Eric J. Soskin
                                                                       Eric J. Soskin

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW, Washington, DC 20530
202-353-0533