The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, et al., <br><br> Defendants. | No. 2:18-cv-1115-RSL <br><br> **FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING PUBLICATION OF FINAL AGENCY RULEMAKING** <br><br> **NOTED FOR: Dec. 21, 2018** |

FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

# INTRODUCTION

Plaintiffs' response to the Federal Defendants' motion, ECF No. 151 ("Pls.' Opp."), confirms that a limited, four-month stay is appropriate in this case. Plaintiffs have failed to cast doubt on the fact that the rulemaking underway at the Department of State will bear on these proceedings, and Plaintiffs have not articulated any burden they will suffer as a result of a finite stay. The Court should therefore grant the Federal Defendants' motion.

# ARGUMENT

### A.   Administrative Proceedings That Bear Upon This Case Are Underway

Plaintiffs first claim the requested stay "would undermine the orderly course of justice," primarily because the Federal Defendants have not publicly disclosed the content of the draft rule. Pls.' Opp. at 6. Yet the draft rule, by definition, is subject to change,[1] and moreover is protected by the deliberative process privilege. *Exxon Corp. v. Dep't of Energy*, 585 F. Supp. 690, 698 (D.D.C. 1983) (explaining that "draft documents, by their very nature, are typically predecisional and deliberative"); *see Mobil Oil v. EPA*, 879 F.2d 698, 703 (9th Cir. 1989) (dicta) (noting that a draft may receive "deliberative process privilege protection under exemption 5 [of FOIA] . . . regardless of whether it differs from its final version"). More importantly, that the precise outcome of the rulemaking is unknown does not foreclose a stay, as courts regularly grant requests to stay proceedings when the result of a related action, including those undertaken by administrative agencies, remains uncertain. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (concluding district court did not abuse its discretion by staying case pending the results of a related arbitration); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094-96 (E.D. Cal. 2008) (staying case in light of pending agency rulemaking "that may affect portions of Plaintiff's claims" because failure to do so would "waste party and judicial resources").

Indeed, there can be no serious dispute that the final rule will bear upon the issues in this case, particularly if the rule is finalized as it was proposed. In that circumstance, certain

---

[1] Since the Federal Defendants have filed their motion to stay, the Office of Information and regulatory Affairs has completed its review of the rule. https://www.reginfo.gov/public/do/eoDetails?rrid=128626 (review concluded 12/13/18).

FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS - 1
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

firearms, components, parts, accessories, attachments, and related technical data encompassed in Category I of the United States Munitions List ("USML") would be transferred, through a concurrent final rule, to the jurisdiction of the Department of Commerce, which does not control technology when it has been made available to the public without restrictions upon its further dissemination. *See* Declaration of Sarah J. Heidema, ECF No. 64-1, ¶ 21; *see also* 83 Fed. Reg. at 24,198. If that scenario transpires, the Department of State would notify Congress as appropriate, and once the rule takes effect, Defense Distributed would be able to publish its files in an unrestricted fashion, irrespective of the Temporary Modification and Letter provided in connection with its settlement agreement with the Government. Such a course of events would render the current controversy moot. *See Tillett v. Bureau of Land Mgmt.*, 586 F. App'x 394 (9th Cir. 2014) (holding case is moot where "the district court could no longer provide any meaningful relief" (citing *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1129 (9th Cir. 2005)); *see also* Prelim. Inj., ECF No. 95, at 13 (finding Plaintiffs were likely to succeed on the basis of their APA claims because "the temporary modification of the USML to allow immediate publication of the previously regulated CAD files constitutes the removal of one or more items from the USML without the required Congressional notice").[2]

Likewise, in the event that the final rule does not effectuate a removal of items from the USML, or effectuates a removal more limited than that proposed in the rule, it is nevertheless likely to alter or clarify the issues before the Court. Plaintiffs themselves have acknowledged as much, stating that they "believe that in addition to the administrative record regarding the agency actions challenged in their Amended Complaint, the administrative record related to any final rule that will affect the regulation of the Subject Files may also become relevant to this case." Joint Status Report, ECF No. 110, at 4.

In response, Plaintiffs unpersuasively dispute that, if finalized as proposed, the rule would render this case moot. *See* Pls.' Opp. at 7. First, Plaintiffs argue that the mootness

---

[2] Notwithstanding its ultimate reversal, the primary case relied on Plaintiffs is thus inapposite. *See SEIU, Local 102 v. County. of San Diego*, 784 F. Supp. 1503, 1512 (S.D. Cal. 1992), *rev'd*, 35 F.3d 483 (9th Cir. 1994), *opinion amended and superseded on denial of reh'g*, 60 F.3d 1346 (9th Cir. 1994), *and rev'd*, 60 F.3d 1346 (9th Cir. 1994), cited in Pls.' Opp. at 6 (describing as "important" the fact that "the County has made no factual showing to support its legal assertion that the proposed regulation would change the outcome of this case").

FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS - 2
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

doctrine would not apply because "the States anticipate moving to amend their complaint to include allegations regarding the final rulemaking, in which case the controversy would remain very much live." Pls.' Opp. at 7.  But the issue of mootness—especially as it relates to whether a stay should be granted—does not turn on what Plaintiffs "anticipate" alleging in the future, but rather on whether the agency action renders their *current* claim one for which relief cannot be awarded.  *See Dawson v. Schwarzenegger*, No. S-03-0967, 2006 WL 2346353, at *3 (E.D. Cal. Aug. 11, 2006), *report and recommendation adopted*, No. 2:03-cv-0967, 2006 WL 2707962 (E.D. Cal. Sept. 18, 2006) ("There is no question that a case can be mooted by promulgation of new regulations or by amendment or revocation of old regulations." (quoting *Save Our Cumberland Mountains, Inc. v. Clark*, 725 F.2d 1422, 1432 n.27 (D.C. Cir. 1984))).  Similarly, it is entirely irrelevant to a mootness analysis whether Plaintiffs are currently seeking discovery, *see* Pls.' Opp. at 7, or whether the Federal Defendants "have continued to actively defend this case," *id.* at 8, as "[a] case that becomes moot at any point during the proceedings is no longer a 'Case' or 'Controversy' for purposes of Article III, and is outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018) (citation omitted).

The cases cited by Plaintiffs are not to the contrary.  For instance, *NRDC v. Locke*, No. 01-0421, 2009 WL 10681121, at *7 (N.D. Cal. Apr. 3, 2009), cited in Pls.' Opp. at 7, involved neither a motion to stay nor a claim of mootness, but rather a motion for leave to amend to challenge an agency's most recent regulatory application.  The same is true of *Cutler v. Hayes*, 549 F. Supp. 1341, 1346 (D.D.C. 1982), *aff'd in part, vacated in part*, 818 F.2d 879 (D.C. Cir. 1987), cited in Pls.' Opp. at 7 (noting that "plaintiffs were granted leave to amend the complaint to include a substantive challenge to the regulation," without mentioning a motion to stay or mootness).

Nor can Plaintiffs advance their argument by claiming that the Federal Defendants are "effectively seeking an indefinite stay." *See* Pls.' Opp. at 9-10.  Rather, as the Federal Defendants have made clear, they are requesting a finite, four-month stay, based on the current status of the final rule.  *See* Proposed Order, ECF No. 131-1.  This request is therefore unlike

FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS - 3
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

*SEIU*, 784 F. Supp. at 1504, cited in Pls.' Opp. at 9, where it appears the agency did not provide additional context about the status of a rule that it might adopt; indeed, the agency was not even a party to the case.  Moreover, a more recent decision from the District Court for the Eastern District of California confirms that a court may grant a request for a stay pending agency rulemaking based on much less specificity than that provided here.  *See Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1095-96 (granting motion to stay case pending completion of agency rulemaking, with no reference to an anticipated completion date).[3]

### B. Granting A Stay Would Not Lead To Any Potential For Harm And Would Promote Judicial Efficiency

Rather than responding to the Federal Defendants' argument that, in light of the preliminary injunction entered by the Court, Plaintiffs will suffer no harm from a brief stay, *compare* Defs.' Mot., ECF No. 131, at 6-7 *with* Pls.' Opp. at 10-11, Plaintiffs next claim that the Federal Defendants' request for a stay "is insufficient . . . as a matter of law" because "[n]o hardship or inequity would befall the Federal Defendants from the denial of a stay."  Pls.' Opp. at 10.  But the Federal Defendants explained that granting a stay would benefit all parties because it would allow them to proceed to dispositive briefing after the Department of State has finalized its rulemaking, and after the Federal Defendants are in position to describe the outcome of this rulemaking to the Court if necessary.  Defs.' Mot. at 7.  Courts have not hesitated in finding that such efficiency considerations are sufficient to warrant a stay.  In fact, the District Court for the Northern District of Texas recently granted an agency's request to stay proceedings pending review of its rulemaking on the primary basis of "judicial efficiency." *Franciscan All., Inc. v. Price*, No. 7:16-CV-00108, 2017 WL 3616652, at *5 (N.D. Tex. July 10, 2017) ("Because HHS's reconsideration of the Rule may moot some or all of Plaintiffs' claims presented in their motion for summary judgment, proceeding to the merits before reconsideration is complete may waste limited judicial and party resources.  Therefore, staying the case until HHS completes its review of the Rule makes efficient use of both the Court's and the parties' resources."); *see also Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1096

---

[3] Notably, the Court in *Ass'n of Irritated Residents* did not adopt the "pressing need" standard that Plaintiffs advocate here.  *See* 634 F. Supp. 2d at 1094.

FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS - 4
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

(granting stay because "[a]lthough Plaintiffs first and third causes of action will likely not be affected by the ongoing EPA rulemaking process, piecemealing claims in this litigation will waste party and judicial resources and will require duplication of efforts to resolve closely related issues on separate occasions.").

Again, the cases relied on by Plaintiffs, Pls.' Opp. at 10-11, are not on point. In each of those cases, the Court denied a request for a stay based primarily on the prejudice that the non-moving party would suffer. *See Lockyer v. Mirant Corporation*, 398 F.3d 1098, 1112 (9th Cir. 2005) (explaining that "[t]here is more than just a 'fair possibility' of harm to the [plaintiff]," and that therefore a stay was not warranted given the defendants' inability to show "a clear case of hardship or inequity" from proceeding); *Yong v. INS*, 208 F.3d 1116, 1121 (9th Cir. 2000), (holding a stay was not warranted because it would cause "substantial prejudice" to habeas petitioner); *Mix v. Ocwen Loan Servicing*, LLC, No. C17-0699, 2017 WL 5549795, at *8 (W.D. Wash. Nov. 17, 2017) (finding delay "will result in some prejudice" to non-moving party, given, *inter alia*, "the potential destruction of cell phone records" and because "there is no indication of when [a separate court] will issue an opinion and thus of how long a stay would last"); *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) ("Plaintiffs argue persuasively that they would suffer prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate."). Here, by contrast, a limited stay presents no conceivable harm to Plaintiffs, particularly in light of the preliminary injunction and the administrative record that the Federal Defendants have produced.[4]

Perhaps aware of this deficiency in their argument, Plaintiffs suggest that "[a] stay would harm the Plaintiff States and the public" because Plaintiffs are seeking to compel additional information from all Defendants. Pls.' Opp. at 11-13. This assertion, however, fails on multiple grounds. First, it is undermined by the Federal Defendants' willingness, in the interest of narrowing the parties' dispute, to provide the extra-record, non-privileged materials

---

[4] The Federal Defendants acknowledge that their request for a stay would alter the schedule previously agreed to by the parties. *See* Pls.' Opp. at 11. But the Federal Defendants entered into that schedule prior to developments regarding the timing of the final rule, and those developments render a stay appropriate at this time.

FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS - 5
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

requested by Plaintiffs for the Court's consideration.  *See* Opp. to Pls.' Mot. to Compel Completion of the Admin. Record, ECF No. 152, at 1 n.2.[5]  Second, the cases relied on by Plaintiffs do not demonstrate that a vague, purported need for discovery is a cognizable harm to the public that weighs against a requested stay.  For instance, in *Jones v. AD Astra Recovery Services., Inc.*, No. 16-1013, 2016 WL 3145072, at *6 (D. Kan. June 6, 2016), cited in Pls.' Opp. at 13, the district court denied a request for a stay because "[d]espite the D. C. Circuit's eventual ruling, it will still be necessary for the parties to obtain discovery on the facts of this case."  Here, by contrast, no additional discovery from the Federal Defendants is appropriate given the production of the administrative record, as well as the forthcoming rule that will no doubt affect these proceedings.  For the same reasons, the other cases cited by Plaintiffs are inapposite.  *See Kafatos v. Uber Techs., Inc.*, No. 15-cv-03727, 2016 WL 97489, at *2 (N.D. Cal. Jan. 8, 2016) ("Although decisions in [other cases] could be beneficial to this action by clarifying certain questions of law, the parties still require discovery on a number of factual issues regardless of the outcome of those cases."); *Eisai Inc. v. Sanofi-Aventis U.S., LLC*, No. 08-4168, 2011 WL 13143344, at *1 (D.N.J. Nov. 14, 2011) (noting possible prejudice to Plaintiff in delaying discovery because matter may not be resolved in mediation).  And again, in circumstances more analogous to that presented here, courts have recognized that concerns about efficiency tilt in favor of a stay.  *See Franciscan All.*, 2017 WL 3616652, at *5; *Ass'n of Irritated Residents*, 634 F. Supp. 2d at 1095-96.

## CONCLUSION

For the foregoing reasons, the Federal Defendants' motion to stay should be granted and all proceedings in this case should be stayed for a four-month period.

---

[5] Insofar as Plaintiffs are suggesting that the Federal Defendants have deliberately withheld materials that should have been included in the record, *see* Pls.' Opp. at 12, such a suggestion is not only baseless in light of the thousands of pages of material that the Federal Defendants have produced and agreed to produce, but also inconsistent with the presumption of regularity that attaches to an agency's certification of an administrative record, *e.g.*, *Cal. v. Dep't of Labor*, No. 13-2069, 2014 WL 1665290 at *4 (E.D. Cal. Apr. 24, 2014) (citations omitted).

FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS - 6
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

Dated: December 20, 2018

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ANNETTE L. HAYES
United States Attorney

KERRY KEEFE
Civil Chief

JOHN R. GRIFFITHS
Director, Federal Programs Branch

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

*/s/ Stuart J. Robinson*
STUART J. ROBINSON
STEVEN A. MYERS
ERIC J. SOSKIN
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
(415) 436-6635 (telephone)
(415) 436-6632 (facsimile)
stuart.j.robinson@usdoj.gov

*Attorneys for Federal Defendants*

FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS - 7
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2018, I electronically filed the foregoing reply using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

Dated: December 20, 2018                             */s/ Stuart J. Robinson*
                                                     Stuart J. Robinson

FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS - 8
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**