The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON; STATE OF CONNECTICUT; STATE OF MARYLAND; STATE OF NEW JERSEY; STATE OF NEW YORK; STATE OF OREGON; COMMONWEALTH OF MASSACHUSETTS; COMMONWEALTH OF PENNSYLVANIA; DISTRICT OF COLUMBIA; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF IOWA; STATE OF MINNESOTA; STATE OF NORTH CAROLINA; STATE OF RHODE ISLAND; STATE OF VERMONT and COMMONWEALTH OF VIRGINIA, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE; MICHAEL R. POMPEO, in his official capacity as Secretary of State; DIRECTORATE OF DEFENSE TRADE CONTROLS; MIKE MILLER, in his official capacity as Acting Deputy Assistant Secretary of Defense Trade Controls; SARAH HEIDEMA, in her official capacity as Director of Policy, Office of Defense Trade Controls Policy; DEFENSE DISTRIBUTED; SECOND AMENDMENT FOUNDATION, INC.; AND CONN WILLIAMSON, <br><br> Defendants. | NO. 2:18-cv-01115-RSL <br><br> REPLY IN SUPPORT OF THE PLAINTIFF STATES' MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD <br><br> NOTED FOR CONSIDERATION: DECEMBER 21, 2018 |

PLAINTIFF STATES' REPLY ISO MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD 2:18-cv-01115-RSL

i

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## I. INTRODUCTION

Since the Federal Defendants concede that they will partially supplement the filed record, the remaining non-"academic" dispute pertains to (1) documents supporting the State Department's abrupt regulatory reversal in April 2018, if any exist, and (2) a privilege log.

The Federal Defendants' representations in their Opposition point to a startling and disturbing conclusion: they appear to claim they considered *no* evidence of the "unique properties of 3D plastic guns" when they decided to reverse their longstanding position that downloadable, undetectable, untraceable firearms should remain subject to federal export control because these weapons "could cause serious harm to U.S. national security and foreign policy interests" if left unregulated. Mot. at 3, 11. They insist that *all* documents that "inform[ed]" their abrupt deregulation of the files are "deliberative" and "privileged," as opposed to factual or evidentiary. Opp. at 11. If true, this strongly indicates the reversal was arbitrary and capricious.

But there are sound reasons for closer scrutiny of the Federal Defendants' certification that the filed record is complete. Though the Temporary Modification and Letter were "based on a settlement of litigation" pertaining to the subject files identified in the settlement agreement (Mot. at 1), the original filed record contained only cherry-picked portions of the record of that litigation, failed to include the CJ determinations as to the very same files, and failed to include *any* documents from the critical time period when the reversal occurred. The Federal Defendants have now agreed to supplement the record with some of these materials, but fail to justify their exclusion in the first place. They also improperly continue to claim privilege as to factual assertions in the *post hoc* Declaration of Sarah Heidema, and continue to withhold non-privileged documents related to the settlement that the challenged agency actions are "based on."

Contrary to the Federal Defendants' suggestion otherwise, this issue is not a negotiable discovery dispute,[1] but a question of whether the record was and is complete. The flip side of the presumption that review is limited to the filed record is that the agency has a duty to

---

[1] The States declined to stipulate to the Federal Defendants' offer to partially supplement the record in exchange for an extension of the agreed briefing schedule.

| PLAINTIFF STATES' REPLY ISO MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD 2:18-cv-01115-RSL | 1 | ATTORNEY GENERAL OF WASHINGTON 800 Fifth Avenue. Suite 2000 Seattle, WA 98104-3188 (206) 464-7744 |

accurately certify the record's completeness. The presumption is overcome here because the filed record fails—and, after the promised supplementation, will still fail—to reveal the basis for the State Department's highly irregular actions, which defied procedural requirements and principles of open government.

## II.     ARGUMENT

### A.     The Filed Record Remains Incomplete, Even After the Promised Supplementation

The presumption of completeness is easily rebutted in this case. There is no "clear[er] evidence" (Opp. at 5) than the Federal Defendants' tacit admission that the original filed record was incomplete. They offer no explanation for excluding the CJ determinations and *DD* filings, yet the State Department does not "den[y] that it considered" these documents either directly or indirectly. Opp. at 4; *see id.* at 5–6 (denying consideration of 2018 NPRM comments and "final" versions of the settlement agreement, Temporary Modification, and Letter, but not addressing consideration of CJ determinations or *DD* filings); *see also id.* at 9–10 (similar). And there is no plainer "showing of impropriety in the process" (Opp. at 5) than that the Department failed to provide the statutorily required notice to Congress before removing controlled items from the U.S. Munitions List, among other procedural defects. *See* Dkt. # 95 (Preliminary Injunction), pp. 12–15, 16–18. Even after the promised supplementation, the filed record will remain incomplete.

### 1.     The supplemented record will still exclude documents supporting the abrupt regulatory reversal

The heart of this dispute concerns documents that will show whether and how the State Department "considered the unique properties of 3D plastic guns or evaluated the factors Congress deemed relevant when the Department decided to authorize the posting of the CAD files on the internet as of July 27, 2018." Dkt. # 95, p. 17. This decision—a total reversal of the Department's longstanding regulation of the files in the interest of national security and foreign policy concerns—was "based on a settlement of litigation" and appears to have occurred between April 6 and April 20, 2018. Mot. at 3–4, 7. The Federal Defendants' protestation that "final documents" from June and July did not yet exist when the decision was made (*see* Opp. at 6)

PLAINTIFF STATES' REPLY ISO
MOTION TO SUPPLEMENT THE
ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

further supports the inference that their decision to reverse position was made sometime in April. Yet even after supplementation, the filed record will contain no documents from this critical time period that would reveal the basis for the sudden reversal. *See* Opp. at 3 ("settlement-related documents from the *DD* litigation" will not be included in the promised supplementation).

The representations in the Opposition amount to an assertion that *all* documents supporting the reversal are "privileged" or "deliberative," as opposed to fact- or evidence-based. *See, e.g.*, Opp. at 8 (arguing that aside from the 2018 NPRM comments, *DD* filings, and final versions of documents at issue, the Motion seeks only "attorney-client privilege and deliberative process privilege materials"); *id.* at 10 (representing that all documents related to the reasons for entering a settlement entailing deregulation of 3D-printable firearm files are "presumptively privileged"). Absent a considered factual basis for a reversal of position, agency action is arbitrary and capricious. *See Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (action is arbitrary and capricious where agency "entirely failed to consider an important aspect of the problem"); *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 516 (2009) (action is arbitrary and capricious absent a "reasoned explanation" for agency's reversal in contravention of earlier factual findings). Here, even after the promised supplementation, there will still be no evidence that the State Department considered key factual matters—i.e., the "unique characteristics and qualities of plastic guns" and "aspects of the problem which Congress deemed important," including impacts on "world peace, national security, and foreign policy." Dkt. # 95, p. 18. Taking at face value the Federal Defendants' representation that the record is complete, they did not consider any such facts, since the filed record contains no evidence of them. Similarly, the Federal Defendants now deny that they relied on the 2018 NPRM comments in enacting the Temporary Modification and Letter. This is in tension with their repeated invocation the 2018 NPRM to justify the challenged actions,[2] and underscores their arbitrary and capricious nature.

---

[2] *See, e.g.*, Opp. at 2 (pointing out that the Temporary Modification and Letter are "consistent with" the 2018 NPRMs); Dkt. # 64 (Fed. Defs' Opp. to Mot. for PI), p. 22 ("as the [2018] NPRMs indicate, the Department has concluded that ITAR control of such technical data is not warranted").

PLAINTIFF STATES' REPLY ISO
MOTION TO SUPPLEMENT THE
ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

3

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

Still, there are concrete reasons to doubt the Federal Defendants' representation that all documents they are withholding are truly deliberative or privileged. Though they insist that the *post hoc* Heidema declaration references only "deliberative" matters (Opp. at 10–11), the portions cited in the Motion are *factual* statements unsupported by the filed record. *See* Mot. at 11 (citing Dkt. # 64-1 ¶ 19 (referencing purported assessment that "the items for transfer are already commonly available"); ¶ 20 (referencing items "widely available for commercial sale"); ¶ 31 (asserting that the State Department "requested and received" DoD's "concurrence" with the Letter)). Whether untraceable and undetectable firearm files were "commonly available" for "commercial sale" at the time of the deregulation, and whether the Department of Defense concurred in issuing the Letter authorizing unlimited distribution, are either true or not true—these facts are not "deliberative" or "privileged." The Federal Defendants also claim privilege over all documents in "draft" form (Opp. at 8), but fail to address documents that are non-privileged by definition, such as drafts of the settlement agreement and related communications exchanged with the Private Defendants during the course of settlement negotiations. Inevitably, such settlement-related documents were directly or indirectly considered by the State Department—and cannot be said to be outside of its possession (*see* Opp. at 10 n.12)—since the settlement was negotiated on the State Department's behalf, and its decision to reverse position and take the challenged actions was "based on" the settlement. *See* Mot. at 7–8.

**2.      A privilege log is appropriate in this case**

The Federal Defendants fail to meaningfully address the circumstances that make a privilege log appropriate in this case. Instead, they broadly argue that a privilege log is not "compulsory" as a "matter of course" (Opp. at 8 n.8, 11–12)—an unsettled point of law in this Circuit on which some courts take the opposite view. *E.g.*, *Sierra Club v. Zinke*, No. 17-cv-07187-WHO, 2018 WL 3126401, at *2–3 (N.D. Cal. Jun. 26, 2018) ("The current Department of Justice position is contrary to the law in this Circuit"; "If agency decision-makers considered documents that could be characterized as decisional or deliberative materials, these should be

PLAINTIFF STATES' REPLY ISO
MOTION TO SUPPLEMENT THE
ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

4

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

included in the administrative record or noted in a privilege log."). This Court need not decide whether a privilege log is always required; it need only decide whether one is warranted here.

Preliminarily, the Federal Defendants' fears of a "fishing expedition" or the exposure of privileged material are unfounded, because by definition, a privilege log will not reveal any privileged or deliberative communications—it will simply enable the States to evaluate whether any withheld documents are in fact privileged. *See* Fed. R. Civ. P. 26(b)(5)(A) (privilege log must describe withheld documents "in a manner that, *without revealing information itself privileged or protected*, will enable other parties to assess the claim") (emphasis added).

Courts within this Circuit reason that "parties that intend to withhold documents based on the deliberative process privilege must produce a privilege log, at least where the presumption of completeness has been rebutted, because the only way to know if a privilege applies is to review the deliberative documents in a privilege log." *S.F. Bay Conservation & Dev. Comm'n v. U.S. Army Corps of Eng'rs*, No. 16-cv-05420-RS(JCS), 2018 WL 3846002, at *7 (N.D. Cal. Aug. 13, 2018) (citing cases, including *In re United States*, 875 F.3d 1200 (9th Cir. 2017)). "This is particularly true where, as here, the [agency] has included selected internal communications and memoranda in the administrative record, but insists that it need not even assert a privilege to wall off other internal documents as 'simply not a part of the administrative record.'" *Id.* Here, the presumption of completeness (even after the promised supplementation) has been roundly rebutted for the reasons discussed above, and the "deliberative" and "privileged" nature of the documents at issue is dubious at best. *Supra* at 4. Furthermore, as in *San Francisco Bay Conservation*, the filed record does include *some* internal agency documents, including a 2015 email and documents in draft form. Dkt. # 133 (Williams Decl.), ¶¶ 4(3), (11), (13), (14). Under these circumstances, a privilege log is needed so that privilege claims can be assessed. Moreover, because the Department's reversal of position evidently occurred within such a short time window in April 2018, any burden associated with creating a privilege log should be minimal.

PLAINTIFF STATES' REPLY ISO
MOTION TO SUPPLEMENT THE
ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

5

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

**B.    The Federal Defendants' Conduct Raises the Specter of Bad Faith**

The Federal Defendants dismiss the invocation of bad faith as a front for a "fishing expedition." Opp. at 1, 9. But their actions speak for themselves. They fail to address the procedural impropriety of deregulating Munitions List items pursuant to a covert private settlement agreement, without providing the required advance notice to Congress, supposedly to effectuate a non-final proposed rulemaking, thus creating a risk of drastic public harm for which this lawsuit was the only backstop. They continue to defend these actions even as they seek to avoid further scrutiny by asserting dubious privilege claims, refusing to produce a privilege log, and seeking to stay these proceedings entirely. They have even declined to defend their original filed record, instead agreeing to produce numerous omitted documents—including the CJ determinations and *DD* filings, which the State Department does not "den[y] that it considered[.]" *Supra* at 2. These are all indicative of bad faith, raising the prospect that extra-record discovery may be needed to ensure the record is complete. *See* Mot. at 12.

**C.    The Court Should Adjudicate This Motion in Accordance with the Case Schedule**

For the reasons discussed in the States' Opposition to the Federal Defendants' Motion to Stay Proceedings (Dkt. # 151), the instant Motion should be adjudicated (and granted) now. Even in the assertedly "likely" event that a pending final rule "supplant[s]" the Temporary Modification and Letter (Opp. at 1, 12), the filed record's completeness will remain relevant. In particular, if the final rule is consistent with the NPRMs, a complete administrative record at this stage will reveal whether the Federal Defendants had any legitimate reason for deregulating 3D printable firearm files, and whether any rationale offered in a final rule is "no more than a *post hoc* rationalization advanced by an agency seeking to defend past agency action against attack." *Cal. Pub. Util. Comm'n v. Fed. Energy Regulatory Comm'n*, 879 F.3d 966, 975 (9th Cir. 2018).

### III.    CONCLUSION

For the reasons above and in their motion, the Plaintiff States respectfully request that the Court order the Federal Defendants to supplement the administrative record to the extent they have not already agreed to do so, including by submitting a privilege log.

PLAINTIFF STATES' REPLY ISO
MOTION TO SUPPLEMENT THE
ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

6

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

DATED this 20th day of December, 2018.

ROBERT W. FERGUSON
Attorney General of Washington

*/s/ Jeffrey Rupert*
JEFFREY RUPERT, WSBA #45037
Division Chief
TODD BOWERS, WSBA #25274
Deputy Attorney General
JEFFREY T. SPRUNG, WSBA #23607
KRISTIN BENESKI, WSBA #45478
ZACHARY P. JONES, WSBA #44557
Assistant Attorneys General
JeffreyR2@atg.wa.gov
ToddB@atg.wa.gov
JeffS2@atg.wa.gov
KristinB1@atg.wa.gov
ZachJ@atg.wa.gov
*Attorneys for Plaintiff State of Washington*


GEORGE JEPSEN
Attorney General of Connecticut

*/s/ Maura Murphy Osborne*
MAURA MURPHY OSBORNE, Admitted pro hac vice
Assistant Attorney General
Maura.MurphyOsborne@ct.gov
*Attorneys for Plaintiff State of Connecticut*


BRIAN E. FROSH
Attorney General of Maryland

*/s/ Julia Doyle Bernhardt*
JULIA DOYLE BERNHARDT, Admitted pro hac vice
Assistant Attorney General
JEFFREY PAUL DUNLAP, Admitted pro hac vice
Special Assistant to Attorney General
JBernhardt@oag.state.md.us
jdunlap@oag.state.md.us
*Attorneys for Plaintiff State of Maryland*

PLAINTIFF STATES' REPLY ISO MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

7

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

GURBIR GREWAL
Attorney General of New Jersey

*/s/ Jeremy M. Feigenbaum*
JEREMY M. FEIGENBAUM, Admitted pro hac vice
Assistant Attorney General
Jeremy.Feigenbaum@njoag.gov
*Attorneys for Plaintiff State of New Jersey*


BARBARA D. UNDERWOOD
Attorney General of New York

*/s/ Steven Wu*
STEVEN WU, Admitted pro hac vice
Deputy Solicitor General
Steven.Wu@ag.ny.gov
*Attorneys for Plaintiff State of New York*


MAURA HEALEY
Attorney General of Commonwealth of Massachusetts

*/s/ Jonathan B. Miller*
JONATHAN B. MILLER, Admitted pro hac vice
Assistant Attorney General
Jonathan.Miller@state.ma.us
*Attorneys for Plaintiff Commonwealth of Massachusetts*


JOSH SHAPIRO
Attorney General of Commonwealth of Pennsylvania

*/s/ Jonathan Scott Goldman*
JONATHAN SCOTT GOLDMAN, Admitted pro hac vice
Executive Deputy Attorney General
MICHAEL J. FISCHER, Admitted pro hac vice
Chief Deputy Attorney General
JGoldman@attorneygeneral.gov
MFischer@attorneygeneral.gov
*Attorneys for Plaintiff Commonwealth of Pennsylvania*

PLAINTIFF STATES' REPLY ISO MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

8

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

KARL A. RACINE
Attorney General for the District of Columbia

*/s/ Robyn Bender*
ROBYN BENDER, Admitted pro hac vice
Deputy Attorney General
JIMMY ROCK, Admitted pro hac vice
Assistant Deputy Attorney General
ANDREW J. SAINDON, Admitted pro hac vice
Senior Assistant Attorney General
Robyn.Bender@dc.gov
Jimmy.Rock@dc.gov
Andy.Saindon@dc.gov
*Attorneys for Plaintiff District of Columbia*


ELLEN F. ROSENBLUM
Attorney General of Oregon

*/s/ Scott J. Kaplan*
SCOTT J. KAPLAN, WSBA #49377
Scott.Kaplan@doj.state.or.us
*Attorneys for Plaintiff State of Oregon*


XAVIER BECERRA
Attorney General of California

*/s/ Nelson R. Richards*
NELSON R. RICHARDS, Admitted pro hac vice
Deputy Attorney General
Nelson.Richards@doj.ca.gov
*Attorneys for Plaintiff State of California*


CYNTHIA H. COFFMAN
Attorney General of Colorado

*/s/ Matthew D. Grove*
MATTHEW D. GROVE, Admitted pro hac vice
Assistant Solicitor General
Matt.Grove@coag.gov
*Attorneys for Plaintiff State of Colorado*

PLAINTIFF STATES' REPLY ISO
MOTION TO SUPPLEMENT THE
ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

9

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

| | |
|---|---|
| 1 | MATTHEW P. DENN |
| | Attorney General of Delaware |
| 2 | |
| | */s/ Ilona M. Kirshon* |
| 3 | ILONA M. KIRSHON, Admitted pro hac vice |
| | Deputy State Solicitor |
| 4 | PATRICIA A. DAVIS, Admitted pro hac vice |
| | Deputy Attorney General |
| 5 | Ilona.Kirshon@state.de.us |
| | PatriciaA.Davis@state.de.us |
| 6 | *Attorneys for Plaintiff State of Delaware* |
| 7 | |
| | RUSSELL A. SUZUKI |
| 8 | Attorney General of Hawaii |
| 9 | */s/ Robert T. Nakatsuji* |
| | ROBERT T. NAKATSUJI, Admitted pro hac vice |
| 10 | Deputy Attorney General |
| | Robert.T.Nakatsuji@hawaii.gov |
| 11 | *Attorneys for Plaintiff State of Hawaii* |
| 12 | |
| | LISA MADIGAN |
| 13 | Attorney General of Illinois |
| 14 | */s/ Brett E. Legner* |
| | BRETT E. LEGNER, Admitted pro hac vice |
| 15 | Deputy Solicitor General |
| | BLegner@atg.state.il.us |
| 16 | *Attorneys for Plaintiff State of Illinois* |
| 17 | |
| | THOMAS J. MILLER |
| 18 | Attorney General of Iowa |
| 19 | */s/ Nathanael Blake* |
| | NATHANAEL BLAKE, Admitted pro hac vice |
| 20 | Deputy Attorney General |
| | Nathan.Blake@ag.iowa.gov |
| 21 | *Attorneys for Plaintiff State of Iowa* |

PLAINTIFF STATES' REPLY ISO
MOTION TO SUPPLEMENT THE
ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

10

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

```
 1  LORI SWANSON
    Attorney General of Minnesota
 2
    /s/ Jacob Campion
 3  JACOB CAMPION, Admitted pro hac vice
    Jacob.Campion@ag.state.mn.us
 4  Attorneys for Plaintiff State of Minnesota

 5
    JOSHUA H. STEIN
 6  Attorney General of North Carolina

 7  /s/ Sripriya Narasimhan
    SRIPRIYA NARASIMHAN, Admitted pro hac vice
 8  Deputy General Counsel
    SNarasimhan@ncdoj.gov
 9  Attorneys for Plaintiff State of North Carolina

10
    PETER F. KILMARTIN
11  Attorney General of Rhode Island

12  /s/ Susan Urso
    SUSAN URSO, Admitted pro hac vice
13  Assistant Attorney General
    SUrso@riag.ri.gov
14  Attorneys for Plaintiff State of Rhode Island

15
    THOMAS J. DONOVAN, JR.
16  Attorney General of Vermont

17  /s/ Benjamin D. Battles
    BENJAMIN D. BATTLES, Admitted pro hac vice
18  Solicitor General
    Benjamin.Battles@vermont.gov
19  Attorneys for Plaintiff State of Vermont

20
    MARK R. HERRING
21  Attorney General of the Commonwealth of Virginia

22  /s/ Samuel T. Towell
    SAMUEL T. TOWELL, Admitted pro hac vice
23  Deputy Attorney General
    STowell@oag.state.va.us
24  Attorney for Plaintiff Commonwealth of Virginia
```

PLAINTIFF STATES' REPLY ISO MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD
2:18-cv-01115-RSL

11

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA 98104-3188
(206) 464-7744