1

The Honorable Robert S. Lasnik

2

3

4

5

6 **UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
7 **AT SEATTLE**

8 STATE OF WASHINGTON; STATE OF        NO. 2:18-cv-01115-RSL
CONNECTICUT; STATE OF MARYLAND;
9 STATE OF NEW JERSEY; STATE OF NEW
YORK; STATE OF OREGON;               PLAINTIFF STATES' REPLY IN
10 COMMONWEALTH OF                      SUPPORT OF THEIR MOTION TO
MASSACHUSETTS; COMMONWEALTH          COMPEL DISCOVERY RESPONSES
11 OF PENNSYLVANIA; DISTRICT OF
COLUMBIA; STATE OF CALIFORNIA;       NOTED FOR CONSIDERATION:
12 STATE OF COLORADO; STATE OF          DECEMBER 21, 2018
DELAWARE; STATE OF HAWAII; STATE
13 OF ILLINOIS; STATE OF IOWA; STATE
OF MINNESOTA; STATE OF NORTH
14 CAROLINA; STATE OF RHODE ISLAND;
STATE OF VERMONT and
15 COMMONWEALTH OF VIRGINIA,

16                    Plaintiffs,
          v.
17

18 UNITED STATES DEPARTMENT OF
STATE; MICHAEL R. POMPEO, in his
19 official capacity as Secretary of State;
DIRECTORATE OF DEFENSE TRADE
20 CONTROLS; MIKE MILLER, in his official
capacity as Acting Deputy Assistant Secretary
21 of Defense Trade Controls; SARAH
HEIDEMA, in her official capacity as Director
22 of Policy, Office of Defense Trade Controls
Policy; DEFENSE DISTRIBUTED; SECOND
23 AMENDMENT FOUNDATION, INC.; AND
CONN WILLIAMSON,

24                    Defendants.

# I.     INTRODUCTION

The Private Defendants do not deny that they have been involved in the post-injunction export of 3D-printable firearm files, including by "encourag[ing]" others to "host the files online" through the "Host or Pay" video. Dkt. # 155 ("Opp.") at 6. They do not deny that they have distributed the files without regard to whether the recipients are foreign persons, are located within the United States, and are legally ineligible to possess firearms. They refuse to provide any discovery as to these narrow, critical issues, and instead seek to evade all scrutiny as to their compliance by redefining the scope and effect of the Court's injunction, relitigating their unsuccessful Rule 12(c) motion, and resurrecting waived and meritless objections. All of these efforts fail. The States' Motion to Compel (Dkt. # 148) ("Mot.") should be granted in full.

# II.     ARGUMENT

## A.     The Requests Seek Limited Information about a Highly Relevant Issue

For the reasons discussed in the Motion, the Requests are narrowly tailored to seek highly relevant information about the Private Defendants' post-injunction involvement in exporting the files. Mot. at 1, 7–10. Even if the Private Defendants did not have the burden to justify their resistance to discovery (they do),[1] relevance is amply established.

The Private Defendants scoff at the notion that their conduct could have any "conceivable bearing on the case" (Mot. at 7; *see* Opp. at 7), but they fail to grapple with the fact that their plans to post the files on the internet gave rise to this litigation and is the primary source of the identified threat of irreparable harm. *See* Mot. at 7–8 (citing multiple filings extensively referencing Defense Distributed's plans to post the files online); *see also* Dkt. # 95, p. 7 (explaining that in moving for a TRO, "plaintiffs had shown a likelihood of irreparable injury if an injunction did not issue *because* Defense Distributed had announced its intent to make the CAD files downloadable from its website on August 1, 2018") (emphasis added).

As discussed in the Motion, discovery of information about the Private Defendants' post-

---

[1] *See* Mot. at 7; Opp. at 3. The Private Defendants' authority is distinguishable. In *Holmes v. Nova*, the burden shifted to the party seeking an additional inspection of a vessel when the responding party explained why an additional inspection was not relevant. In response, the requesting party only claimed, erroneously, that relevance was "not disputed." No. C16-1422RSL, 2018 WL 1911182 (W.D. Wash. Apr. 23, 2018).

PLAINTIFF STATES' REPLY ISO
MOTION TO COMPEL
2:18-cv-01115-RSL

1

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

injunction involvement in any export of the files is warranted because it may reveal an ongoing threat of harm that requires remediation. *See* Mot. at 8, 10. For example, it would enable the States to evaluate whether to seek contempt sanctions or additional preliminary relief (as the Private Defendants themselves suggest). *See* Opp. at 4; *see also Cal. Dep't of Soc. Servs. v. Leavitt*, 523 F.3d 1025, 1034 (9th Cir. 2008) ("appropriate discovery should be granted" where "significant questions regarding noncompliance have been raised"). Any harm resulting from a violation may also bear on the States' ultimate request for permanent injunctive relief. Mot. at 8; *see* Dkt. # 29 (Amended Complaint), p. 74 (requesting a permanent injunction "prohibiting Defendants and anyone acting in concert with them from taking any action inconsistent with the rescission" of the Temporary Modification and Letter); *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 817 (9th Cir. 2018) (permanent injunction requires showing of irreparable injury). The Requests are not an "open season" "fishing expedition" (Opp. at 1, 8–9); rather, they seek the limited information necessary to determine whether ongoing violations are causing the same type of harm to which the injunction is directed.

## B.   The Private Defendants' Misinterpretation of the Injunction and Controlling Law Underscores the Need for Discovery

As discussed in the Motion, the Private Defendants' responses reflect an overly narrow understanding of federal law in light of the injunction, including what constitutes an illegal "export" of the files. Mot. at 10–11. In their Opposition, the Private Defendants double down on their exceedingly narrow interpretation, which calls their compliance further into question.

The Private Defendants dispute that the injunction "preserve[s] the status quo in which it is a violation of federal law to post on the internet, or otherwise export" the files at issue (Opp. at 6)—though that is precisely what it does. *See generally* Dkt. # 95. They also claim it is "not necessarily illegal" to "host the files" post-injunction (Opp. at 6)—evidently not grasping the fact that posting the files on the internet is an unlawful "export" under AECA and ITAR. Dkt. # 95, pp. 3, 22. And for the first time in these proceedings, the Private Defendants make the remarkable, unsupported claim that State Department "preclearance" to export Munitions List items is somehow "not necessary" (Opp. at 5)—which flies in the face of the entire AECA and

PLAINTIFF STATES' REPLY ISO
MOTION TO COMPEL
2:18-cv-01115-RSL

2

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

ITAR regulatory regime.[2] *See* Dkt. # 95, pp. 3–4 (reviewing regulatory regime's application to files at issue). Each of these assertions reveals the Private Defendants' fundamental misunderstanding of federal export control law as applied to the files following the injunction. Indeed, these new assertions contradict the Private Defendants' own previous acknowledgement that the injunction *did* affect the status of federal law, and that Defense Distributed "complied" by removing the files from its website. Mot. at 2.

The Private Defendants also have an unduly narrow understanding of their own obligations in light of the injunction. They disagree that they have any duty to refrain from encouraging, inciting, causing, or failing to take reasonable steps to prevent the files from being exported. *See* Opp. at 4–5. But they fail to address the controlling authority establishing such duties, which the Ninth Circuit has recently cited and applied. Mot. at 9; *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 948, 949 (9th Cir. 2014), *cert. denied*, 132 S. Ct. 2816 (2015). Importantly, the Private Defendants do not deny that they supported efforts to export the files post-injunction, through the "Host or Pay" video or otherwise. Opp. at 6. Instead, they disclaim any duty to refrain from such conduct. *See id.*

To be clear, there is no dispute that federal law does not prohibit the Private Defendants from distributing the files domestically to U.S. persons, including through the mail. *See* Opp. at 6–7; Dkt. # 95, p. 25. But as discussed in the Motion (and as reinforced by the Opposition's erroneous description of the injunction and controlling federal law), discovery is needed to determine whether the Private Defendants participated in any *unlawful* post-injunction distribution. *See* Mot. at 10–11. The "Host or Pay" video—which belies the Private Defendants' assertion in their responses that they "did not assist or facilitate any other person in posting any Subject Files online"—already provides one concrete reason for further inquiry through discovery. Mot. at 8, 11. Their misinterpretation of the injunction and controlling federal law provides further reason to believe the Private Defendants may indeed have encouraged, incited,

---

[2] The Private Defendants resurrect their argument that regulating the files' export violates the First Amendment, but the Court has already ruled that their asserted First Amendment rights do not outweigh the public interest in "maintaining the status quo through the pendency of this litigation." Dkt. # 95, p. 25.

3

caused, or participated in exporting the files. The States are entitled to discover this information.

## C.     The Court Need Not Consider the "First Amendment Privilege" and Other Waived Objections

The Private Defendants devote much of their Opposition to a waived objection based on the "First Amendment privilege," which they asserted for the first time in their supplemental responses—six weeks after the initial response deadline and the night before the motion deadline. Mot. at 6; *compare* Ex. 2 (original responses: no First Amendment-based objection) *with* Ex. 3 (supplemental responses: asserting First Amendment-based objections). They fail to rebut the "well established" rule that untimely objections are waived. Mot. at 6 (quoting *RichmarkCorp v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)); *see also, e.g.*, *LifeGoals Corp. v. Advanced Hair Restoration LLC*, No. C16-1733JLR, 2017 WL 6516042, at *2 (W.D. Wash. Dec. 19, 2017) (the "general rule of waiver extends to new objections raised for the first time in an untimely supplemental response"); *Medina v. County of San Diego*, No. 08cv1252 BAS (RBB), 2014 WL 4793026, at *14 (S.D. Cal. Sept. 25, 2014) ("The reason for requiring timely objections to discovery requests is to give the propounding party an opportunity to file a motion to compel to address inadequate objections."). The Court need not consider the "First Amendment privilege" or any other untimely objections—including objections not discussed in the Opposition. *See Medina*, 2014 WL 4793026, at *16 ("If a party fails to continue to assert an objection in opposition to a motion to compel, courts deem the objection waived.").[3]

The Private Defendants only address waiver in a single footnote, citing no authority. Opp. at 12 n.5. Their assertion that the States have "acquiesced" to the untimely First Amendment objection is flatly contradicted by the States' Motion, which in fact points out that this and other untimely objections are waived. Mot. at 6 & n.4. Their claim that there is "good cause" to "set aside" the "timeliness technicalities" also falls flat, because they have repeatedly invoked the First Amendment throughout the course of this litigation. *See* Dkt. ## 8, 11, 48, 63. It strains

---

[3] *See* Mot. at 6 & n. 4. To the extent the Declaration of Paloma Heindorff (Dkt. # 155-5) also asserts new objections, the waiver rule applies with equal force. *See, e.g.*, *Simpson v. City of Upland*, No. ED CV 08-1117 SGL (FMOx), 2009 WL 10687226, at *2 (C.D. Cal. Aug. 24, 2009) (declining to consider untimely objections raised for the first time in opposing motions to compel); *Medina*, 2014 WL 4793026, at *14 (an objection raised for the first time in opposition to a motion to compel "comes too late").

4

1  credulity to suggest that a First Amendment-based objection could not have occurred to them
2  until after the Court ruled that they are necessary parties to this case.

3      Even if the Court were to consider the merits of the untimely "First Amendment
4  privilege" objection, the Private Defendants fail to support their contention that it "undoubtedly"
5  applies. Opp. at 11. Far from intruding into "associational activities and expressions" or broadly
6  asking "who the Private Defendants have been talking to" or "how they carry out their
7  constitutionally protected advocacy," the targeted Requests merely seek information about post-
8  injunction distribution of the files—including the "manner," "steps," and "information . . .
   collected" in doing so. Opp. at 2, 10–11. This will reveal whether the Private Defendants
9  (directly or in concert with a "non-party," *id.* at 10) participated in any illegal export or
10  distribution to ineligible persons. *See* Mot. at 3, 8. Rights to "associate" and "speak
11  anonymously" that may be protected by a First Amendment privilege (*see In re Grand Jury
12  Subpoena, No. 16-03-217*, 875 F.3d 1179, 1184–85 (9th Cir. 2017)) are not implicated here,
   since the Requests do not seek "members' identities" (*id.* at 1184), and the Private Defendants
13  are not speaking anonymously, but rather advertising their distribution. Mot. at 3. The Private
14  Defendants read far too much into Rog 1, which merely seeks information about individuals with
15  authority to act on Defense Distributed's behalf—a common request in litigation involving
16  corporate entities, which can only act through their agents. *See, e.g., Jones v. Wells Fargo Bank,
17  N.A.*, 666 F.3d 955, 965–66 (5th Cir. 2012); *see* Opp. at 9, 10.

18      Furthermore, to the extent the Private Defendants claim a "First Amendment privilege"
19  protects their *distribution* of the files, this is incorrect. Even in theory, the privilege does not
   extend beyond associational and anonymity rights. *See* Opp. at 9–10; *In re Grand Jury
20  Subpoena*, 875 F.3d at 1184–85. Plus, no court has ever found that the click-and-print firearm
21  files at issue are protectable "speech" at all—much less that efforts to obtain information about
22  potentially unlawful distribution of the files is subject to "strict scrutiny," as the Private
23  Defendants claim. Opp. at 11; *see* Dkt. # 43 (States' Mot. for PI), pp. 17–19; Dkt. # 68 (States'
24  Reply re Mot. for PI), pp. 8–9. In issuing the Preliminary Injunction, the Court "presume[d],"

PLAINTIFF STATES' REPLY ISO
MOTION TO COMPEL
2:18-cv-01115-RSL

5

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

but did not decide, that the Private Defendants' First Amendment rights were implicated, and found that any burden on these presumed rights is "dwarfed by the irreparable harms the States are likely to suffer" absent injunctive relief. Dkt. # 95, p. 25. Even if the same presumption is made here, and the "First Amendment privilege" were extended so far as to apply to distribution of export-controlled items, the equities similarly weigh in favor of permitting targeted discovery to assess the ongoing threat of irreparable harm caused by any unlawful export of the files.[4]

## D.      The Private Defendants' Remaining Arguments Lack Merit

The Private Defendants offer no substantive justification for their cursory objections based on "[o]verbreadth, undue burden, and proportionality," which lack merit for the reasons discussed in the Motion. Opp. at 9; Mot. at 10–11. The only Request they address with particularity is Rog 1, which is simply intended to enable the States to determine whether anyone acting on Defense Distributed's behalf has unlawfully exported the files post-injunction. Opp. at 9; Mot. at 4. Further, there is no reason to entirely exempt SAF or Conn Williamson from responding to the Requests. *See* Opp. at 3. If these parties have no responsive information or documents—which is questionable in light of the "Host or Pay" video identifying SAF as a "partner" (Mot. at 1, 3)—they should respond accordingly rather than seeking a blanket exemption. Finally, the Private Defendants' effort to evade discovery by relitigating their Rule 12(c) motion is unavailing. *See* Opp. at 1–2. They have not timely sought reconsideration of the denial of their motion (*see* LCR 7(h)(2)), and they "do[] not have an immediate right to appeal" this interlocutory decision. Wright & Miller, 5C Fed. Prac. & Proc. § 1372. Nor are the Private Defendants exempt from discovery because they "lack" certain "'party' properties." Opp. at 1. They cite no authority for the proposition that necessary parties like themselves are broadly exempt from discovery, and the States are aware of none. *See* Opp. at 1–2, 7.

## III.      CONCLUSION

For the reasons above and in the Motion, the Court should grant all the requested relief.

---

[4] For similar reasons, to the extent a "stay pending appeal entails the same governing factors as an injunction" (Opp. at 12), those factors have already been addressed and weigh in the States' favor. *See generally* Dkt. # 95. The request for a stay is unripe in any event, since there is no pending appeal.

PLAINTIFF STATES' REPLY ISO
MOTION TO COMPEL
2:18-cv-01115-RSL

6

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1     DATED this 21st day of December, 2018.

2

3                                ROBERT W. FERGUSON
                                 Attorney General of Washington

4                                */s/ Jeffrey Rupert*
                                 JEFFREY RUPERT, WSBA #45037
5                                Division Chief
                                 TODD BOWERS, WSBA #25274
6                                Deputy Attorney General
                                 JEFFREY T. SPRUNG, WSBA #23607
7                                KRISTIN BENESKI, WSBA #45478
                                 ZACHARY P. JONES, WSBA #44557
8                                Assistant Attorneys General
                                 JeffreyR2@atg.wa.gov
9                                ToddB@atg.wa.gov
                                 JeffS2@atg.wa.gov
10                               KristinB1@atg.wa.gov
                                 ZachJ@atg.wa.gov
11                               *Attorneys for Plaintiff State of Washington*

12                               GEORGE JEPSEN
                                 Attorney General of Connecticut
13
                                 */s/ Maura Murphy Osborne*
14                               MAURA MURPHY OSBORNE, Admitted pro hac vice
                                 Assistant Attorney General
15                               Maura.MurphyOsborne@ct.gov
                                 *Attorneys for Plaintiff State of Connecticut*
16
                                 BRIAN E. FROSH
17                               Attorney General of Maryland

18                               */s/ Julia Doyle Bernhardt*
                                 JULIA DOYLE BERNHARDT, Admitted pro hac vice
19                               Assistant Attorney General
                                 JEFFREY PAUL DUNLAP, Admitted pro hac vice
20                               Special Assistant to Attorney General
                                 JBernhardt@oag.state.md.us
21                               jdunlap@oag.state.md.us
                                 *Attorneys for Plaintiff State of Maryland*

22

23

24

GURBIR GREWAL
Attorney General of New Jersey

/s/ Jeremy M. Feigenbaum
JEREMY M. FEIGENBAUM, Admitted pro hac vice
Assistant Attorney General
Jeremy.Feigenbaum@njoag.gov
*Attorneys for Plaintiff State of New Jersey*

BARBARA D. UNDERWOOD
Attorney General of New York

/s/ Steven Wu
STEVEN WU, Admitted pro hac vice
Deputy Solicitor General
Steven.Wu@ag.ny.gov
*Attorneys for Plaintiff State of New York*

MAURA HEALEY
Attorney General of Commonwealth of Massachusetts

/s/ Jonathan B. Miller
JONATHAN B. MILLER, Admitted pro hac vice
Assistant Attorney General
Jonathan.Miller@state.ma.us
*Attorneys for Plaintiff Commonwealth of Massachusetts*

JOSH SHAPIRO
Attorney General of Commonwealth of Pennsylvania

/s/ Jonathan Scott Goldman
JONATHAN SCOTT GOLDMAN, Admitted pro hac vice
Executive Deputy Attorney General
MICHAEL J. FISCHER, Admitted pro hac vice
Chief Deputy Attorney General
JGoldman@attorneygeneral.gov
MFischer@attorneygeneral.gov
*Attorneys for Plaintiff Commonwealth of Pennsylvania*

PLAINTIFF STATES' REPLY ISO
MOTION TO COMPEL
2:18-cv-01115-RSL

8

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

KARL A. RACINE
Attorney General for the District of Columbia

*/s/ Robyn Bender*
ROBYN BENDER, Admitted pro hac vice
Deputy Attorney General
JIMMY ROCK, Admitted pro hac vice
Assistant Deputy Attorney General
ANDREW J. SAINDON, Admitted pro hac vice
Senior Assistant Attorney General
Robyn.Bender@dc.gov
Jimmy.Rock@dc.gov
Andy.Saindon@dc.gov
*Attorneys for Plaintiff District of Columbia*

ELLEN F. ROSENBLUM
Attorney General of Oregon

*/s/ Scott J. Kaplan*
SCOTT J. KAPLAN, WSBA #49377
Scott.Kaplan@doj.state.or.us
*Attorneys for Plaintiff State of Oregon*

XAVIER BECERRA
Attorney General of California

*/s/ Nelson R. Richards*
NELSON R. RICHARDS, Admitted pro hac vice
Deputy Attorney General
Nelson.Richards@doj.ca.gov
*Attorneys for Plaintiff State of California*

CYNTHIA H. COFFMAN
Attorney General of Colorado

*/s/ Matthew D. Grove*
MATTHEW D. GROVE, Admitted pro hac vice
Assistant Solicitor General
Matt.Grove@coag.gov
*Attorneys for Plaintiff State of Colorado*

PLAINTIFF STATES' REPLY ISO
MOTION TO COMPEL
2:18-cv-01115-RSL

9

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

MATTHEW P. DENN
Attorney General of Delaware

*/s/ Ilona M. Kirshon*
ILONA M. KIRSHON, Admitted pro hac vice
Deputy State Solicitor
PATRICIA A. DAVIS, Admitted pro hac vice
Deputy Attorney General
Ilona.Kirshon@state.de.us
PatriciaA.Davis@state.de.us
*Attorneys for Plaintiff State of Delaware*

RUSSELL A. SUZUKI
Attorney General of Hawaii

*/s/ Robert T. Nakatsuji*
ROBERT T. NAKATSUJI, Admitted pro hac vice
Deputy Attorney General
Robert.T.Nakatsuji@hawaii.gov
*Attorneys for Plaintiff State of Hawaii*

LISA MADIGAN
Attorney General of Illinois

*/s/ Brett E. Legner*
BRETT E. LEGNER, Admitted pro hac vice
Deputy Solicitor General
BLegner@atg.state.il.us
*Attorneys for Plaintiff State of Illinois*

THOMAS J. MILLER
Attorney General of Iowa

*/s/ Nathanael Blake*
NATHANAEL BLAKE, Admitted pro hac vice
Deputy Attorney General
Nathan.Blake@ag.iowa.gov
*Attorneys for Plaintiff State of Iowa*

PLAINTIFF STATES' REPLY ISO
MOTION TO COMPEL
2:18-cv-01115-RSL

10

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

LORI SWANSON
Attorney General of Minnesota

*/s/ Jacob Campion*
JACOB CAMPION, Admitted pro hac vice
Jacob.Campion@ag.state.mn.us
*Attorneys for Plaintiff State of Minnesota*

JOSHUA H. STEIN
Attorney General of North Carolina

*/s/ Sripriya Narasimhan*
SRIPRIYA NARASIMHAN, Admitted pro hac vice
Deputy General Counsel
SNarasimhan@ncdoj.gov
*Attorneys for Plaintiff State of North Carolina*

PETER F. KILMARTIN
Attorney General of Rhode Island

*/s/ Susan Urso*
SUSAN URSO, Admitted pro hac vice
Assistant Attorney General
SUrso@riag.ri.gov
*Attorneys for Plaintiff State of Rhode Island*

THOMAS J. DONOVAN, JR.
Attorney General of Vermont

*/s/ Benjamin D. Battles*
BENJAMIN D. BATTLES, Admitted pro hac vice
Solicitor General
Benjamin.Battles@vermont.gov
*Attorneys for Plaintiff State of Vermont*

MARK R. HERRING
Attorney General of the Commonwealth of Virginia

*/s/ Samuel T. Towell*
SAMUEL T. TOWELL, Admitted pro hac vice
Deputy Attorney General
STowell@oag.state.va.us
*Attorney for Plaintiff Commonwealth of Virginia*

PLAINTIFF STATES' REPLY ISO
MOTION TO COMPEL
2:18-cv-01115-RSL

11

ATTORNEY GENERAL OF WASHINGTON
800 Fifth Avenue. Suite 2000
Seattle, WA  98104-3188
(206) 464-7744