UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF STATE, *et al.*,<br><br>　　　　　Defendants. | NO. C18-1115RSL<br><br>ORDER DENYING MOTION TO STAY PROCEEDINGS |

　　This matter comes before the Court on the "Federal Defendants' Motion to Stay Proceedings Pending Publication of Final Agency Rulemaking." Dkt. # 131. Plaintiffs filed this action in order to challenge the federal defendants' temporary modification of the United States Munitions List and a related letter purporting to authorize the private defendants to publish on the internet computer files for the automatic production of 3D-printed firearms. Plaintiffs maintain that the temporary modification and letter are invalid under the Administrative Procedures Act and seek the complete administrative record regarding the 2018 decision to deregulate the 3D-printed gun files. The federal defendants request a four-month stay of all proceedings while they finalize a rulemaking process that will presumably remove certain items from the Munitions List. Defendants assert that the final rule "pertains to" the authorizations granted the private defendants in 2018 and "is likely to affect the relief requested here by Plaintiffs." Dkt. # 131 at 6.

ORDER DENYING MOTION
TO STAY PROCEEDINGS - 1

As part of its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," this Court has the power to stay litigation pending resolution of a related proceeding. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." Leyva v. Certified Grocers of Calif., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979). A stay will not be ordered, however, unless the moving party shows that it will provide some advantage in terms of efficiency or fairness. See Clinton v. Jones, 520 U.S. 681, 708 (1997) ("The proponent of a stay bears the burden of establishing its need."). In determining whether a stay is appropriate, courts consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005).

The federal defendants have not made the necessary showing in terms of efficiency or fairness. Plaintiffs filed this action in July 2018 to prevent the federal defendants from acting on informal agency determinations that were not made in accordance with the Administrative Procedures Act and may violate the Eleventh Amendment. The federal defendants imply that the temporary modification and letter were part of a longer process which will ultimately justify the authorizations granted in 2018, but no details regarding the substance of the proposed final rule are provided and no attempt is made to show that the recent administrative processes remedy or otherwise make moot the prior administrative failures of which plaintiffs complain. The federal defendants have failed to do anything more than baldly assert that the final rules will impact the

ORDER DENYING MOTION
TO STAY PROCEEDINGS - 2

outcome of this case. With regards to the balance of hardships, defendants have not shown that they will suffer a clear harm or inequity if they are required to defend this case on the schedule to which they previously stipulated.

For all of the foregoing reasons, the federal defendants' motion for a stay of these proceedings is DENIED.

Dated this 7th day of February, 2019.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
TO STAY PROCEEDINGS - 3