1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8
9
10
11
12

STATE OF WASHINGTON, *et al.*,

        Plaintiffs,

    v.

UNITED STATES DEPARTMENT OF
STATE, *et al.*,

        Defendants.

NO. C18-1115RSL

ORDER GRANTING MOTION TO
SUPPLEMENT THE
ADMINISTRATIVE RECORD

13
14
15
16
17
18
19
20
21
22
23

     This matter comes before the Court on the "Plaintiff States' Motion to Supplement the Administrative Record." Dkt. # 132. Plaintiffs filed this action in order to challenge the validity and enjoin implementation of a temporary modification of the United States Munitions List and related letter issued by the United States Department of State on July 27, 2018. The temporary modification and letter authorized the internet publication of computer files capable of automatically producing 3D-printed firearms. Plaintiffs maintain that the temporary modification and letter are procedurally and substantively invalid under the Administrative Procedures Act. On August 27, 2018, the Court preliminarily enjoined the federal defendants from implementing or enforcing the temporary modification and/or the letter. Dkt. # 23 and # 95.

24
25
26
27

     In October 2018, the federal defendants filed an administrative record of 6,685 pages, along with the declaration of the Director of the Office of Defense Trade Control Policy within the Department of State, Sarah J. Heidema. Dkt. # 116. Director Heidema certified that the

28

ORDER GRANTING MOTION TO
SUPPLEMENT ADMINISTRATIVE RECORD - 1

production included "all non-privileged documents and materials directly or indirectly

considered by Department decision makers in support of the decision to announce the

Temporary Modification and issue the Letter." Dkt. # 116 at 3. Plaintiffs filed this motion to

compel supplementation of the record, pointing out that the documents and materials identified

by the federal defendants contained very little information regarding the decision to immediately

deregulate 3D-printed gun files as part of a settlement agreement and that certain categories of

documents that one would expect to exist and to have informed the agency's decision had not

been produced. In response, the federal defendants submitted another 4,933 pages of documents

and materials, but refused to concede that they form part of the administrative record. "Rather,

the Department is filing these documents to make them available for the convenience of the

parties and the court." Dkt. # 158-1 at 2. See also Dkt. # 152 at 2 n.2 (noting that documents

would be made available "for the Court's convenience in determining whether to rely on the

materials as extra-record evidence . . . .").[1]

Pursuant to 5 U.S.C. § 706, in reviewing the procedural and substantive lawfulness of

agency action, "the court shall review the whole record or those parts of it cited by a party . . . ."

"Generally, judicial review of an agency decision is limited to the administrative record on

which the agency based the challenged decision." Fence Creek Cattle Co. v. U.S. Forest Serv.,

602 F.3d 1125, 1131 (9th Cir. 2010). The "whole record" is not, however, simply the package of

materials identified as "the administrative record" by the agency. Rather, it includes whatever

documents and materials the agency in fact considered, directly or indirectly, when making its

---

[1] The extra-record evidence submitted by defendants includes the settlement agreement between the federal and private defendants in Defense Distributed v. U.S. Dep't of State, C15-0372RP (W.D. Tex.), filings in that litigation, the underlying commodity jurisdiction determinations, the final versions of the temporary modification and letter authorizing the internet publication of the 3D-printed gun files, the notices of public rule making ("NPRM") published on May 24, 2018, and comments thereto.

ORDER GRANTING MOTION TO
SUPPLEMENT ADMINISTRATIVE RECORD - 2

1   decision. <u>Thompson v. U.S. Dep't of Labor</u>, 885 F.2d 551, 555 (9th Cir. 1989). The Ninth

2   Circuit has crafted a handful of narrow exceptions to the general rule to allow district courts to

3   "identify and plug holes in the administrative record." <u>Lands Council v. Powell</u>, 395 F.3d 1019,

4   1030 (9th Cir. 2005). Plaintiffs argue that supplementation is appropriate here because the

5   agency relied on documents that it did not produce as part of the "record."

6

7           The Court assumes, for purposes of this motion, that the agency's designation and

8   certification of the administrative record is entitled to a presumption of regularity, which is in

9   turn based on the presumption that public officers will properly discharge their official duties.

10  <u>Cook Inletkeeper v. U.S. Envtl. Prot. Agency</u>, 400 Fed. App'x. 239, 240 (9th Cir. 2010) (quoting

11  <u>Bar MK Ranches v. Yuetter</u>, 994 F.2d 735, 740 (10th Cir. 1993)); <u>Citizens to Preserve Overton</u>

12  <u>Park v. Volpe</u>, 401 U.S. 402, 415 (1971). Plaintiffs, as the parties seeking to expand the record,

13  have the burden of rebutting the presumption that the government has properly discharged its

14  obligations with "clear evidence to the contrary." <u>Cook Inletkeeper</u>, 400 Fed. App'x. at 240

15  (quoting <u>Bar MK Ranches</u>, 994 F.2d at 740). The Court finds that the presumption of

16  completeness has been rebutted for a number of reasons.

17

18          First, Director Heidema's certification of the administrative record as "complete" is

19  worded in such a way that it does not support an inference that the agency has produced all

20  materials it considered, directly or indirectly, when making its decision to issue the temporary

21  modification and letter. Director Heidema states that the administrative record, as produced,

22  contains "all non-privileged documents and materials" . . . "in support of the decision to

23  announce the Temporary Modification and issue the Letter." Dkt. # 116 at 3. The "whole record"

24  includes all materials that were before the agency at the time the decision was made, including

25  "evidence contrary to the agency's position." <u>Thompson</u>, 855 F.2d at 555. To the extent the

26

27

28

ORDER GRANTING MOTION TO
SUPPLEMENT ADMINISTRATIVE RECORD - 3

record produced contains only those materials "in support of" the agency's decision, it is incomplete and must be supplemented.

Likewise, Director Heidema acknowledges that the Department has withheld undisclosed and undefined privileged materials from the administrative record. Dkt. # 116 at 3. The Court recognizes that there is a split of authority regarding whether internal communications, drafts, and other reflections of the agency's deliberations are part of the administrative record in the first instance. The D.C. Circuit Court has denied requests to supplement the record with materials that would reveal the mental processes of the administrative decisionmaker absent a strong showing of bad faith or improper behavior. San Luis Obispo Mothers for Peace v. U.S. Nuclear Regulatory Comm'n, 789 F.2d 26, 44-45 (D.C. Cir. 1986). The Ninth Circuit has not addressed whether an agency may outright exclude from the administrative record documents claimed to be protected by the deliberative process privilege or whether such documents must be disclosed and included in a privilege log. The Ninth Circuit has noted, however, that "many district courts within this circuit have required a privilege log and *in camera* analysis of assertedly deliberative materials in APA cases." In re United States, 875 F.3d 1200, 1210 (9th Cir.), rev'd on other grounds, 138 S. Ct. 443 (2017). That is the practice in this district. See Karnoski v. Trump, 328 F. Supp.3d 1156, 1161 (W.D. Wash. 2018) (noting that deliberative process privilege is not absolute and that agency has burden of showing that privilege applies and following the procedures necessary to invoke the privilege); Trout Unlimited v. Lohn, C05-1128C, 2006 WL 1207901, at *5 (W.D. Wash. May 4, 2006) (finding that "the analysis necessary to determine whether Defendants properly asserted the deliberative process privilege requires that the Court conduct an *in camera* review of the twenty-one documents withheld from the administrative record."); Greenpeace v. Nat'l Marine Fisheries Serv., 198 F.R.D. 540, 543

ORDER GRANTING MOTION TO
SUPPLEMENT ADMINISTRATIVE RECORD - 4

1    (W.D. Wash. 2000) (finding that the agency has the burden of showing that withheld documents

2    fall within the claimed privilege and must comply with the formal procedures necessary to

3    invoke the privilege). The Court agrees with the other judges of this district. The deliberative

4    process privilege protects only certain types of documents and, as with all privileges, the burden

5    of proving its applicability lies with the party seeking to avoid production. An agency may not

6    simply declare that it has withheld privileged documents without disclosing their existence,

7    identifying the privilege asserted, or providing plaintiffs and the Court with enough information

8    to test the assertion. To the extent the record produced excludes on the ground of privilege

9    documents the agency in fact considered, directly or indirectly, when making its decision to

10   issue the temporary modification and letter, it is incomplete and must be supplemented by

11   production of a privilege log.

12

13           Plaintiffs also assert that supplementation is necessary because the State Department

14   decisionmakers had before them documents that were not included in the administrative record.

15   Plaintiffs have met the clear evidence standard set forth in Cook Inletkeeper and Bar MK

16   Ranches. They have identified with specificity the materials allegedly omitted from the record,

17   including the settlement-related communications and the settlement agreement between the

18   federal and private defendants in Defense Distributed v. U.S. Dep't of State, C15-0372RP (W.D.

19   Tex.), filings in that litigation, the underlying commodity jurisdiction determinations, the final

20   versions of the temporary modification and letter authorizing the internet publication of the 3D-

21   printed gun files, the notices of public rule making ("NPRM") published on May 24, 2018, and

22   any public comments received before the temporary modification and letter were issued. In

23   addition, plaintiffs point out the glaring absence of documents regarding topics discussed and

24   assertions made by Director Heidema in opposing the motion for preliminary injunction, such as

25

26

27

28
ORDER GRANTING MOTION TO
SUPPLEMENT ADMINISTRATIVE RECORD - 5

the assertions that the Department of State, in coordination with the Departments of Defense and

Commerce, determined that the items proposed for removal from the Munitions List "pose little

national security concern" and that the decision to modify the Munitions List "was informed by

DoD's assessment that the items proposed for transfer are already commonly available and not

inherently for military end-use." Plaintiffs have also identified reasonable, non-speculative

grounds for believing that most of the documents they have identified were not only available to

the agency, but were directly or indirectly considered by the decisionmaker when determining

whether to issue the temporary modification and letter. It is beyond any reasonable dispute that

in negotiating the terms of a settlement of the Texas litigation, the federal defendants would have

taken into consideration the strengths and weaknesses of their litigation positions, the merits of

the underlying commodity jurisdiction determinations that gave rise to the case, the course of the

settlement negotiations,[2] advice of counsel,[3] and the related NPRMs. In fact, in making their

"Supplemental Filing," the federal defendants do not contend that the materials were not directly

or indirectly considered, they simply refuse to concede that they are part of the administrative

record. Dkt. # 158-1 at 2.

The only documents identified by plaintiffs which may not properly be part of the

administrative record are the final versions of the temporary modification and letter issued on

July 27, 2018, and the pre-decisional comments to the 2018 NPRM. Because the temporary

---

[2] Communications between the parties in the Texas litigation as they negotiated a settlement that
would ultimately include a temporary modification of the Munitions List were clearly and obviously
"considered" when determining whether to enter into the settlement and issue the temporary
modification and letter, regardless of whether those communications are currently found in the files of
the lawyer or the client.

[3] As discussed above, assertedly privileged documents are part of the administrative record but
need not be produced if the privilege is properly claimed in a privilege log.

ORDER GRANTING MOTION TO
SUPPLEMENT ADMINISTRATIVE RECORD - 6

modification and letter are the agency decisions at issue in this litigation and form the basis of plaintiffs' APA claims, they will be considered even if they may have been signed after the Department had made the decision to issue them. Plaintiffs have not, however, provided sufficient evidence for the Court to conclude that the federal defendants obtained or considered public comments submitted prior to July 27, 2018, in response to the 2018 NPRMs. While it seems likely that a reasonable decisionmaker would be interested in reviewing comments regarding a related rule change proposal before announcing a temporary modification of the same rule, it is unclear when the documents were downloaded by the Department and for what purpose. This information is wholly in the keeping of the agency, but is necessary for the Court to determine whether those comments can be considered on review of the agency's decision. Plaintiffs may, therefore, take discovery aimed at establishing whether the pre-decisional comments to the 2018 NPRMs were directly or indirectly considered when issuing the temporary modification and letter.[4]

        For all of the foregoing reasons, plaintiffs' motion to supplement the administrative record (Dkt. # 132) is GRANTED. The documents submitted by defendants in their Supplemental Filing (Dkt. # 158), with the exception of the public comments to the 2018 NPRMs, are hereby incorporated into the administrative record. Plaintiffs are hereby granted leave to take discovery aimed at establishing whether the pre-July 27, 2018, comments to the NPRMs were directly or indirectly considered when issuing the temporary modification and letter. In addition, the federal defendants shall, within twenty-eight days of the date of this

---

        [4] Plaintiffs have also reserved their right to seek discovery if the record, as supplemented by defendants after this motion was fully briefed, remains incomplete.

ORDER GRANTING MOTION TO
SUPPLEMENT ADMINISTRATIVE RECORD - 7

Order:

● certify that the administrative record has been reviewed and that all materials

    considered, directly or indirectly, in making the decision to issue the July 27, 2018,

    temporary modification and letter have been produced, regardless of whether the

    materials support or are contrary to the decision; and

● produce settlement-related communications and materials generated in Defense

    Distributed v. U.S. Dep't of State, C15-0372RP (W.D. Tex.), and a privilege log

    for all assertedly privileged documents and materials that were considered, directly

    or indirectly, in making the decision to issue the July 27, 2018, temporary

    modification and letter.


Dated this 19th day of March, 2019.

                              _MM S Lasnik_____
                              Robert S. Lasnik
                              United States District Judge

ORDER GRANTING MOTION TO
SUPPLEMENT ADMINISTRATIVE RECORD - 8