UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON, *et al.*,

    Plaintiffs,

v.

UNITED STATES DEPARTMENT OF STATE, *et al.*,

    Defendants.

NO. C18-1115RSL

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL

    This matter comes before the Court on the "Plaintiff States' Motion to Compel Discovery Responses." Dkt. # 148. On July 31, 2018, the Court enjoined "the federal government defendants and all of their respective officers, agents, and employees . . . from implementing or enforcing the 'Temporary Modification of Category I of the United States Munitions List' and the letter to Cody R. Wilson, Defense Distributed, and Second Amendment Foundation issued by the U.S. Department of State on July 27, 2018," and instructed the federal defendants to "preserve the status quo *ex ante* as if the modification had not occurred and the letter had not been issued." Dkt. # 23 at 7.[1] The injunction was not substantively altered when the temporary restraining order was converted to a preliminary injunction on August 27, 2018. Plaintiffs

---

[1] The federal defendants are the United States Department of State, Michael R. Pompeo, the Directorate of Defense Trade Controls, Mike Miller, and Sarah Heidema.

ORDER DENYING PLAINTIFFS'
MOTION TO COMPEL - 1

suspect that the private defendants are distributing computer aided design ("CAD") data files that would allow the creation of guns and their components with a 3D printer without confirming that the recipients are U.S. citizens and/or are encouraging others to post the data files on the internet. Plaintiffs seek to compel the production of information regarding the private defendants' involvement "in any potentially unlawful post-injunction export of 3-D printable firearm files." Dkt. # 148 at 5.

By its terms, the injunction issued in this case regulates the acts or omissions of the federal defendants: it imposes no duties or restrictions on the private defendants, but rather reinstates the pre-July 27, 2018, regulatory scheme related to access, discussion, use, and reproduction of the CAD files. Plaintiffs did not request relief from or against the private defendants, and the Court made clear at oral argument that the injunction itself did not require the private defendants to take or refrain from any activities:

> Mr. Blackman:[2] Your Honor – Your Honor, may I be heard? . . . I just want to make sure I have the correct remedy. Are you issuing an order for my client to take down his website immediately?
>
> The Court: Not to take down the website immediately because that's not the relief that the plaintiffs requested; isn't that right, Mr. Rupert?[3]
>
> Mr. Rupert: That's correct, Your Honor. Our request is for the federal defendant.
>
> The Court: Your client is not ordered to take down his website immediately, no.
>
> Mr. Blackman: But the effect of your order is to render my client's actions now

---

[2] Mr. Blackman was counsel for the three private defendants at the time of oral argument.

[3] Mr. Rupert represents the plaintiff States.

ORDER DENYING PLAINTIFFS'
MOTION TO COMPEL - 2

>       illegal under federal law, just to be clear?
>
> The Court: That's right, which anarchists do all the time. So if that's the path he wants to take, knowing the consequences, that's fair. But I'm not being asked to enjoin your client directly. I'm being asked to enjoin the federal defendants from putting on the OK list the production of these weapons.

Dkt. # 25 at 44. If the private defendants have, following the issuance of the injunction, distributed computer files capable of automatically producing 3D-printed firearms to non-U.S. citizens and/or encouraged others to publish the files on the internet, they may be in violation of federal law, but they have not violated any term or condition of the Court's orders. Other entities in our federal system have the responsibility and power to investigate and prosecute federal crimes. This Administrative Procedures Act ("APA") case is not the proper venue in which to pursue potentially unlawful conduct that does not constitute a violation of a court order.

      Plaintiffs nevertheless assert that production should be compelled because the private defendants' conduct may bring about the irreparable harm the injunction was meant to avoid. Plaintiffs ignore the facts that (a) the private defendants are no more subject to the preliminary injunction than is any other person contemplating the export of computer data files that would allow the creation of guns and their components with a 3D printer[4] and (b) irreparable harm is only one element of the preliminary injunction analysis. Plaintiffs chose to assert claims against only the federal defendants and obtained preliminary injunctive relief against them by showing a likelihood of success on their APA claim. The APA claim has no applicability to the private

---

[4] The cases cited by plaintiffs for the proposition that the private defendants have a duty to refrain from performing or encouraging others to perform acts that thwart the object of the injunction are distinguishable in that they all involve parties whose conduct was directly regulated by the underlying injunction.

ORDER DENYING PLAINTIFFS'
MOTION TO COMPEL - 3

defendants, however, and plaintiffs' focus on the federal defendants and the procedures they used in issuing the July 27, 2018, temporary modification and letter allowed plaintiffs to avoid the standing and First Amendment problems they may have encountered had they asserted a claim directly against the private defendants. Plaintiffs cannot now expand the scope of the injunction to regulate the private defendants' conduct. The Court declines to act as investigator, prosecutor, and judge simply because the private defendants' suspected activities pose the same kind of threat to plaintiffs' interests that prompted them to seek relief under the APA from the federal defendants.

For all of the foregoing reasons, plaintiffs' motion to compel discovery from the private defendants is DENIED. Plaintiffs' discovery requests were substantially justified, however, given that the private defendants may be engaged in precisely the same activities that prompted them to file suit in the first place: both parties' requests for an award of fees are DENIED.

Dated this 22nd day of March, 2019.

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFFS'
MOTION TO COMPEL - 4