# Exhibit 1

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF STATE, et al., <br><br> Defendants. | No. 2:18-cv-1115-RSL <br><br> **CERTIFICATION OF THE U.S. DEPARTMENT OF STATE'S SUPPLEMENTAL ADMINISTRATIVE RECORD** |

CERTIFICATION OF THE U.S. DEPARTMENT OF STATE'S SUPPLEMENTAL
ADMINISTRATIVE RECORD
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

I, Jerry C. Drake, do hereby declare as follows:

**Background**

1. I am employed by the U.S. Department of State (the "Department") as the Division Chief for Management Services, Executive Office of the Legal Adviser and Bureau of Legislative Affairs (L-H/EX). The Division Chief for Management Services oversees the Administrative Services Team, The Information Technology Team, and the Records Management Team for the Office of the Legal Adviser (L) and the Bureau of Legislative Affairs (H). The Division Chief reports to the Executive Director of L-H/EX who reports to the Legal Adviser and the Assistant Secretary for Legislative Affairs, respectively. I have worked at the Department of State for 10 years, serving in my current position since 2016. I have twenty years of experience as an information programs manager, research archivist, and records manager.

2. The statements made in this declaration are based upon my personal knowledge or on information supplied to me by employees under my supervision or attorneys assigned to this matter in the Office of the Legal Adviser at the United States Department of State.

3. This declaration is provided pursuant to the Court's March 19, 2019 order directing the Department to supplement the administrative record for the July 27, 2018, temporary modification and letter ("the decision") challenged in this litigation.

4. To the best of my knowledge, the materials provided in this supplement to the administrative record, in conjunction with those logged in the accompanying privilege log and those previously enumerated in the Index to the Administrative Record provide a true, accurate, and complete listing of all documents and materials directly or indirectly considered by Department decision makers in making the decision, regardless of whether the materials

CERTIFICATION OF THE U.S. DEPARTMENT OF STATE'S SUPPLEMENTAL ADMINISTRATIVE RECORD
State of Washington, et al. v. Dep't of State, et al., 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

support or are contrary to the decision.

**The Department's Search for Supplemental Materials**

5. In response to the Court's order of March 19, 2019, custodians from the Bureau of Political-Military Affairs (PM) and Office of the Legal Adviser were directed to produce all materials considered, directly or indirectly, in making the decision, and all settlement-related communications generated in *Defense Distributed, et al. v. U.S. Department of State, et al.*, No. 1:15-cv-00372-RP (W.D. Tex.) that were considered, directly or indirectly, in making the decision.

6. Custodians were directed to ensure that such searches covered internal and external communications regarding the agency's decision-making process, including e-mail exchanges or other correspondence between and among the individuals and agencies involved. The searches also encompassed drafts of the Departments' notice of proposed rulemaking ("NPRM") "International Traffic in Arms Regulations: U.S. Munitions List Categories I, II, and IIII," 83 Fed. Reg. 24198 (May 24, 2018). Custodians were instructed to produce all responsive records through July 27, 2018, even if they believed that such records were subject to withholding based on privilege of any kind. Additionally, in the event that custodians were in doubt regarding whether a particular record was responsive to the request, custodians were instructed to err on the side of inclusion and produce all such records. Custodians produced documents stored in both the classified and unclassified electronic systems.

7. In addition, to account for individuals in the Bureau of Political-Military Affairs, Office of the Legal Adviser, and Office of the Under Secretary of State for Arms Control and International Security who may have been involved directly or indirectly in the decision but who are no longer employed by the Department or were otherwise unable to search their own

CERTIFICATION OF THE U.S. DEPARTMENT OF STATE'S SUPPLEMENTAL
ADMINISTRATIVE RECORD
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

records, a paralegal from the Office of the Legal Adviser (L-H/EX) conducted a search of email records associated with these persons, using broad search terms and under similar instructions to those set forth above.

8. In addition, under similar instructions to those set forth above, a government information specialist from the Department's Executive Secretariat (S/ES) performed a search of the S/ES email archives. These archives capture all e-mails sent on the network hosted by the Executive Secretariat, including e-mails sent to and from the offices of the Secretary, the Deputy Secretary, all of the Department's Undersecretaries, and the Executive Secretariat staff.

9. The broad searches conducted by L-H/EX and S/ES were conducted on the Department's classified and unclassified computer systems and were limited to March 1, 2018 through July 27, 2018 as the timeframe surrounding settlement discussions in *Defense Distributed* and implementation of the settlement agreement resulting from those discussions.

10. Attorneys in the Office of the Legal Adviser reviewed the records identified by the custodial searches and the L-H/EX search for relevance concurrently with the deduplication and privilege review described below. Due to the volume of records identified in S/ES email archives, the attorneys manually reviewed these records for relevance before beginning the privilege and deduplication review.

11. This collection yielded 9.1 GB of records, which were then loaded on to the Department's LAW/Concordance document review platform. The LAW/Concordance software is an industry standard tool produced by LexisNexis that relies on part of the file's metadata to identify and eliminate duplicates. This process reduced the total collection to 8584 documents.

12. These 8584 documents underwent a manual review and de-duplication process by

CERTIFICATION OF THE U.S. DEPARTMENT OF STATE'S SUPPLEMENTAL ADMINISTRATIVE RECORD
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

attorneys from the Office of the Legal Adviser. In order to meet the deadline imposed by the Court, the attorneys combined the de-duplication process with a second level review for relevancy and privilege. As part of the de-duplication process, the attorneys made efforts to remove documents previously included in the original administrative record produced for the decision.

**Privilege Log**

13. Pursuant to the Court's order that a privilege log be produced for all privileged documents and materials, attorneys from the Office of the Legal Adviser also prepared a log of all privileged materials that have been redacted or withheld from the administrative record.

14. The privilege log includes several broad categories of documents that are being withheld. These documents principally reflect predecisional, deliberative material, as well as attorney-client and attorney work product privileged material.

15. The intra-agency and inter-agency predecisional, deliberative material for which the Department is asserting deliberative process privilege include e-mails and draft documents, including staff level comments on those draft documents. They reflect the internal or inter-agency predecisional deliberations of Department or inter-agency staff and management made to support an ongoing decision making process, in this instance, the decision to issue the July 27, 2018, temporary modification and letter or decisions related to the rulemaking process reflected in the NPRM. The role of the withheld documents in the decision-making process, and the expectation that these materials would be protected as part of the privilege securing such a process, is reflected in the fact that many such documents are labelled "deliberative," "predecisional," and/or "draft." As illustrated in the log, many of the documents to which the deliberative process privilege applies constitute drafts of documents such as the May 2018

CERTIFICATION OF THE U.S. DEPARTMENT OF STATE'S SUPPLEMENTAL ADMINISTRATIVE RECORD
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

NPRM and drafts of settlement documents, as well as e-mails discussing these documents.

16. Many of these drafts differ from the final versions and include proposed edits as well as comments and advice. Revealing the contents of these documents would therefore be expected to reveal candid pre-decisional views and advice and the mental processes of the decisionmakers and other contributors, and would inaccurately or prematurely disclose the views of the authors or the agency. The proper functioning of the review process requires that staff and decisionmakers feel free to express their views and positions openly. Department staff and officials, as well as counterparts in other agencies, must be confident that the content of these internal debates is protected in order to perform their functions and engage in candid discussion. The absence of deliberative process protection would be expected to have a chilling effect on the Department's decision-making process.

17. Documents also were withheld on the basis of attorney client privilege. These include exchanges among State Department Bureaus, the State Department's Office of the Legal Adviser, and the Department of Justice seeking and obtaining legal advice. These documents are properly protected in order to encourage full and frank discussions between attorneys and clients so as to enable attorneys to provide effective legal advice. Other documents were withheld because they constitute attorney work product prepared in anticipation of, or during, litigation. The scope of the search covered settlement-related materials, which should be protected under the attorney work-product doctrine.

18. Documents were also withheld as presidential communications, such as exchanges by senior leaders and staff of the National Security Council related to consideration and review of the May 2018 NPRM.

19. The privilege log reflects that 44 documents that are not produced are marked as

CERTIFICATION OF THE U.S. DEPARTMENT OF STATE'S SUPPLEMENTAL ADMINISTRATIVE RECORD
State of Washington, et al. v. Dep't of State, et al., 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

classified. These documents fall into two general categories. First, these documents are broad updates to Department leadership that include an array of unrelated classified materials alongside brief statements related to the *Defense Distributed* settlement. Second, these documents are e-mails related to review and clearance of unclassified action or information memoranda to senior leadership or transmission of broad meeting notes that include an array of unrelated classified materials alongside brief statements related. The final memoranda are produced with redactions at WASHAR0001749-WASHAR0001752 and CWASHAR0001722-CWASHAR000172.

20. The documents were processed on the Department's classified and unclassified electronic systems. Consequently, the production does not have continuous Bates numbering. The documents processed on the unclassified system are marked with Bates numbers beginning at WASHAR0000001. The documents processed on the classified system are marked with Bates numbers beginning at CWASHAR0000001.

CERTIFICATION OF THE U.S. DEPARTMENT OF STATE'S SUPPLEMENTAL
ADMINISTRATIVE RECORD
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

21. The review consumed approximately 225 attorney work hours. This review located approximately 3240 documents that have now been logged as privileged pursuant to the Court's order and withheld in full, as well as approximately 220 responsive documents that have been logged as privileged and produced with some redactions and approximately 690 responsive documents that have been produced in full, as a supplement to the administrative record.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of April, 2019.

_____
Jerry C. Drake, PhD
Division Chief
Management Services, Executive
Office of the Legal Adviser and
Bureau of Legislative Affairs (L-H/EX)

CERTIFICATION OF THE U.S. DEPARTMENT OF STATE'S SUPPLEMENTAL
ADMINISTRATIVE RECORD
State of Washington, et al. v. Dep't of State, et al., 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635