1

2        The Honorable Robert S. Lasnik

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
8                            AT SEATTLE

9
    STATE OF WASHINGTON, et al.,          )    No. 2:18-cv-1115-RSL
10                                         )
         Plaintiffs,                       )
11                                         )    **FEDERAL DEFENDANTS'**
                    v.                     )    **UNOPPOSED MOTION TO**
12                                         )    **SEAL SUPPLEMENT TO**
    UNITED STATES DEPARTMENT OF            )    **ADMINISTRATIVE RECORD**
13  STATE, et al.,                         )
                                           )
         Defendants.                       )    **NOTED FOR: April 26, 2019**
14  _____       )

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FEDERAL DEFENDANTS' MOTION TO SEAL
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

**INTRODUCTION**

The Federal Defendants have identified privileged information that was inadvertently disclosed in the supplement to the administrative record, Dkt. No. 179.  The Federal Defendants are currently reviewing the entire supplement—spanning approximately 7,400 pages—to determine whether there were any other inadvertent disclosures.  During the pendency of that review, which the Federal Defendants anticipate completing on May 6, 2019, the Federal Defendants respectfully request that the Court seal the supplement to the administrative record pursuant to Local Rule 5(g).  This request is supported by the declaration of Shana A. Rogers, filed concurrently herewith.[1]

**STATEMENT OF FACTS**

On March 19, 2019, this Court granted the Plaintiffs' Motion to Supplement the Administrative Record, Dkt. No. 132.  *See* Dkt. No. 175.  In its Order, the Court directed the Department of State, Secretary of State, Acting Deputy Assistant Secretary of Defense Trade Controls, and Director of Policy, Office of Defense Trade Controls Policy (collectively, "Federal Defendants") to supplement the administrative record to ensure that it includes: (1) "all materials considered, directly or indirectly, in making the decision to issue the July 27, 2018, temporary modification and letter . . ., regardless of whether the materials support or are contrary to the decision"; (2) "settlement-related communications and materials generated in *Defense Distributed v. U.S. Dep't of State*, C15-0372RP (W.D. Tex.)"; and (3) a "privilege log for all assertedly privileged documents and materials . . ." *Id.*

Following issuance of the Court's Order, the Federal Defendants undertook an extensive search to ensure that records covered by the Court's Order, including those previously omitted as privileged, were included in the supplemental record or identified on the privilege log.  The Federal Defendants' efforts included searches of more than 30 custodians' records.  Decl. of Shana A. Rogers, attached hereto as Exhibit A ("Rogers Decl."), ¶ 4.  The Federal Defendants' collection yielded approximately 8,500 unique documents totaling

---

[1] So that Plaintiffs can have sufficient time to review any corrected version of the supplement, the parties anticipate filing a stipulation next week to extend briefing on the remaining briefs in support of their summary judgment motions.

FEDERAL DEFENDANTS' MOTION TO SEAL - 1
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

approximately 9 GB of records.  *Id.*  After the Federal Defendants processed these records, they produced in full or in part almost 7,400 pages as the supplement to the administrative record on April 16, 2019.  *Id.* ¶ 6; *see also* Dkt. No. 179.  They also included a privilege log that spanned over 800 pages.  Rogers Decl. ¶ 6; *see also* Dkt. No. 179-23.

On April 23, 2019, Defendants discovered—based initially on a filing by the plaintiff in a related case in the U.S. District Court for the Southern District of New York on April 19, 2019—that the supplement contained a limited amount of privileged information that the Federal Defendants had intended to exclude and log, including information protected by the attorney client privilege and the attorney work product doctrine.  Rogers Decl. ¶¶ 8, 10, 12. Based on an examination of the record at that time, this privileged information, which consists of email communications between the Department of Justice and Department of State attorneys, appeared in two documents within the supplemental materials.  *Id.* ¶¶ 8, 10.  The Federal Defendants did not intend to waive any privilege in connection with this information and maintain that such information is in fact privileged.  *Id.*  Indeed, the information was withheld elsewhere in the record but inadvertently disclosed in one instance due to an administrative error.  *Id.* ¶¶ 7-10.[2]

On April 24, 2019, the Federal Defendants, through counsel, notified counsel for Plaintiffs, the Private Defendants, amici, and counsel in the aforementioned Southern District of New York matter of the inadvertent disclosure.  *Id.* ¶ 13.  Further, and consistent with Federal Rule of Civil Procedure 502(b), the Federal Defendants requested that these parties destroy any copies of the privileged documents and certify that they have been destroyed by April 29, 2019, and that they promptly identify, sequester, and destroy any notes taken about these documents.  *Id.*  Moreover, the Federal Defendants notified these parties that such information should not be referenced in subsequent pleadings or motions in this or any other case, nor should this information be disclosed to any person.  *Id.*

---

[2] Notably, the privileged communications were listed on Federal Defendants' privilege log as containing privileged information, including information protected by the attorney client privilege and the attorney work product doctrine.

FEDERAL DEFENDANTS' MOTION TO SEAL - 2
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

The Federal Defendants are reviewing the supplement to the administrative record to ensure that no other privileged information was inadvertently disclosed. *Id.* ¶ 11. The Federal Defendants expect to complete this review by May 6, 2019. *Id.*

## ARGUMENT

The Ninth Circuit recognizes a strong common law presumption in favor of public access to court records. *Foltz v. State Farm*, 331 F.3d 1122, 1135 (9th Cir. 2003). Therefore, a party seeking to seal a judicial record bears the burden of overcoming this presumption by meeting the "compelling reason" standard. *Id.* at 1135; *see Kamakana v. City and County of Honolulu*, 441 F.3d 1172, 1178-79 (9th Cir. 2006) (party must articulate compelling reason supported by specific factual findings that outweigh public policies favoring access and disclosure). Consistent with this requirement, Local Civil Rule 5(g)(3)(B) provides that a party moving to seal a document must set forth "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: i. the legitimate private or public interests that warrant the relief sought; ii. the injury that will result if the relief sought is not granted; and iii. why a less restrictive alternative to the relief sought is not sufficient."

The Federal Defendants readily meet that standard. The Federal Defendants request that the Court seal the supplement to the administrative record because it contains at least two known instances of information protected by the attorney client privilege and the work product doctrine, i.e., information that includes the confidential provision of legal advice between the Department of Justice and the Department of State. *See, e.g.*, *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) (attorney client privilege "applies to communications between lawyers and their clients when the lawyers act in a counseling and planning role, as well as when lawyers represent their clients in litigation"); Fed. R. Civ. P. 26(b)(3) (work product doctrine applies to "documents . . . that are prepared in anticipation of litigation or for trial by or for another party or its representative"). Additionally, there can be no serious dispute that the Federal Defendants' request implicates legitimate public interests, or that injury will result if relief is not granted. "The attorney-client privilege serves the purpose of encouraging 'full

FEDERAL DEFENDANTS' MOTION TO SEAL - 3
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

and frank communication between attorneys and their clients and thereby promot[ing] broader public interests in the observance of law and administration of justice.'" *Stay@Home Design LLC v. Foremost Ins. Co. Grand Rapids, Michigan*, No. C16-1673-MAT, 2017 WL 1101369, at *3 (W.D. Wash. Mar. 24, 2017) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)).  Similarly, "one goal of the work product doctrine is to create a 'zone of privacy' within which [litigation-related] matters can be secure from discovery by parties with adverse interests." *JumpSport, Inc. v. Jumpking, Inc.*, 213 F.R.D. 329, 334 (N.D. Cal. 2003); *see also Hickman v. Taylor*, 329 U.S. 495, 511 (1947) (work product doctrine promotes not only the legal profession, but "the interests of the clients and the cause of justice").

Moreover, the Federal Defendants' request is narrowly tailored.  As noted above, the Federal Defendants are reviewing the supplement to determine whether any other privileged information was inadvertently disclosed.  The Federal Defendants expect to complete this review on or before May 6, 2019.  At that time, the Federal Defendants will refile a corrected version of the supplement on the public docket.  Thus the supplement will remain under seal for a limited time, mitigating any harm caused by a lack of access to the non-privileged materials.

The Court should therefore find there are "compelling reasons" to seal the supplement pending completion of the Federal Defendants' privilege review.

## CONCLUSION

For the foregoing reasons, the Federal Defendants' motion to seal should be granted until and including May 6, 2019, at which point the Federal Defendants will refile a corrected version of the supplement to the administrative record.

FEDERAL DEFENDANTS' MOTION TO SEAL - 4
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

Dated:  April 26, 2019                    Respectfully submitted,

                                          JOSEPH H. HUNT
                                          Assistant Attorney General

                                          JOHN R. GRIFFITHS
                                          Director, Federal Programs Branch

                                          ANTHONY J. COPPOLINO
                                          Deputy Director, Federal Programs Branch

                                          */s/Stuart J. Robinson*
                                          STUART J. ROBINSON
                                          STEVEN A. MYERS
                                          ERIC J. SOSKIN
                                          Trial Attorneys
                                          U.S. Department of Justice
                                          Civil Division, Federal Programs Branch
                                          450 Golden Gate Ave.
                                          San Francisco, CA 94102
                                          (415) 436-6635 (telephone)
                                          (415) 436-6632 (facsimile)
                                          stuart.j.robinson@usdoj.gov

                                          *Attorneys for Federal Defendants*

FEDERAL DEFENDANTS' MOTION TO SEAL - 5
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATION OF MEET AND CONFER

Pursuant to Local Civil Rule 5(g)(3)(A), I hereby certify that on April 24, 2019 and April 25, 2019, the Federal Defendants, through counsel Stuart J. Robinson, Eric J. Soskin, and Steven A. Myers, met and conferred by electronic mail and letter with Jeff Rupert and Kristin Bineski, counsel for Plaintiffs, and Joel Ard, counsel for the Private Defendants, regarding the Federal Defendants' proposal to seal the supplement to the administrative record for a limited time while the Federal Defendants conduct a review of the supplement for inadvertent disclosure of privileged material.  The Federal Defendants, through counsel Stuart J. Robinson and Steven Myers, also met and conferred by phone with Matthew Goldstein, counsel for the Private Defendants, on April 26, 2019, and Eric J. Soskin conferred by electronic mail with Jeff Rupert and Kristin Bineski, counsel for Plaintiffs, on April 26, 2019.  Counsel for Plaintiffs and the Private Defendants stated that they do not oppose the relief sought in this motion.


Dated: April 26, 2019                              */s/ Stuart J. Robinson*
                                                   Stuart J. Robinson

FEDERAL DEFENDANTS' MOTION TO SEAL - 6
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2019, I electronically filed the foregoing motion using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

Dated: April 26, 2019                                          */s/ Stuart J. Robinson*
                                                                              Stuart J. Robinson

FEDERAL DEFENDANTS' MOTION TO SEAL - 7
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

1

The Honorable Robert S. Lasnik

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

STATE OF WASHINGTON, et al.,

No. 2:18-cv-1115-RSL

10

Plaintiffs,

11

v.

12

UNITED STATES DEPARTMENT OF
STATE, et al.,

13

Defendants.

14

**DECLARATION REGARDING
PRIVILEGED MATERIALS IN
THE U.S. DEPARTMENT OF
STATE'S SUPPLEMENTAL
ADMINISTRATIVE RECORD**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION REGARDING PRIVILEGED MATERIALS IN THE U.S. DEPARTMENT OF
STATE'S SUPPLEMENTAL ADMINISTRATIVE RECORD
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

1       I, Shana A. Rogers, do hereby declare as follows:

2       1.   I am employed by the U.S. Department of State (the "Department") as an Attorney-Adviser in the Office of the Legal Adviser.  I provide legal counsel to the Directorate of Defense Trade Controls within the Department's Bureau of Political-Military Affairs and have served in this position since October 2015.

2.   The statements made herein are based on my personal knowledge.

3.   I am the primary agency attorney in the above-captioned case and served as the primary agency attorney in the matter of *Defense Distributed, et al. v. U.S. Department of State, et al.*, No. 1:15-cv-00372-RP (W.D. Tex.).  I oversaw the review of documents collected in response to the Court's March 19, 2019 order directing the Department to supplement the administrative record for the July 27, 2018, temporary modification and letter challenged in this litigation.

4.   In response to the Court's March 19, 2019 order, the Department conducted a search intended to identify potentially responsive records.  Custodial and system searches were conducted for more than thirty individuals, which yielded more than 5,000 emails (with attachments) and other documents that were ingested into the Department's electronic document review platform for a relevancy and privilege review.  In addition, the Department's Executive Secretariat (S/ES) performed a search of the S/ES email archives, which capture all e-mails sent on the network hosted by the Executive Secretariat, including e-mails sent to and from the offices of the Secretary, the Deputy Secretary, all of the Department's Undersecretaries, and the Executive Secretariat staff.  The S/ES archive search yielded almost 6,000 emails (with attachments) and other documents, exceeding 17 GB of data, which received an initial screening for relevance before being uploaded into the electronic document review platform.  After an automated de-duplication process, the total collection in the document review platform included 8,584 documents totaling approximately 9 GB of records.

5.   As part of its response to the Court's March 19, 2019 order, the Department also identified as responsive 105,555 emails generated by a page on the website "everytown.org" and sent to the Department between July 23 and July 27, 2018.  Because the contents of such emails—apart from the personally identifiable information ("PII") which the Department

DECLARATION REGARDING PRIVILEGED MATERIALS IN THE U.S. DEPARTMENT OF STATE'S SUPPLEMENTAL ADMINISTRATIVE RECORD
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

determined should be redacted from public production—are identical, as a substitute for production of all 105,555 emails, the Department produced a summary and a sample of four of these emails, as part of the Supplemental Administrative Record (located at pages with Bates stamps WASHAR0037069-0037074). The Department also identified and included in the Supplemental Administrative Record 461 unique emails sent from members of the public to the Department between July 23 and July 27, 2018 that were included in the Supplemental Administrative Record with PII redactions.

6.   The total collection in the document review platform was manually reviewed for relevance and duplication, which reduced the number of responsive records. The Supplemental Administrative Record documents over 4,600 records: approximately 680 records are produced in full, approximately 680 records produced with redactions, and more than 3,200 records withheld in full. The privilege log covers over 37,000 pages of records, and almost 7,400 pages were produced in full or produced with redactions.

7.   During the document review, a document located in the supplemental materials was marked for withholding based on several privileges including deliberative intra-agency discussions, the attorney work product doctrine, and attorney-client privilege, but was inadvertently produced in full. The inadvertent production of this document resulted from an administrative error during the review process. This document overlaps with approximately 50 documents in the privilege log to the Supplemental Administrative Record. All other occurrences have been withheld in full.

8.   This document contains privileged email communications between the Department of Justice and Department of State attorneys. The Department intended to withhold this document in full based on attorney-client privilege, the attorney work product doctrine, and deliberative intra-agency discussions. The Federal Defendants did not intend to waive any privilege in connection with this document.

9.   During the document review, a second document located in the supplemental materials was marked as protected by the attorney work product doctrine and attorney-client privilege but was inadvertently produced in full. The inadvertent production of this document resulted from

DECLARATION REGARDING PRIVILEGED MATERIALS IN THE U.S. DEPARTMENT OF
STATE'S SUPPLEMENTAL ADMINISTRATIVE RECORD
*State of Washington. et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

1    an administrative error during the review process.  This document overlaps with approximately

2    130 documents listed in the privilege log to the Supplemental Administrative Record.  One

3    such entry is produced with redactions and the others have been withheld in full.

4         10. This second document contains privileged email communications between the

5    Department of Justice and Department of State attorneys.  The Department intended to

6    withhold this document in full based on attorney-client privilege and the attorney work product

7    doctrine.  The Federal Defendants did not intend to waive any privilege in connection with this

8    document.

9         11. The Federal Defendants are now conducting a comprehensive privilege re-review of the

10   Supplemental Administrative Record, which is expected to be completed by May 6, 2019.  The

11   Federal Defendants anticipate filing a revised Supplemental Administrative Record and

12   privilege log by May 6, 2019.

13        12. The Federal Defendants were alerted to the mistaken release of one of the privileged

14   documents on April 23, 2019 when they were made aware of a letter to the United States

15   District Court for the Southern District of New York in relation to the matter of *Stagg P.C. v.*

16   *U.S. Department of State, et al.*, No. 15 Civ. 8468-KPF (S.D.N.Y.) ("*Stagg*").  This letter from

17   Plaintiff's counsel in *Stagg* described and included several pages from one of the privileged

18   documents.  In response to this letter, the Department performed a preliminary re-review of the

19   Supplemental Administrative Record and discovered that the second document also had been

20   inadvertently produced.

21        13. On April 24, 2019, after assessing the situation, the Department of Justice sent letters on

22   behalf of the Federal Defendants to counsel for the Plaintiffs, private defendants, and amici

23   curiae in the above captioned case, and to Plaintiff's counsel in *Stagg,* noting that the Federal

24   Defendants did not intend to waive any privilege in connection with the information

25   inadvertently released.  These letters requested that copies of these documents be destroyed and

26   any notes taken about the documents be identified, sequestered, and destroyed, and that the

27   parties certify that the documents and notes have been destroyed by April 29, 2019.  The letters

28   notified the parties that this information should not be referenced in subsequent pleadings or

DECLARATION REGARDING PRIVILEGED MATERIALS IN THE U.S. DEPARTMENT OF
STATE'S SUPPLEMENTAL ADMINISTRATIVE RECORD
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

1    motions in this or any other case, nor should this information be disclosed to any person.

2        14. On April 24, 2019, the United States Attorney's Office for the Southern District of New

3    York, which represents the United States Department of State, the Directorate of Defense Trade

4    Controls, and Secretary of State Michael Pompeo in *Stagg*, requested that the court in that

5    matter strike Plaintiff's letter and the attachments from the docket and require any parties that

6    have access to the documents destroy them or, in the alternative, that the documents be placed

7    under seal and sequestered by Plaintiff and any parties in possession of the documents.  On

8    April 25, 2019, the *Stagg* court granted this request and ordered that the letter and attachments

9    be placed under seal and that the Plaintiff (and any other parties that are in possession of the

10   documents) sequester the documents until any privilege disputes can be resolved.

11

12        Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is

13   true and correct.

14

15        Executed this 26th day of April, 2019.

16

17

18   _____

19   Shana A. Rogers
     Attorney-Adviser
20   Office of the Legal Adviser

21

22

23

24

25

26

27

28

DECLARATION REGARDING PRIVILEGED MATERIALS IN THE U.S. DEPARTMENT OF
STATE'S SUPPLEMENTAL ADMINISTRATIVE RECORD
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

1

The Honorable Robert S. Lasnik

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7

| STATE OF WASHINGTON, et al., | ) | No. 2:18-cv-1115-RSL |
| | ) | |
| Plaintiffs, | ) | **FEDERAL DEFENDANTS'** |
| v. | ) | **UNOPPOSED MOTION TO** |
| | ) | **SEAL SUPPLEMENT TO** |
| UNITED STATES DEPARTMENT OF | ) | **ADMINISTRATIVE RECORD** |
| STATE, et al., | ) | |
| | ) | |
| Defendants. | ) | **NOTED FOR: April 26, 2019** |
| | ) | |

8

9

10

11

12

**[PROPOSED] ORDER**

13

This matter comes before the Court on the Federal Defendants' Unopposed Motion to

14

Seal the Supplement to the Administrative Record.  Upon consideration of the Federal

15

Defendants' motion and of all materials submitted in relation thereto, it is hereby

ORDERED that the Federal Defendants' motion is GRANTED.  It is further

16

ORDERED that the clerk of court SEAL the supplement to the administrative record,

17

Dkt. No. 179.  It is further

18

ORDERED that all parties in possession of the information identified in the Federal

19

Defendants' clawback letter of April 24, 2019, sequester those documents until any privilege

disputes are resolved; it is further

20

ORDERED that the Federal Defendants shall refile a corrected supplement to the

21

administrative record on or before May 6, 2019.

22

IT IS SO ORDERED.

23

Date:_____          _____

ROBERT S. LASNIK
United States District Judge

24

1