The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON, et al.,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF STATE, et al.,

Defendants.

No. 2:18-cv-1115-RSL

**DECLARATION REGARDING PRIVILEGED MATERIALS IN THE U.S. DEPARTMENT OF STATE'S SUPPLEMENTAL ADMINISTRATIVE RECORD**

DECLARATION REGARDING PRIVILEGED MATERIALS IN THE U.S. DEPARTMENT OF
STATE'S SUPPLEMENTAL ADMINISTRATIVE RECORD
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

I, Shana A. Rogers, do hereby declare as follows:

1. I am employed by the U.S. Department of State (the "Department") as an Attorney-Adviser in the Office of the Legal Adviser. I provide legal counsel to the Directorate of Defense Trade Controls within the Department's Bureau of Political-Military Affairs and have served in this position since October 2015.

2. The statements made herein are based on my personal knowledge.

3. I am the primary agency attorney in the above-captioned case and served as the primary agency attorney in the matter of *Defense Distributed, et al. v. U.S. Department of State, et al.*, No. 1:15-cv-00372-RP (W.D. Tex.). I oversaw the review of documents collected in response to the Court's March 19, 2019 order directing the Department to supplement the administrative record for the July 27, 2018, temporary modification and letter challenged in this litigation.

4. In response to the Court's March 19, 2019 order, the Department conducted a search intended to identify potentially responsive records. Custodial and system searches were conducted for more than thirty individuals, which yielded more than 5,000 emails (with attachments) and other documents that were ingested into the Department's electronic document review platform for a relevancy and privilege review. In addition, the Department's Executive Secretariat (S/ES) performed a search of the S/ES email archives, which capture all e-mails sent on the network hosted by the Executive Secretariat, including e-mails sent to and from the offices of the Secretary, the Deputy Secretary, all of the Department's Undersecretaries, and the Executive Secretariat staff. The S/ES archive search yielded almost 6,000 emails (with attachments) and other documents, exceeding 17 GB of data, which received an initial screening for relevance before being uploaded into the electronic document review platform. After an automated de-duplication process, the total collection in the document review platform included 8,584 documents totaling approximately 9 GB of records.

5. As part of its response to the Court's March 19, 2019 order, the Department also identified as responsive 105,555 emails generated by a page on the website "everytown.org" and sent to the Department between July 23 and July 27, 2018. Because the contents of such emails—apart from the personally identifiable information ("PII") which the Department

DECLARATION REGARDING PRIVILEGED MATERIALS IN THE U.S. DEPARTMENT OF STATE'S SUPPLEMENTAL ADMINISTRATIVE RECORD
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

determined should be redacted from public production—are identical, as a substitute for production of all 105,555 emails, the Department produced a summary and a sample of four of these emails, as part of the Supplemental Administrative Record (located at pages with Bates stamps WASHAR0037069-0037074). The Department also identified and included in the Supplemental Administrative Record 461 unique emails sent from members of the public to the Department between July 23 and July 27, 2018 that were included in the Supplemental Administrative Record with PII redactions.

6. The total collection in the document review platform was manually reviewed for relevance and duplication, which reduced the number of responsive records. The Supplemental Administrative Record documents over 4,600 records: approximately 680 records are produced in full, approximately 680 records produced with redactions, and more than 3,200 records withheld in full. The privilege log covers over 37,000 pages of records, and almost 7,400 pages were produced in full or produced with redactions.

7. During the document review, a document located in the supplemental materials was marked for withholding based on several privileges including deliberative intra-agency discussions, the attorney work product doctrine, and attorney-client privilege, but was inadvertently produced in full. The inadvertent production of this document resulted from an administrative error during the review process. This document overlaps with approximately 50 documents in the privilege log to the Supplemental Administrative Record. All other occurrences have been withheld in full.

8. This document contains privileged email communications between the Department of Justice and Department of State attorneys. The Department intended to withhold this document in full based on attorney-client privilege, the attorney work product doctrine, and deliberative intra-agency discussions. The Federal Defendants did not intend to waive any privilege in connection with this document.

9. During the document review, a second document located in the supplemental materials was marked as protected by the attorney work product doctrine and attorney-client privilege but was inadvertently produced in full. The inadvertent production of this document resulted from

DECLARATION REGARDING PRIVILEGED MATERIALS IN THE U.S. DEPARTMENT OF
STATE'S SUPPLEMENTAL ADMINISTRATIVE RECORD
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

an administrative error during the review process. This document overlaps with approximately 130 documents listed in the privilege log to the Supplemental Administrative Record. One such entry is produced with redactions and the others have been withheld in full.

10. This second document contains privileged email communications between the Department of Justice and Department of State attorneys. The Department intended to withhold this document in full based on attorney-client privilege and the attorney work product doctrine. The Federal Defendants did not intend to waive any privilege in connection with this document.

11. The Federal Defendants are now conducting a comprehensive privilege re-review of the Supplemental Administrative Record, which is expected to be completed by May 6, 2019. The Federal Defendants anticipate filing a revised Supplemental Administrative Record and privilege log by May 6, 2019.

12. The Federal Defendants were alerted to the mistaken release of one of the privileged documents on April 23, 2019 when they were made aware of a letter to the United States District Court for the Southern District of New York in relation to the matter of *Stagg P.C. v. U.S. Department of State, et al.*, No. 15 Civ. 8468-KPF (S.D.N.Y.) ("*Stagg*"). This letter from Plaintiff's counsel in *Stagg* described and included several pages from one of the privileged documents. In response to this letter, the Department performed a preliminary re-review of the Supplemental Administrative Record and discovered that the second document also had been inadvertently produced.

13. On April 24, 2019, after assessing the situation, the Department of Justice sent letters on behalf of the Federal Defendants to counsel for the Plaintiffs, private defendants, and amici curiae in the above captioned case, and to Plaintiff's counsel in *Stagg*, noting that the Federal Defendants did not intend to waive any privilege in connection with the information inadvertently released. These letters requested that copies of these documents be destroyed and any notes taken about the documents be identified, sequestered, and destroyed, and that the parties certify that the documents and notes have been destroyed by April 29, 2019. The letters notified the parties that this information should not be referenced in subsequent pleadings or

DECLARATION REGARDING PRIVILEGED MATERIALS IN THE U.S. DEPARTMENT OF STATE'S SUPPLEMENTAL ADMINISTRATIVE RECORD
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

motions in this or any other case, nor should this information be disclosed to any person.

14. On April 24, 2019, the United States Attorney's Office for the Southern District of New York, which represents the United States Department of State, the Directorate of Defense Trade Controls, and Secretary of State Michael Pompeo in *Stagg*, requested that the court in that matter strike Plaintiff's letter and the attachments from the docket and require any parties that have access to the documents destroy them or, in the alternative, that the documents be placed under seal and sequestered by Plaintiff and any parties in possession of the documents. On April 25, 2019, the *Stagg* court granted this request and ordered that the letter and attachments be placed under seal and that the Plaintiff (and any other parties that are in possession of the documents) sequester the documents until any privilege disputes can be resolved.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of April, 2019.

Shana A. Rogers
Attorney-Adviser
Office of the Legal Adviser

DECLARATION REGARDING PRIVILEGED MATERIALS IN THE U.S. DEPARTMENT OF STATE'S SUPPLEMENTAL ADMINISTRATIVE RECORD
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635