1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STATE OF WASHINGTON, et al.,           )     No. 2:18-cv-1115-RSL
                                       )
    Plaintiffs,                        )     **FEDERAL DEFENDANTS'**
                  v.                   )     **REPLY IN SUPPORT OF**
                                       )     **MOTION FOR SUMMARY**
UNITED STATES DEPARTMENT OF            )     **JUDGMENT**
STATE, et al.,                         )
                                       )
    Defendants.                        )     **NOTED FOR: June 7, 2019**
                                       )

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**FEDERAL DEFENDANTS' REPLY IN SUPPORT OF**

**MOTION FOR SUMMARY JUDGMENT**

In their motion for summary judgment, the Federal Defendants explained that Plaintiffs lack standing to challenge the actions undertaken by the Department of State in connection with the Government's settlement with Defense Distributed, and that in any event Plaintiffs' claims under the Tenth Amendment and the Administrative Procedure Act ("APA") fail on the merits. Federal Defs.' Consolidated Opp'n to Pls.' Mot. for Summ. J. & Cross-Mot. for Summ J., ECF No. 173 ("Fed. Defs.' MSJ"), at 7-12. Plaintiffs' opposition brief, which raises the same points previously litigated in this case, does not compel a different conclusion. Pls.' Combined Reply in Support of Mot. for Summ. J. & Opp'n to Defs.' Cross-Mots. for Summ. J., ECF No. 186 ("Pls.' Opp'n").

In light of the parties' extensive prior briefing and the Court's familiarity with the issues presented in this matter, the Federal Defendants incorporate the arguments previously advanced in their prior briefing. The Federal Defendants acknowledge that the Court has rejected some of those arguments, but respectfully maintain their position and disagreement with the Court's earlier rulings. For present purposes, the Federal Defendants emphasize only the following points.

First, Plaintiffs fail to establish that they fall within the zone of interests of the relevant provision of the Arms Export Control Act ("AECA"). Plaintiffs' attempt to characterize the AECA as designed to protect "domestic security" rather than "national security" is unavailing. Pls.' Opp'n at 10. By Plaintiffs' reasoning, any national security determination made by the Government would be subject to second-guessing by Plaintiffs because it affects their residents. No authority supports such a sweeping proposition; to the contrary, "[t]he national security . . . is the primary responsibility and purpose of the Federal Government." *Hamdi v. Rumsfeld*, 542 U.S. 507, 580 (2004) (Thomas, J., dissenting). Moreover, Plaintiffs fail to address the legislative history regarding 22 U.S.C. § 2778(f)(1), which establishes that Congress enacted that provision in response to "legitimate industry concerns" by exporters, and cautioned the Executive Branch to "avoid unnecessary export regulation." H.R. Rep. No. 97-58, at 21-22

FEDERAL DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 1
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

(1981).  As Plaintiffs appear to agree that they neither exercise congressional oversight of the Department of State nor function as would-be exporters—but instead raise purely domestic, non-military concerns unrelated to foreign relations, Pls.' Opp'n at 10—their claims do not fall within the zone of interests of the AECA, and they therefore lack standing to assert their claim. *See* Fed. Defs.' MSJ at 8-10.

Second, Plaintiffs continue to contend that the Federal Defendants acted in "bad faith" and have misrepresented or provided "pretext[ual]" justifications for the Government's settlement with Defense Distributed.  Pls.' Opp'n at 16.  This argument is plainly meritless. The mere fact that Plaintiffs "may disagree with the policy and process" is not "enough to justify a claim of bad faith."  *In re Dep't of Commerce*, 139 S. Ct. 16, 17 (Mem.), 202 L. Ed. 2d 306 (2018) (Gorsuch, J., concurring).  Nor do Plaintiffs' allegations of "inconsistent explanations," Pls.' Opp'n at 16, suffice for the "strong showing" of "willful misconduct" required to establish that an agency acted in bad faith.  *United States v. Iron Mountain Mines, Inc.*, 987 F. Supp. 1250, 1260-61 (E.D. Cal. 1997) (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)).  Even if the Federal Defendants had made "inconsistent" statements in representing that the challenged decision was made as part of a court-initiated settlement process in litigation in the District Court of the Western District of Texas (culminating in a June 29, 2018 settlement agreement), "[a] change of position is not enough," as a legal matter, to meet the bad-faith standard.  *See Guidiville Rancheria of Cal. v. United States*, 2013 WL 6571945 at *8 (N.D. Cal. Dec. 13, 2013).  Nor are public comments received after this settlement agreement was reached, *see* Pls.' Opp'n at 13-14, indicative of pretext or bad faith.  *Cf. Appalachian Power Co. v. EPA*, 249 F.3d 1032 (D.C. Cir. 2001) ("An agency is not required to consider issues and evidence in comments" received after its decision has been made).[1]  In short, Plaintiffs' allegation of bad faith in either the settlement agreement

---

[1] In making this argument, and elsewhere, Plaintiffs conflate the comments received regarding the decision to enter into a settlement agreement with Defense Distributed (which Plaintiffs acknowledge was "temporary" in scope) and the comments received regarding the Notice of Proposed Rulemaking, which sets forth plans for permanent changes in agency regulations. Even if Plaintiffs were correct—and the Federal Defendants respectfully maintain otherwise— that the agency was required to provide notice or take into account public comments on the

FEDERAL DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 2
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

or the compilation of the administrative record should be rejected as a matter of both fact and law.[2]

Third, Plaintiffs fault the Federal Defendants for failing to consider various comments contending that the Department of State should continue to regulate 3D-printed firearms. Yet many of the comments were not addressing the temporary modification and letter challenged in this litigation, but rather a distinct notice of proposed rulemaking proposing to amend the United States Munitions List, 83 Fed. Reg. 24,198 (May 24, 2018). *See* Pls.' Opp'n at 6-7 (citing comments on the proposed rule submitted by Professor Susan Waltz and the Brady Campaign to Prevent Gun Violence). In addition, while Plaintiffs accuse the Federal Defendants of failing to consider certain comments specifically urging the Federal Defendants not to issue the temporary modification and letter, they neglect to mention that those comments were submitted after the Department of State executed the June 29, 2018 settlement agreement obligating it to take those steps. *See* Pls.' Opp'n at 7 (citing comments from members of Congress, submitted on July 20 and 25, 2018); *id*. at 8 (citing "[h]undreds of individual emails," all of which were submitted in late July 2018); *id*. (citing "105,555 emails received from visitors to Everytown.org" between July 23 and July 27, 2018). By the time these comments were received, the Department of State had already committed to issuing the temporary modification and letter.

Fourth and finally, Plaintiffs have failed to demonstrate that the Federal Defendants' actions conflict with the Tenth Amendment. Notably, Plaintiffs offer no support for their vague theory that "the State Department is intruding into the States' sphere of authority by exercising a power it does not have." Pls.' Opp'n at 12. The fact remains that "there is simply no evidence that [Plaintiffs were] compelled to enact or enforce any federal regulatory program.

temporary modification, any comments the agency received regarding the NPRM would not be relevant to a finding of pretext or bad faith.

[2] Plaintiffs also acknowledge that their argument regarding "pretext or bad faith is not necessary" if the Court continues to reject, as it has previously, the Federal Defendants' arguments that the agency's rationale was adequate. Pls.' Opp'n at 16; *see* Fed. Defs.' MSJ at 9-10 (explaining that the Federal Defendants maintain the decision was proper, but acknowledging that the Court previously concluded otherwise).

FEDERAL DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 3
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Tel: (415) 436-6635

Nor is there any evidence that [Plaintiffs were] compelled to assist in the enforcement of federal statutes regulating private individuals." *See City of Tombstone v. United States*, No. 11-cv-00845, 2015 WL 11120851, at *19 (D. Ariz. Mar. 12, 2015).  Nor can Plaintiffs salvage their argument by mischaracterizing the Government's actions undertaken in connection with the settlement agreement as a "*post hoc* litigation position."  Pls.' Opp'n at 12.  As the Federal Defendants have previously explained, Fed. Defs.' MSJ at 11, the Government has never suggested that the settlement agreement conflicts with or otherwise preempts any state laws, but rather was undertaken only pursuant to its authority to regulate the United States' system of export controls, not domestic activity, *see Def. Distributed v. U.S. Dep't of State*, 121 F. Supp. 3d 680, 695 (N.D. Text. 2015).  *See also* Prelim. Inj., ECF No. 95, at 16 ("The federal defendants also recognize the continuing viability of state law gun control measures.").

For the foregoing reasons, the Court should deny Plaintiffs' motion for summary judgment, grant the Federal Defendants' motion for summary judgment, and enter judgment in favor of the Federal Defendants.

FEDERAL DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 4
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

1

Dated:  June 7, 2019                              Respectfully submitted,

2

JOSEPH H. HUNT

3                                                                  Assistant Attorney General

4                                                                  JOHN R. GRIFFITHS
                                                                    Director, Federal Programs Branch
5

6                                                                  ANTHONY J. COPPOLINO
                                                                    Deputy Director, Federal Programs Branch
7

*/s/ Stuart J. Robinson*

8                                                                  STUART J. ROBINSON
                                                                    STEVEN A. MYERS
9                                                                  ERIC J. SOSKIN

10                                                                Trial Attorneys
                                                                    U.S. Department of Justice
11                                                                Civil Division, Federal Programs Branch
                                                                    450 Golden Gate Ave.
12                                                                San Francisco, CA 94102
                                                                    (415) 436-6635 (telephone)
13                                                                (415) 436-6632 (facsimile)
                                                                    stuart.j.robinson@usdoj.gov
14

15                                                                *Attorneys for Federal Defendants*

16

17

18

19

20

21

22

23

24

25

26

27

28

FEDERAL DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 5
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2019, I electronically filed the foregoing reply using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

Dated: June 7, 2019

_/s/ Stuart J. Robinson_
Stuart J. Robinson

FEDERAL DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT - 6
*State of Washington, et al. v. Dep't of State, et al.*, 2:18-cv-1115-RSL

**U.S. DEPARTMENT OF JUSTICE**
**Civil Division, Federal Programs Branch**
**450 Golden Gate Ave.**
**San Francisco, CA 94102**
**Tel: (415) 436-6635**